SHERYL L. BRATTON, County Counsel (SBN 144209)
JASON M. DOOLEY, Deputy (SBN 258570)
jason.dooley@countyofnapa.org
NAPA COUNTY COUNSEL'S OFFICE
1195 Third Street, Suite 301
Napa, California 94559
Telephone: (707) 253-4521
Facsimile: (707) 259-8220

ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile: (415) 848-7230

Attorneys for Defendant
COUNTY OF NAPA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NAPA,<br><br>Defendant. | Case No. 3:24-cv-06256-CRB<br><br>**NAPA COUNTY'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR ABSTENTION**<br><br>Judge:         Hon. Charles R. Breyer<br>Hearing Date:  January 10, 2025<br>Hearing Time:  10:00 a.m.<br>Location:      Courtroom F, 15th Floor<br>               450 Golden Gate Avenue<br>               San Francisco, CA 94102<br><br>Action Filed:  September 5, 2024 |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR ABSTENTION ........................................................................................................................ v

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1

I.  INTRODUCTION ............................................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ....................................................... 1

    A.  THE COUNTY'S ONGOING STATE ENFORCEMENT ACTION AGAINST PLAINTIFF HOOPES VINYARD, LLC ............................................................... 1

    B.  HOOPES INITIATES THIS FEDERAL ACTION WITH TWO OTHER WINERIES TO COLLATERALLY ATTACK THE ONGOING STATE ENFORCEMENT ACTION ............................................................................................................... 3

    C.  THE COUNTY'S MOTION TO DISMISS AND THE PARTIES' MEET AND CONFER EFFORTS .................................................................................................. 4

III. LEGAL STANDARD ........................................................................................................ 5

IV. ARGUMENT ..................................................................................................................... 5

    A.  A STAY OF DISCOVERY IS WARRANTED PENDING ADJUDICATION OF THE COUNTY'S MOTION TO DISMISS. ......................................................... 5

    B.  A STAY OF DISCOVERY IS WARRANTED BASED ON PRINCIPLES OF ABSTENTION. ........................................................................................................... 8

    C.  A STAY OF DISCOVERY IS WARRANTED TO PROMOTE EFFICIENCY AND TO CONSERVE THE PARTIES' RESOURCES. ................................................ 9

V.  CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bettencourt v. Board of Registration in Medicine of Com. of Mass.*,
904 F.2d 772 (1st Cir. 1990) ................................................................................................8

*Cellwitch, Inc. v. Tile, Inc.*,
No. 4:19-cv-01315-JW, 2019 WL 5394848 (N.D. Cal. Oct. 22, 2019) ........................6, 7, 9

*Dobbas v. Vitas*,
191 Cal.App.4th 1442 (2011) ...............................................................................................2

*Gilbert v. Ferry*,
401 F.3d 411 (6th Cir. 2005) ................................................................................................8

*Herrera v. City of Palmdale*,
918 F.3d 1037 (9th Cir. 2019) ..............................................................................................9

*Jarvis v. Regan*,
833 F.2d 149 (9th Cir. 1987) ................................................................................................6

*Jeremiah M. v. Crum*,
No. 3:22-cv-00129-JMK, 2022 WL 17082117 (D. Alaska Nov. 17, 2022) .....................8, 9

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1988) ............................................................................................5, 6

*Mitchell v. Nye County, Nevada*,
No. 2:20-cv-00086-APG-VCF, 2020 WL 7327377 (D. Nev. May 11, 2020) .................8, 9

*Napa County v. Hoopes Family Winery Partners, L.P., et al.*,
Case No. 22CV001262 (Napa County Sup. Ct.) ..................................................................1

*Rae v. Union Bank*,
725 F.2d. 478 (9th Cir. 1984) ...............................................................................................6

*Realtek Semiconductor Corp. v. MediaTek, Inc.*
--- F.Supp.3d ----, 2024 WL 1975478 (N.D. Cal. May 3, 2024) .........................................6

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
No. 20-CV-00363-BLF, 2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) ..........................5, 6

*Robles v. Gojo Industries, Inc.*,
No. SACV 21-928 JVS (DFMx), 2021 WL 6103371 (C.D. Cal. Oct. 21, 2021) .................7

*Rutman Wine Co. v. E. & J. Gallow Winery*,
829 F.2d 729 (9th Cir. 1987) ................................................................................................6

# TABLE OF AUTHORITIES (CONTINUED)

Page(s)

*Sinclair Oil Corp. v. Cnty. of Santa Barbara*,
   96 F.3d 401 (9th Cir. 1996) ........................................................................................................9

*Tavantzis v. American Airlines*,
   No. 23-cv-05607-BLF, 2024 WL 812012 (N.D. Cal Feb. 23, 2024) ...................................6, 9

*Tradebay, LLC v. eBay, Inc.*,
   278 F.R.D. 597 (D. Nev. 2011) ..................................................................................................6

*Wenger v. Monroe*,
   282 F.3d 1068 (9th Cir. 2002) ................................................................................................5, 7

*Wood v. McEwen*,
   644 F.2d 797 (9th Cir. 1981) .....................................................................................................5

*Younger v. Harris*,
   401 U.S. 37 (1971) ..................................................................................................................8, 9

**Statutes**

California Code of Civil Procedure
   § 639 ............................................................................................................................................3

California Public Records Act ...........................................................................................................1, 3

Racketeer Influenced and Corrupt Organizations Act .........................................................................6

United States Code
   42 U.S.C. § 1983 .........................................................................................................................2

**Other Authorities**

California Constitution
   First Amendment ...............................................................................................................2, 4, 8
   Fourteenth Amendment ..............................................................................................................2

Federal Rules of Civil Procedure
   Rule 6(a)(1)(C) ............................................................................................................................4
   Rule 12(b) ................................................................................................................................6, 9
   Rule 12(b)(1) ............................................................................................................................5, 7
   Rule 12(b)(6) .........................................................................................................................5, 6, 7
   Rule 26(a)(1)(C) ..........................................................................................................................4
   Rule 26(c) ....................................................................................................................................5
   Rule 26 (c)(1) ..............................................................................................................................5
   Rule 26(f) ..................................................................................................................................4, 8
   Rule 34(b)(2)(A) .........................................................................................................................4
   Rule 36(a)(3) ...............................................................................................................................4

RENNE PUBLIC LAW GROUP
Attorneys at Law

**TABLE OF AUTHORITIES (CONTINUED)**

**Page(s)**

Napa County Code
    § 18.08.600..................................................................................................................2

Napa County Ordinance No. 629, §§ 1–2 (1980) .........................................................................2

Renne Public Law Group
Attorneys at Law

**NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR ABSTENTION**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 10, 2025, at 10:00 a.m., or as soon thereafter as this matter may be heard in the above-entitled court, located 450 Golden Gate Avenue, Courtroom F, 15th Floor, San Francisco, CA 94102, Defendant NAPA COUNTY will move this Court for a protective order staying discovery in the action until the Court issues a final ruling on Defendant's Motion to Dismiss or, in the Alternative, for Abstention (*see* Dkt. 30).

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Ryan P. McGinley-Stempel, and the pleadings and papers on file herein.

Dated:  December 4, 2024                                                RENNE PUBLIC LAW GROUP


By: *Ryan P. McGinley-Stempel*
    Ryan P. McGinley-Stempel

Attorneys for Defendant
NAPA COUNTY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs—one of whom is litigating a state court public nuisance enforcement action brought by Defendant Napa County ("County"), and an associated cross-complaint—have filed this action as a collateral attack on the ongoing state court proceeding, challenging decades-old local land use ordinances with a grab-bag of constitutional claims.  The County has filed a Motion to Dismiss or, in the Alternative, for Abstention (the "Motion to Dismiss").  *See* Dkt. 30.  The Motion to Dismiss is potentially dispositive of the entire case, is based solely on the allegations in the complaint and judicially noticeable materials, and can be decided absent additional discovery.  What's more, given that the relief Plaintiffs seek here would have the practical effect of enjoining the state court action, principles of abstention counsel against permitting their claims to proceed.  Accordingly, good cause exists for this Court to issue a protective order to stay discovery until it rules on the Motion to Dismiss.  Plaintiffs, who have had access to extensive discovery in the state court action (including documents and testimony adduced during an 11-day trial in Superior Court) and voluminous productions in response to dozens of Public Records Act requests seeking more than 100 categories of documents, will suffer no prejudice from any stay of discovery.  Granting a protective order staying discovery prevents a potential waste of resources for both parties.  Accordingly, this Court has good cause to exercise its discretion in staying discovery until resolution of the County's Motion to Dismiss.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The County's Ongoing State Enforcement Action Against Plaintiff Hoopes Vinyard, LLC

On October 20, 2022, Napa County filed an enforcement action against Plaintiff Hoopes Vineyard, LLC ("Hoopes") and its related entities in state court.  *Napa County v. Hoopes Family Winery Partners, L.P., et al.*, Case No. 22CV001262 (Napa County Sup. Ct.).  *See* Declaration of Ryan McGinley-Stempel ("McGinley-Stempel Decl.") ¶ 2.  Hoopes operates under an historically-issued Small Winery Certificate of Exemption, which allows it to process grapes and sell bottled wine without a permit.  *See* McGinley-Stempel Decl. ¶ 3.  The Exemption limits production capacity to 20,000 gallons per year and prohibits the winery from conducting public tours, providing wine tastings, selling wine-

related items, and holding public social events. *See* McGinley-Stempel Decl. ¶ 3; Napa County Code ("NCC") § 18.08.600; *see also* Dkt. 1-10, Ord. No. 629, §§ 1–2 (1980). As reflected in the operative Second Amended Complaint filed on December 22, 2023 ("SAC"), the County alleged two causes of action: (1) public nuisance per se and (2) unfair business practices. *See* Dkt. 31, Napa County's Request for Judicial Notice ISO Mot. to Dismiss, Ex. A; McGinley-Stempel Decl. ¶ 4. The County alleged that Hoopes's operations were a nuisance and unlawful because Hoopes had transformed its property into a hospitality operation offering tours, tastings, food service, and wine-related merchandise sales without the necessary permits. *See* Dkt. 31, Ex. A; McGinley-Stempel Decl. ¶ 4.

Hoopes cross-complained against the County, alleging various state and federal claims pursuant to 42 U.S.C. § 1983, including violations of the First and Fourteenth Amendments. *See* Dkt. 31, Ex. B, Second Amended Cross-Complaint filed May 15, 2023 ("SACC"); McGinley-Stempel Decl. ¶ 5. Represented by the same counsel as Hoopes (Katherine Falace of Buchalter), both Summit Lake Vineyards & Winery LLC ("Summit Lake") and Cook's Flat Associates dba Smith-Madrone ("Smith-Madrone") filed motions to intervene. *See* Dkt. 31, Ex. C; McGinley-Stempel Decl. ¶ 6. On November 28, 2023, the Superior Court denied the motions to intervene, explaining that Summit Lake and Smith-Madrone "conceded" that their "interest for a determination that small wineries, established and in operation prior to enactment of the WDO [Winery Definition Ordinance], are allowed to conduct tastings, sales, and marketing events without limitation by the WDO or subsequent legislation because those activities were lawful when their respective permitting documents were established and have not been abandoned" was "adequately represented by Hoopes" and their "participation would be largely cumulative and would unduly complicate an already complicated case." Dkt. 31, Ex. C at 3–5, 9 (quotations omitted); *see also* McGinley-Stempel Decl. ¶ 6.[1]

The state court action was hotly contested and discovery was extensive. *See* McGinley-Stempel Decl. ¶ 7. During the litigation, 32 witnesses were deposed over a total of 40 deposition days. McGinley-Stempel Decl. ¶ 7.a. The Hoopes defendants (Lindsay Hoopes, Hoopes Family Winery

---

[1] Neither Summit Lake nor Smith-Madrone elected to appeal the order denying their motions to intervene despite the fact that an "order denying leave to intervene is directly appealable because it finally and adversely determines the moving party's right to proceed in the action." *Dobbas v. Vitas*, 191 Cal.App.4th 1442, 1448 (2011); McGinley-Stempel Decl. ¶ 6.

-2-

RENNE PUBLIC LAW GROUP
Attorneys at Law

Partners, LP, Hoopes Vineyard, LLC) served a total of 90 special interrogatories, 145 requests for production of documents and 180 requests for admission on the County and its employees. McGinley-Stempel Decl. ¶ 7.a & Ex. A.

Given the high volume of discovery and numerous disputes, the trial court referred all discovery issues to a court appointed Discovery Referee (Judge Scott Snowden, ret,) pursuant to Cal. Code Civ. Proc. § 639. McGinley-Stempel Decl. ¶ 7.b. The parties appeared on nine separate occasions before Judge Snowden to address numerous discovery issues. McGinley-Stempel Decl. ¶ 7.b. On several occasions, those discovery sessions ran multiple hours. McGinley-Stempel Decl. ¶ 7.b.

In addition to the litigation discovery process, Hoopes submitted dozens of Public Record Act requests during the pendency of the litigation. McGinley-Stempel Decl. ¶ 7.c. Those PRA requests were wide ranging as they sought documents about virtually every facet of the County wine industry regulations. McGinley-Stempel Decl. ¶ 7.c. In total, the County produced more than 17,000 pages of documents in response to the foregoing discovery and PRA requests. McGinley-Stempel Decl. ¶ 7.d.

The Superior Court bifurcated the trial, trying the County's equitable issues in "Phase I" and deferring adjudication of Hoopes' cross-claims to a "Phase II." McGinley-Stempel Decl. ¶ 8. The Superior Court held an 11-day bench trial on Phase I in January 2024, with additional briefing submitted through July 23, 2024. McGinley-Stempel Decl. ¶ 9. At trial, 19 witnesses testified, including the principals from the three wineries that are the plaintiffs in this lawsuit. McGinley-Stempel Decl. ¶ 9. The trial court admitted a total of 147 exhibits into evidence from the 481 exhibits that Hoopes submitted and the 133 exhibits the County submitted. McGinley-Stempel Decl. ¶ 9.

On November 13, 2024, the Superior Court rendered a 19-page Statement of Decision regarding Phase I (the "Decision"). *See* Dkt. 31, Ex. D; McGinley-Stempel Decl. ¶ 11. The Court ruled in the County's favor on both its public nuisance and unlawful business practice claims, rejecting Hoopes' defenses. McGinley-Stempel Decl. ¶ 11. The case is ongoing, and the Court is considering whether any issues remain to be addressed in Phase II. *See* McGinley-Stempel Decl. ¶ 11.

**B.     Hoopes Initiates This Federal Action with Two Other Wineries to Collaterally Attack the Ongoing State Enforcement Action**

On September 5, 2024—after the submission of Phase I of the state court proceeding but before

the Superior Court issued its Decision—Hoopes initiated this action along with Summit Lake and Smith-Madrone. In their complaint, the Plaintiffs allege thirteen claims against the County. McGinley-Stempel Decl. ¶ 10. Plaintiffs' First through Fourth Claims ("First Amendment Claims") assert facial and as-applied challenges alleging the County's land use regulations prohibit and restrict expressive and commercial speech, including their ability to host events, in violation of the First Amendment. Compl. ¶¶ 238, 241, 245–48, 253–69, 270–85. The Fifth and Sixth Claims ("Due Process Claims") assert facial and as-applied due process challenges alleging the County Code is vague and arbitrarily enforced, and that the process for modifying use permits is excessively expensive, time-consuming, and violates the non-delegation doctrine. *Id.* ¶¶ 291, 297, 303, 324–29. The Seventh and Eighth Claims ("Dormant Commerce Clause Claims") allege that the County's requirement that wineries in the Agricultural Districts produce wine using at least 75% grapes grown within the County violates the Dormant Commerce Clause ("DCC"). *Id.* ¶¶ 330–52. The Ninth and Tenth Claims ("Takings Claims") assert regulatory takings claims under *Nollan/Dolan* and *Penn Central*. *Id.* ¶¶ 352–82. The Eleventh Claim alleges the County's zoning regulations violate equal protection by differentiating between a "winery," "small winery," and "micro-winery." *Id.* ¶¶ 383–403. The Twelfth Claim asserts that the County Code is preempted by state law. *Id.* ¶¶ 404–45. Finally, the Thirteenth Claim lays out Plaintiffs' case for injunctive relief but does not allege any additional causes of action or facts.

### C. The County's Motion to Dismiss and the Parties' Meet and Confer Efforts

On November 13, 2024, counsel for Plaintiffs and the County participated in a Rule 26(f) conference. *See* McGinley-Stempel Decl. ¶ 12. At the Rule 26(f) conference, Plaintiffs refused to stipulate to extend the deadline for initial disclosures. *See* McGinley-Stempel Decl. ¶ 12. Counsel for the County objected pursuant to Rule 26(a)(1)(C) that initial disclosures are not appropriate in this action until the Court rules on the County's Motion to Dismiss. *See* Dkt. 40 ¶ 7; McGinley-Stempel Decl. ¶ 12.

On November 14, 2024 (the day after the Rule 26(f) conference), Plaintiffs served the County with 59 Requests to Produce and 38 Requests to Admit. *See* McGinley-Stempel Decl. ¶¶ 13–15 & Exs. B & C. Under the Federal Rules of Civil Procedure, the County's deadline to respond to these requests would be December 16, 2024. *See* McGinley-Stempel Decl. ¶ 16; Fed. R. Civ. P. 34(b)(2)(A) (RFPs); Fed. R. Civ. P. 36(a)(3) (RFAs); Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or

RENNE PUBLIC LAW GROUP
Attorneys at Law

legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

On November 15, 2024, the County filed its Motion to Dismiss or, in the Alternative, for Abstention, pursuant to Rules 12(b)(1) and 12(b)(6). *See* Dkt. 30.

On November 25, 2024, the parties met and conferred regarding the County's anticipated motion to stay. *See* McGinley-Stempel Decl. ¶ 17. The County sought an extension of time to respond to Plaintiffs' discovery requests until after a hearing on the County's motion to stay. *See* McGinley-Stempel Decl. ¶ 17. The parties reached a compromise regarding the County's deadlines to respond to Plaintiffs' discovery requests. *See* McGinley-Stempel Decl. ¶ 17 & Ex. D. Plaintiffs agreed to extend the County's deadline to respond to their Requests to Produce until 21 days after the Court rules on the County's motion to stay discovery, and the County agreed to respond to Plaintiffs' Requests to Admit on December 16, 2024. *See* McGinley-Stempel Decl. ¶ 17 & Ex. D. Nevertheless, the parties continued to disagree as to whether discovery is appropriate in this action prior to the Court's resolution of the County's Motion to Dismiss, necessitating this motion. *See* McGinley-Stempel Decl. ¶ 17 & Ex. D.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), a court may issue a protective order limiting discovery "for good cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26 (c)(1). "The district court has wide discretion in controlling discovery. Such rulings will not be overturned unless there is a clear abuse of discretion." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

### IV. ARGUMENT

**A.  A Stay of Discovery is Warranted Pending Adjudication of the County's Motion to Dismiss.**

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-00363-BLF, 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020). Good cause for staying discovery may exist when the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801

(9th Cir. 1981)). "The purpose of [Rule 12(b)(6)] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallow Winery,* 829 F.2d 729, 738 (9th Cir. 1987). Staying discovery pending a dispositive motion "furthers the goal of efficiency for the court and litigants." *Little*, 863 F.2d at 685.

"Courts in this district have applied a two-part test to determine whether to stay discovery pending the resolution of a dispositive motion. 'First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending motion can be decided absent additional discovery. If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds. In applying this two-factor test, the court must take a preliminary peek at the merits of the pending motion to assess whether a stay is warranted." *Realtek Semiconductor Corp. v. MediaTek, Inc*. --- F.Supp.3d ----, 2024 WL 1975478, at *10 (N.D. Cal. May 3, 2024) (footnote omitted) (quoting *Reveal Chat Holdco*, 2020 WL 2843369, at *1); *see also Cellwitch, Inc. v. Tile, Inc*., No. 4:19-cv-01315-JW, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019). "Although not one of the two factors, courts in this circuit sometimes also consider whether a stay of discovery will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential waste of resources." *Tavantzis v. American Airlines*, No. 23-cv-05607-BLF, 2024 WL 812012, at *1 (N.D. Cal Feb. 23, 2024) (quotation omitted).

In *Jarvis v. Regan*, 833 F.2d 149 (9th Cir. 1987), the Ninth Circuit upheld the district's court stay of discovery pending disposition of a motion to dismiss for failing to state a claim under the Racketeer Influenced and Corrupt Organizations Act. The court found no abuse of discretion, noting that, "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." *Id.* at 155; *see Rae v. Union Bank,* 725 F.2d. 478, 481 (9th Cir. 1984) (upholding decision staying discovery pending a motion to dismiss for failure to state a claim where there were no factual issues raised by the motion); *Tradebay, LLC v. eBay, Inc*. 278 F.R.D. 597, 608 (D. Nev. 2011) (granting a stay of discovery pending a motion to dismiss for failed to state a claim and lack of subject matter jurisdiction under the Declaratory Judgment Act and Article III of the U.S. Constitution).

The County brings its Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) asserting that the Plaintiffs have failed to establish Article III standing. *See Robles v. Gojo Industries, Inc.*, No. SACV 21-928 JVS (DFMx), 2021 WL 6103371, at *3 (C.D. Cal. Oct. 21, 2021) (granting a stay of discovery where motion to dismiss granted based on failure to establish Article III standing). The County also brings its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) asserting that the Plaintiffs have failed to state a cognizable legal theory or allege sufficient facts to support any plausible claim for relief. *See Wenger*, 282 F.3d at 1077 (District court has good cause to stay discovery when plaintiff is unable to state a claim for relief).

Both factors in the two-part test are present here. First, the County's Motion to Dismiss seeks to dismiss the entirety of Plaintiffs' complaint because each Claim fails, most for multiple reasons. Thus, the pending motion is potentially dispositive of the entire case.

The second prong is also met because the pending motion can be decided absent additional discovery, and no factual issues are raised by the motion. Briefly, the Motion to Dismiss demonstrates that the First through Eleventh Claims are not justiciable because Plaintiffs have failed to allege in their complaint a definite and concrete injury. *See* Dkt. 30 at 25–27.[2] No discovery is required to resolve this issue. *See Cellwitch, Inc.*, 2019 WL 5394848, at *2 (finding second prong satisfied because "the Court only needs to look at the pleadings in order to issue a decision about its motion to dismiss").

The Motion to Dismiss also demonstrates that the Plaintiffs' Fifth (Due Process), Sixth (Due Process Non-Delegation), Ninth (*Nollan/Dolan* Takings), Tenth (Regulatory Takings), Eleventh (Equal Protection) and Twelfth (State Law Preemption) Claims, to the extent they assert facial challenges, are time-barred because they accrued on the enactment date of the challenged statutes, which were enacted many years before the County filed its enforcement action and Plaintiffs filed this action. *See* Dkt. 30 at 27–28. Plaintiff's as-applied claims are also time-barred because they do not allege any County conduct within the limitations period. *See* Dkt. 30 at 28. No discovery is required to resolve this issue.

As the Motion to Dismiss explains, the remainder of the Constitutional Claims fail as a matter of law because they fail to state a cognizable legal theory or allege sufficient facts to support any plausible

---

[2] Unless otherwise noted, all citations to page numbers for ECF-stamped documents correspond to the blue page numbers in the top right corner of the documents.

RENNE PUBLIC LAW GROUP
Attorneys at Law

claim for relief.  *See* Dkt. 30 at 28–32 (Takings Claims); *id.* at 32–35 (Due Process Claims); *id.* at 35–36 (Equal Protection Claim); *id.* at 38–43 (First Amendment Claims).  The state law preemption claim (Twelfth Claim) fails for the same reason.  *See* Dkt. 30 at 43–44.  No discovery is required for this Court to resolve the issues.  *See* Dkt. 40 at 12 (Plaintiffs conceding that "[t]here are some claims that are inherently legal in nature that can be resolved without the need for much or any discovery ….").  Accordingly, this Court should issue a protective order to stay discovery until resolution of the County's Motion to Dismiss.

### B.  A Stay of Discovery is Warranted Based on Principles of Abstention.

Although the Ninth Circuit itself does not appear to have addressed the issue, other courts of appeal, as well as district courts within the Ninth Circuit, have indicated that discovery obligations may be stayed pending resolution of a dispositive motion raising abstention.  *See, e.g.*, *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (district court did not abuse discretion in ordering stay of discovery pending motion for summary judgment arguing that court either lacked subject matter jurisdiction under *Rooker-Feldman* doctrine or should abstain from exercising jurisdiction under *Younger*); *cf. Bettencourt v. Board of Registration in Medicine of Com. of Mass.*, 904 F.2d 772, 776-85 (1st Cir. 1990) (affirming order granting motion to dismiss premised in part on *Younger* abstention that followed stay of discovery).

For example, in *Mitchell v. Nye County, Nevada*, No. 2:20-cv-00086-APG-VCF, 2020 WL 7327377 (D. Nev. May 11, 2020), the defendant county sought to stay discovery pending the resolution of its motion to dismiss based on abstention grounds.  *Id.* at *2.  Invoking *Younger v. Harris*, 401 U.S. 37 (1971), the district court granted the requested stay, explaining that there was "a significant likelihood that the claims against the defendant [county] will be considerably limited in scope if not eliminated entirely if the Court either dismisses the case or stays this case until the state proceedings … have run its course.  Either dismissal or a stay, each standing alone, would support this Court exercising its discretion to stay discovery." *Id.* at *2.

Similarly, in *Jeremiah M. v. Crum*, No. 3:22-cv-00129-JMK, 2022 WL 17082117 (D. Alaska Nov. 17, 2022), the district court found good cause to delay issuing a scheduling order and deferred the parties' obligation to confer under Rule 26(f) until after ruling on the defendants' motion to dismiss. *Id.* at *3.  The court explained that the case "present[ed] with many of the features that district courts and the

-8-

Ninth Circuit have held warrant a stay of discovery," including that the "pending Motion to Dismiss potentially is dispositive of the entire case," that discovery was "unnecessary to its resolution," and the "Motion to Dismiss concerns preliminary 'threshold' issues, like abstention and standing." *Id.* at *4.

The same holds true here. The County requests, in the alternative to dismissing the complaint under Rule 12(b), that this Court dismiss Plaintiffs' claims for injunctive and declaratory relief while staying their claims for damages under principles of abstention. *See* Dkt. 30 at 44–45; *Herrera v. City of Palmdale*, 918 F.3d 1037, 1045 (9th Cir. 2019) ("Civil actions brought by a government entity to enforce nuisance laws have been held to justify *Younger* abstention." (quotation omitted)); *see also Sinclair Oil Corp. v. Cnty. of Santa Barbara*, 96 F.3d 401, 409–10 (9th Cir. 1996) (explaining when abstention is appropriate under *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941)). Nearly two years before Plaintiffs filed their federal complaint, the County initiated a code enforcement action in Napa County Superior Court. As noted above, the Superior Court found in favor of the County in Phase I of that action. The case is ongoing and set to move to Phase II to adjudicate Hoopes' cross-claims, which allege many of the federal claims raised in this lawsuit. There is a significant likelihood that the claims against the County will be considerably limited in scope if not eliminated entirely if the Court either dismisses the case or stays this case until the state proceedings have run its course. *Mitchell*, 2020 WL 7327377, at *2. Good cause exists to stay discovery until the Court rules on the County's Motion to Dismiss.

### C. A Stay of Discovery Is Warranted to Promote Efficiency and to Conserve the Parties' Resources.

Finally, good cause exists to stay discovery because it will promote efficiency for the Court and the parties, serve to conserve the parties' resources, and prevent a potential waste of resources. *See Tavantzis*, 2024 WL 812012, at *1; *see also Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 ("In the interest of judicial efficiency and conserving the Court's resources, the Court finds that Tile has met its burden to stay discovery pending a decision on the upcoming motion to dismiss").

Here, Hoopes has already received (1) extensive discovery from the County in the pending state action, (2) all documents produced and testimony adduced during the 11-day trial in state court, and (3) voluminous PRA productions. *See* McGinley-Stempel Decl. ¶¶ 7, 18. Between the earlier litigation requests and the dozens of related PRA requests, Hoopes has already received more than 17,000 pages of

documents relating to the County wine industry regulatory scheme that the Plaintiffs are challenging here. *See* McGinley-Stempel Decl. ¶¶ 7, 8. Summit Lake and Smith-Madrone presumably have had access to that discovery since they were represented by the same counsel as Hoopes in both the state court intervention proceedings (Katherine Falace of Buchalter) and in this federal court action (Quinn Scott Kaye, Joseph Infante, and Stephen M. Ragatski of Miller, Canfield, Paddock and Stone, PLC; and Eugene Moon Pak and Angela Han of Fennemore Wendel). *See* Dkt. 1; Dkt. 31, Exs. B & C; McGinley-Stempel Decl. ¶ 20. Indeed, several of the exhibits to Plaintiffs' federal complaint are from discovery in the state court action. *See* Dkt. 1-14; Dkt. 1-15; Dkt. 1-17; Dkt. 1-19; Dkt. 1-20; Dkt. 1-21; Dkt. 1-22; Dkt. 1-24; Dkt. 1-26. Given the large production of evidence in the state court trial that Hoopes has already received and the significant overlap between the issues and discovery in this matter and the state court action, delaying receipt of additional discovery from the County pending resolution of the Motion to Dismiss will not prejudice Plaintiffs.

Granting a protective order staying discovery prevents a potential waste of resources for both parties and promotes efficiency in the adjudication of this case. In particular, it will conserve limited County resources, which are funded by taxpayers. It will protect those taxpayers from the undue burden and expense of requiring the County to provide yet more discovery related to the County's code enforcement efforts until this Court determines if this case will be dismissed. *See* McGinley-Stempel Decl. ¶ 21. Accordingly, this Court should grant the protective order staying discovery.

## V. CONCLUSION

For the reasons discussed above, the County requests that the Court grant this motion for a protective order staying discovery until a decision is reached on the County's Motion to Dismiss.

Dated: December 4, 2024                                          RENNE PUBLIC LAW GROUP

By: /s/*Ryan P. McGinley-Stempel*
Ryan P. McGinley-Stempel

Attorneys for Defendant
NAPA COUNTY