IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPES VINEYARD LLC, et al., <br> Plaintiffs, <br> v. <br> COUNTY OF NAPA, <br> Defendant. | Case No. 24-cv-06256-CRB <br><br> **ORDER REGARDING DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT** |

    The County of Napa has moved for an extension of time to respond to Plaintiffs' amended complaint, requesting a deadline of January 21, 2025. Mot. (dkt. 46). The County also seeks leave to file an oversize opening brief in support of an anticipated motion to dismiss. Id. Plaintiffs oppose the County's motion regarding an extension to January 21, but they do not oppose the County's request to file an oversize brief. Opp. (dkt. 47). As to the extension, Plaintiffs highlight that the County refused to grant an extension to Lindsay Hoopes, the majority owner of Hoopes Vineyard, LLC, in parallel state court litigation, even though Ms. Hoopes is pregnant with twins and is representing herself (as an individual defendant). Id. at 2–4. Plaintiffs suggest that they would have been amenable to a two-week extension, which would result in a deadline of January 2, 2025. Id. at 2.

    The Guidelines for Professional Conduct of this District state that, after "a first extension of time … any additional requests for extensions of time" must "balanc[e] the need for prompt resolution of matters against (i) the consideration that should be extended to an opponent's professional and personal schedule, (ii) the opponent's willingness to grant reciprocal extensions, (iii) the time actually needed for the task, and (iv) whether it is

likely that the court would grant the extension if asked to do so." This case involves serious constitutional and statutory questions, and both parties have an interest in prompt resolution—Plaintiffs so they can run their businesses, and the County so it can enforce its regulations. To be sure, the Court recognizes counsel's competing obligations, especially given the upcoming holidays, and is further aware that this case is complex and will require the parties to devote meaningful time and energy to it. The Court is also mindful, however, that the difficult situation that Ms. Hoopes faces in state court is, at least in part, due to the County's unwillingness to stipulate to an extension of time in that litigation.

Weighing these competing priorities, the Court finds good cause under Federal Rule of Civil Procedure 6(b)91) to grant an extension of time to **Friday, January 10, 2025** to respond to Plaintiffs' amended complaint. This is a reasonable extension. The Court also grants the County's request to file an oversize brief not exceeding 35 pages. And as an administrative matter, any deadlines and hearings associated with the County's motion to dismiss Plaintiffs' initial complaint are vacated.

**IT IS SO ORDERED.**

Dated: December 16, 2024



CHARLES R. BREYER
United States District Judge