1  Joseph M. Infante (pro hac admission)
   infante@millercanfield.com
2  Stephen M. Ragatzki (pro hac admission)
   ragatzki@millercanfield.com
3  **MILLER, CANFIELD, PADDOCK AND STONE,**
   **PLC**
4  99 Monroe Avenue NW, Suite 1200
   Grand Rapids, MI 49503
5  Tel: (616) 776-6333 / Fax: (616) 776-6322

6  Eugene M. Pak (Bar No. 168699)
   epak@fennemorelaw.com
7  Angela Han (Bar No. 317137)
   ahan@fennemorelaw.com
8  **FENNEMORE WENDEL**
   1111 Broadway, 24th Floor
9  Oakland, California 94607
   Tel: (510) 834-6600 / Fax: (510) 834-1928
10 Attorneys for Plaintiffs Hoopes Vineyard LLC,
   Summit Lake Vineyard, and Cook's Flat Associates a
11 California Limited Partnership

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15

16 HOOPES VINEYARD LLC, a California          Case No. 3:24-cv-6256-CRB
   limited liability company;
17 SUMMIT LAKE VINEYARDS & WINERY             **PLAINTIFFS' RESPONSE IN**
   LLC, a California limited liability company; **OPPOSITION TO DEFENDANT'S**
18 and COOK'S FLAT ASSOCIATES A               **MOTION FOR PROTECTIVE ORDER**
   CALIFORNIA LIMITED PARTNERSHIP, a          **TO STAY DISCOVERY PENDING**
19 California limited partnership,             **RESOLUTION OF ITS MOTION TO**
                                              **DISMISS OR IN THE ALTERNATIVE,**
20              Plaintiffs,                    **FOR ABSENTION**

21       v.                                   Judge:       Hon. Charles R. Breyer
                                              Hearing Date: January 10, 2025
22 COUNTY OF NAPA,                            Hearing Time: 10:00 am.

23              Defendant.

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    ANALYSIS .......................................................................................................... 1

  A.    Napa County does not have a pending dispositive motion .......................... 2

  B.    The motion to dismiss is unlikely to resolve all issues in this case ............ 3

    1.   Each Plaintiff has standing ................................................................ 3

    2.   Napa County's finality argument is incorrect .................................... 5

    3.   Plaintiffs' claims are not time-barred ............................................... 6

    4.   Abstention is not warranted ............................................................... 8

      a.    Younger abstention cannot apply to Summit Lake or Smith-Madrone .................. 8

      b.    Rooker-Feldman does not apply ................................................ 11

      c.    Younger does not apply ............................................................. 12

  C.    Napa County does not have good cause to stay discovery .......................... 13

III.   CONCLUSION .................................................................................................. 13

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY                                    - i -                        3:24-CV-06256-CRB

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

1
2

# **TABLE OF AUTHORITIES**

3

**Page(s)**

4

**Cases**

5

*3570 E. Foothill Blvd., Inc. v. City of Pasadena,*
6    912 F. Supp. 1268 (C.D. Cal. 1996) ................................................................. 7, 8

7
*Action Apartment Association Inc. v. Santa Monica Rent Control Board,*
8    509 F.3d 1020 (9th Cir. 2007) ......................................................................... 6, 7

9
*B.R.S. Land Investors v. United States,*
10   596 F.2d 353 (9th Cir. 1979) ............................................................................... 3

11
*Bianchi v. Rylaarsdam,*
12   334 F.3d 895 (9th Cir. 2003) ............................................................................. 11

13
*Charette v. Town of Oyster Bay,*
14   159 F.3d 749 (2d Cir. 1998) ................................................................................. 4

15
*Citizens for Free Speech, LLC v. County of Alameda,*
16   953 F.3d 655 (9th Cir. 2020) ............................................................................. 12

17
*City of Tucson v. U.S. W. Commc'ns, Inc.,*
18   284 F.3d 1128 (9th Cir. 2002) ............................................................................. 8

19
*Colorado River Water Conservation Dist. v. United States,*
20   424 U.S. 800 (1976) ............................................................................................. 8

21
*Deakins v. Monaghan,*
22   484 U.S. 193 (1988) ............................................................................................. 8

23
*Desertrain v. City of Los Angeles,*
24   754 F.3d 1147 (9th Cir. 2014) ............................................................................. 7

25
*Diamond S.J. Enterprises, Inc. v. City of San Jose,*
26   100 F.4th. 1059 (9th Cir. 2024) ........................................................................... 4

27
*Doran v. Salem Inn, Inc.,*
28   422 U.S. 922 (1975) ............................................................................................. 9

*Edwards v. Illinois Bd. of Admissions to Bar,*
   261 F.3d 723 (7th Cir. 2001) ............................................................................. 11

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*
   544 U.S. 280 (2005) ........................................................................................... 11

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

3:24-CV-06256-CRB

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Flynt v. Shimazu,*
4      940 F.3d 457 (9th Cir. 2019) ............................................................................. 7

5      *Gray v. First Winthrop Corp.,*
       133 F.R.D. 39 (N.D. Cal. 1990) ..................................................................... 1, 13
6

7      *Hamilton v. State Farm Fire & Cas. Co.,*
       270 F.3d 778 (9th Cir.2001) ............................................................................ 10

8      *Huang v. Genesis Global Hardware, Inc.*
       2020 WL 6318206 (E.D. Cal. Oct. 28, 2020) .................................................. 2
9

10     *Ivey v. Spilotro,*
       2012 WL 2788980 (D. Nev. July 9, 2012) ................................................. 11, 12
11

12     *Kiblen v. Retail Credit Co.,*
       76 F.R.D. 402 (E.D. Wash. 1977) ..................................................................... 2

13     *Kincheloe v. American Airlines, Inc.,*
       2021 WL 5847884 (N.D. Cal. Dec. 9, 2021) .................................................. 13
14

15     *Leonard v. Clark,*
       12 F.3d 885 (9th Cir. 1993.) .............................................................................. 3
16

17     *Levald, Inc. v. City of Palm,*
       Desert, 998 F.2d 680, 688 (9th Cir. 1993) ....................................................... 7

18     *Los Angeles Haven Hospice, Inc. v. Sebelius,*
       638 F.3d 644 (9th Cir. 2011) ............................................................................. 3
19

20     *Lujan v. Defenders of Wildlife,*
       504 U.S. 555 (1992) ........................................................................................... 3
21

22     *MacDonald v. Safir,*
       206 F.3d 183 (2d Cir. 2000) .............................................................................. 4
23

24     *Maldonado v. Harris,*
       370 F.3d 945 (9th Cir. 2004) ...................................................................... 11, 12

25     *McCormack v. Herzog,*
       788 F.3d 1017 (9th Cir. 2015) ........................................................................... 7
26

27     *Pakdel v. City and County of San Francisco, California,*
       141 S. Ct. 2226 (2021) ....................................................................................... 5

28

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

- iii -

3:24-CV-06256-CRB

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Potrero Hills Landfill, Inc. v. Cnty. of Solano,*
4      657 F.3d 876 (9th Cir. 2011)................................................................. 9, 11

5

*Quackenbush v. Allstate Ins. Co.,*
6      517 U.S. 706 (1996) ............................................................................ 8

*Razatos v. Colorado Supreme Court,*
7      746 F.2d 1429 (10th Cir. 1984)............................................................ 11

8

*Rhodes v. Robinson,*
9      621 F.3d 1002 (9th Cir. 2010).............................................................. 2

10

*Scheer v. Kelly,*
       817 F.3d 1183 (9th Cir. 2016) . *Action Apartment* ............................. 6, 7

11

*Set Enterprises, Inc. v. City of Hallandale Beach,*
12      2010 WL 11549687 (S.D. Fl. June 22, 2010.) ...................................... 4

13

*Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.,*
14      2007 WL 1146607 (E.D. Cal. April 18, 2007)...................................... 1

15

*Smith v. Levine Leichtman Capital Partners, Inc.,*
        2011 WL 13153189 (N.D. Cal. Feb. 11, 2011) ................................... 1, 13

16

*Teva Pharms., Inc. v. Concept Therapeutic, Inc.,*
17      2024 WL 4981090 (N.D. Cal. Dec. 4, 2024) ....................................... 2

18

*TI, Ltd. v. Grupo Vidanta,*
19      2019 WL 5556127 (S.D. Cal. Oct. 28, 2019) ...................................... 2

20

*Tradebay, LLC v. eBay, Inc.,*
        278 F.R.D. 597 (D. Nev. 2011)............................................................ 1, 3

21

*Trzaska v. Int'l Game Tech.,*
22      2011 WL 1233298 (D. Nev. Mar. 29, 2011) ....................................... 3

23

*Turner Broadcasting Sys., Inc. v. Tracinda Corp.,*
24      175 F.R.D. 554 (D. Nev. 1997) ........................................................... 3

25

*Turner v. Wellstar Spalding Reg'l Hosp.,*
        2017 WL 6994580 (N.D. Ga. Feb. 9, 2017) ........................................ 2

26

*Wagner v. Mastiffs,*
27      2009 WL 2579431 (S.D. Ohio Aug. 17, 2009)..................................... 2

28

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

- iv -

3:24-CV-06256-CRB

# TABLE OF AUTHORITIES
(continued)

Page

*Williamson County Regional Planning Commission v. Hamilton Bank of Johnson County*,
    473 U.S. 172 (1985) .............................................................................................. 5

*Worldwide Church of God v. McNair*,
    805 F.2d 888 (9th Cir. 1986) .............................................................................. 11

*Wynn Las Vegas, LLC v. National Union Fire Ins. Co. of Pittsburgh, PA*,
    2021 WL 1738870 (D. Nev. April 30, 2021) ...................................................... 2

*Younger v. Harris*,
    401 U.S. 37 (1971) ..................................................................................... 8, 9, 12

*Zablocki v. Redhail*,
    434 U.S. 374 (1978) ........................................................................................... 13

**Court Rules**

Fed. R. Civ. P. 1 ....................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 1

Fed. R. Civ. P. 15(a) ................................................................................................ 2

Fed. R. Civ. P. 26(c)(1) .......................................................................................... 13

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

- v -

3:24-CV-06256-CRB

1

## SUMMARY OF ARGUMENT

2     The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery after

3     a motion to dismiss is filed.  Instead, the "party seeking a stay of discovery carries the heavy burden

4     of making a 'strong showing' why discovery should be denied."  *Gray v. First Winthrop Corp.*,

5     133 F.R.D. 39, 40 (N.D. Cal. 1990) (citation omitted).  The party requesting the stay must satisfy a

6     two-step test.  First, the movant must show that there is a pending motion that is "potentially

7     dispositive of the entire case, or at least dispositive on the issue at which discovery is directed."

8     *Smith v. Levine Leichtman Capital Partners, Inc.*, 2011 WL 13153189, at *1 (N.D. Cal. Feb. 11,

9     2011).  Second, the movant must show that "the pending dispositive motion can be decided absent

10    additional discovery."  *Id.*  "If the two above questions are answered affirmatively, the court may

11    issue a protective order."  *Id.*

12    Napa County's motion fails the first step.  Although Napa County filed a motion to dismiss

13    Plaintiff's original complaint, both the original complaint and motion to dismiss became moot when

14    Plaintiffs filed their First Amended Complaint.  (Dkt. #43.)  Because there is no pending motion to

15    dismiss, Napa County's motion should be denied. *See Teva Pharms., Inc. v. Concept Therapeutic,*

16    *Inc.*, 2024 WL 4981090, *1 (N.D. Cal. Dec. 4, 2024).

17    Further, even assuming that Napa County moves to dismiss the First Amended Complaint,

18    that motion is unlikely to dispose of this lawsuit if it is based on Napa County's prior arguments.

19    *Standing*.  Napa County argued that Plaintiffs do not have standing to raise facial challenges

20    to the County's Zoning Ordinance because they have not applied for use permits.  Two Plaintiffs

21    operate under small winery exemptions, so no use permits are required, and one already has a use

22    permit.  Regardless, the Ninth Circuit has already rejected Napa County's standing argument.  *See*

23    *Diamond S.J. Enterprises, Inc. v. City of San Jose*, 100 F.4th. 1059 (9th Cir. 2024) (rejecting

24    argument to dismiss for lack of standing because a facial challenge to an ordinance that

25    impermissibly protects restricted activity may "proceed 'without the necessity of first applying for,

26    and being denied, a license.'" (quoting *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750,

27    755–56 (1988))).

28

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

1       *Finality*.  Napa County argued that there is insufficient finality under *Williamson County*

2 *Regional Planning Commission v. Hamilton Bank of Johnson County*, 473 U.S. 172 (1985).

3 However, *Williamson County* was based on the Supreme "Court's since-disavowed prudential rule

4 that certain takings actions are not 'ripe' for federal resolution until the plaintiff 'seek[s]

5 compensation through the procedures the State has provided for doing so.'"  *Pakdel v. City and*

6 *County of San Francisco, California*, 141 S. Ct. 2226, 2229 (2021).  In *Pakdel*, the Supreme Court

7 held that "nothing more than *de facto* finality is necessary" and the government need only be

8 "committed to a position."  *Id.* at 2230.  Plaintiffs' First Amended Complaint details how Napa

9 County committed to a position in the *Napa County v. Hoopes* state-court lawsuit.

10       *Time-Barred*.  Napa County relied on *Action Apartment Association Inc. v. Santa Monica*

11 *Rent Control Board*, 509 F.3d 1020 (9th Cir. 2007), to argue that zoning ordinances become

12 immune from legal challenge two years after their enactment.  Again, the Ninth Circuit has rejected

13 Napa County's position and limited *Action Apartment's* application to physical takings.  *See, e.g.*,

14 *Scheer v. Kelly*, 817 F.3d 1183, 1187 (9th Cir. 2016); *McCormack v. Herzog*, 788 F.3d 1017, 1029–

15 30 (9th Cir. 2015); *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1149 (9th Cir. 2014) (allowing

16 facial challenges to proceed beyond the two-year statute of limitations).

17       *Abstention*.  Napa County suggested that this Court should abstain from the traditional

18 exercise of federal question jurisdiction because of the *Napa County v. Hoopes* lawsuit, arguing

19 that Summit Lake's and Smith-Madrone's claims depend on the outcome of that lawsuit.  But in

20 that case, the County successfully fought to keep Summit Lake and Smith-Madrone from

21 intervening by arguing the opposite—that the case would have no binding effect on Summit Lake

22 or Smith-Madrone and each could "file its own action against the County if it wishes."  The

23 County's about-face should not prevent Summit Lake or Smith-Madrone from having their day in

24 court in this action.  *See Doran v. Salem Inn, Inc.*, 422 U.S. 922 (1975).  As for Hoopes, abstention

25 is inapplicable as Hoopes is not seeking appeal of a state court judgment nor is it asking this Court

26 to review a state court decision.  *See Maldonado v. Harris*, 370 F.3d 945, 950 (9th Cir. 2004)

27       Finally, even if Napa County can satisfy the two-step test, it still must show good cause for

28

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

3:24-CV-06256-CRB

1    a stay under Federal Rule of Civil Procedure 26(c)(1).  The County suggests only in a conclusory

2    fashion that it will be too expensive to engage in discovery.  While this suggestion is not developed,

3    expense, standing alone, is not good cause to stay discovery.  *Smith*, 2011 WL 13153189, at *2.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

1    **I.    INTRODUCTION**

2        This Court recently recognized that this "case involves serious constitutional and statutory

3    questions, and both parties have an interest in prompt resolution – Plaintiffs so they can run their

4    businesses, and the County so it can enforce its regulations."  (Dkt. #48, at 2.)  Napa County's

5    motion to stay stands in the way of that prompt resolution and the clarity Plaintiffs need to run their

6    businesses. This is the antithesis of the purposes of the Federal Rules of Civil Procedure which is

7    "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed.

8    R. Civ. P. 1.  As discussed below, this Court should deny the motion as it is premised upon a

9    misunderstanding of case law applicable to discovery, standing, finality, abstention, and statutes of

10   limitation, among other topics.

11   **II.    ANALYSIS**

12        "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

13   discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc*., 278

14   F.R.D. 597, 600 (D. Nev. 2011).  "Had the Federal Rules contemplated that a motion to dismiss

15   under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that

16   effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."

17   *Gray v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N.D. Cal. 1990).

18        In determining whether to grant a stay, courts consider two factors.  First, the "pending

19   motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which

20   discovery is directed."  *Smith v. Levine Leichtman Capital Partners, Inc.*, 2011 WL 13153189, at

21   *1 (N.D. Cal. Feb. 11, 2011).  Next, a court considers "whether the pending dispositive motion can

22   be decided absent additional discovery."  *Id.*  "If the two above questions are answered

23   affirmatively, the court may issue a protective order."  *Id.*

24        The "party seeking a stay of discovery carries the heavy burden of making a 'strong

25   showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (citation omitted).  "To prevail

26   on a motion for a protective order, the party seeking the protection has the burden to demonstrate

27   'particular and specific demonstration[s] of fact, as distinguished from conclusory statements ....'"

28   *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp*., 2007 WL 1146607, *1 (E.D. Cal. April 18,

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR PROTECTIVE          - 1 -                    3:24-CV-06256-CRB
ORDER TO STAY DISCOVERY

2007) (quoting *Kiblen v. Retail Credit Co.*, 76 F.R.D. 402, 404 (E.D. Wash. 1977)).  "As a disfavored motion, it will be denied if there is any set of circumstances under which the pleaded [claims] could succeed."  *Kiblen*, 76 F.R.D. at 404. Napa County's motion does not meet this stringent test.

### A.    Napa County does not have a pending dispositive motion.

Plaintiffs filed their First Amended Complaint as of right under Federal Rule of Civil Procedure 15(a) on December 6, 2024.  (Dkt. #43.)  By filing a First Amended Complaint, their original complaint became "non-existent."  *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[W]hen a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  That, in turn, made Napa County's motion to dismiss the original complaint moot: "This amendment as a matter of course renders an original complaint null, thereby mooting defendants' motion to dismiss."  *Huang v. Genesis Global Hardware, Inc.* 2020 WL 6318206, *1 (E.D. Cal. Oct. 28, 2020).  Thus, "[Napa County's] Motion to Dismiss the Complaint became moot once the Amended Complaint was filed." *TI, Ltd. v. Grupo Vidanta*, 2019 WL 5556127, at *1 (S.D. Cal. Oct. 28, 2019). This Court recognized this fact and vacated all "deadlines and hearings associated with the County's motion to dismiss." ECF No. 48, Page 2.

A mooted and vacated motion cannot form the basis of the County's motion to stay.  The court reached a similar result in a recent case when it "terminated Defendants' motions to dismiss and motions to stay discovery as moot in light of the Amended Complaint."  *Teva Pharms., Inc. v. Concept Therapeutic, Inc.*, 2024 WL 4981090, *1 (N.D. Cal. Dec. 4, 2024).  *See also Wagner v. Mastiffs*, 2009 WL 2579431, *3 (S.D. Ohio Aug. 17, 2009) (following filing of an amended complaint: "because the motion for judgment on the pleadings has been denied as moot, the motion to stay discovery pending the adjudication of that motion is likewise denied as moot."); *Wynn Las Vegas, LLC v. National Union Fire Ins. Co. of Pittsburgh, PA*, 2021 WL 1738870, *2 (D. Nev. April 30, 2021) (same); *Turner v. Wellstar Spalding Reg'l Hosp.*, 2017 WL 6994580, *2 (N.D. Ga. Feb. 9, 2017) (same.)  A similar termination should occur in this case.

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY                            - 2 -                            3:24-CV-06256-CRB

**B.    The motion to dismiss is unlikely to resolve all issues in this case.**

Even if the current motion were not moot, the motion to stay discovery should still be denied because Napa County cannot clear the high bar necessary to warrant a stay. "The fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." *Tradebay*, 278 F.R.D. at 603. A discretionary stay of discovery is only warranted in those extraordinary cases where a district court "is convinced that the plaintiff will be unable to state a claim upon which relief can be granted." *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) (citation omitted). Thus, "a stay might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value." *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). But "there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort. Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." *Trzaska v. Int'l Game Tech.*, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011). Plaintiffs' claims are not frivolous. Plaintiffs address a few of the arguments the County raised in its motion to dismiss to demonstrate that the County has no chance of success even should it choose to file a second motion to dismiss.

**1.    Each Plaintiff has standing.**

"The general rule applicable to federal court suits with multiple plaintiffs is that once the court determines that one of the plaintiffs has standing, it need not decide the standing of the others. *Leonard v. Clark*, 12 F.3d 885, 888 (9th Cir. 1993.) (citing *Carey v. Population Servs. Int'l*, 431 U.S. 678, 682, (1977). Where, as here, Plaintiffs are "challenging the legality of government action or inaction ... there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992). Finally, "a plaintiff is presumed to have constitutional standing to seek injunctive relief when it is the direct object of regulatory action challenged as unlawful." *Los Angeles Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644, 655 (9th Cir. 2011). Here, there is no question that Plaintiff Hoopes has been prosecuted by Napa County pursuant to the ordinances,

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

- 3 -

3:24-CV-06256-CRB

policies and ordinance interpretations at issue in this case. In multi-plaintiff cases, once a court determines one plaintiff has standing, the Supreme Court "has not encouraged courts to invest resources into determining whether more than one plaintiff can establish standing." *Set Enterprises, Inc. v. City of Hallandale Beach*, 2010 WL 11549687, *12 (S.D. Fl. June 22, 2010.) Regardless, each Plaintiff independently has standing.

Napa County contends that Plaintiffs do not have standing to bring a facial challenge to the County's ordinance because Plaintiffs "have not alleged that they intend to apply for use permits." (Dkt. #30, at 25.) But that argument is wrong because "there is no need for a party actually to apply or to request a permit in order to bring a facial challenge to an ordinance (or parts of it) ..." *MacDonald v. Safir*, 206 F.3d 183, 189 (2d Cir. 2000) (citing *City of Lakewood v. Plain Dealer Publ'g Co*., 486 U.S. 750, 755–56 (1988)). *See also Charette v. Town of Oyster Bay*, 159 F.3d 749, 757 (2d Cir. 1998) ("[making] no effort to apply for a permit .... does not, of course, deprive [plaintiff] of standing to assert that the [zoning ordinance] is facially invalid ....").

Even the case relied upon by the County, *Diamond S.J. Enterprises, Inc. v. City of San Jose*, 100 F.4th. 1059 (9th Cir. 2024), "reject[ed] the City's contention that Diamond lacks standing to bring a First Amendment facial challenge to the [ordinances]." *Id*. at 1065. The court determined that "[a] plaintiff has standing to vindicate First Amendment rights through a facial challenge when it 'argue[s] that an ordinance ... impermissibly restricts a protected activity.'" *Id.* (quoting *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1033 (9th Cir. 2006)). The plaintiff was allowed to "proceed 'without the necessity of first applying for, and being denied, a license.'" *Id.* (quoting *City of Lakewood v. Plain Dealer Publ'g Co*., 486 U.S. 750, 755–56 (1988)). Therefore, the County is unlikely to prevail on its standing argument.

The County also alleges that Plaintiffs do not have standing to being their dormant Commerce Clause claims because the County alleges none are subject to the buy-local requirement nor have Plaintiffs alleged concrete plans to expand and be subject to the rule. But Napa County has taken the concrete position that each Plaintiff is subject to the 75% rule. *See* Dkt. #43, ¶ 610. This is yet another example of Napa County changing its interpretation of its ordinances to fit its

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

- 4 -

3:24-CV-06256-CRB

1   whims at the time.  Regardless, Plaintiffs have alleged both that they would apply for increased

2   permissions and that the imposition of the 75% Napa County grape-course requirement prevented

3   them from doing so. *Id*. at ¶¶ 257-259, 601, 615-618.

**2.    Napa County's finality argument is incorrect.**

5   The County argues that the Wineries' as-applied Takings, Due Process, and Equal

6   Protection claims fail due to a lack of finality.  (Dkt #30, at 26.)  The County superficially cites to

7   *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson County*, 473 U.S.

8   172 (1985), but *Williamson County* was based on the Supreme "Court's since-disavowed prudential

9   rule that certain takings actions are not 'ripe' for federal resolution until the plaintiff 'seek[s]

10  compensation through the procedures the State has provided for doing so.'"  *Pakdel v. City and*

11  *County of San Francisco, California*, 141 S. Ct. 2226, 2229 (2021).  The Supreme Court's decision

12  in *Pakdel* sets forth the current standard: "The finality requirement is relatively modest.  All a

13  plaintiff must show is that there [is] no question . . . about how the regulations at issue apply to the

14  particular land in question."  *Id*. at 2230 (internal quotation omitted).  "The rationales for the finality

15  requirement underscore that nothing more than *de facto* finality is necessary. This requirement

16  ensures that a plaintiff has actually been injured by the Government's action and is not prematurely

17  suing over a hypothetical harm."  *Id*. (internal quotation omitted).  "Once the government is

18  committed to a position, however, these potential ambiguities evaporate and the dispute is ripe for

19  judicial resolution."  *Id*.

20  Plaintiffs easily meet that standard.  First, what could be more final than Napa County suing

21  Plaintiff Hoopes to enforce the ordinances, policies and interpretations at issue in this case?  Next,

22  the First Amended Complaint details how the County's position evolved over time and finally

23  crystallized—for the first time—in the *Napa County v. Hoopes* lawsuit.  See, *e.g.* Dkt #43, ¶¶ 43,

24  45-46, 62, 65, 67-68, 73, 109, 120-123, 128-129, 143, 157, 246-249, 252, 257-259, 261-262, 267-

25  309, 323-352, 408-414 and 421-437. That is all that is required for finality.

26

27

28

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

3.    **Plaintiffs' claims are not time-barred.**

The County broadly argues that that the Wineries' Claims Five through Eleven are time-barred because they were not raised within two years of the enactment of the respective sections of the Napa Ordinances, thereby immunizing the Napa Ordinances for all time.  The County argues that *Action Apartment Association Inc. v. Santa Monica Rent Control Board*, 509 F.3d 1020 (9th Cir. 2007), sets forth a bright-line rule that facial takings, substantive due process claims, and equal protection claims accrue on the date of ordinance enactment.

The Ninth Circuit has already rejected that interpretation.  The County "vastly overreads *Action Apartment*. It asserts that *Action Apartment*'s holding applies to all facial challenges to statutes and ordinances, not just those premised on injuries to property rights. But *Action Apartment* and the cases it cites are grounded in an analysis that applies only in the context of injury to property. In that context, the basis of a facial challenge is that the very enactment of the statute has reduced the value of the property or has effected a transfer of a property interest. This is a single harm, measurable and compensable when the statute is passed." *Scheer v. Kelly*, 817 F.3d 1183, 1187 (9th Cir. 2016) (quotations and citations omitted).  *Action Apartment* is limited to physical takings affecting the price of property because "[a] landowner who purchased land after an alleged taking," therefore, "has suffered no injury." *Id*.

The County's argument "also runs into a thicket of justiciability problems" as wineries who are subject to the Napa Ordinances would not have had standing to bring their claims within the County's preferred limitations period as many affected wineries were not even established within two-years of the ordinance enactments. *Id*. at 1188.  "Their cases would be time-barred before they could even be brought, an absurd result." *Id*.  "Given these problems, it is unsurprising that such a reading of *Action Apartment* is contradicted by [Ninth Circuit] precedents. If a facial challenge could only be brought against a statute or ordinance within the limitations period as measured by the enactment's effective date, the vast majority of currently extant statutes and ordinances would be beyond a facial challenge. But [the Ninth Circuit] regularly hears—and upholds—facial challenges to decades-old statutes, and has done so in the years since *Action Apartment*." *Id.*  For

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

- 6 -

3:24-CV-06256-CRB

example, the *Scheer* opinion cited *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1149 (9th Cir. 2014), which struck down as facially unconstitutional an ordinance, enacted in 1983, prohibiting using a parked vehicle "as living quarters," and *McCormack v. Herzog*, 788 F.3d 1017, 1029–30 (9th Cir. 2015), which upheld a facial challenge to an Idaho statute passed in 1973 that placed restrictions on second-trimester abortions. *Scheer*, 817 F.3d at 1188.

"Under the [County's] logic, these unconstitutional laws would have been completely insulated from facial challenges for the last several decades, along with every other statute and ordinance that has been around for more than a couple years." *Id*. "The [County's] statute of limitations argument is therefore entirely misdirected, both because of the targeted reasoning underlying *Action Apartment* and because of [the Ninth] Circuit's case law subsequent to *Action Apartment*." *Id*.

Outside the realm of property rights, the more discrete reasoning of *Action Apartment* is not pertinent. Many statutes and ordinances do not just cause 'a single harm, measurable and compensable when the statute is passed.'" *Id*. (quoting *Guggenheim v. City of Goleta*, 638 F.3d 1111, 1119 (9th Cir. 2010); *Levald, Inc. v. City of Palm*, Desert, 998 F.2d 680, 688 (9th Cir. 1993)). "An unconstitutionally vague statute, for instance, may pose 'ongoing harms' to those who are unsure if their actions fall within its ambit." *Id*. (quoting *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir.2013)). "Laws that violate the First Amendment may similarly place an 'ongoing chill upon speech' felt by individual speakers as they contemplate communication." *Id*. (quoting *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 336 (2010). *See also Flynt v. Shimazu*, 940 F.3d 457, 464 (9th Cir. 2019) ("California's two-year statute of limitations does not bar facial challenges under the Dormant Commerce Clause"); *3570 E. Foothill Blvd., Inc. v. City of Pasadena*, 912 F. Supp. 1268, 1278 (C.D. Cal. 1996) ("a statute that, on its face, violates the First Amendment's guarantee of free speech inflicts a continuing harm. . . . This harm continues until the statute is either repealed or invalidated."). "Such laws, moreover, could affect organizations that did not exist when the laws were first enacted, or individuals who were not at that time so situated as to be affected by the regulation—or not even born yet. Injuries occasioned

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

- 7 -

3:24-CV-06256-CRB

by such statutes would not be apparent, or even extant, at the time of their enactment to everyone later impacted by them." *Id.*

Napa County also alleges that Plaintiffs' as-applied claims are time-barred because they do not allege County conduct within two years of the date of filing the Complaint. The County is incorrect as the First Amended Complaint alleges extensive conduct by Napa County within two years of the Complaint. *See e.g.* Dkt #43, ¶¶ 43, 45-46, 62, 65, 67-68, 73, 109, 120-123, 128-129, 143, 157, 246-249, 252, 257-259, 261-262, 267-309, 323-352, 408-414 and 421-437.

### 4.    Abstention is not warranted.

Napa County also requests that this Court abstain from hearing every Constitutional challenge raised by all three Plaintiffs, even though only Hoopes has a pending state court case.

"District courts have an obligation and a duty to decide cases properly before them, and '[a]bstention from the exercise of federal jurisdiction is the exception, not the rule.'" *City of Tucson v. U.S. W. Commc'ns, Inc.*, 284 F.3d 1128, 1132 (9th Cir. 2002) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)). This obligation to hear matters within their jurisdiction is "virtually unflagging." *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988). Abstention from this obligation is generally permitted only in "exceptional circumstances," when "denying a federal forum would clearly serve an important countervailing interest." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, (1996) (citations omitted). Abstention remains, however, "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 813.

Napa County's abstention argument in its motion to dismiss consists of one page of argument with nothing more than citation to general caselaw and no analysis. In its motion to stay discovery, the County clarifies that it is asking for *Younger* or *Rooker-Feldman* abstention. As discussed below, the County comes nowhere close to meeting its burden on either doctrine.

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

- 8 -

3:24-CV-06256-CRB

a.    *Younger* **abstention cannot apply to Summit Lake or Smith-**

**Madrone.**

Federal courts invoke *Younger v. Harris*, 401 U.S. 37, 49 (1971), to abstain from interfering in state court criminal proceedings.   When applying *Younger*, courts ask whether the state proceedings "(1) are ongoing; (2) implicate "important state interests"; and (3) provide an adequate opportunity to raise federal questions."   *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).   The Ninth Circuit also asks whether "(4) the federal court action would enjoin the proceeding, or have the practical effect of doing so."   *Id.* (cleaned up).

A good analog for the "ongoing" state proceedings requirement is *Doran v. Salem Inn, Inc.*, 422 U.S. 922 (1975).   There, the Supreme Court reversed the application of *Younger* to two plaintiffs challenging a local ordinance when only a third co-plaintiff was the subject of an enforcement action under the same ordinance.   The Supreme Court noted:

> While there plainly may be some circumstances in which legally distinct parties are so closely related that they should all be subject to the Younger considerations which govern any one of them, this is not such a case;—while respondents are represented by common counsel, and have similar business activities and problems, they are apparently unrelated in terms of ownership, control, and management. We thus think that each of the respondents should be placed in the position required by our cases as if that respondent stood alone.

*Id.* at 929.   Like the two plaintiffs in *Doran*, Summit Lake and Smith-Madrone are not parties to the ongoing *Napa County v. Hoopes* lawsuit.   In fact, they attempted to intervene, and Napa County fought to keep them out of that case.   Also, like *Doran*, there is no question that Hoopes, Summit Lake, and Smith-Madrone are unrelated in terms of ownership, control, and management.   (*See* Dkt. #43, ¶¶ 10–12.)   On those facts, *Younger* abstention is inappropriate.

Napa County's *Younger* argument is frivolous given its arguments to the state court.   As outlined in the First Amended Complaint, Summit Lake and Smith-Madrone tried to intervene in the *Napa County v. Hoopes* lawsuit.   (*Id.*, ¶¶ 110, 158.)   Napa County opposed intervention and argued that Summit Lake and Smith-Madrone's situation were "not in the least equivalent or even

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

- 9 -

3:24-CV-06256-CRB

1   similar to the Hoopes situation." (*Id.*, ¶¶ 111, 159.)  The County continued, "[i]f [Summit Lake or

2   Smith-Madrone have] unique concerns, then those concerns would be specific to its property or its

3   treatment by the County thus negating its other arguments of having sufficient interest in this

4   litigation to intervene."  (*Id.*, ¶¶ 112, 160.)  Napa County also stated, "there are significant

5   differences in the cases including the different zoning districts, the type of, and intensity of the,

6   uses made by the respective properties over several decades." (*Id.,* ¶¶ 113, 161.)  The County

7   concluded that intervention "should be denied and [Summit Lake/Smith-Madrone] can file its own

8   action against the County if it wishes." (*Id.*, ¶¶ 114, 162.)

9        On November 20, 2023, the state court held a hearing on the motion to intervene where

10  Napa County's counsel argued: "there's no res judicata or collateral estoppel effect.  This is a

11  standalone case … it's not binding on either of the proposed intervenor's as a matter of law, because

12  they're not parties, and they're not in privity." (*Id.*, ¶ 115.)  Napa County further argued that while

13  the court might make a judgment as to Hoopes, it would be "making a judgement that's not binding

14  on these other cases. As a matter of law, it cannot be binding."  (*Id.*, ¶ 116.) The County concluded

15  by taking the position that "[t]he court is going to make a determination that's binding on Hoopes,

16  not on anyone else.  So, it doesn't conclusively resolve anything with respect to these other

17  wineries."  (*Id.*, ¶ 117.)  The state court denied Summit Lake and Smith-Madrone's motions to

18  intervene and adopted Napa County's argument that "any judgment rendered in the Hoopes action

19  will have no direct effect upon any person other than Hoopes."  (*Id.*, ¶¶ 118, 163.)

20       Napa County got what it asked for—a lawsuit filed by Summit Lake and Smith-Madrone.

21  Abstention from considering their claims would be inappropriate. Napa County is also judicially

22  estopped arguing that any decision *Napa County v. Hoopes* is binding upon Summit Lake or Smith-

23  Madrone. *See Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 783 (9th Cir.2001) (judicial

24  estoppel "is also appropriate to bar litigants from making incompatible statements in two different

25  cases.")

26

27

28

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

3:24-CV-06256-CRB

1    As to Hoopes, this case would not enjoin the *Napa County v. Hoopes* lawsuit or have the

2  practical effect of doing so.  *Potrero Hills*, 657 F.3d at 882.  Hoopes is not asking this Court to stop

3  the state court proceedings or to set aside any rulings there.

4                    **b.    *Rooker-Feldman* does not apply**.

5    Napa County argues that this case is a collateral attack on the *Napa County v. Hoopes*

6  lawsuit without further explanation.  Presumably, by using the term "collateral attack," Napa

7  County is implying that the *Rooker-Feldman* doctrine applies without citing to that doctrine. This

8  is, of course, because *Rooker-Feldman* cannot apply to this case.

9    The *Rooker–Feldman* doctrine prohibits "state-court losers complaining of injuries caused

10  by state court judgments rendered before the district court proceedings commenced" from filing

11  claims in federal court that essentially ask the federal district court to review and reject the state

12  court decision.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  But a

13  federal claim is not barred by *Rooker-Feldman* where a plaintiff "complains of legal wrongs caused

14  by adverse parties, and not the state court judgment."  *Ivey v. Spilotro*, 2012 WL 2788980, *3 (D.

15  Nev. July 9, 2012).  In determining the applicability of the *Rooker–Feldman* doctrine, federal courts

16  "cannot simply compare the issues involved in the state-court proceeding to those raised in the

17  federal-court plaintiff's complaint," but instead "must pay close attention to the relief sought by the

18  federal-court plaintiff."  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003).

19    "[A] district court does have jurisdiction over a 'general' constitutional challenge that does

20  not require review of a final state court decision in a particular case."  *Worldwide Church of God

21  v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462,

22  482–86 & n. 16 (1983) and *Tofano v. Supreme Court of Nevada*, 718 F.2d 313, 314 (9th Cir. 1983)).

23  *See also Razatos v. Colorado Supreme Court*, 746 F.2d 1429, 1433 (10th Cir. 1984);  *Edwards v.

24  Illinois Bd. of Admissions to Bar*, 261 F.3d 723, 729 (7th Cir. 2001) ("When the litigant is

25  challenging the constitutionality of a rule that was applied to him, but is not asking to correct or

26  revise the determination that he violated the rule, *Rooker–Feldman* is no obstacle to the

27  maintenance of the suit.")  *Maldonado v. Harris*, 370 F.3d 945, 950 (9th Cir. 2004), involved a

28

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY                              - 11 -                              3:24-CV-06256-CRB

1    state court nuisance finding against the plaintiff and a subsequent federal lawsuit challenging the

2    constitutionality of the ordinance in question. The Ninth Circuit reversed the district court's

3    dismissal under *Rooker-Feldman* because the plaintiff was not seeking review of the judgment but

4    review of the constitutionality of the ordinances which underly the judgment. *Id*. The Ninth Circuit

5    held that "[o]ur conclusion remains the same even though Maldonado's complaint seeks relief from

6    the injunction entered by the state court." *Id*.[1] (citing *Kougasian v. TMSL, Inc*., 359 F.3d 1136,

7    1140 (9th Cir. 2004)). "[F]or *Rooker–Feldman* to apply, "a plaintiff must seek not only to set aside

8    a state court judgment; he or she must also allege a legal error by the state court as the basis for that

9    relief." *Id*. at 950-51 (citing *Kougasian,* 359 F.3d at 1140).

10       Here, Plaintiffs are "not asking this court to determine whether [a] state court was correct,"

11   so *Rooker-Feldman* does not apply. *Ivey*, 2012 WL 2788980, at *3. Instead, Plaintiffs are raising

12   constitutional challenges to Napa County's policies and interpretations of policies that only came

13   to light for the first time in the *Napa County v. Hoopes* lawsuit. This Court has jurisdiction over

14   those claims and should not abstain under *Rooker-Feldman*.

15                              **c.    *Younger* does not apply.**

16       For similar reasons to *Rooker-Feldman*, abstention under *Younger* is also not warranted

17   because it is not the case that "the federal action would effectively enjoin the state proceedings."

18   *Citizens for Free Speech, LLC v. County of Alameda*, 953 F.3d 655, 657 (9th Cir. 2020). For

19   *Younger* to apply, "[t]he requested relief must seek to enjoin—or have the practical effect of

20   enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc*., 754 F.3d at 758. Here, that is

21   not the case. Plaintiffs are not asking this Court to enjoin the state court proceedings and any

22   judgment in this case will not have the practical effect of enjoining the state court case as the issues

23   here are constitutional, not nuisance laws as in the state court. "And there is, of course, no doctrine

24   requiring abstention merely because resolution of a federal question may result in the overturning

25

26   ────────────────
     [1] The Ninth Circuit in *Maldonado* also determined that the state court nuisance judgment had no
27   preclusive effect on the plaintiff's federal claims because "the primary rights involved in the two
     suits are different, the causes of action are also different, and the judgment against Maldonado in
28   the nuisance action therefore does not bar any of his federal claims." *Id*. at 952. Though not raised
     by Napa County, the same would be true in this case.

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY                           - 12 -                          3:24-CV-06256-CRB

1   of a state policy." *Zablocki v. Redhail*, 434 U.S. 374, 380, n. 5, (1978).

2           **C.      Napa County does not have good cause to stay discovery.**

3           Even if it could meet the two-factor test discussed above, Napa County still must show good

4   cause under Federal Rule of Civil Procedure 26(c)(1) why discovery should be stayed. *Smith v.*

5   *Levine Leichtman Capital Partners, Inc.*, 2011 WL 13153189, at *2 (N.D. Cal. Feb. 11, 2011).

6   That showing is not automatic. "A party seeking a stay of discovery carries the heavy burden of

7   making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133

8   F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.

9   1975)). "The moving party must show a particular and specific need for the protective order, as

10  opposed to making stereotyped or conclusory statements." *Id.* For example, in *Kincheloe v.*

11  *American Airlines, Inc.*, 2021 WL 5847884 (N.D. Cal. Dec. 9, 2021), the court found good cause

12  where the defendant averred that a preliminary review of the discovery sought would require a

13  review of "50,000 search hits and families" which would take over 1,000 attorney hours to review.

14          Here, Napa County makes the conclusory statement that resources will be conserved by not

15  engaging in discovery. However, "[t]he expense of discovery alone does not amount to good cause

16  to stay discovery." *Smith*, 2011 WL 13153189, at *2. Absent any other argument, Napa County

17  has not made the sort of particularized showing that courts require. Instead, according to Napa

18  County, it has already produced 17,000 relevant documents in the state court litigation. It should

19  not be any trouble to produce those documents in this case. It may be that Napa County need only

20  fill in the gaps where Plaintiffs have sought information not sought in the state court case.

21  **III.     CONCLUSION**

22          A stay of discovery is a disfavored and rare result. At the very least, Napa County invited

23  this lawsuit from Summit Lake and Smith-Madrone after fighting to keep them out of the *Napa*

24  *County v. Hoopes* lawsuit. It cannot now use that lawsuit to prevent Summit Lake and Smith-

25  Madrone from litigating their case in federal court. The motion to stay discovery should be denied.

26

27

28

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

3:24-CV-06256-CRB

1

Respectfully submitted,

2

3

Dated: December 18, 2024

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.

4

5

By: */s/ Joseph M. Infante*

6

Joseph M. Infante, pro hac admission
Attorneys for Plaintiffs

7

8

43062489.3/162870.00001

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

- 14 -

3:24-CV-06256-CRB