SHERYL L. BRATTON, County Counsel (SBN 144209)
JASON M. DOOLEY, Deputy (SBN 258570)
jason.dooley@countyofnapa.org
NAPA COUNTY COUNSEL'S OFFICE
1195 Third Street, Suite 301
Napa, California 94559
Telephone: (707) 253-4521
Facsimile: (707) 259-8220

ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile: (415) 848-7230

Attorneys for Defendant
COUNTY OF NAPA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NAPA,<br><br>Defendant. | Case No. 3:24-cv-06256-CRB<br><br>**NAPA COUNTY'S REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR ABSTENTION**<br><br>Judge: Hon. Charles R. Breyer<br>Hearing Date: January 10, 2025<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom F, 15th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Action Filed: September 5, 2024 |

RENNE PUBLIC LAW GROUP
Attorneys at Law

1

# TABLE OF CONTENTS

2

**Page**

3

TABLE OF AUTHORITIES ................................................................................................. ii

SUMMARY OF ARGUMENT ......................................................................................... vi

REPLY IN SUPPORT OF NAPA COUNTY'S MOTION TO STAY DISCOVERY ............................... 1

I.      INTRODUCTION .................................................................................................. 1

II.     ARGUMENT ........................................................................................................ 1

        A.      PLAINTIFFS' DECISION TO FILE AN AMENDED COMPLAINT DOES NOT
                MOOT THE ISSUE OF WHETHER DISCOVERY IS APPROPRIATE BEFORE
                THE PLEADINGS ARE SET ................................................................... 1

        B.      PLAINTIFFS' ABSTENTION ARGUMENTS ILLUSTRATE WHY A STAY OF
                DISCOVERY IS WARRANTED ................................................................ 3

                1.      *YOUNGER* ABSTENTION. ........................................................ 3

                        A.      HOOPES ........................................................................... 3

                        B.      SUMMIT LAKE AND SMITH MADRONE ........................... 6

                2.      *PULLMAN* ABSTENTION ............................................................ 7

        C.      VARIOUS FLAWS IN PLAINTIFFS' CLAIMS PROVIDE FURTHER
                SUPPORT FOR A STAY OF DISCOVERY .................................................. 9

                1.      JUSTICIABILITY .................................................................. 9

                2.      TIMELINESS ........................................................................ 11

                3.      PLAINTIFFS' OWN HISTORICAL RECORDS DELINEATING THEIR
                        ENTITLEMENTS FORECLOSE MOST OF THEIR CLAIMS ................... 13

        D.      PLAINTIFFS' GOOD CAUSE ARGUMENTS RING HOLLOW ................... 15

III.    CONCLUSION ................................................................................................... 15

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RENNE PUBLIC LAW GROUP
Attorneys at Law

NAPA COUNTY'S REPLY ISO
MOTION TO STAY DISCOVERY

Case No. 3:24-cv-06256-CRB

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*,
509 F.3d 1020 (9th Cir. 2007) ...........................................................................x, 12

*Almodovar v. Reiner*,
832 F.2d 1138 (9th Cir. 1987) ................................................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...............................................................................................15

*Avco Cmty. Devs., Inc. v. S. Coast Reg'l Com.*,
17 Cal.3d 785 (1976) .............................................................................................xi, 14

*C-Y Development Co. v. City of Redlands*,
703 F.2d 375 (9th Cir. 1983) .................................................................................ix, 8, 9

*Cal. Assoc. for Preservation of Gamefowl v. Stanislaus Cnty.*,
2023 WL 1869010 (E.D. Cal. Feb. 9, 2023)..........................................................xi, 12

*Citizens for Free Speech, LLC v. County of Alameda*,
953 F.3d 655 (9th Cir. 2020) .................................................................... viii, 4

*Clardy v. Gilmore*,
773 F. App'x 958 (9th Cir. 2019) .................................................................. xii, 15

*Columbia Basin Apartment Ass'n v. City of Pasco*,
268 F.3d 791 (9th Cir. 2001) .................................................................................ix, 8, 9

*Courthouse News Service v. Planet*,
750 F.3d 776 (9th Cir. 2014) .................................................................................8

*Daniel v. Cnty. of Santa Barbara*,
288 F.3d 375 (9th Cir. 2002) .................................................................................12

*Desertrain v. City of Los Angeles*,
754 F.3d 1147 (9th Cir. 2014) ...............................................................................xi, 12

*Diamond S.J. Enterprise v. City of San Jose*,
100 F.4th 1059 (9th Cir. 2024) ..............................................................................x, 11

*Doe & Assocs. Law Offices v. Napolitano*,
252 F.3d 1026 (9th Cir. 2001) ...............................................................................3

*Doran v. Salem Inn, Inc.*,
422 U.S. 922 (1975)................................................................................................7

-ii-

RENNE PUBLIC LAW GROUP
Attorneys at Law

**TABLE OF AUTHORITIES (CONTINUED)**

**Page(s)**

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280 (2005)........................................................................................................3

*Gearing v. City of Half Moon Bay*,
    No. 21-cv-01802-EMC, 2021 WL 4148663 (N.D. Cal. Sept. 13, 2021)..........................9

*Gilbertson v. Albright*,
    381 F.3d 965 (9th Cir. 2004) ........................................................................................5

*Golden Gate Water Ski Club v. Cnty. of Contra Costa*,
    165 Cal. App. 4th 249 (2008) .................................................................................xi, 14

*In re Google Digital Advertising Antitrust Litig.*,
    No. 20-cv-03556-BLF, 2020 WL 7227159 (N.D. Cal. Dec. 8, 2020).......................... vii, 2

*Herrera v. City of Palmdale*,
    918 F.3d 1037 (9th Cir. 2019) .................................................................................*passim*

*Huffman v. Pursue, Ltd.*,
    420 U.S. 592 (1975)..................................................................................................3, 6

*Jeremiah M. v. Crum*,
    No. 3:22-CV-00129-JMK, 2022 WL 17082117 (D. Alaska, Nov. 17, 2022) ...............xi, 15

*Knick v. Township of Scott*,
    588 U.S. 180 (2019)..................................................................................................ix, 10

*Knox v. Davis*,
    260 F.3d 1009 (9th Cir. 2001) ..................................................................................xi, 13

*Levald, Inc. v. City of Palm Desert*,
    998 F.2d 680 (9th Cir. 1993) .............................................................................ix, x, 10, 12

*Little v. City of Seattle*,
    863 F.2d 681 (9th Cir. 1988) .................................................................................. vii, 1

*Little Woods Mobile Villa LLC v. City of Petaluma*,
    No. 3:23-CV-05177-CRB-1, 2024 WL 2852140 (N.D. Cal. June 4, 2024) ..................ix, 10

*Lomma v. Connors*,
    539 F. Supp. 3d 1094 (D. Haw. 2021) ........................................................................8

*Lopez v. Candaele*,
    630 F.3d 757 (9th Cir. 2010) ..................................................................................x, 11

*McCormack v. Herzog*,
    788 F.3d 1017 (9th Cir. 2015) .................................................................................xi, 12

RENNE PUBLIC LAW GROUP
Attorneys at Law

-iii-

## TABLE OF AUTHORITIES (CONTINUED)

**Page(s)**

*McCoy v. Gustafson,*
    180 Cal. App. 4th 56 (2009) ............................................................................................12

*Pearl Inv. Co. v. City & Cnty. of San Francisco,*
    774 F.2d 1460 (9th Cir. 1985) ...........................................................................................9

*Potrero Hills Landfill, Inc. v. County of Solano,*
    657 F.3d 876 (9th Cir. 2011) .............................................................................................4

*R.R. Comm'n of Tex. v. Pullman Co.,*
    312 U.S. 496 (1941) ...............................................................................................*passim*

*Ralston v. Cnty. of San Mateo,*
    No. 21-CV-01880-EMC, 2021 WL 3810269 (N.D. Cal. Aug. 26, 2021) ......................ix, 10

*Rutman Wine Co. v. E. & J. Gallo Winery,*
    829 F.2d 729 (9th Cir. 1987) .............................................................................................1

*San Remo Hotel v. City & Cnty. of S.F.,*
    145 F.3d 1095 (9th Cir. 1998) ........................................................................................8, 9

*Scheer v. Kelly,*
    817 F.3d 1183 (9th Cir. 2016) ......................................................................................x, 12

*Sinclair Oil Corp. v. Cnty. of Santa Barbara,*
    96 F.3d 401 (9th Cir. 1996) ...............................................................................................8

*Smelt v. County of Orange,*
    447 F.3d 673 (9th Cir. 2006) .............................................................................................8

*Spargo v. N.Y. State Comm'n on Judicial Conduct,*
    351 F.3d 65 (2d Cir. 2003) .................................................................................. viii, 6, 7

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ...........................................................................................14

*Teva Pharms., Inc. v. Concept Therapeutic, Inc.,*
    2024 WL 4981090 (N.D. Cal. Dec. 4, 2024) .....................................................................2

*Turner v. Wellstar Spalding Reg'l Hosp.,*
    2017 WL 6994580 (N.D. Ga. Feb. 9, 2017) .......................................................................2

*Wagner v. Mastiffs,*
    2009 WL 2579431 (S.D. Ohio Aug. 17, 2009) ..................................................................2

RENNE PUBLIC LAW GROUP
Attorneys at Law

*Warth v. Seldin*,
  422 U.S. 490 (1975)........................................................................................x, 11

*Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank*,
  473 U.S. 172 (1985)..............................................................................................10

*World Famous Drinking Emporium, Inc. v. City of Tempe*,
  820 F.2d 1079 (9th Cir. 1987)...............................................................................9

*Wynn Las Vegas, LLC v. National Union Fire Ins. Co. of Pittsburgh, PA*,
  2021 WL 1738870 (D. Nev. April 30, 2021).........................................................2

*Younger v. Harris*,
  401 U.S. 37 (1971)......................................................................................*passim*

**Statutes**

Napa County Code
  No. 629, §§ 1–2 (1980)........................................................................................13
  § 18.08.040(E)................................................................................................x, 10
  § 18.08.370................................................................................................viii, 5
  § 18.08.600............................................................................................viii, 5, 13
  § 18.08.620................................................................................................viii, 5
  § 18.16.030................................................................................................viii, 5
  § 18.20.020................................................................................................viii, 5
  § 18.20.020(J)........................................................................................................14
  § 18.20.030................................................................................................viii, 5
  § 18.104.250(B–C)...............................................................................................10
  § 18.104.250(C)....................................................................................................11

United States Code
  42 U.S.C. § 1983.................................................................................viii, 4, 5

**Other Authorities**

United States Constitution
  First Amendment.................................................................x, 5, 8, 9, 11
  Fifth Amendment.....................................................................................5
  Fourteenth Amendment............................................................................5

Federal Rules of Civil Procedure
  Rule 12(b)(6)............................................................................................1

RENNE PUBLIC LAW GROUP
Attorneys at Law

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RENNE PUBLIC LAW GROUP
Attorneys at Law

### SUMMARY OF ARGUMENT

Good cause exists for this Court to issue a protective order staying discovery until it rules on the County's motion to dismiss the First Amended Complaint ("FAC"). Even though Plaintiffs have filed an amended complaint, the parties still dispute whether discovery is appropriate before the pleadings are set and the County will be filing a motion to dismiss the FAC by January 10, 2025—the same date on which the motion to stay is set to be heard. Just as before, the County's forthcoming motion to dismiss (which raises issues of abstention, jurisdiction, and timeliness) is potentially dispositive of the entire case and can be decided absent additional discovery. Staying discovery pending resolution of that motion will not prejudice Plaintiffs (who have had access to extensive discovery in the state court action) and will prevent an unnecessary waste of public resources.

***Plaintiffs' decision to file an amended complaint did not moot the County's motion to stay discovery.*** The parties still dispute whether discovery is appropriate before the pleadings are set and Plaintiffs' decision to file an amended complaint demonstrates that the County has raised deficiencies in their claims that are likely to succeed. This Court "has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The case of *In re Google Digital Advertising Antitrust Litig.*, No. 20-cv-03556-BLF, 2020 WL 7227159 (N.D. Cal. Dec. 8, 2020), is instructive as to how district courts may exercise that discretion where (as here) a motion to stay discovery is pending when an amended complaint is filed and defendants have a stipulated or court-ordered deadline to bring a new motion to dismiss. *See id.* at *3 (staying discovery until defendant "answers the amended complaint or the motion to dismiss hearing date, whichever is earliest," and explaining that "[a]t the motion to dismiss hearing, [the defendant] may orally request an extension of the stay of discovery if appropriate").

***Abstention.*** Plaintiffs' abstention arguments falter at the outset, in part due to their misapprehension that "the County … is asking for *Younger* or *Rooker-Feldman* abstention." Dkt. 49 at 17.[1] The County's motion to dismiss made clear that abstention is warranted here under *Younger* and *Pullman*, **not** *Rooker-Feldman*.

---

[1] Citations to page numbers for Docket entries correspond to the blue filing stamp in the top right corner.

RENNE PUBLIC LAW GROUP
Attorneys at Law

*Younger.*    The Ninth Circuit has held that a "state nuisance enforcement action brought by [a] City against [landowners] is a civil enforcement proceeding within the scope of the *Younger* doctrine." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043–44 (9th Cir. 2019).  Here, the County's state court abatement action is (1) ongoing and (2) implicates an important state interest in "nuisance abatement," *id.* at 1045, and "the County's strong interest in its land-use ordinances," *Citizens for Free Speech, LLC v. County of Alameda*, 953 F.3d 655, 658 (9th Cir. 2020) (quotations omitted).  The state court action also (3) "allowed [Hoopes] adequate opportunity to raise its federal challenges," *id.* at 657, as evidenced by the fact that Hoopes raised several constitutional claims in defense to the County's operative pleading and in its own cross-complaint against the County under 42 U.S.C. § 1983.  *See* Dkt. 31 at 185–217 (cross-complaint), 243 (discussing cross-complaint), 255 (analyzing preemption defense), 257–58 (analyzing equal protection and due process defenses).

Finally, Plaintiffs' requested relief in this "federal action would have the practical effect of enjoining the state proceedings," *Herrera*, 918 F.3d at 1044, since Plaintiffs have asked this Court to declare that many of the same laws at issue in the state court action are unlawful (*see* Dkt. 43-55, ¶¶ 480, 492, 501, 519, 579, 588, 618, 627, 660, 672, 695, 754), award damages based on those determinations (*see id.*), and "[e]njoin Napa County, its employees, officers, and agents, from enforcing the Napa County Code Sections 18.08.370, 18.08.600, 18.08.620, 18.16.030, 18.20.020 and 18.20.030" (*id.*, ¶¶ 754, 797).  *Compare* Dkt. 31 at 5, ¶ 3 & 21 (County's operative pleading and prayer for relief); *id.* at 253, 255–56, 259 (state court decision).

Plaintiffs argue that *Younger* abstention is not warranted as to Summit Lake and Smith-Madrone because they "are unrelated in terms of ownership, control, and management"  and the County opposed their intervention in the state court action.  Dkt. 49 at 18.  But *Younger* can be applied to third "parties with a sufficiently close relationship *or sufficiently intertwined interests*," *Herrera*, 918 F.3d at 1047 (emphasis added) (citing *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65 (2d Cir. 2003)) that are adequately represented by a party, and is not limited "to cases where the parties are financially related or linked by mutual management."  *Spargo*, 351 F.3d at 82.  Critically, just as in *Herrera*, "[t]he federal claims of [Summit Lake and Smith Madrone] present the same risk of interference in the state proceeding as do the federal claims of [Hoopes]—indeed all the federal plaintiffs seek the same relief

from the state court proceedings."  918 F.3d at 1047.

*Pullman*.  Plaintiffs conspicuously fail to address abstention under *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941).  That is noteworthy because (1) "land use planning is a sensitive area of social policy" at the state level, (2) "[a] state law question [] has the potential of at least altering the nature of the federal constitutional questions" because many (if not all) of their federal claims rest on the faulty presumption that the local ordinances at issue are infirm under state law (*see*, *e.g.*, Dkt. 43-55, ¶¶ 443–57), and (3) the state law issues are uncertain.  *C-Y Development Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983); *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791 (9th Cir. 2001) ("the validity of the Pasco Ordinance under the Washington Constitution is uncertain").

***Various Flaws in Plaintiffs' Claims Provide Further Support for a Stay of Discovery***.
Plaintiffs' claims suffer from a variety of additional procedural and substantive defects that provide yet further support for granting a stay of discovery until the pleadings are set.

Justiciability.  Plaintiffs incorrectly assert in their opposition that the County contends that they do not have standing to bring their *facial* challenges because they have not applied for permits.  *See* Dkt. 49 at 13:6–7.  But the Ninth Circuit recognizes "an important distinction" between facial and as-applied claims as each type of claim "raises different ripeness and statute of limitations issues."  *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686 (9th Cir. 1993).  Plaintiffs' *as-applied* Takings (Ninth and Tenth), Due Process (Fifth and Sixth), and Equal Protection (Eleventh) Claims fail to satisfy standing and ripeness requirements because they have not obtained a final decision from the County, while their *facial* claims are time-barred.

Contrary to Plaintiffs' assertions (*see* Dkt. 49 at 8:1–9), finality is a separate requirement that has never been abrogated.  *Knick v. Township of Scott*, 588 U.S. 180, 188 (2019).  "[N]o cases—*Pakdel* included—support Plaintiffs' view that the ripeness requirement can be satisfied where a plaintiff takes no action at all, and instead merely alleges that all of the available processes would be futile and expensive."  *Little Woods Mobile Villa LLC v. City of Petaluma*, No. 3:23-CV-05177-CRB-1, 2024 WL 2852140, at *5 (N.D. Cal. June 4, 2024).  Without a final County decision regarding Plaintiffs' hypothetical permit applications, adjudicating Plaintiffs' claims would require impermissible speculation as to how the application process would proceed and under what conditions, if any, a permit might issue.

-viii-

1    *See Ralston v. Cnty. of San Mateo*, No. 21-CV-01880-EMC, 2021 WL 3810269, at *8–9 (N.D. Cal.

2    Aug. 26, 2021) (as-applied takings claim unripe because the county had not issued a final decision).

3            Plaintiffs' do not have standing to bring their Dormant Commerce Clause (Seventh and Eighth)

4    Claims because they are not subject to the regulation that they challenge.  Plaintiffs incorrectly assert that

5    the County has taken the "concrete position" that each Plaintiff is subject to the 75% rule in its Second

6    Amended Complaint in the state court action.  Dkt. 49 at 13:25–26.  This is not true.  The County alleges

7    in the referenced paragraphs of the Second Amended Complaint (*see* Dkt. 31 at 9, Exhibit A ¶¶ 22–23)

8    that under County Code section 18.08.040(E), Hoopes is only allowed to sell, on its property, agricultural

9    products that it produces on site, which is true.  Although Plaintiffs allege that they "wish" to expand

10    their operations (Dkt. 43-55, ¶¶ 616, 625), more than a "desire[]" is required for their hypothetical

11    expansions to become a concrete harm.  *See Warth v. Seldin*, 422 U.S. 490, 503–508 (1975).

12            Plaintiffs lack standing to assert their First Amendment (First through Fourth) Claims to the

13    extent these claims hinge on the County's permitting decisions, as they have not alleged that they intend

14    to apply for use permits.  See *Diamond S.J. Enterprise v. City of San Jose*, 100 F.4th 1059, 1066 (9th Cir.

15    2024) (no standing to challenge licensing law under First Amendment because "vague allegation[s] that

16    [they] intend[] to apply for permits in the future [are] too speculative to meet the standing

17    requirements").  To the extent that Plaintiffs' First Amendment Claims are premised on an assertion that

18    they do not need use permits to exceed their authorized uses, Summit Lake and Smith-Madrone lack

19    standing to bring their First Amendment Claims in a pre-enforcement challenge because they have not

20    alleged facts showing a "concrete intent to violate the challenged laws" or "a credible threat of

21    enforcement."  *Lopez v. Candaele*, 630 F.3d 757, 787, 791–93 (9th Cir. 2010).  In this regard, Summit

22    Lake and Smith-Madrone cannot rely on the "general rule" regarding standing with multiple plaintiffs

23    (*see* Dkt. 49 at 12:19–21) to simultaneously piggyback off of the County's state court action against

24    Hoopes while disclaiming the applicability of *Younger* abstention to them.

25            <u>Timeliness</u>.  Contrary to Plaintiffs' assertion (*see* Dkt. 49 at 15:9–10), the County does not argue

26    that the holding in *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026

27    (9th Cir. 2007), applies to all facial challenges.  However, the County does argue that its holding applies

28    to Plaintiffs' facial takings, substantive due process, and equal protection claims since they are "facial

RENNE PUBLIC LAW GROUP
Attorneys at Law

-ix-

challenges involving property rights," *Scheer v. Kelly*, 817 F.3d 1183, 1186 (9th Cir. 2016), and the challenged statutes were enacted decades ago. *See Levald, Inc.*, 998 F.2d at 688 (takings claims); *Action Apartment*, 509 F.3d at 1026–27 (substantive due process); *Cal. Assoc. for Preservation of Gamefowl v. Stanislaus Cnty.*, 2023 WL 1869010, *9 & n.9 (E.D. Cal. Feb. 9, 2023) (equal protection). Plaintiffs' reliance on *Desertrain v. City of Los Angeles*, 754 F.3d 1147 (9th Cir. 2014) and *McCormack v. Herzog*, 788 F.3d 1017 (9th Cir. 2015) is misplaced, as those cases involved claims unrelated to property rights.

Plaintiffs contend in their opposition that new allegations added to the FAC allege "extensive" conduct by the County within the limitations period. Dkt. 49 at 17:3–7. A careful review of the cited allegations shows that they either do not allege County conduct, are irrelevant to the time-barred claims, allege conclusions of fact or law that are not sufficient to state a claim, or allege that the County has taken a certain "position" as if that affected Plaintiffs alleged property rights, which have not changed since 1984 or before. Continuing impacts do not constitute a continuing harm. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (§ 1983 claim accrued when plaintiff's privilege was removed and continuing impacts were not continuing harm).

<u>Plaintiffs' own historical records show why their claims fail.</u> Plaintiffs do not even attempt to muster an argument in opposition to the substantive arguments in the County's motion to dismiss their original complaint. *See generally* Dkt. 49. For good reason. Most of Plaintiffs' claims fail on the merits because they rely on the false legal premise that they are or were at some point permitted to offer tours and tastings as a commercial service to the public on their properties. However, the plain language of the County Code and Plaintiffs' permit or permit exemptions referenced and incorporated in the Complaint plainly demonstrate that these uses that Plaintiffs allege were previously "allowed" were never lawful uses. *See Avco Cmty. Devs., Inc. v. S. Coast Reg'l Com.*, 17 Cal.3d 785, 796 (1976) ("It is beyond question that a landowner has no vested right in existing or anticipated zoning."); *Golden Gate Water Ski Club v. Cnty. of Contra Costa*, 165 Cal. App. 4th 249, 262 (2008) ("equitable estoppel will not be applied to allow a landowner to circumvent land use restrictions even when the landowner relies on the public entity's express representation that the landowner's plans comply with the entity's land use requirements, and certainly not when the public entity simply fails to take early action to warn the landowner the plans violate the land use requirements").

RENNE PUBLIC LAW GROUP
Attorneys at Law

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RENNE PUBLIC LAW GROUP
Attorneys at Law

*Good cause.*   Plaintiffs do not even address the cases finding stays of discovery appropriate in the context of abstention.  *See, e.g.*,  *Jeremiah M. v. Crum*, No. 3:22-CV-00129-JMK, 2022 WL 17082117, at *3 (D. Alaska, Nov. 17, 2022) ("Delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources." (quotation omitted)).  In any event, staying discovery until the court determines the dispositive motion indisputably will avoid unnecessary waste and conserve public resources.  *See Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) ("Defendants reasonably sought to stay discovery … because it would be an unnecessary burden and expense before threshold, dispositive issues, including exhaustion, were resolved.").

**REPLY IN SUPPORT OF NAPA COUNTY'S MOTION TO STAY DISCOVERY**

**I.    INTRODUCTION**

Plaintiffs oppose the County's Motion for a Protective Order to Stay Discovery on the grounds that they have filed a First Amended Complaint ("FAC") that moots the County's motion.  As evidenced by Plaintiffs' opposition, however, the parties still dispute whether discovery is appropriate before the pleadings are set.  The fact that Plaintiffs chose to file an amended complaint rather than oppose the County's motion to dismiss—which was potentially dispositive—demonstrates that the County has raised deficiencies in their claims that are likely to succeed.  Pursuant to this Court's order, the County will be filing a motion to dismiss the FAC by January 10, 2025—the same date that the County's motion for a stay is set for hearing.  It is well within this Court's discretion (and would promote judicial economy) to decide the motion to stay after reviewing the County's original motion to dismiss, the Plaintiffs' FAC, and the County's forthcoming motion to dismiss the FAC.

Good cause exists for this Court to issue a protective order staying discovery until the pleadings are set.  Just as before, the County's forthcoming motion to dismiss (which raises issues of abstention, jurisdiction, and timeliness) is potentially dispositive of the entire case and can be decided absent additional discovery.  Staying discovery pending resolution of that motion will not prejudice Plaintiffs (who have had access to extensive discovery in the state court action) and will prevent an unnecessary waste of public resources.

**II.    ARGUMENT**

**A.    Plaintiffs' Decision to File an Amended Complaint Does Not Moot the Issue of Whether Discovery Is Appropriate Before the Pleadings Are Set**

The Ninth Circuit has recognized that "district court[s] ha[ve] wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and "[t]he purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery," *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Yet Plaintiffs contend the County's motion to stay is moot because of their amended complaint.  Dkt. 49 at 7.  Not so.  The parties still dispute whether discovery is appropriate before the pleadings are set, and this Court has ordered the County to file its Motion to Dismiss the FAC by January 10, 2025.  Dkt. 48.

RENNE PUBLIC LAW GROUP
Attorneys at Law

1    The case of *In re Google Digital Advertising Antitrust Litig.*, No. 20-cv-03556-BLF, 2020 WL

2    7227159 (N.D. Cal. Dec. 8, 2020) is instructive as to how a court may exercise its wide discretion in

3    controlling discovery under similar circumstances.  In that case, on November 9, 2020, Google moved

4    for a stay of discovery pending resolution of its motion to dismiss the plaintiffs' original complaint.

5    Before the court ruled on the motion to stay, the plaintiffs filed an amended complaint and the parties

6    stipulated that Google would file a new motion to dismiss.  *See id.* at *2 ("The Court notes that since the

7    instant motion was filed, Plaintiffs have filed the FAC and parties have stipulated that Google will file a

8    new motion to dismiss.").  Rather than deny the motion to stay as moot, the "Court reviewed Google's

9    November 9, 2020 motion to dismiss" and concluded that it "presents formidable arguments, which

10   could prove difficult for Plaintiffs to overcome, even considering that leave to amend is freely given."

11   *Id.*  Google asked the court "to stay discovery until the Court has ruled on the forthcoming motion to

12   dismiss," but the court found "it is more appropriate to stay discovery until Google answers the amended

13   complaint or the motion to dismiss hearing date, whichever is earliest.  At the motion to dismiss hearing,

14   Google may orally request an extension of the stay of discovery if appropriate."  *Id.* at *3.

15       Plaintiffs' authorities are not to the contrary.  For example, they rely on *Teva Pharms., Inc. v.*

16   *Concept Therapeutic, Inc.*, 2024 WL 4981090, *1 (N.D. Cal. Dec. 4, 2024), but in doing so, only

17   partially quote a single sentence from the "Background Section," which merely lays out the case history.

18   *See id.* at *1.  That case, and the others cited by Plaintiffs, do not address the circumstances here: where a

19   motion to stay discovery is pending when the plaintiffs file an amended complaint, and the defendants

20   have a court-ordered filing date to bring a new motion to dismiss.  *See Wagner v. Mastiffs*, 2009 WL

21   2579431, *3 (S.D. Ohio Aug. 17, 2009) (granting leave to file amended complaint at motion to stay

22   hearing); *Wynn Las Vegas, LLC v. National Union Fire Ins. Co. of Pittsburgh, PA*, 2021 WL 1738870,

23   *2 (D. Nev. April 30, 2021) (motion to compel arbitration before a different court had been granted);

24   *Turner v. Wellstar Spalding Reg'l Hosp.*, 2017 WL 6994580, *2–3 (N.D. Ga. Feb. 9, 2017) (plaintiff

25   agreed to dismiss defendant from the case and file amended complaint against proper defendant).

26       Because the parties still dispute whether discovery is appropriate and the County will file a

27   motion to dismiss the FAC that is potentially dispositive of the entire action on the same date that the

28   County's motion to stay is set to be heard (January 10, 2025), the motion to stay discovery is not moot.

RENNE PUBLIC LAW GROUP
Attorneys at Law

-2-

**B.    Plaintiffs' Abstention Arguments Illustrate Why a Stay of Discovery Is Warranted**

Plaintiffs' abstention arguments falter at the outset, in part due to their misapprehension that "the County … is asking for *Younger* or *Rooker-Feldman* abstention." Dkt. 49 at 17. The County's motion to dismiss the original complaint made clear that abstention is warranted here under *Younger* and ***Pullman***. Many of the concerns underlying the *Rooker-Feldman* doctrine are also present since Plaintiffs' claims are "'inextricably intertwined'" with the claims in the state court action and prevailing here would call the state court's decision into question. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029–30 (9th Cir. 2001). But *Rooker-Feldman* only applies to "cases brought by state-court losers complaining of injuries caused by *state-court judgments rendered before the district court proceedings commenced* and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) (emphasis added).

Even when *Rooker-Feldman* does not divest a court of jurisdiction, "[c]omity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." *Exxon*, 544 U.S. at 292. That is precisely the case here. As the FAC makes all too clear (*see* Dkt. 43-55 ¶¶ 443–57, 696–754), Plaintiffs' claims are heavily premised on a reading of state law that is squarely disputed in the state court action (*see* Dkt. 31 at 255–56 ("First Defense:  Preemption")) and would interfere with the enforcement of the state court's decision.

**1.    *Younger* Abstention.**

**a.    Hoopes**

*Younger* abstention is grounded in a "longstanding public policy against federal court interference with state court proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). A "state nuisance enforcement action brought by [a] City against [landowners] is a civil enforcement proceeding within the scope of the *Younger* doctrine." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043–44 (9th Cir. 2019); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975) ("an offense to the State's interest in the nuisance litigation is likely to be every bit as great as it would were this a criminal proceeding"). Abstention is therefore warranted if the County's enforcement action is (1) ongoing, (2) implicates important state interests, (3) provides an adequate opportunity to raise constitutional challenges, and (4) "the federal action would have the practical effect of enjoining the state proceedings." *Herrera*, 918 F.3d at 1044.

RENNE PUBLIC LAW GROUP
Attorneys at Law

Here, Plaintiffs barely dispute that the first three elements are present with respect to Hoopes. Nor could they.  The state court abatement action is (1) ongoing and (2) implicates an important state interest in "nuisance abatement," *Herrera*, 918 F.3d at 1045, and "the County's strong interest in its land-use ordinances," *Citizens for Free Speech, LLC v. County of Alameda*, 953 F.3d 655, 658 (9th Cir. 2020) (quotations omitted).[2]  The state court action also (3) "allowed [Hoopes] adequate opportunity to raise its federal challenges," *id.* at 657, as evidenced by the fact that Hoopes raised several constitutional claims in defense to the County's operative pleading and in its own cross-complaint against the County under 42 U.S.C. § 1983.  *See* Dkt. 31 at 185–217 (cross-complaint), 243 (discussing cross-complaint), 255 (analyzing preemption defense), 257–58 (analyzing equal protection and due process defenses); *see also Herrera*, 918 F.3d at 1046 ("the Herreras have pointed to no other reason why the state action defendants could not raise their federal constitutional claims in the enforcement proceeding").

Nevertheless, Plaintiffs claim—without confronting the primary case cited by the County, *see Herrera*, 918 F.3d 1037—that "this case would not enjoin the *Napa County v. Hoopes* lawsuit or have the practical effect of doing so" because "Hoopes is not asking this Court to stop the state court proceedings or to set aside any rulings there" and "the issues here are constitutional, not nuisance laws as in the state action."  Dkt. 49 at 20–21.  They are mistaken.

In *Herrera*, the City of Palmdale brought a nuisance action against the owners of a motel after they failed to abate "more than 400 code violations" of state and local law.  918 F.3d at 1041.  The City sought "a declaration that the motel is a public nuisance, the appointment of a receiver to take possession and control of the property, and injunctive relief prohibiting [its owners] 'from maintaining or allowing any public nuisances' and 'requiring [them] to abate all violations of law' on the property."  *Id.* at 1041–42.  At roughly the same time, the motel owners and multiple family members filed a federal civil rights action against the City seeking declaratory and injunctive relief, damages, and fees, and alleging "numerous federal constitutional violations" and "a disparate impact claim under the FHA."  *Id.* at 1041.  The district court granted the City's motion for abstention under *Younger*.  *Id.* at 1042.

---

[2] Plaintiffs rely on *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876 (9th Cir. 2011), but in that case "the County simply was not in any type of enforcement posture against Potrero Hills at the time Potrero Hills filed the federal action."  *Id.* at 885 (alterations and quotations omitted).

The Ninth Circuit largely affirmed, agreeing that abstention was warranted with respect to each of the plaintiffs' claims for relief except for their claim for damages for an unlawful search. Similar to Plaintiffs here, the federal plaintiffs in *Herrera* argued that "the issues raised in the federal action are 'wholly distinct from the state court question.'" 918 F.3d at 1047–48. Yet the Ninth Circuit disagreed, explaining that "[c]ertainly the Herreras' request that the court enjoin the City from closing the motel and evicting the Herreras from their personal residence would enjoin directly the state action" and "the request for declaratory relief would have the same practical impact as injunctive relief." *Id.* at 1048 (quotations omitted). Moreover, "resolution of the claims for damages under § 1983 for violations of the First, Fifth, and Fourteenth Amendments and the Contract Clause of the Constitution and the FHA would collectively frustrate the state's interest in administering its judicial system, cast a negative light on the state court's ability to enforce constitutional principles, and put the federal court in the position of prematurely or unnecessarily deciding a question of federal constitutional law." *Id.* (quotations omitted).

So too here. Plaintiffs have asked this Court to declare that many of the same laws at issue in the state court action are unlawful (*see* Dkt. 43-55, ¶¶ 480, 492, 501, 519, 579, 588, 618, 627, 660, 672, 695, 754), award damages based on those determinations (*see id.*), and "[e]njoin Napa County, its employees, officers, and agents, from enforcing the Napa County Code Sections 18.08.370, 18.08.600, 18.08.620, 18.16.030, 18.20.020 and 18.20.030" (*id.*, ¶¶ 754, 797)—which are largely the same laws it is seeking to enforce in the ongoing state court action. *See* Dkt. 31 at 5, ¶ 3 & at 21; *see also id.* at 253, 255–56, 259. What's more, in the state court action, Hoopes has raised several constitutional defenses, asserted constitutional claims in a cross-complaint, and argued that the local laws at issue are preempted by state law. *See* Dkt. 31 at 185–217, 243, 255, 257–58. Just as in *Herrera*, if this Court were to enjoin the County from enforcing the same laws at issue in the state court action, declare that such laws are void— either on their face or as applied to Hoopes—and/or award damages based on any such determinations, then it would have the practical effect of enjoining the state enforcement action. *See Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) ("a federal court would necessarily have to determine whether the federal plaintiff's constitutional rights were violated, and any such determination would have the same practical effect on the state proceedings" as injunctive or declaratory relief).

Because Hoopes "should not be permitted the luxury of federal litigation of issues presented by

ongoing state proceedings, a luxury which, as we have already explained, is quite costly in terms of the interests which *Younger* seeks to protect," *Huffman*, 420 U.S. at 605–606, it should likewise not be permitted to conduct discovery in this case before the pleadings are set.

### b. Summit Lake and Smith Madrone

Plaintiffs argue that the County's abstention arguments are "frivolous" as to Summit Lake and Smith Madrone.  Dkt. 49 at 18.  Not so.  In *Herrera*, the Ninth Circuit pointed to "[s]everal of [its] sister circuits" and explained that "parties with a sufficiently close relationship *or sufficiently intertwined interests* may be treated similarly for purposes of *Younger* abstention."  918 F.3d at 1047 (quotations omitted) (emphasis added) (citing cases, including *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65 (2d Cir. 2003)).

The Second Circuit's decision in *Spargo* is particularly instructive.  There, the Second Circuit concluded that "the legal analysis of the plaintiffs' claims are unavoidably intertwined and inseparable" where political supporters of a state court judge sought to challenge the laws that formed the basis of a state disciplinary proceeding against the judge.  *Spargo*, 351 F.3d at 84.  The court explained that "plaintiffs seek to directly interfere with the pending disciplinary proceeding against [the judge] by requesting that the District Court permanently enjoin defendants from pursuing the disciplinary proceeding or otherwise enforcing the challenged judicial conduct rules."  *Id.* at 85.  Finally, there was "no suggestion that [the judge] would fail to adequately represent plaintiffs' interests in the state disciplinary proceeding, and it appear[ed] that [his supporters] could seek to appear as amici curiae … should the case eventually reach the Court of Appeals."  *Id.* at 85.

Here, using the same counsel as Hoopes in the state court action (Katharine Falace of Buchalter), Summit Lake and Smith-Madrone sought to intervene in the state court action.  Dkt. 42-1, ¶ 6.  Instead of adopting the County's arguments regarding Summit Lake's and Smith-Madrone's "Determination Interest,"[3] the state court denied intervention as to this interest because "that interest is adequately

---

[3] The court defined this interest (*see* Dkt. 31 at 232–33) as follows:

> the interest for a determination that small wineries, established and in operation prior to enactment of the WDO, are allowed to conduct tastings, sales, and marketing events without limitation by the WDO or subsequent legislation because those activities were lawful when their respective permitting documents were established and have not been abandoned.

RENNE PUBLIC LAW GROUP
Attorneys at Law

represented by Hoopes." Dkt. 31 at 233, 238.  Moreover, Summit Lake and Smith-Madrone "conceded the foregoing." Dkt. 31 at 233.  Summit Lake and Smith-Madrone could have appealed from the intervention order finding that their Determination Interest was adequately represented by Hoopes, but they declined to do so.  Dkt. 42-1, ¶ 6.  Principals of both Summit Lake and Smith-Madrone testified at the state court trial.  *See* Dkt. 42-1, ¶ 9; *Spargo*, 351 F.3d at 84 n.20 ("In addition, while McNally is technically not a party to the pending disciplinary proceeding, she was subpoenaed to testify before the Commission during the course of its investigation into Spargo's campaign activities.").  And just as in *Herrera*, "[t]he federal claims of [Summit Lake and Smith Madrone] present the same risk of interference in the state proceeding as do the federal claims of [Hoopes]—indeed all the federal plaintiffs seek the same relief from the state court proceedings." *Herrera*, 918 F.3d at 1047.

Relying heavily on *Doran v. Salem Inn, Inc.*, 422 U.S. 922 (1975), Plaintiffs argue that they "are unrelated in terms of ownership, control, and management." Dkt. 49 at 18.  But as the Second Circuit explained in *Spargo*, "[w]hile both *Hicks* and *Doran* arguably focus on the fact of joint ownership and control, neither decision limits the application of *Younger* to cases where the parties are financially related or linked by mutual management." *Spargo*, 351 F.3d at 82.  What's more, several critical facts distinguish this case from *Doran*.  First, unlike here, in *Doran* "the state prosecution was commenced the day following the filing of the federal complaint." 422 U.S. at 929.  Second, while the three bars in *Doran* (M&L, Salem Inn, and Tim-Rob) were "represented by common counsel" in the federal court action, they were not represented by common counsel in the state court action because Salem Inn and Tim-Rob did not play any role whatsoever in the underlying state court action.  Unlike Summit Lake and Smith-Madrone here, Salem Inn and Tim-Rob did not try to intervene, there was no finding by the state court that their interest in the legality of the ordinances at issue would be adequately represented by M&L, and their principals did not testify in the state court proceeding involving M&L.

In sum, given the strength of the County's arguments for abstention under *Younger*, good cause exists to stay discovery pending resolution of the County's forthcoming motion to dismiss the FAC.

### 2.  *Pullman* Abstention

Plaintiffs conspicuously fail to address abstention under *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941).  That is noteworthy given that Plaintiffs assert a state preemption cause of action

-7-

RENNE PUBLIC LAW GROUP
Attorneys at Law

1    that was squarely presented to the Superior Court and many (if not all) of their federal claims rest on the

2    faulty presumption that the local ordinances at issue are infirm under state law. Dkt. 43-55 ¶¶ 443–57,

3    481, 493, 502, 520, 580, 589, 600, 619, 628, 661, 673, 696–754, 755, 792.

4        *Pullman* abstention is appropriate where (1) the case touches on a sensitive area of social policy

5    at the state level; (2) constitutional claims can be narrowed or avoided by a definitive ruling by the state

6    court on the state claims; and (3) the possibly determinative issue of state law is uncertain. *C-Y*

7    *Development Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983). Each element is present here.

8        *First*, the Ninth Circuit has consistently "held that land use planning is a sensitive area of social

9    policy that meets the first requirement for *Pullman* abstention." *Sinclair Oil Corp. v. Cnty. of Santa*

10   *Barbara*, 96 F.3d 401 (9th Cir. 1996) (quotation omitted); *see also Columbia Basin Apartment Ass'n v.*

11   *City of Pasco*, 268 F.3d 791, 802 (9th Cir. 2001) (same); *San Remo Hotel v. City & Cnty. of S.F.*,

12   145 F.3d 1095, 1105 (9th Cir. 1998) (same).

13       To be sure, the Ninth Circuit has explained that "*Pullman* abstention is generally inappropriate

14   when First Amendment rights are at stake." *Courthouse News Service v. Planet*, 750 F.3d 776, 784 (9th

15   Cir. 2014). But Plaintiffs' First Amendment claims are squarely premised on their state preemption

16   theory. *See* Dkt. 43-55 ¶¶ 443–57. What's more, "there is no absolute rule against abstention in first

17   amendment cases" and here "[t]he issue can be adjudicated in a single state court proceeding" without

18   subjecting the parties to "the expense or delay of a full state court litigation" given the late stage of the

19   state court action. *See Almodovar v. Reiner*, 832 F.2d 1138, 1140 (9th Cir. 1987). As one court has

20   explained, "[w]hether an abstention- related delay may chill First Amendment rights turns on the

21   existence and/or stage of state court proceedings and, at least in part, on the procedural posture of the

22   federal court proceedings." *Lomma v. Connors*, 539 F. Supp. 3d 1094, 1100 (D. Haw. 2021) (state

23   proceeding had reached the state intermediate appellate court and the federal case had "not proceeded

24   past the initial stages of litigation"); *see also Smelt v. County of Orange*, 447 F.3d 673, 681 & n.22 (9th

25   Cir. 2006) (explaining that "state litigation on the issues is already well underway" where "a California

26   Superior Court has already found the state statutes to be unconstitutional" and "review of that decision is

27   //

28   //

now pending in a California Court of Appeal").[4]

*Second*, the state court's resolution of Hoopes' preemption claim could narrow or avoid Plaintiffs' constitutional challenges here since their constitutional claims are largely premised on their state preemption claim.  *See, e.g.*, Dkt. 43-55 ¶¶ 443–57.  Courts have explained that "it is enough that the state court determination may obviate, in whole *or in part*, or *alter the nature of* the federal constitutional questions."  *C-Y Development Co.*, 703 F.2d at 379; *Pearl Inv. Co. v. City & Cnty. of San Francisco*, 774 F.2d 1460, 1464 (9th Cir. 1985) ("Pearl's complaint does not raise independent state law claims; the due process claims, however, are framed in terms of violations of state law"); *Gearing v. City of Half Moon Bay*, No. 21-cv-01802-EMC, 2021 WL 4148663 at *7 (N.D. Cal. Sept. 13, 2021) ("The narrowing of the federal constitutional claim satisfies the second *Pullman* factor.").

*Third*, the state law issues are uncertain because the County's regulations have not previously been interpreted by a state appellate court and whether state law preempts those regulations is a novel issue.  *See Columbia Basin Apartment Ass'n*, 268 F.3d at 802 ("under the third criterion, the validity of the Pasco Ordinance under the Washington Constitution is uncertain"); *San Remo Hotel*, 145 F.3d at 1105 (same); *Gearing*, 2021 WL 4148663, at *8 (same).

In sum, given the strength of the County's arguments for abstention under *Pullman*, there is good cause to stay discovery pending resolution of the County's forthcoming motion to dismiss the FAC.

### C.    Various Flaws in Plaintiffs' Claims Provide Further Support for a Stay of Discovery

#### 1.    Justiciability

Plaintiffs incorrectly assert in their opposition that the County contends that they do not have standing to bring their *facial* challenges because they have not applied for permits.  *See* Dkt. 49 at 13:6–7.  This is incorrect.  Plaintiffs' *as-applied* Takings (Ninth and Tenth), Due Process (Fifth and Sixth), and Equal Protection (Eleventh) Claims fail to satisfy standing and ripeness requirements because they have not obtained a final decision from the County.  The Ninth Circuit recognizes "an important distinction"

---

[4] Of course, in the context of *Younger* abstention, "the existence of a 'chilling effect,' even in the area of First Amendment rights," is not "a sufficient basis, in and of itself, for prohibiting state action."  *Younger*, 401 U.S. at 51; *see also World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987) (explaining that "[a] First Amendment challenge does not alter the propriety of abstention" in an action seeking to enjoin enforcement of a zoning ordinance).

-9-

RENNE PUBLIC LAW GROUP
Attorneys at Law

1    between facial and as-applied claims as each type of claim "raises different ripeness and statute of

2    limitations issues." *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686 (9th Cir. 1993). Plaintiffs' as-

3    applied claims fail to establish standing, while their facial claims are time-barred.

4          An as-applied challenge related to the regulation of land use is not ripe "until the government

5    entity charged with implementing the regulations has reached a final decision regarding the application

6    of the regulations to the property at issue." *See Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank*,

7    473 U.S. 172, 186 (1985), *overruled on other grounds by Knick v. Township of Scott*, 588 U.S. 180

8    (2019). In *Knick*, cited by Plaintiffs, the Supreme Court overruled the state-litigation requirement prior

9    to bringing a takings claim. *Knick*, 588 U.S. at 185. However, contrary to Plaintiffs' assertions (*see*

10   Dkt. 49 at 8:1–9), finality is a separate requirement that has never been abrogated. *Knick*, 588 U.S. at

11   188 ("Knick does not question the validity of this finality requirement, which is not at issue here").

12   "[N]o cases—*Pakdel* included—support Plaintiffs' view that the ripeness requirement can be satisfied

13   where a plaintiff takes no action at all, and instead merely alleges that all of the available processes

14   would be futile and expensive." *Little Woods Mobile Villa LLC v. City of Petaluma*, No. 3:23-CV-

15   05177-CRB-1, 2024 WL 2852140, at *5 (N.D. Cal. June 4, 2024). Without a final County decision

16   regarding Plaintiffs' hypothetical permit applications, adjudicating Plaintiffs' claims would require

17   impermissible speculation as to how the application process would proceed and under what conditions, if

18   any, a permit might issue. Accordingly, Plaintiffs' as-applied claims are not ripe. *See Ralston v. Cnty. of*

19   *San Mateo*, No. 21-CV-01880-EMC, 2021 WL 3810269, at *8–9 (N.D. Cal. Aug. 26, 2021) (as-applied

20   takings claim unripe because the county had not issued a final decision).

21         Plaintiffs' do not have standing to bring their Dormant Commerce Clause (Seventh and Eighth)

22   Claims because they are not subject to the regulation that they challenge. In their opposition, Plaintiffs

23   again misstate the County's position, incorrectly asserting that the County has taken the "concrete

24   position" that each Plaintiff is subject to the 75% rule in its Second Amended Complaint in the state

25   court action. Dkt. 49 at 13:25–26. This is not true. The County alleges in the referenced paragraphs of

26   the Second Amended Complaint (*see* Dkt. 31 at 9, Exhibit A ¶¶ 22–23) that under County Code section

27   18.08.040(E), Hoopes is only allowed to sell, on its property, agricultural products that it produces on

28   site, which is true. The ordinance that Plaintiffs allege violates the Dormant Commerce Clause is County

RENNE PUBLIC LAW GROUP
Attorneys at Law

Code section 18.104.250(B–C).  The requirements of this ordinance would only apply to Plaintiffs if they increase their wine production as a result of an "expan[sion] beyond their winery development areas," which they have not done and cannot do without obtaining the appropriate permits.  *See* NCC § 18.104.250(C).  There is a strong possibility that whatever hypothetical expansion Plaintiffs intend to propose, such as an expansion of production that does not expand the winery's development area, would not trigger the requirements of County Code section 18.104.250(C).  Although Plaintiffs allege that they "wish" to expand their operations (Dkt. 43-55, ¶¶ 616, 625), more than a "desire[]" is required for their hypothetical expansions to become a concrete harm.  *See Warth v. Seldin*, 422 U.S. 490, 503–508 (1975) (plaintiffs' alleged "desires" to reside in a municipality did not give them standing to challenge its zoning laws to which they were not subject).

Plaintiffs lack standing to assert their First Amendment (First through Fourth) Claims to the extent these claims hinge on the County's permitting decisions, as they have not alleged that they intend to apply for use permits.  See *Diamond S.J. Enterprise v. City of San Jose*, 100 F.4th 1059, 1066 (9th Cir. 2024) (no standing to challenge licensing law under First Amendment because "vague allegation[s] that [they] intend[] to apply for permits in the future [are] too speculative to meet the standing requirements").  To the extent that Plaintiffs' First Amendment Claims are premised on an assertion that they do not need use permits to exceed their authorized uses, Summit Lake and Smith-Madrone lack standing to bring their First Amendment Claims in a pre-enforcement challenge because they have not alleged facts showing a "concrete intent to violate the challenged laws" or "a credible threat of enforcement."  *Lopez v. Candaele*, 630 F.3d 757, 787, 791–93 (9th Cir. 2010).  In this regard, Summit Lake and Smith-Madrone cannot rely on the "general rule" regarding standing with multiple plaintiffs (*see* Dkt. 49 at 12:19–21) to simultaneously piggyback off of the County's state court action against Hoopes while disclaiming the applicability of *Younger* abstention to them.

## 2.    Timeliness

As shown above, many aspects of Plaintiffs' claims, such as their hypothetical permit applications for expanded uses and what conditions might be required to obtain them, have not reached finality. However, other determinations, such as the entitlements granted by Plaintiffs' historical permit (in the case of Smith-Madrone) and permit exemptions (in the cases of Hoopes and Summit Lake), are final.

-11-

1    These determinations, which were final upon the issuing of the permit or permit exemptions, were made

2    well outside the applicable statute of limitations.

3         Contrary to Plaintiffs' assertion (*see* Dkt. 49 at 15:9–10), the County does not argue that the

4    holding in *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir.

5    2007), applies to all facial challenges.  However, the County does argue that its holding applies to

6    Plaintiffs' facial takings, substantive due process, and equal protection claims since they are "facial

7    challenges involving property rights," *Scheer v. Kelly*, 817 F.3d 1183, 1186 (9th Cir. 2016), against

8    statutes enacted decades ago.  *See Levald, Inc.*, 998 F.2d at 688 (takings claims); *Action Apartment*,

9    509 F.3d at 1026–27 (substantive due process); *Cal. Assoc. for Preservation of Gamefowl v. Stanislaus*

10   *Cnty.*, 2023 WL 1869010, *9 & n.9 (E.D. Cal. Feb. 9, 2023) (equal protection).[5]

11        Plaintiffs make the untenable claim that wineries established after the enactment of the challenged

12   regulation should have standing to allege an infringement of property rights they never possessed.  *See*

13   Dkt. 49 at 15:18–23.  A winery established after the enactment of a land use regulation limiting permitted

14   uses within a zoning district cannot bring a facial challenge to the regulation because it could not have

15   held pre-existing property rights that the regulation altered.  In contrast, a property owner who possessed

16   vested rights prior to the regulation's enactment could potentially assert such claims.  Furthermore,

17   Plaintiffs cannot, by virtue of their purchase of property, obtain greater rights than those held by their

18   predecessors in interest.  *See Daniel v. Cnty. of Santa Barbara*, 288 F.3d 375, 382–83 (9th Cir. 2002),

19   *abrogated on other grounds*; *McCoy v. Gustafson*, 180 Cal. App. 4th 56, 105, 103 (2009) ("The

20   limitations period is not revived each time the property changes owners or occupants").

21        Plaintiffs' reliance on *Desertrain v. City of Los Angeles*, 754 F.3d 1147 (9th Cir. 2014) and

22   *McCormack v. Herzog*, 788 F.3d 1017 (9th Cir. 2015) is misplaced.  These cases involved claims

23   unrelated to property rights.  While Plaintiffs' procedural due process claim alleging vagueness may not

24   be time-barred, their facial takings, substantive due process, and equal protection claims, which allege

25   injuries to property rights, are unquestionably barred by the statute of limitations.

26

27   [5] In their opposition Plaintiffs also mistakenly assert that "*Action Apartment* is limited to physical
     takings." Dkt. 49 at 15:15–17.  This overlooks the distinction between physical and regulatory takings,
28   *see Levald*, 998 F.2d at 684, as well as the other property-related contexts in which it has been applied.

RENNE PUBLIC LAW GROUP
Attorneys at Law

RENNE PUBLIC LAW GROUP
Attorneys at Law

The County, in its motion to dismiss, argued that many of Plaintiffs' as-applied claims are also time-barred because the alleged County conduct occurred outside the two-year statute of limitations period. Plaintiffs contend in their opposition that new allegations added to the FAC allege "extensive" conduct by the County within the limitations period. Dkt. 49 at 17:3–7. A careful review of the cited allegations shows that they either do not allege County conduct, are irrelevant to the time-barred claims, allege conclusions of fact or law that are not sufficient to state a claim, or allege that the County has taken a certain "position" as if that affected Plaintiffs alleged property rights, which have not changed since 1984 or before. Continuing impacts do not constitute a continuing harm. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (§ 1983 claim accrued when plaintiff's privilege was removed and continuing impacts were not continuing harm).

### 3. Plaintiffs' Own Historical Records Delineating Their Entitlements Foreclose Most of Their Claims

Plaintiffs do not even attempt to muster an argument in opposition to the substantive arguments in the County's motion to dismiss their original complaint. *See generally* Dkt. 49. For good reason. Most of Plaintiffs' claims fail on the merits because they rely on the false legal premise that they are or were at some point permitted to offer tours and tastings as a commercial service to the public on their properties. However, the plain language of the County Code and Plaintiffs' permit or permit exemptions referenced and incorporated in the Complaint plainly demonstrate that these uses that Plaintiffs allege were previously "allowed" were never lawful uses.

Hoopes and Summit Lake operate wineries pursuant to Small Winery Permit Exemptions ("SWE") obtained in 1984 by their predecessors in interest. Dkt. 43-55, ¶¶ 30–31, 80–81; *see* Dkt. 43-1; Dkt. 43-12. Like all small wineries since the enactment of the authorizing ordinance in 1980, Hoopes and Summit Lake are not permitted to "conduct public tours, provide wine tastings, sell wine-related items or hold social events of a public nature." *See* Ord. No. 629, §§ 1–2 (1980); NCC § 18.08.600. Hoopes's SWE indicates that the predecessor in interest anticipated no daily or weekly visitors. Dkt. 43-1 at 1. Summit Lake's SWE indicates that the predecessor in interest anticipated two visitors per week. Dkt. 43-24 at 1. Summit Lake's SWE includes a letter from the predecessor in interest, Robert J. Brakesman, dated February 23, 1984, which states, "The winery will not conduct public tours, and will

not attract the public by offering wine tasting etc.  There should be little impact on the area and only a small increase in traffic for deliveries etc." *Id.* at 9.  Hoopes's and Summit Lake's entitlements, attached to the properties they purchased, have not changed since the issuance of their SWEs in 1984.

Plaintiff Smith-Madrone operates a winery pursuant to a use permit issued by the County on October 24, 1973.  Dkt. 43-55, ¶¶ 130–132; *see* Dkt. 43-19.  Unlike Hoopes and Summit Lake, Smith-Madrone does not operate pursuant to a SWE and is permitted to operate a winery and "related accessory uses which have been authorized by use permit… provided, that no expansion of uses or structures beyond those which were authorized by a use permit or modification of a use permit issued prior to the effective date of [the WDO (01/23/1990)]." *See* NCC § 18.20.020(J).  Smith-Madrone's 1973 use permit includes a condition that "[w]ine tasting be limited to a private, invitational only, basis.  Any consideration of public tasting facilities shall require submission of a written request for modification of this condition."  Dkt. 43-19 at p. 4, ¶ 7.  Smith-Madrone concedes in the FAC that it has never sought to expand or modify its permitted uses since 1973.  *See* Dkt. 43-55, ¶¶ 132, 150.

There is no ambiguity or vagueness in the plain language of the ordinances or Plaintiffs' authorizing documents.  Allegations that Plaintiffs were ever permitted to conduct additional uses are contrary to the pleadings and their authorizing documents incorporated into the FAC.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit"); *Avco Cmty. Devs., Inc. v. S. Coast Reg'l Com.*, 17 Cal.3d 785, 796 (1976) ("It is beyond question that a landowner has no vested right in existing or anticipated zoning.").

Even if, at one point, the County, as Plaintiffs assert in conclusory fashion, "allowed" them to provide tastings in violation of their authorizing documents and the County Code (which the County never did), this would not create an entitlement or estop the County from enforcing its zoning and land use laws.  *See Golden Gate Water Ski Club v. Cnty. of Contra Costa*, 165 Cal. App. 4th 249, 262 (2008) ("equitable estoppel will not be applied to allow a landowner to circumvent land use restrictions even when the landowner relies on the public entity's express representation that the landowner's plans comply with the entity's land use requirements, and certainly not when the public entity simply fails to take early action to warn the landowner the plans violate the land use requirements").  Plaintiffs'

RENNE PUBLIC LAW GROUP
Attorneys at Law

1  entitlements are not a matter of County "policy" or "interpretation." This straightforward legal question

2  is fatal to practically all of Plaintiffs' claims on the merits, providing further support for a discovery stay.

3    **D.  Plaintiffs' Good Cause Arguments Ring Hollow**

4    Plaintiffs dispute the County's contention that good cause exists to stay discovery because it will

5  promote efficiency for the Court and the parties, serve to conserve the parties' resources, and prevent a

6  potential waste of resources. *See* Dkt. 49 at 22; Dkt. 42 at 15–16. As an initial matter, it bears

7  mentioning that Plaintiffs do not even address the cases finding stays of discovery appropriate in the

8  context of abstention. *See, e.g.*, *Jeremiah M. v. Crum*, No. 3:22-CV-00129-JMK, 2022 WL 17082117,

9  at *3 (D. Alaska, Nov. 17, 2022) ("Delaying discovery until the claims and defenses in the case are better

10  defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial

11  resources." (quotation omitted)).

12    In any event, the County is unaware of any way in which it can respond to and produce the

13  various categories of documents requested by Plaintiffs *without* expending taxpayer-funded public

14  resources. The eleven days of trial and production of the more than 17,000 pages of documents to

15  Plaintiffs, to date, expended considerable County resources, which included both the expenditure of

16  public funds and the time of County officials and employees who would otherwise be carrying out their

17  duties for the benefit of Napa residents. Staying discovery until the court determines the dispositive

18  motion indisputably will avoid unnecessary waste and conserve public resources. *See Ashcroft v. Iqbal*,

19  556 U.S. 662, 685 (2009) ("Litigation, though necessary to ensure that officials comply with the law,

20  exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might

21  otherwise be directed to the proper execution of the work of the Government."); *Clardy v. Gilmore*,

22  773 F. App'x 958, 959 (9th Cir. 2019) ("Defendants reasonably sought to stay discovery … because it

23  would be an unnecessary burden and expense before threshold, dispositive issues, including exhaustion,

24  were resolved.").

25  **III.  CONCLUSION**

26    For the reasons discussed above, the County requests that the Court grant its motion for a

27  protective order staying discovery until a decision is reached on the County's forthcoming Motion to

28  Dismiss the FAC.

RENNE PUBLIC LAW GROUP
Attorneys at Law

1    Dated:  December 26, 2024                    RENNE PUBLIC LAW GROUP

2

3                                                By: _/s/*Ryan McGinley-Stempel*_____

4                                                     Ryan McGinley-Stempel

5                                                Attorneys for Defendant
                                                 NAPA COUNTY
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NAPA COUNTY'S REPLY ISO MOTION
TO STAY DISCOVERY                                Case No. 3:24-cv-06256-CRB