IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPES VINEYARD LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NAPA,<br><br>Defendant. | Case No. 24-cv-06256-CRB<br><br>**ORDER DENYING MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY** |

Defendant Napa County seeks a protective order to stay discovery pending the resolution of its soon-to-be-filed motion attacking Plaintiffs' first amended complaint. Mot. (dkt. 42). The court finds this matter suitable for resolution without a hearing pursuant to Local Civil Rule 7-1(b) and **DENIES** Napa County's motion.

The filing (or anticipated filing) of a motion to dismiss does not automatically stay discovery. Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 600 (D. Nev. 2011). Rather, stays of discovery are governed by Federal Rule of Civil Procedure 26(c)(1), which provides that a court may issue a protective order limiting discovery "for good cause … to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The "party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). This requires that party to "show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." Id.

Where a party seeks a stay pending the resolution of a motion, two factors must be present for a court to issue a stay. First, the "pending motion must be potentially

dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." Smith v. Levine Leichtman Cap. Partners, Inc., No. C 10-00010 JSW, 2011 WL 13153189, at *1 (N.D. Cal. Feb. 11, 2011). Second, the court must be able to decide the pending motion without additional discovery. Id. The presence of these two factors permits, but does not require, the court to stay discovery until the pending motion is resolved. See id. ("If the two above questions are answered affirmatively, the court may issue a protective order." (emphasis in original)).

The parties spend significant time debating the likely merits of Napa County's as-yet unfiled motion to dismiss Plaintiffs' first amended complaint. But Plaintiffs' allegations and Napa County's potential defenses are complex and not suited for abbreviated briefing in a motion to stay. See id. at *2 ("a stay of the type requested by defendants, where a party asserts that dismissal is likely, … would circumvent the procedures for resolution of [a motion to dismiss]"). Certainly the Court is unable to say that it is "convinced that the plaintiff will be unable to state a claim for relief." See Werger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2022) (emphasis added) (citation omitted). Moreover, Napa County fails to identify a particular or specific need for a protective order, asserting only that a stay will promote efficiency for the Court and the parties and conserve the parties' resources. Mot. at 9–10. Such blanket concerns, which are true in the mine run of litigation, do not establish good cause for a protective order. See Smith, 2011 WL 13153189, at *2 ("The expense of discovery alone does not amount to good cause to stay discovery based on Defendants' argument that they are likely to succeed on the pending motions and could therefore avoid unnecessary expenses.").

The Court therefore finds that a stay of discovery would not be proper at this juncture. Napa County's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 6, 2025

CHARLES R. BREYER
United States District Judge