SHERYL L. BRATTON, County Counsel (SBN 144209)
JASON M. DOOLEY, Chief Deputy County Counsel (SBN 258570)
jason.dooley@countyofnapa.org
OFFICE OF THE NAPA COUNTY COUNSEL
1195 Third Street, Suite 301
Napa, California 94559
Telephone:   (707) 254-4521
Facsimile:    (707) 259-8220

ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile:  (415) 848-7230

Attorneys for Defendant
COUNTY OF NAPA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NAPA,<br><br>Defendant. | Case No. 3:24-cv-06256-CRB<br><br>**REQUEST FOR LEAVE TO FILE SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE AND SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**<br><br>Judge:              Hon. Charles R. Breyer<br>Hearing Date:   February 28, 2025<br>Hearing Time:  10:00 a.m.<br>Location:          Courtroom F, 15th Floor<br>                         455 Golden Gate Avenue<br>                         San Francisco, CA 94102<br><br>Action Filed:  September 5, 2024 |

Pursuant to Local Civil Rule 7.3(d), which prohibits the filing of additional memoranda, papers, or letters without prior Court approval, Defendant, THE COUNTY OF NAPA, respectfully requests leave of Court to file a Supplemental Request for Judicial Notice to judicially notice a Preliminary Injunction issued by the Napa County Superior Court against Plaintiff Hoopes Vineyard LLC on February 20, 2025, in Case No. 22CV001262 and Hoopes Vineyard LLC's Notice of Appeal filed on February 21, 2025 in the same case.

Since both documents were created after Defendant submitted its reply on January 31, 2025, Defendant could not have included them in any earlier submission. As these documents are directly relevant to the pending motion (*see* Dkt. 53 at 33–36), Defendant respectfully requests leave to file the following Supplemental Request for Judicial Notice to ensure that the Court has current and pertinent information available.

RENNE PUBLIC LAW GROUP
Attorneys at Law

-2-

REQUEST FOR LEAVE TO FILE SUPPLEMENTAL REQUEST
FOR JUDICIAL NOTICE AND SUPPLEMENTAL REQUEST FOR
JUDICIAL NOTICE

Case No. 3:24-cv-06256-CRB

# SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendant Napa County respectfully requests that the Court take judicial notice of the following documents in support of its Motion to Dismiss Plaintiffs' First Amended Complaint, true and correct copies of which are attached hereto:

**Exhibit A**   Preliminary Injunction Against All Defendants issued by the court on February 20, 2025, in *Napa County v. Hoopes Family Winery Partners, L.P., et al.*, Case No. 22CV001262 (Napa County Sup. Ct.)

**Exhibit B**   Notice of Appeal filed on February 21, 2025, by Hoopes Vineyard LLC in *Napa County v. Hoopes Family Winery Partners, L.P., et al.*, Case No. 22CV001262 (Napa County Sup. Ct.).

In resolving a motion to dismiss, courts may consider documents of public record that are not subject to reasonable dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Here, Exhibits A and B are documents from the state enforcement action brought by Napa County against Plaintiff Hoopes Vineyard LLC. These documents are subject to judicial notice as a matter of public record and are not reasonably subject to dispute. *See id*. at 688–89 ("[U]nder Fed.R.Evid. 201, a court may take judicial notice of 'matters of public record.'" (quotation omitted)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings). Accordingly, Defendant respectfully requests that the Court take judicial notice of Exhibits A and B attached hereto.

Dated:  February 27, 2025

RENNE PUBLIC LAW GROUP

By: /s/Ryan McGinley-Stempel
    Ryan McGinley-Stempel

Attorneys for Defendant
NAPA COUNTY



EXHIBIT A

Case 3:24-cv-06256-CRB   Document 64   Filed 02/27/25   Page 4 of 18

FILED

FEB 20 2025

Clerk of the Napa Superior Court
By:_____
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF NAPA

| | |
|---|---|
| NAPA COUNTY and THE PEOPLE OF THE STATE OF CALIFORNIA ex rel. SHERYL L. BRATTON, as Napa County Counsel,<br><br>Plaintiffs,<br><br>v.<br><br>HOOPES FAMILY WINERY PARTNERS, LP, HOOPES VINEYARD, LLC, LINDSAY BLAIR HOOPES, and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | Case No. 22CV001262<br><br>EXEMPT FROM FEES (GOV. CODE § 6103)<br><br>**PRELIMINARY INJUNCTION AGAINST ALL DEFENDANTS** |

The hearing on the County's Request for Preliminary Injunction came on regularly for hearing on February 7, 2025 before this Court.

FOR GOOD CAUSE SHOWN, the request is granted and a Preliminary Injunction is entered herewith, jointly and severally against Hoopes Family Winery Partners, L.P., Hoopes Vineyard, LLC and Lindsay Blair Hoopes (collectively "Hoopes Defendants") with regard to the property located at 6204 Washington Street, Napa California, 94558 (the "Property.")

**PRELIMINARY INJUNCTION**

1. The duties, responsibilities, burdens, and obligations undertaken in connection with this Preliminary Injunction shall apply to the Hoopes Defendants, jointly and severally, and any affiliates, subsidiaries, successors and assigns of each, and of any officers and employees of each.

2. In accordance with Napa County Code section 1.20.155(A), and section 17203 of the California Business and Professions Code, the Hoopes Defendants shall comply with the following:

## PROHIBITORY INJUNCTIVE RELIEF

a. Defendants shall cease all winery activities that do not comply with Napa County Code sections 18.16.020(H) and 18.08.600 until such time as Defendants have obtained a valid use permit authorizing any such activities and any necessary and related building, grading, or other permits. Such prohibited winery activities include:

   i. All tastings of wine, however described or denoted, characterized by the consumption of any amount of wine for any purpose, by anyone other than Defendants and employees of the Winery;

   ii. All tours of the Winery by members of the public;

   iii. All consumption of wine purchased by members of the public on the Winery premises;

   iv. All "marketing of wine," as defined by Napa County Code section 18.08.370, including all social events of a public nature, but not including advertisement or marketing of lawful activity undertaken by the Defendants at the Winery on any media;

   v. All sales of wine-related and non-wine related merchandise, including tote bags, clothing, blankets, wine bottle candle holders, soap, books, ceramic bowls, hats, greeting cards and wine openers;

   vi. All occupancy and assembly within winery rooms or spaces that have not been permitted for occupancy or assembly, including the areas designated as storage in the building permits on file with the County, as well as any recreational vehicles on the Property;

   vii. All sales of wine not produced on the Property, including any wine produced by or for the Winery at any other site;

   viii. All service of food of any kind to any member of the public, whether or not in connection with the retail sale of wine produced on site.

b. Defendants shall cease all commercial activity at the Property, which is not

   authorized in the zoning district in which the Property is located. Such commercial activities include:

    i. All sales of non-wine-related merchandise, including tote bags, clothing, blankets, wine bottle candle holders, soap, books, ceramic bowls, hats, greeting cards and wine openers;

    ii. All keeping of animals that do not qualify as animal husbandry, which is defined as the rearing or keeping of animals to sell the products they produce, such as meat, fur, dairy or eggs;

    iii. Any use of animals as an attraction, enticement, or marketing activity related to a lawful winery use.

3. The Napa County Code Compliance Division shall be given full access to the Property at any time between the hours of 9:00 a.m. and 6:00 p.m., seven days a week, to conduct inspections to confirm compliance with the provisions of this injunction. No advance notice is required for inspections during these normal business hours.

4. Defendants shall not participate in any act or practice, or form a separate entity or corporation for the purpose of engaging in acts or practices, in whole or in part, that are prohibited by this Preliminary Injunction or any other purpose that would otherwise circumvent any term of this Preliminary Injunction. Defendants shall not knowingly cause, permit, or encourage any other persons or entities acting on its behalf, to engage in any act or practice prohibited by this Injunction.

5. If any clause, provision, or section of this Preliminary Injunction shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or section of this Preliminary Injunction and this Preliminary Injunction shall be construed and enforced as if such illegal, invalid, or unenforceable clause, provision, or section had not been contained herein.

6. The Court maintains jurisdiction over this matter, including with respect to enforcement of the terms of this Preliminary Injunction.

7. This Preliminary Injunction shall remain in full force and effect until it is either incorporated into a final Injunction or is dissolved by the Court.

**IT IS SO ORDERED.**

Dated: February 20, 2025

_____
Hon. Mark Boessenecker
Napa County Superior Court Judge

## Superior Court of California

County of Napa
825 Brown Street
Napa. CA 94559

**Case #:** 22CV001262     **NAPA COUNTY et al vs Lindsay Blair Hoopes et al**

Katharine Heldt Falace
kfalace@buchalter.com
jgleffe@buchalter.com

Arthur Anthony Hartinger
ahartinger@publiclawgroup.com

Sheryl L Bratton
sheryl.bratton@countyofnapa.org

Lindsay Blair Hoopes
lindsay@hoopesvineyard.com

### Certificate of Mailing/Service

I hereby certify that I am not a party to this cause and that a copy of the foregoing document was:

☒ **E-mailed**
☐ **certified copy faxed** to Napa Sheriff's Department at (707) 253-4193
☐ **personal service** – personally delivered to the party listed above
☐ **placed in attorney/agency folders** in the ☐ Criminal Courthouse ☐ Historic Courthouse

at Napa, California on this date and that this certificate is executed at Napa, California this Date. I am readily familiar with the Court's standard practice for collection and processing of correspondence for mailing within the United States Postal Service and, in the ordinary course of business, the correspondence would be deposited with the United States Postal Service on the day on which it is collected at the Courthouse.

**Date:** 2/20/2025      **Robert E Fleshman, Court Executive Officer**

Isabel Rodriguez, Deputy Court Executive Officer



# EXHIBIT B

22CV001262
Napa - Civil

APP-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: 222744 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Katharine H. Falace | | |
| FIRM NAME: BUCHALTER APC | | |
| STREET ADDRESS: 1230 Pine Street | | |
| CITY: St. Helena  STATE: CA  ZIP CODE: 94574 | | |
| TELEPHONE NO.: 707-967-9656  FAX NO.: | | |
| EMAIL ADDRESS: kfalace@buchalter.com | | |
| ATTORNEY FOR (name): Defendants Hoopes Family Winery Partners, LP, et al. | | |

FILED
2/21/2025 1:37 PM
Clerk of the Napa Superior Court
By: Estella Garcia, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA
STREET ADDRESS: 825 Brown Street
MAILING ADDRESS: 825 Brown Street
CITY AND ZIP CODE: Napa, CA   94559
BRANCH NAME: Civil

PLAINTIFF/PETITIONER: Napa County, et al.

DEFENDANT/RESPONDENT: Hoopes Family Winery Partners, LP, et al.

☒ **NOTICE OF APPEAL**   ☐ **CROSS-APPEAL**
**(UNLIMITED CIVIL CASE)**

CASE NUMBER:
22CV001262

**Notice:** Please read *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001-INFO) before completing this form. This form must be filed in the superior court, not in the Court of Appeal. A copy of this form must also be served on the other party or parties to this appeal. You may use an applicable Judicial Council form (such as APP-009 or APP-009E) for the proof of service. When this document has been completed and a copy served, the original may then be filed with the court with proof of service.

1. NOTICE IS HEREBY GIVEN that:
   Hoopes Family Winery Partners LP;
   Hoopes Vineyard, LLC; and
   a. *(Name):* Lindsay Blair Hoopes     appeals from a judgment or order in this case.
   b. The judgment or order was entered on *(list the date or dates the judgment and each order being appealed were entered):*
      February 20, 2025
   c. The appeal is from the following order or judgment *(check all that apply):*
      ☐ Judgment after jury trial
      ☐ Judgment after court trial
      ☐ Default judgment
      ☐ Judgment after an order granting a summary judgment motion
      ☐ Judgment of dismissal under Code of Civil Procedure, §§ 581d, 583.250, 583.360, or 583.430
      ☐ Judgment of dismissal after an order sustaining a demurrer
      ☐ An order after judgment under Code of Civil Procedure, § 904.1(a)(2)
      ☐ An order or judgment under Code of Civil Procedure, § 904.1(a)(3)-(13)
      ☒ Other *(describe and specify the code section or other authority that authorizes this appeal):*
        Order granting preliminary injunction (Code Civ. Proc., sec. 904.1, subd. (a)(6))

   d. ☐ The judgment or order being appealed directs payment of sanctions by an attorney for a party. The attorney *(name):*                      appeals.

2. For cross-appeals only:
   a. Date notice of appeal was filed in original appeal:
   b. Date superior court clerk mailed notice of original appeal:
   c. Court of Appeal case number *(if known):*

3. ☒ The judgment or order being appealed is attached *(optional).*

Date: 2/21/25

KATHARINE H. FALACE                                           ▶ */s/ KH Falace*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
APP-002 [Rev. January 1, 2024]

**NOTICE OF APPEAL/CROSS-APPEAL—UNLIMITED CIVIL CASE**
**(Appellate)**

Cal. Rules of Court, rule 8.100
www.courts.ca.gov

FILED

FEB 20 2025

Clerk of the Napa Superior Court
By:_____
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF NAPA

| | |
|---|---|
| NAPA COUNTY and THE PEOPLE OF THE STATE OF CALIFORNIA ex rel. SHERYL L. BRATTON, as Napa County Counsel,<br><br>Plaintiffs,<br><br>v.<br><br>HOOPES FAMILY WINERY PARTNERS, LP, HOOPES VINEYARD, LLC, LINDSAY BLAIR HOOPES, and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | Case No. 22CV001262<br><br>EXEMPT FROM FEES (GOV. CODE § 6103)<br><br>**PRELIMINARY INJUNCTION AGAINST ALL DEFENDANTS** |

The hearing on the County's Request for Preliminary Injunction came on regularly for hearing on February 7, 2025 before this Court.

FOR GOOD CAUSE SHOWN, the request is granted and a Preliminary Injunction is entered herewith, jointly and severally against Hoopes Family Winery Partners, L.P., Hoopes Vineyard, LLC and Lindsay Blair Hoopes (collectively "Hoopes Defendants") with regard to the property located at 6204 Washington Street, Napa California, 94558 (the "Property.")

**PRELIMINARY INJUNCTION**

1.  The duties, responsibilities, burdens, and obligations undertaken in connection with this Preliminary Injunction shall apply to the Hoopes Defendants, jointly and severally, and any affiliates, subsidiaries, successors and assigns of each, and of any officers and employees of each.

2.  In accordance with Napa County Code section 1.20.155(A), and section 17203 of the California Business and Professions Code, the Hoopes Defendants shall comply with the following:

## PROHIBITORY INJUNCTIVE RELIEF

a. Defendants shall cease all winery activities that do not comply with Napa County Code sections 18.16.020(H) and 18.08.600 until such time as Defendants have obtained a valid use permit authorizing any such activities and any necessary and related building, grading, or other permits. Such prohibited winery activities include:

   i. All tastings of wine, however described or denoted, characterized by the consumption of any amount of wine for any purpose, by anyone other than Defendants and employees of the Winery;

   ii. All tours of the Winery by members of the public;

   iii. All consumption of wine purchased by members of the public on the Winery premises;

   iv. All "marketing of wine," as defined by Napa County Code section 18.08.370, including all social events of a public nature, but not including advertisement or marketing of lawful activity undertaken by the Defendants at the Winery on any media;

   v. All sales of wine-related and non-wine related merchandise, including tote bags, clothing, blankets, wine bottle candle holders, soap, books, ceramic bowls, hats, greeting cards and wine openers;

   vi. All occupancy and assembly within winery rooms or spaces that have not been permitted for occupancy or assembly, including the areas designated as storage in the building permits on file with the County, as well as any recreational vehicles on the Property;

   vii. All sales of wine not produced on the Property, including any wine produced by or for the Winery at any other site;

   viii. All service of food of any kind to any member of the public, whether or not in connection with the retail sale of wine produced on site.

b. Defendants shall cease all commercial activity at the Property, which is not

authorized in the zoning district in which the Property is located. Such commercial activities include:

    i.    All sales of non-wine-related merchandise, including tote bags, clothing, blankets, wine bottle candle holders, soap, books, ceramic bowls, hats, greeting cards and wine openers;

    ii.    All keeping of animals that do not qualify as animal husbandry, which is defined as the rearing or keeping of animals to sell the products they produce, such as meat, fur, dairy or eggs;

    iii.    Any use of animals as an attraction, enticement, or marketing activity related to a lawful winery use.

3. The Napa County Code Compliance Division shall be given full access to the Property at any time between the hours of 9:00 a.m. and 6:00 p.m., seven days a week, to conduct inspections to confirm compliance with the provisions of this injunction. No advance notice is required for inspections during these normal business hours.

4. Defendants shall not participate in any act or practice, or form a separate entity or corporation for the purpose of engaging in acts or practices, in whole or in part, that are prohibited by this Preliminary Injunction or any other purpose that would otherwise circumvent any term of this Preliminary Injunction. Defendants shall not knowingly cause, permit, or encourage any other persons or entities acting on its behalf, to engage in any act or practice prohibited by this Injunction.

5. If any clause, provision, or section of this Preliminary Injunction shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or section of this Preliminary Injunction and this Preliminary Injunction shall be construed and enforced as if such illegal, invalid, or unenforceable clause, provision, or section had not been contained herein.

6. The Court maintains jurisdiction over this matter, including with respect to enforcement of the terms of this Preliminary Injunction.

PRELIMINARY INJUNCTION – Case No. 22CV001262

7. This Preliminary Injunction shall remain in full force and effect until it is either incorporated into a final Injunction or is dissolved by the Court.

**IT IS SO ORDERED.**

Dated: February 20, 2025

_____
Hon. Mark Boessenecker
Napa County Superior Court Judge

-4-

PRELIMINARY INJUNCTION – Case No. 22CV001262

# Superior Court of California

County of Napa
825 Brown Street
Napa. CA 94559

**Case #: 22CV001262**   NAPA COUNTY et al vs Lindsay Blair Hoopes et al

Katharine Heldt Falace
kfalace@buchalter.com
jgleffe@buchalter.com

Arthur Anthony Hartinger
ahartinger@publiclawgroup.com

Sheryl L Bratton
sheryl.bratton@countyofnapa.org

Lindsay Blair Hoopes
lindsay@hoopesvineyard.com

### Certificate of Mailing/Service

I hereby certify that I am not a party to this cause and that a copy of the foregoing document was:

☒ **E-mailed**
☐ **certified copy faxed** to Napa Sheriff's Department at (707) 253-4193
☐ **personal service** – personally delivered to the party listed above
☐ **placed in attorney/agency folders** in the ☐ Criminal Courthouse  ☐ Historic Courthouse

at Napa, California on this date and that this certificate is executed at Napa, California this Date. I am readily familiar with the Court's standard practice for collection and processing of correspondence for mailing within the United States Postal Service and, in the ordinary course of business, the correspondence would be deposited with the United States Postal Service on the day on which it is collected at the Courthouse.

Date: 2/20/2025

**Robert E Fleshman, Court Executive Officer**

_____
Isabel Rodriguez, Deputy Court Executive Officer

Napa County, et al. v. Hoopes Family Winery Partners, LP, et al.
Napa County Superior Court Case No. 22CV001262

## PROOF OF SERVICE

I am employed in the County of Napa, State of California. I am over the age of 18 and not a party to the within action. My business address is BUCHALTER, A Professional Corporation, 1230 Pine Street, St. Helena, CA 94574.

On the date set forth below, I served the foregoing documents described as:

- **NOTICE OF APPEAL**

on all other parties and/or their attorney(s) of record to this action as follows:

Office of the Napa County Counsel
Sheryl Bratton
Jason Dooley
Erin Cossen
1195 Third Street, Suite 301
Napa, CA 94559
Email: sbratton@countyofnapa.org
Email: jason.dooley@countyofnapa.org
Email: erin.cossen@countyofnapa.org
Email: brandon.aguilera@countyofnapa.org
**Attorneys for Plaintiffs NAPA COUNTY and
THE PEOPLE OF THE STATE OF CALIFORNIA**

Arthur A. Hartinger
Geoffrey Spellberg
Nicholas Moore
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, CA 94104
Email: ahartinger@publiclawgroup.com
Email: gspellberg@publiclawgroup.com
Email: nmoore@publiclawgroup.com
Email: bbramer@publiclawgroup.com
Email: sbetts@publiclawgroup.com
Email: cflaig@prismrisk.gov
Email: kimberly.smith@georgehills.com
**Attorneys for Plaintiffs NAPA COUNTY and
THE PEOPLE OF THE STATE OF CALIFORNIA**

**BY EMAIL** On February 21, 2025, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on February 21, 2025, at St. Helena, California.

_____
JOLENE GLEFFE

Buchalter
A Professional Corporation
St. Helena

2
PROOF OF SERVICE
CASE NO. 22CV001262

BN 87245605V1