SHERYL L. BRATTON, County Counsel (SBN 144209)
JASON M. DOOLEY, Chief Deputy County Counsel (SBN 258570)
jason.dooley@countyofnapa.org
OFFICE OF THE NAPA COUNTY COUNSEL
1195 Third Street, Suite 301
Napa, California 94559
Telephone: (707) 254-4521
Facsimile: (707) 259-8220

ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE D. FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile: (415) 848-7230

Attorneys for Defendant
COUNTY OF NAPA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NAPA,<br><br>Defendant. | Case No. 3:24-cv-06256-CRB<br><br>**DEFENDANT COUNTY OF NAPA'S POST-HEARING SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR ABSTENTION**<br><br>Judge: Hon. Charles R. Breyer<br>Hearing Date: February 21, 2025<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom F, 15th Floor<br>455 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Action Filed: September 5, 2024 |

DEFENDANT COUNTY OF NAPA'S POST-HEARING SUPPLEMENTAL BRIEF IN SUPPORT OF MOT. TO DISMISS FAC, OR IN THE ALTERNATIVE, FOR ABSTENTION

Case No. 3:24-cv-06256-CRB

## I. INTRODUCTION

Pursuant to this Court's order on the record at the February 28, 2025 hearing on Defendant Napa County's Motion to Dismiss (Dkt. 53) Plaintiffs' First Amended Complaint (Dkt. 43), the County provides the following supplemental brief in response to Plaintiffs' reliance at oral argument on *Massachusetts Delivery Ass'n v. Coakley*, 671 F.3d 33 (1st Cir. 2012), a case not previously cited in their briefing.

*Coakley* is distinguishable from this case in several material respects and does not counsel against applying abstention here. First, *Coakley* does not conflict with the caselaw relied on by the County. Second, unlike in *Coakley*, granting the relief requested by Plaintiffs in this case would effectively enjoin the state action. Additionally, the County and Hoopes Vineyard LLC ("Hoopes") are parties in both this federal action and the state court action, whereas in *Coakley*, neither the defendant nor plaintiff in the federal action were parties in the state actions. Furthermore, here it was determined in the state court action that Hoopes would adequately represent Summit Lake's and Smith-Madrone's interest for a determination that small wineries, established and in operation prior to enactment of the Winery Definition Ordinance ("WDO"), are allowed to conduct tastings, sales, and marketing events without limitations by the WDO or subsequent legislation. Finally, *Coakley* did not address *Pullman* or *Colorado River*, which provide independent grounds for dismissing and/or staying Summit Lake's and Smith-Madrone's claims pursuant to principles of abstention.

## II. ARGUMENT

*Younger* abstention applies when a state nuisance enforcement action brought by a local public entity against landowners is (1) ongoing, (2) implicates important state interests, (3) provides an adequate opportunity to raise constitutional challenges,[1] and (4) "the federal action would have the practical effect of enjoining the state proceedings." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043–44 (9th Cir. 2019). When—as here—a federal plaintiff is not a party to the ongoing state action, the question of whether *Younger* abstention applies to them focuses on "the adequacy of their opportunity to raise constitutional claims in the state action." *Id.* at 1047.

---

[1] Notably, "[t]he burden on this point [of adequate opportunity to raise federal constitutional claims] rests on the federal plaintiff to show that state procedural law barred presentation of its claims." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1046 (9th Cir. 2019) (quotations omitted).

-1-

DEFENDANT COUNTY OF NAPA'S POST-HEARING SUPPLEMENTAL BRIEF IN SUPPORT OF MOT. TO DISMISS FAC, OR IN THE ALTERNATIVE, FOR ABSTENTION

Case No. 3:24-cv-06256-CRB

At the February 28, 2025 hearing, Plaintiffs relied on *Coakley*, a case not previously cited in their briefing, to support their argument that abstention should not be applied to Smith-Madrone and Summit Lake because they are not "closely related" to Hoopes, who is a party to both the federal and state actions. However, *Coakley* is neither binding nor on point.

First, the Ninth Circuit has made clear that "a close relationship" is not necessary to apply *Younger* abstention to third parties. On the contrary, courts may "abstain under *Younger* where the parties to the federal and state actions were not identical, so long as their interests were sufficiently intertwined." *Herrera*, 918 F.3d at 1047 (citing *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 81-82 (2d Cir. 2003)). The First Circuit is in accord, recognizing that *Younger* abstention is applicable where a nonparty's "interests are sufficiently 'intertwined' with the interests of parties to the state court proceedings." *See Casa Marie, Inc. v. Superior Ct. of Puerto Rico for Dist. of Arecibo*, 988 F.2d 252, 267 (1st Cir. 1993) (citing *Hicks v. Miranda*, 422 U.S. 332, 348–49 (1975)). *Coakley* is not contrary to these authorities because it is factually distinguishable, and its holding is based on the interference prong of the *Younger* analysis.

In *Coakley*, the Massachusetts Delivery Association ("MDA"), a business trade group representing delivery companies, filed a civil rights lawsuit against Massachusetts Attorney General Martha Coakley, arguing a state worker classification law was preempted by federal law and imposes an undue burden on interstate commerce, in violation of the Dormant Commerce Clause. *Coakley*, 671 F.3d at 35–36. The district court dismissed the case under *Younger*, finding that abstention was warranted because three members of the MDA were defendants in ongoing state civil suits brought by private parties under the state law at issue. The First Circuit reversed, holding that *Younger* abstention was inapplicable because the federal lawsuit did not directly interfere with ongoing state proceedings. *Id*. at 46–48. Unlike here, neither party in the federal case was involved in the state proceedings. *Id*. The MDA was not a party to any of the state lawsuits, which were private civil actions brought by workers against individual delivery companies, and the Massachusetts Attorney General was not prosecuting or enforcing those state cases. *Id*. at 38–39. The First Circuit held that the MDA's requested relief would not interfere with the three state-court proceedings because the injunctive relief sought would only preclude the state, not private parties, from suing under the challenged state law. *Id*. at 47.

-2-

DEFENDANT COUNTY OF NAPA'S POST-HEARING SUPPLEMENTAL
BRIEF IN SUPPORT OF MOT. TO DISMISS FAC, OR IN THE
ALTERNATIVE, FOR ABSTENTION

Case No. 3:24-cv-06256-CRB

Here, by contrast, Plaintiffs seek to enjoin the County, *who is the party seeking enforcement in the state court*, from enforcing the laws at issue. *See* Dkt. 43, ¶¶ 480, 492, 501, 519, 579, 588, 618, 627, 660, 672, 695, 754, 797. There can be no reasonable dispute that granting the relief that Plaintiffs seek would have the practical effect of enjoining the state court action. This is particularly true given the scope of the Superior Court's preliminary injunction. *See* Dkt. 64. In fact, the court in *Coakley* justified its reversal, in part, because "there [was] no state-court judgment whose enforcement might be interfered with by the federal suit." *Coakley*, 671 F.3d at 46 n.9. In contrast, here, granting the relief sought by Plaintiffs would interfere with the state court's preliminary injunction, which requires that Hoopes "cease all winery activities that do not comply with Napa County Code sections 18.16.020(H) and 18.08.600 until such time as Defendants have obtained a valid use permit authorizing any such activities and any necessary and related building, grading, or other permits."[2] *See* Dkt. 64 at 6.

Although the *Coakley* court discussed *Doran v. Salem Inn, Inc.*, 422 U.S. 922 (1975), and its holding that *Younger* does not *typically* apply where a federal court plaintiff is not itself a party to the state court proceedings, *Coakley* also recognized that "*Younger* abstention has extended far beyond its original roots of non-interference with state criminal prosecutions." *Coakley*, 671 F.3d at 40. The First Circuit recognizes that "*Doran* and much of its progeny involve state criminal or administrative proceedings which provide no procedural mechanism which would enable nonparties to intervene to protect their interests." *See Casa Marie, Inc.*, 988 F.2d at 267 (holding nonintervenors' interests were sufficiently "intertwined" with the interests of parties to the state court proceedings to warrant *Younger* abstention). This is in line with Ninth Circuit precedent recognizing that "parties with 'a sufficiently close relationship *or sufficiently intertwined interests*' may be 'treated similarly for purposes of *Younger* abstention.'" *Herrera*, 918 F.3d at 1047 (emphasis added); *see also Spargo*, 351 F.3d at 82 ("[N]either [*Hicks* nor *Doran*] limits the application of *Younger* to cases where the parties are financially related or linked by mutual management.").[3]

---

[2] Although the state court's preliminary injunction order is not a final judgment, it is "immediately and separately appealable," *see Cnty. of San Diego v. State of California*, 15 Cal. 4th 68, 110 (1997) (citing Cal. Code Civ. Proc. § 904.1(a)(6)), and Hoopes has already filed an appeal, *see* Dkt. 64.

[3] Furthermore, *Coakley*'s discussion of *Doran* is largely dicta because the holding in *Coakley* was based on the court's determination that the defendant had not met the *Younger* interference requirement. *See* 671 F.3d at 46–48.

-3-

DEFENDANT COUNTY OF NAPA'S POST-HEARING SUPPLEMENTAL
BRIEF IN SUPPORT OF MOT. TO DISMISS FAC, OR IN THE
ALTERNATIVE, FOR ABSTENTION

Case No. 3:24-cv-06256-CRB

Here, in denying intervention, the state court determined that Hoopes would "adequately represent[]" Summit Lake's and Smith-Madrone's "interest for a determination that small wineries, established and in operation prior to enactment of the WDO [*see* Dkt. 43-26], are allowed to conduct tastings, sales, and marketing events without limitations by the WDO or subsequent legislation …." Dkt. 43-17 at 4-6, 10. The closely intertwined interests of Summit Lake, Smith Madrone, and Hoopes warrant subjecting them all to the same *Younger* abstention considerations—particularly in light of the Superior Court's finding that Hoopes would adequately represent those interests. *See Herrera*, 918 F.3d at 1047; *see Spargo*, 351 F.3d at 85 (applying *Younger* abstention to third parties where "there is no suggestion that Spargo would fail to adequately represent plaintiffs' interests in the state disciplinary proceeding").[4]

Lest there be any doubt that the state court action provides an adequate opportunity to raise constitutional challenges regarding Plaintiffs' intertwined interests, *see Herrera*, 918 F.3d at 1045–47, Hoopes has invoked the following constitutional provisions to support its argument that the County cannot restrict pre-WDO small wineries from hosting public tours, providing wine tasting, or otherwise exceeding their use authorization without use permits:

- First Amendment (Dkt. 54 at 39, 42 (answer); Dkt. 54 at 71, ¶ 92 (cross-complaint); Dkt. 61 at 43-45 (opposition to preliminary injunction request))

- Due Process Clause (Dkt. 54 at 39 (answer); *id.* at 63–75 (cross-complaint); Dkt. 61 at 46 (opposition to preliminary injunction request))

- Equal Protection Clause (Dkt. 54 at 39 (answer); Dkt. 54 at 78–83 (cross-complaint))

- Dormant Commerce Clause (Dkt. 61 at 36:21–22 (opposition to preliminary injunction request))

- Takings Clause (Dkt. 54 at 43 (answer); Dkt. 61 at 38 (opposition to preliminary injunction request))

Unlike in *Coakley*, the County's state enforcement action is ongoing, involves important state interests, provides an adequate opportunity to raise constitutional claims, and Plaintiffs' requested relief

---

[4] Plaintiffs do not dispute the state court's finding of adequate representation. For good reason. An "order denying intervention … operates as a final determination against the intervenor and is appealable as a *final judgment* against him." *Royal Indemnity Co. v. United Enters.*, 162 Cal.App.4th 194, 202–03 (2008) (quotations omitted). Because Summit Lake and Smith-Madrone never appealed the state court's intervention order, they cannot relitigate the state court's finding of adequate representation here.

-4-

DEFENDANT COUNTY OF NAPA'S POST-HEARING SUPPLEMENTAL BRIEF IN SUPPORT OF MOT. TO DISMISS FAC, OR IN THE ALTERNATIVE, FOR ABSTENTION

Case No. 3:24-cv-06256-CRB

would effectively enjoin the state court proceedings. The facts here favor dismissal and/or a stay of Plaintiffs' claims under *Younger* abstention.

Finally, *Coakley* is also distinguishable on the ground that it did not consider the applicability of other abstention doctrines. Even if *Younger* abstention did not apply to Summit Lake and Smith-Madrone, abstention would still be warranted under *Pullman* and *Colorado River* since their claims ultimately turn on issues of state law (the scope of pre-WDO winery entitlements under the County Code and in light of the Alcoholic Beverage Control Act and the California Building Code) that have been extensively litigated in the state court action and any remaining claims would not give rise to a timely-filed, justiciable Article III controversy. *See* Dkt. 53 at 35–37; Dkt. 59 at 27-28; *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 801–02 (9th Cir. 2001) (applying *Pullman* abstention to remaining federal plaintiffs after dismissing other plaintiffs' claims under *Younger*); *Mendocino Railway v. Ainsworth*, 113 F.4th 1181, 1192 (9th Cir. 2024) (affirming *Colorado River* abstention order where there was no "realistic probability that a federal controversy will remain after the state proceedings are complete" given that any remaining "claims would be unripe").

Hoopes has appealed the preliminary injunction in the state court proceeding that mandates its compliance with the regulations contested in this federal action. *See* Dkt. 64. Abstention is warranted here to allow that ongoing state proceeding to decide the determinative issues of state law without interference from the federal courts. Allowing Plaintiffs' claims to proceed here would violate the "longstanding public policy against federal court interference with state proceedings." *See Younger v. Harris*, 401 U.S. 37 (1971).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' reliance on *Massachusetts Delivery Ass'n v. Coakley* is misplaced. *Coakley* is distinguishable from the case at bar, and its holding does not preclude this Court from granting the County's motion to dismiss under the principles of abstention.

Dated: March 5, 2025　　　　　　　　　　　　RENNE PUBLIC LAW GROUP

By:  /s/Ryan P. McGinley-Stempel
　　　　Ryan P. McGinley-Stempel

Attorneys for Defendant NAPA COUNTY

-5-

DEFENDANT COUNTY OF NAPA'S POST-HEARING SUPPLEMENTAL BRIEF IN SUPPORT OF MOT. TO DISMISS FAC, OR IN THE ALTERNATIVE, FOR ABSTENTION

Case No. 3:24-cv-06256-CRB