1  Joseph M. Infante (pro hac admission)
   infante@millercanfield.com
2  Stephen M. Ragatzki (pro hac admission)
   ragatzki@millercanfield.com
3  **MILLER, CANFIELD, PADDOCK AND STONE, PLC**
   99 Monroe Avenue NW, Suite 1200
4  Grand Rapids, MI 49503
   Tel: (616) 776-6333 / Fax: (616) 776-6322
5
   Eugene M. Pak (Bar No. 168699)
6  epak@fennemorelaw.com
   Angela Han (Bar No. 317137)
7  ahan@fennemorelaw.com
   **FENNEMORE LLP**
8  1111 Broadway, 24th Floor
   Oakland, California 94607
9  Tel: (510) 834-6600 / Fax: (510) 834-1928

10 Attorneys for Plaintiffs Hoopes Vineyard LLC,
   Summit Lake Vineyard, and Cook's Flat Associates a
11 California Limited Partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF NAPA,<br><br>    Defendant. | Case No. 3:24-cv-6256-CRB<br><br>**PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR ABSTENTION**<br><br>Judge: Hon. Charles R. Breyer<br>Hearing Date: February 28, 2025<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom F, 15th Floor<br>455 Golden Gate Ave.<br>San Francisco, CA 94102 |

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

PLAINTIFFS' SUPPL. OPPOS. TO
DEFENDANT'S MTN. TO DISMISS                                    3:24-CV-6256-CRB

This Court asked for supplemental briefing on the issue of abstention. Simply put, abstention is inappropriate and would be clear error. Napa County's basic position is that whenever the government is prosecuting someone for violating a law, no one may challenge the constitutionality of that law, or any other related law, until the state court prosecution has ended. Such a rule expands the abstention doctrine beyond its well-recognized limits.

**I. ARGUMENT**

**A. Abstention is the exception, not the rule.**

The Court asked why it should get involved when there is a nuisance case pending in Napa County Superior Court. The answer is two-fold. First, this is exactly the type of case that needs federal court guidance as it raises serious constitutional issues regarding Napa's ordinances and practices targeting the different Plaintiffs, three small wineries two of which are not parties in the state court case. *See Zablocki v. Redhail*, 434 U.S. 374, 379 n.5 (1978) ("there is, of course, no doctrine requiring abstention merely because resolution of a federal question may result in the overturning of a state policy"). Second, simply put, "this case does not meet the requirements of any 'abstention doctrine being invoked' and thus '[t]he district court has no discretion to abstain.'" *Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916, 932 (9th Cir. 2024) (quoting *Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 939 (9th Cir. 2002) (citing *C-Y Dev. Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983) ("there is little or no discretion to abstain in a case [that] does not meet traditional abstention requirements.") The Supreme Court has repeatedly instructed that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716. (1996). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14 (1983). "[T]he Supreme Court has *never* allowed abstention to be a license for free-form ad hoc judicial balancing of the totality of state and federal interests in a case." *Martin v. Stewart*, 499 F.3d 360, 364 (4th Cir. 2007) (emphasis in original).

Even "the threat that the federal courts might decide the entire state system unconstitutional is not a valid justification for … abstention." *Neufeld v. City of Baltimore*, 964 F.2d 347, 351 (4th Cir. 1992). In these types of cases, "[t]he plaintiffs … attack the statute as it is written. Permitting

a federal court to decide this kind of constitutional claim would not interfere significantly with the workings of a lawful state system." *Bath Mem'l Hosp. v. Me. Health Care Fin. Commn*, 853 F.2d 1007, 1013 1014 (1st Cir. 1988).

In *Peridot Tree, Inc. v. City of Sacramento*, the Ninth Circuit reversed a district court's abstention because "abstention cannot be ordered simply to give state courts the first opportunity to vindicate the federal claim." 94 F.4th 916, 928 (9th Cir. 2024) (citing *Zwickler v. Koota*, 389 U.S. 241, 251 (1967)). "[T]he 'recognition of the role of state courts as the final expositors of state law implies no disregard for the primacy of the federal judiciary in deciding questions of federal law.'" *Id*. (quoting *Zwickler*, 389 U.S. at 251-52); *Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1272 (9th Cir. 1994) ("the balance must always tip heavily in favor of exercising jurisdiction.").

True, this is not a simple case. Yet, the Ninth Circuit advised in a similar case: the "lawsuit presents 'difficult' and significant questions. But as the Court wisely noted in 1821, '[q]uestions may occur which we would gladly avoid; but we cannot avoid them. All we can do is, to exercise our best judgment, and conscientiously to perform our duty.'" *Peridot Tree*, 94 F. 4th at 936 (quoting *Cohens v. Virginia*, 19 U.S. 264, 404 (1821)).

### B. Abstention as to Summit Lake and Smith Madrone would be reversible error.

Napa County asks this Court to saddle Smith-Madrone and Summit Lake with whatever results Hoopes achieves in the state court case. But <u>Summit Lake and Smith-Madrone are not subject to the same ordinances as Hoopes.</u> Summit Lake and Smith-Madrone are located within the Agricultural Watershed zoning district which is regulated under NCC section 18.20.010 *et seq*. See Dkt. #43, ¶¶ 81, 130, 195. Hoopes is located within the Agricultural Preserve zoning district which is regulated under NCC section 18.16.010, *et seq*. *Id*. at ¶¶ 30, 194. As noted by Napa County, the state court found Hoopes violated NCC section 18.16.020(H). Dkt #66, p. 4. <u>But this is irrelevant as to Smith-Madrone and Summit Lake as those wineries are not regulated by section 18.16.020(H).</u>[1] So, abstention cannot be justified since these wineries are regulated by, and challenging the constitutionality of, different ordinances. But, even if they were regulated by the same ordinances, abstention is still improper.

---
[1] Plaintiffs challenge numerous ordinances which were not at issue in the state court case.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
ATTORNEYS AT LAW

In *Massachusetts Delivery Association v. Coakley*, 671 F.3d 33, 42 (1st Cir. 2012), the court recognized that "[t]he Supreme Court has addressed in two cases whether distinct but very closely related parties should be treated the same for purposes of Younger abstention …." The first line of cases involve rights asserted by the federal plaintiff that <u>are not</u> derivative of the rights asserted by the state court defendant. The second line of cases involve rights asserted by the federal plaintiffs that <u>are</u> derivative of the rights asserted by the state court defendant. Derivative cases follow *Hicks v. Miranda*, 422 U.S. 332 (1975). Non-derivative cases follow *Doran v. Salem Inn*, 422 U.S. 922 (1975), a case decided six days after *Hicks*. Napa County relies on the derivative line of cases, but this case falls within the non-derivative line of cases.

### 1. Summit Lake's and Smith-Madrone's rights are not derivative of Hoopes' rights.

"[C]ircumstances [allowing for abstention] are present only when a federal plaintiff's interests are 'so intertwined with those of the state court party that ... interference with the state court proceeding is inevitable.'" *Vasquez v. Rackauckas*, 734 F.3d 1025, 1035 (9th Cir. 2013) (quoting *Green v. Tucson*, 255 F.3d 1086, 1100 (9th Cir. 2001) (en banc)). As the Ninth Circuit explained, "[c]ongruence of interests is not enough, nor is identity of counsel," *Green*, 255 F.3d at 1100, "[n]or does due process permit the preclusion of a plaintiff's claim on the ground that he could have intervened in a state court litigant's action if he did not actually do so," *id*. at 1101, nor does the "mere potential for conflict in the results of adjudications," *id*. at 1097, nor is voluntary association enough. *Steffel v. Thompson*, 415 U.S. 452, 471 n.19 (1974). Rather, the parties must be legally related "in terms of ownership, control, and management." *Doran*, 422 U.S. at 929.

While Summit Lake and Smith-Madrone attempted to intervene in the state court case, they were not required to do so before bringing their claims in federal court. *Hoover v. Wagner*, 47 F.3d 845, 848 (7th Cir. 1995) ("nothing in *Younger* ... suggests that persons claiming a violation of their federal rights have an obligation before turning to federal court to see whether there is some state court proceeding that they might join in order to present their federal claims there.") Further, "[h]aving persuaded the state court that [Summit Lake and Smit-Madrone were] not entitled to adjudication of its constitutional theories, [Napa County] is estopped to argue in federal court that [they] could have litigated in state court if only it had tried harder." *Gen. Auto Serv. Station LLC*

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

PLAINTIFFS' SUPPL. OPPOS. TO
DEFENDANT'S MTN. TO DISMISS - 3 - 3:24-CV-6256

*v. City of Chicago, Illinois*, 319 F.3d 902, 905 (7th Cir. 2003) (citations omitted.) If "[w]e therefore take the state court's decision about intervention as correct, [it] means that the conditions for *Younger* abstention have not been satisfied." *Id*. And, although a "federal court decision in such situations 'may, through claim or issue preclusion, influence the result in state court,' we held that this was not the sort of interference sufficient to trigger *Younger* abstention." *Montclair Parkowners Ass'n v. Montclair*, 264 F.3d 829, 831 (9th Cir. 2001) (quoting *Green*, 255 F.3d at 1093); *accord Wiener v. Cnty. of San Diego*, 23 F.3d 263, 267 (9th Cir. 1994) ("[T]here is no reason why the California state courts should mind if a federal court resolves his claim.")

In *Doran*, individual owners of topless bars brought suit asserting an ordinance violated their constitutional. 422 U.S. at 924-25. After bringing one business resumed operating and received criminal summons, but the other two did not reopen until after they won a preliminary injunction. *Id*. at 925. The Court found that *Younger* did not apply to the two plaintiffs who did not receive criminal summons. *Id.* at 929. While all three "are represented by common counsel, and have similar business activities and problems," the Court found that because "they are apparently unrelated in terms of ownership, control, and management ... each of the respondents should be placed in the position required by our cases as if that respondent stood alone." *Id*. at 928-29.

In *We Are America/Somos America, Coalition of Arizona v. Maricopa County Board of Supervisors*, 594 F. Supp. 2d. 1104 (D. Ariz. 2009), the court abstained under *Younger* as to claims brought by plaintiffs, who were not parties to the state court case, challenging the constitutionality of the statutes under which the state-court defendants were being prosecuted. *Id*. The district court abstained, reasoning that: it would be practically impossible to resolve whether the state law was constitutional without resolving the issues at the heart of the state court case; the state court parties could adequately represent the interests of the federal plaintiffs through the state court case; the federal plaintiffs could possibly file amicus briefs in the state court case; and, finally, if the district court granted declaratory or injunctive relief, it would "interfere in the state proceedings because it would enjoin ... or otherwise involve th[is] federal court … in terminating or truncating state proceedings." *Id*. at 1110 (quotations omitted.) The Ninth Circuit reversed:

> The district court erred, however, in concluding that *Younger* abstention barred it from considering the organizational and taxpayer claims. Those plaintiffs weren't

parties to the state court proceedings, and they're not sufficiently intertwined with the plaintiffs who were parties to trigger *Younger*.

*We Are America/Somos America, Coalition of Arizona v. Maricopa County Board of Supervisors*, 386 F. App'x 726, 727 (9th Cir. 2010) (citing *Doran*, 422 U.S. at 928-29; *Green*, 255 F.3d at 1099-1100, *Gilbertson v. Albright*, 381 F.3d 965, 968-69 (9th Cir.2004) (en banc). While Napa argues Hoopes adequately represented the other wineries, this is an argument expressly rejected by the Ninth Circuit.

Summit Lake and Smith Madrone are not litigating the rights of Hoopes or challenging the Napa ordinances/interpretations to vindicate the rights of Hoopes. They are bringing claims to vindicate their own constitutional rights. Where a "Plaintiff seeks to vindicate its own [constitutional]" rights the "claims are not 'entirely derivative' of any right of a defendant in the [state case]; nor are they 'unavoidably intertwined and inseparable' from those claims." *National Institute for Family and Life Advocates (NIFLA) v. James*, 2024 WL 3904870, at *7 (W.D.N.Y. Aug. 22, 2024) (quoting *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 84 (2nd Cir. 2003)). Such a "case instead aligns with those where Courts refused to apply *Younger* to third party claims." *Id*. at *8. (citations omitted.) When a federal plaintiff raises its own constitutional rights, the claims are not "entirely derivative—in other words, they rose or fell with those of the state court litigant." *Id*. (distinguishing *Hicks*, 422 U.S. 332 and *Spargo*, 351 F.3d 65.)

"Indeed, the district court's abstention and its expectation that [Summit Lake and Smith-Madrone] try its luck in state court does little to promote efficiency, comity, or federalism. Instead, the district court effectively imposed an exhaustion requirement on [Summit Lake and Smith-Madrone], requiring it to first identify and litigate potential state-law claims before raising its federal constitutional concerns." *Peridot Tree*, 94 F. 4th at 935. "Abstention here 'accomplish[es] nothing except to require still another lawsuit, with added delay and expense for all parties.'" *Id*. (quoting *Cnty. of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 196 (1959).)

**2. Derivative rights cases are distinguishable.**

Napa relies on inapplicable derivative cases that follow *Hicks*, which are radically different than the voluntary association, non-derivative scenario present here, and are distinguishable.

In *Hicks*, the employees of an adult theater were charged with violating California's obscenity statute and the theater's copies of a pornographic film were seized. *Hicks*, 422 U.S. at 334-36. The theater's owners immediately filed an action in federal court, seeking a declaration that the obscenity statute was unconstitutional. *Id*. at 337-38. The Supreme Court held that the interests of the owners and the employees were intertwined because of the employment relationship and because the owners' property had been seized in the state court action. *Id*. at 348-49.

In *Herrera*, Bill and Mona Herrera formed an LLC to own the motel that they operated. The City of Palmdale closed the motel and evicted both the Herreras and the guests. *Herrera*, 918 F.3d at 1041. Bill, Mona and their LLC filed a federal civil rights action. At the same time, the City filed a state court nuisance action against only Bill and the LLC, seeking an order shutting down the motel. *Id*. at 1042. Looking at *Younger* abstention, the Ninth Circuit held that even though Mona, an owner of the LLC, was not named in the state court action, her interests were inextricably intertwined with the LLC. *Id*. at 1047.

In *Spargo*, plaintiffs Spargo, McNally, and Kermani brought suit in federal court, claiming state administrative proceeding related to judicial misconduct against Spargo violated the First and Fourteenth Amendment rights of all three federal plaintiffs. *Id*. at 67-68. Spargo, a New York State judge, had been charged with judicial misconduct for participating in prohibited partisan political activity. *Id*. at 69. The Second Circuit found that McNally's and Kermani's rights were "entirely derivative" of Spargo's rights. *Id*. at 83. Neither McNally nor Kermani asserted claims separate from Spargo's, and both claimed standing through Spargo's rights. *Id*. at 83-84. Because McNally's and Kermani's rights were derivative of Spargo's rights, the two non-parties were adequately represented by Spargo at the state proceeding. *Id*.

Napa cites to *Casa Marie, Inc. v. Superior Court of Puerto Rico Dist. of Arecibo*, 988 F.2d 252 (1st Cir. 1993), but that case was distinguished by the Ninth Circuit in *Green* because the court "appears to have recognized that parallel lawsuits raising the same claims would not have implicated the Younger doctrine." 255 F.3d at 1103 n. 17. The plaintiffs in *Casa Marie* were residents of an apartment complex which was subject to a state court action. Some of the plaintiffs' neighbors attempted to intervene in that case and were denied. The federal plaintiffs sat on their

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

PLAINTIFFS' SUPPL. OPPOS. TO
DEFENDANT'S MTN. TO DISMISS
- 6 -
3:24-CV-6256

hands and waited until a final judgment and then brought a federal lawsuit specifically seeking to enjoin the state court judgment. *Id*. The *Casa Marie* court determined that "nonintervenors should be held to have waived their belated claims for discretionary federal equitable relief enjoining the enforcement of the final Superior Court judgment."[2] *Id*. That is not a fact pattern present here.

Here, Smith-Madrone, Summit Lake, and Hoopes are entirely separate entities. Their only relationships are associational and voluntary. See Dkt #43 ¶¶ 7-12. At most, they share "a mere commonality of interest" which "is not sufficient to justify abstention." *Green*, 255 F.3d at 1100. "This case instead aligns with those where Courts refused to apply *Younger* to third party claims." *NIFLA*, 2024 WL 3904870, at *8. They also are not seeking to enjoin the enforcement of a judgment or injunction against Hoopes. Smith-Madrone and Summit Lake are seeking to enjoin enforcement of unconstitutional ordinances against themselves.

### C. Abstention as to Hoopes would be reversible error.

To justify abstention, the relief sought in the federal action must threaten actual interference with, not just relate to, a state proceeding. *Quackenbush*, 517 U.S. at 716; *see also New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 372 (1989) (finding insufficient that a federal court's disposition of a case "may well affect, or for practical purposes, pre-empt, a future ... [or] even pending … state court action ... there is no doctrine that the availability or even the pendency of state judicial proceedings excludes the federal courts."). "The requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc. v. State Compensation Ind. Fund*, 754 F.3d 754, 758 (9th Cir. 2014); *see also Lebbos v. Judges of Superior Court, Santa Clara Cty.*, 883 F.2d 810, 817 (9th Cir. 1989) (abstention not warranted where constitutional defense was "wholly unrelated" to § 1983 claims).) Napa must present "evidence or argument to show that the constitutionality of the alleged behavior has been or is likely to become an issue in the ongoing state criminal case." *Sekerek v. City of National City*, 2020 WL 4435416, *4 (S.D. Cal. Aug. 3, 2020).

"A court should not abstain from exercising its jurisdiction based merely on the presence of

---

[2] The First Circuit in *Coakley* also distinguished *Casa Marie* as "factually distinguishable because the nonintervenors, who were not parties to the state-court action, were seeking to enjoin enforcement of a valid state-court judgment." 671 F.3d at 46, n. 9.

PLAINTIFFS' SUPPL. OPPOS. TO - 7 - 3:24-CV-6256
DEFENDANT'S MTN. TO DISMISS

parallel state and federal suits." *Joseph A. v. Ingram*, 275 F.3d 1253, 1268 (10th Cir. 2002). This is so even if the two actions address overlapping, or even the same, subject matters. In *Joseph A.*, the Tenth Circuit reversed and remanded a district court's blanket *Younger*-based dismissal, requiring the district court to engage in a provision-by-provision analysis to determine whether "enforcement of each provision would interfere with state court proceedings." 275 F.3d at 1272. Such an inquiry was needed because "the fact that one provision may not be enforceable in light of *Younger* does not necessarily warrant ... dismissing the entire action." *Id*.

The Ninth Circuit in *Herrera* followed the "provision-by-provision" guidance from *Joseph A.* and analyzed each allegation in turn to determine whether a decision by the federal court "would create a federal court judgment with preclusive effect over the ongoing state action." 918 F. 3d at 1018. As to one claim, the court determined that "[a]lthough the allegations of Fourth Amendment violations arise from investigations conducted in the course of the state enforcement action, we fail to see how determinations on such claims by the federal court would intrude in the ongoing state nuisance proceeding in the impermissible way that the Herreras' other damages claims would." *Id*. at 1049. "A ruling in favor of the Herreras on such claims would presumably not invalidate the basis for the code-violation enforcement proceedings, and the Fourth Amendment claims themselves are not at issue in such proceedings." *Id*. (citing *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1151–52 (9th Cir. 2007)). "We may not abstain based on a mere 'potential for conflict.'" *Id*. (quoting *AmerisourceBergen*, 495 F.3d at 1151). The *Herrera* court concluded: "We recognize that such decision raises the possibility of piecemeal litigation …. Recalling our oblig[ation] to decide cases within the scope of federal jurisdiction, this claim must be severed and the district court shall consider it on the merits upon remand." *Id*. (internal quotation omitted.)

This Court, in *Joseph v. City of San Jose*, 2020 WL 1031899 (N.D. Cal. March. 3, 2020), engaged in claim-by-claim analysis in abstaining on some, but not all, claims. *See also Addiction Specialists, Inc. v. Township of Hampton*, 411 F.3d 399, 413 (3rd Cir. 2005) (engaging in claim by claim analysis and determining that "*Younger* abstention is only appropriate where the precise claims raised in federal court are available in the ongoing state proceedings") (abrogated on other grounds). In *Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 305-312 (1979), a

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

*Pullman* abstention case, the Supreme Court analyzed five challenged provisions of Arizona's farm labor statute individually, finding abstention to be appropriate for some but not others.

In its supplemental brief, Napa County advised this Court that the ordinance sections at issue in the state court case are sections 18.16.020(H) and 18.08.600. But those ordinances are not the focus of this case. NCC section 18.16.020(H) is only referenced in only two of almost eight hundred paragraphs in the First Amended Complaint ("FAC"). See Dkt #43, ¶¶ 22, 29. NCC section 18.08.600 is referenced in nine paragraphs. *Id.* ¶¶ 263(a), 302-03, 681-83, 722-24. This ordinance is simply a definition and not an operative law. *See Isaacson v. Brnovich*, 610 F. Supp 3d 1243, 1252 (D. Ariz. 2022) (definition "is not by itself operative law.") While the state court case deals with two ordinance provisions, here plaintiffs challenge dozens of ordinance sections: NCC 1.30.030(A) (FAC ¶¶ 471, 643), NCC 1.30.040 (FAC ¶ 643), NCC 15.12.010 (FAC ¶ 739), NCC 18.08.040 (FAC ¶¶ 229, 242, 326, 560), NCC 18.08.040(H)(1) (FAC ¶¶ 327, 560), NCC 18.08.040(H)(2) (FAC ¶¶ 22, 224, 247, 327), NCC 18.08.170 (FAC ¶¶ 568), NCC 18.08.370 (FAC ¶¶ 231, 345, 507, 680, 689, 728), NCC 18.08.377 (FAC ¶ 260), NCC 18.08.620 (FAC ¶¶ 232, 250, 679, 727), NCC 18.08.640 (FAC ¶ 233), NCC 18.16.020(A) (FAC ¶¶ 23, 224), NCC 18.16.020(G) (FAC ¶ 24), NCC 18.16.020(I) (FAC, ¶ 24), NCC 18.16.030 (FAC ¶¶ 250, 728), NCC 18.16.030(G)(5) (FAC ¶ 511), NCC 18.16.030(I)(5) (FAC ¶ 511), NCC 18.16.030(A) (FAC ¶ 224), NCC 18.20.020 (FAC ¶ 728), NCC 18.20.020(H) (FAC ¶¶ 684-86), NCC 18.20.020(G) (FAC ¶¶ 688-91), NCC 18.20.030 (FAC ¶¶ 250, 728), NCC 18.104.040 (FAC ¶¶ 22, 37, 236, 238), NCC 18.104.250 (FAC ¶ 642), NCC 18.104.250(B) (FAC ¶¶ 255, 592, 616, 625), NCC 18.104.250(C) (FAC ¶¶ 256, 593, 616, 625), NCC 18.144.040 (FAC ¶ 578), Napa Road and Street Standard Section 14(i) (FAC ¶ 563), Napa Road and Street Standard Section 15 (FAC ¶ 564), and Napa Road and Street Standard Section 17 (FAC ¶ 573.)

Certainly, if this Court struck down any of these ordinances, or Napa County's policies and interpretations related to these ordinances, that decision could not interfere with the state court case given that these ordinances are not at issue in the state court case. Any other analysis would insulate local ordinances or entire sections of statutory schemes from review so long as there was some ongoing enforcement action related to one section of the ordinance or scheme.

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

PLAINTIFFS' SUPPL. OPPOS. TO
DEFENDANT'S MTN. TO DISMISS - 9 - 3:24-CV-6256

"District courts have an obligation and a duty to decide cases properly before them, and [a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *City of Tucson v. U.S. W. Commc'ns, Inc.*, 284 F.3d 1128, 1132 (9th Cir. 2002) (quotation omitted). While the Court may be concerned with rendering a decision inconsistent with one made by the state court, "[i]f the mere possibility of inconsistent federal and state court judgments justified *Younger* abstention, *Younger* would swallow whole both *Colorado River* abstention and preclusion." *ReadyLink*, 754 F.3d at 759 (citation omitted). The possibility that a state court and a federal court "could come out differently on the question of constitutionality…is insufficient to require abstention." *Brown v. Damiani*, 154 F. Supp. 2d 317, 326 (D. Conn. 2001).

## II.  CONCLUSION

Napa's motion took a superficial view of this case in the hope that this Court would also take a superficial view. Once the Court examines with a discerning eye the allegations of the First Amended Complaint it becomes clear that it should not abstain, nor should it dismiss any of the claims. Therefore, the County's motion should be denied.

Respectfully submitted,

Dated: March 6, 2025

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.

By: */s/ Joseph M. Infante*
Joseph M. Infante, admitted pro hac vice
Attorneys for Plaintiffs