SHERYL L. BRATTON, County Counsel (SBN 144209)
JASON M. DOOLEY, Chief Deputy (SBN 258570)
jason.dooley@countyofnapa.org
NAPA COUNTY COUNSEL'S OFFICE
1195 Third Street, Suite 301
Napa, California 94559
Telephone: (707) 253-4521
Facsimile: (707) 259-8220

ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile: (415) 848-7230

Attorneys for Defendant
COUNTY OF NAPA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NAPA,<br><br>Defendant. | Case No. 3:24-cv-06256-CRB<br><br>**NAPA COUNTY'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Judge:        Hon. Charles R. Breyer<br>Hearing Date:  June 20, 2025<br>Hearing Time:  10:00 a.m.<br>Location:      Courtroom 6, 17th Floor<br>                  455 Golden Gate Avenue<br>                  San Francisco, CA 94102<br><br>Action Filed: September 5, 2024<br>SAC Filed:   April 24, 2025 |

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................................................................ i

NOTICE OF MOTION AND MOTION TO DISMISS ..................................................................... iv

ISSUES TO BE DECIDED .................................................................................................................. v

SUMMARY OF THE ARGUMENT ................................................................................................... vi

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................... 1

I.  INTRODUCTION .................................................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND .............................................................. 1

III.  ALLEGATIONS IN THE SAC ................................................................................................ 3

IV.  LEGAL STANDARD ............................................................................................................... 4

V.  ARGUMENT ............................................................................................................................ 5

    A.  Plaintiffs Fail to State a First Amendment Retaliation Claim .......................................... 5

        1.  Plaintiffs Have Not Cured the Defects Recognized in the FAC ............................. 5

        2.  Plaintiffs Fail to Allege Facts That Establish *Monell* Liability .............................. 8

    B.  Plaintiffs Improperly Attempt to Revive Previously Dismissed or Stayed Claims Through Their Retaliation Claim ..................................................................................... 9

    C.  Plaintiffs' SAC Should Be Dismissed with Prejudice .................................................... 10

VI.  CONCLUSION ....................................................................................................................... 11

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*,
    509 F.3d 1020 (9th Cir. 2007) ...................................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..............................................................................................4, 5

*Benavidez v. Cnty. of San Diego*,
    993 F.3d 1134 (9th Cir. 2021) ...................................................................................9

*Blair v. Bethel Sch. Dist.*,
    608 F.3d 540 (9th Cir. 2010) .....................................................................................5

*Daniels-Hall v. Nat'l Educ. Ass'n*,
    629 F.3d 992 (9th Cir. 2010) .................................................................................3, 7

*Garmon v. Cnty. of Los Angeles*,
    828 F.3d 837 (9th Cir. 2016) ...................................................................................11

*Godecke v. Kinetic Concepts, Inc.*,
    937 F.3d 1201 (9th Cir. 2019) ...................................................................................4

*Hoffman v. Life Ins. Co. of the Sw.*,
    740 F. Supp. 3d 918 (N.D. Cal. 2024) .......................................................................3

*Kolstad v. County of Amador*,
    No. CIV 2:13-01279 WBS EFB, 2013 WL 6065315 (E.D. Cal. Nov. 14, 2013) ......6

*Monell v. Dep't of Soc. Servs. of City of New York*,
    436 U.S. 658 (1978) ......................................................................................1, 5, 8, 9

*Reddy v. Litton Indus., Inc.*,
    912 F.2d 291 (9th Cir. 1990) ...................................................................................11

*Schreiber Distrib. Co. v. Serv–Well Furniture Co.*,
    806 F.2d 1393 (9th Cir. 1986) .................................................................................11

*Smith v. County of Santa Cruz*,
    No. 20-cv-00647-BLF, 2020 WL 6318705, *at 11 (N.D. Cal. Oct. 28, 2020) ..........6

*Telesaurus VPC, LLC v. Power*,
    623 F.3d 998 (9th Cir. 2010) ...................................................................................11

*Temple of 1001 Buddhas v. City of Fremont*,
    588 F. Supp. 3d 1010 (N.D. Cal. 2022) ..........................................................6, 7, 8, 9

-iii-

*Younger v. Harris*,
   401 U.S. 37 (1971)...........................................................................................................2, 9

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) .............................................................................................10

**Statutes**

42 U.S.C. § 1983.................................................................................................................5, 8

Napa County Code § 18.08.600............................................................................................7

Napa County Ordinance No. 1455 Ex. B, 2020...................................................................7

**Other Authorities**

Fed. R. Civ. Proc.
   Rule 12(b)(6)......................................................................................................................4

U.S. Const. amend. I ................................................................................................... *passim*

# NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 20, 2025, at 10:00 a.m., in Courtroom 6, 17th Floor, United States District Court, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Napa County (the "County" or "Defendant") will and hereby does move to dismiss Plaintiffs' Second Amended Complaint ("SAC") in this action. The motion to dismiss is brought pursuant to Federal Rules of Civil Procedure 12(b)(6) and Local Rule 7-1 on the grounds that Plaintiffs fail to state a cause of action.

This motion is based on this notice of motion and motion, on the accompanying memorandum of points and authorities in support of the motion, the request for judicial notice, Defendant's anticipated reply brief, and on any oral argument entertained by the Court in connection with this motion. This motion is submitted subject to and without waiver of any defense, affirmative defense, or objection.

Dated: May 8, 2025

RENNE PUBLIC LAW GROUP

By: */s/ Ryan P. McGinley-Stempel*
    Ryan P. McGinley-Stempel

Attorneys for Defendant
NAPA COUNTY

# ISSUES TO BE DECIDED

1. Whether Plaintiffs Summit Lake Vineyards & Winery LLC and Cook's Flat Associates dba Smith-Madrone state a viable retaliation claim under the First Amendment.

# SUMMARY OF THE ARGUMENT

Plaintiffs Summit Lake Vineyards & Winery LLC ("Summit Lake") and Cook's Flat Associates dba Smith-Madrone ("Smith-Madrone") fail to state a viable First Amendment retaliation claim against Napa County (the "County") because the Second Amended Complaint ("SAC") contains no new factual allegations showing retaliatory animus or a causal connection between Plaintiffs' protected activity and any County action. Plaintiffs failed to cure the defects previously identified by the Court in dismissing their First Amended Complaint. Instead, Plaintiffs merely repeat conclusory assertions that are contradicted by the Plaintiffs' own pleadings and documents subject to judicial notice. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("[courts] are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

Additionally, the County's alleged actions—such as an email inquiry posing as a customer and applying Road and Street Standards (RSS) to Summit Lake—do not amount to adverse actions capable of chilling protected activity, nor do they support an inference of retaliation. *See Kolstad v. County of Amador*, No. 2:13-01279, 2013 WL 6065315, at *5 (E.D. Cal. Nov. 14, 2013); *Smith v. County of Santa Cruz*, No. 20-cv-00647, 2020 WL 6318705, at *11 (N.D. Cal. Oct. 28, 2020); *Temple of 1001 Buddhas v. City of Fremont*, 588 F. Supp. 3d 1010, 1026 (N.D. Cal. 2022).

Plaintiffs also fail to allege *Monell* liability, as they do not identify any official County policy, custom, or decisionmaker responsible for the alleged conduct. *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021); *Temple of 1001 Buddhas*, 588 F. Supp. 3d at 1026 (granting dismissal where plaintiff failed to allege facts showing that city code enforcement officer was final policymaker).

Because Plaintiffs have already been granted leave to amend and still fail to state a plausible claim, dismissal with prejudice is warranted. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009); *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Summit Lake and Smith-Madrone each now reassert a single claim of First Amendment retaliation against the County in their Second Amended Complaint ("SAC"). The Court dismissed their previous retaliation claims from the First Amended Complaint ("FAC") with leave to amend because Plaintiffs[1] failed to allege any facts that link the County's alleged enforcement actions to their protected activity or establish retaliatory motive. *See* Dkt. 69 at 16–17.

The Court should dismiss Summit Lake's and Smith-Madrone's First Amendment retaliation claims asserted in the SAC because they fail to remedy the defects the Court previously identified in the FAC. Plaintiffs have not alleged any new facts in the SAC plausibly establishing that the County acted with retaliatory animus, nor have they plausibly alleged that the County's conduct would deter a person of ordinary firmness from engaging in protected activity. Instead, they continue to rely on conclusory assertions and inferences unsupported by factual allegations. In fact, Plaintiffs' own allegations and documents, properly subject to judicial notice, contradict the narrative of retaliation they attempt to advance. Plaintiffs further fail to allege facts plausibly establishing municipal liability under *Monell* and improperly attempt to revive claims previously dismissed or stayed by recharacterizing constitutional challenges to the County's regulations as components of their retaliation claim. Because Plaintiffs were granted leave to amend this claim once already and have demonstrated that they cannot cure its fundamental deficiencies, Summit Lake's and Smith-Madrone's First Amendment retaliation claims should be dismissed with prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 20, 2022, Napa County filed a state enforcement action against Hoopes Vineyard LLC ("Hoopes") and its related entities. *See Napa County v. Hoopes Family Winery Partners, L.P., et al.*, Case No. 22CV001262 (Napa County Sup. Ct.). The County alleged two causes of action: (1) public nuisance per se and (2) unfair business practices. *See* Dkt. 70-27. In September 2023, Summit Lake and Smith-Madrone filed motions to intervene, which the Superior Court denied. Dkt. 70-17.

---

[1] Unless otherwise noted, "Plaintiffs" refers to Summit Lake and Smith-Madrone since all of Hoopes Vineyard LLC's claims have been dismissed and/or stayed.

The Superior Court bifurcated the Hoopes trial, such that the County's equitable claims would be tried in "Phase I," deferring adjudication of Hoopes' cross-claims to a "Phase II." In January 2024, the Superior Court held an 11-day bench trial on Phase I with additional briefing submitted through July 23, 2024. On November 13, 2024, the Superior Court rendered a 19-page statement of decision in the County's favor on both its public nuisance and unlawful business practice claims.

In September 2024, after the post-trial briefing in the state action was completed, but before the Superior Court issued its statement of decision, Plaintiffs filed this federal lawsuit seeking to invalidate and enjoin enforcement of the County ordinances underlying the state enforcement action. The County moved to dismiss on the bases of abstention and failure to state a claim. Dkt. 30. In response, Plaintiffs filed a First Amended Complaint (Dkt. 43), to which the County moved to dismiss on the same grounds.[2] Dkt. 53.

On March 28, 2025, following a hearing and supplemental briefing, the Court granted the County's motion to dismiss based on the principles of abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *See* Dkt. 69. The Court dismissed Plaintiffs' claims for injunctive and declaratory relief, and stayed their claims for damages based on abstention, except for Summit Lake's and Smith-Madrone's claims alleging First Amendment retaliation, which the Court dismissed for failure to state a claim with leave to amend. Dkt. 69 at 17. Regarding Summit Lake's and Smith-Madrone's retaliation claims, the Court found:

> Summit Lake and Smith-Madrone fail to allege any facts that would link the defendant's enforcement actions to their own efforts to intervene alongside Hoopes. Rather, they allege that Napa County had been ramping up its enforcement efforts for some time in advance of sending these "undercover" emails, strongly suggesting that the County's actions were motivated by some policy of stricter enforcement and not targeted animus. [Citations]. Without factual support establishing animus, which the contents of the County's "undercover" emails do not provide, Plaintiffs fail to state a claim.

Dkt. 69 at 16:18–17:10.

The Court granted Plaintiffs 30 days to amend only Summit Lake's and Smith-Madrone's First Amendment retaliation claims. On April 24, 2025, Plaintiffs filed a Second Amended Complaint re-

---

[2] The First Amendment retaliation claims at issue in this motion were not alleged in the initial complaint. The retaliation claims were alleged for the first time in the FAC.

RENNE PUBLIC LAW GROUP
Attorneys at Law

asserting their retaliation claims.  Dkt. 70 ("SAC").[3]

## III.   ALLEGATIONS IN THE SAC

Plaintiffs allege in the SAC that the County retaliated against Summit Lake and Smith-Madrone following their September 2023 motion to intervene in the County's state enforcement action against Hoopes.  *See* SAC ¶ 423.

Plaintiffs allege that the County retaliated by conducting an "undercover entrapment operation," sending an email to Smith-Madrone posing as a potential customer seeking to hold a birthday party at the winery.  SAC at ¶¶ 777–82.  The SAC describes a single email sent on October 2, 2023, from a person who Plaintiffs assert is an "undercover" County agent.[4]  Despite attaching over 800 pages of exhibits to their SAC, Plaintiffs did not attach the October 2, 2023, email.  However, Plaintiffs did attach the October 2, 2023, email to filings in support of their motion to intervene in the state enforcement action.  *See* Napa County's Request for Judicial Notice ("RJN"), Ex. A, Notice of Errata Regarding Supplemental Brief on Proposed Intervenors' Motion to Intervene filed on October 18, 2023, at 7–8.  This email, which is the entire basis of Smith-Madrone's retaliation claim, is incorporated by reference into Plaintiffs' SAC.  *See Hoffman v. Life Ins. Co. of the Sw.*, 740 F. Supp. 3d 918, 924 (N.D. Cal. 2024) ("the doctrine of incorporation by reference permits a court to treat an extrinsic document as if it were part of the complaint if the pleading 'refers extensively to the document' or if 'the document forms the basis' of a claim").  Significantly, the October 2, 2023, email was not sent to Smith-Madrone and does not identify Smith-Madrone as the intended recipient of the request.  RJN, Ex. A at 7–8.

Plaintiffs' allegations of a broader "sting" operation are not supported by any specific factual

---

[3] Although the SAC purports to replead Plaintiffs' non-retaliation claims, Plaintiffs acknowledge that this Court dismissed and/or stayed those claims and that they have repleaded them only "to avoid any arguments that they have abandoned or waived their other claims."  SAC at 2 n.1.  Accordingly, these claims remain dismissed and/or stayed under the Court's order granting the County's motion to dismiss the FAC.  *See* Dkt. 69.

[4] The County unequivocally denies that the email at issue was sent by any employee or agent of the County.  Nothing in the email indicates that it was sent by Napa County as an entity or on its behalf.  While the Court must accept well-pleaded factual allegations as true for purposes of a motion to dismiss, it is not required to accept as true conclusory allegations or unwarranted inferences drawn from those allegations.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court is not required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").  The inferences that the email was sent from the County and that it was directed at Smith-Madrone are both totally unsupported.  *See infra*, V(A)(1) at 6:17–24.

RENNE PUBLIC LAW GROUP
Attorneys at Law

details beyond this one communication. Plaintiffs allege generally that the County engaged in similar conduct toward Summit Lake but do not allege any specific emails, communications, or other actions directed at Summit Lake. *See* SAC ¶¶ 120, 423, 777–82.

Plaintiffs also allege that after Summit Lake sought intervention, the County reversed its previous position regarding the applicability of the County's Road and Street Standards ("RSS") to Summit Lake. *See* SAC ¶¶ 787–792. Plaintiffs assert, without specific factual support, that this change in position was motivated by retaliatory animus connected to Summit Lake's intervention efforts. *See id*. ¶¶ 789, 792.

Plaintiffs' allegations of retaliatory animus are contradicted by Plaintiffs' other allegations that before they filed a motion to intervene in September 2023, Summit Lake voluntarily submitted to a County audit of its entitlements in 2019, at which time the County informed Summit Lake that it was in violation of County requirements and would need to improve its roadway to come into compliance with the County's RSS. *See* SAC ¶¶ 89–91, 101. Additionally, Plaintiffs allege that in 2022, prior to Plaintiffs' attempt to intervene, the County informed Summit Lake it would close its permit modification application and not allow visitors to its winery unless Summit Lake agreed to the required roadway improvement. *See id*. ¶ 105.

Plaintiffs also allege, "[u]pon information and belief," that the County has not initiated enforcement actions "against any other wineries and, instead, singled Smith-Madrone and Summit Lake out because of their attempted intervention." *See* SAC ¶ 794. However, this allegation is contradicted by Plaintiffs' many allegations regarding the County's enforcement action against their co-plaintiff Hoopes, initiated in 2020, as well as more general allegations that the County enforced its regulations against "other wineries." *See id*. ¶¶ 53, 63, 65, 321, 756–770.

## IV.   LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) when it lacks a "cognizable legal theory" or "sufficient facts alleged" under such a theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019). Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

## V. ARGUMENT

### A. Plaintiffs Fail to State a First Amendment Retaliation Claim

The First Amendment forbids government officials from retaliating against individuals for engaging in protected activity. *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). "To recover under § 1983 for such retaliation, a plaintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Id*. (footnote omitted).

Here, Plaintiffs have failed to state a plausible claim of First Amendment retaliation because they have not pled facts from which one could plausibly infer that the County acted with retaliatory animus or that its conduct would chill a person of ordinary firmness, their allegations are contradicted by their own pleadings and documents properly subject to judicial notice, and they have failed to allege any facts that establish *Monell* liability.

#### 1. Plaintiffs Have Not Cured the Defects Recognized in the FAC

In dismissing Plaintiffs' retaliation claim in the FAC, this Court found that Plaintiffs failed to allege facts sufficient to support a claim that the County's enforcement actions were motivated by animus or retaliation connected to Plaintiffs' alleged efforts to intervene in the state enforcement proceeding involving Hoopes. *See* Dkt. 69 at 16–17. The Court specifically held that the single alleged County "undercover" email did not support an inference of targeted enforcement or retaliatory motive, and that Plaintiffs' own allegations strongly suggest "that the County's actions were motivated by some policy of stricter enforcement and not targeted animus". Dkt. 69 at 16–17.

The Plaintiffs fail to cure these recognized defects in the SAC because Plaintiffs allege no new facts. Rather, Plaintiffs merely repeat the same conclusory allegations and legal arguments that the Court found insufficient in the FAC. It is true that Plaintiffs now assert in the SAC that the County's actions were motivated by animus (SAC ¶¶ 783–84, 792), but these are legal conclusions, not factual allegations entitled to the presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009). The SAC contains no new allegations of conduct by the County, no statements or communications showing

retaliatory intent, and no factual basis from which to infer that any County enforcement decision was causally connected to Plaintiffs' intervention efforts. *See Smith v. County of Santa Cruz*, No. 20-cv-00647-BLF, 2020 WL 6318705, *at 11 (N.D. Cal. Oct. 28, 2020) (rejecting causal allegations based on the issuance of a "Red Tag" on plaintiff's parcel "a mere 18 days" after the hearing on another Red Tag issued on another of his parcels). The County "cannot be expected to forego enforcing" these land use regulations simply because Summit Lake and Smith-Madrone sought to intervene in the enforcement action against Hoopes. *See id.*; *see also Temple of 1001 Buddhas v. City of Fremont*, 588 F. Supp. 3d 1010, 1024 (N.D. Cal. 2022) ("it is implausible that securing the warrant was retaliatory because the facts in Lee's complaint and in the warrant itself suggesting that the warrant had ample basis by that point").

Moreover, the County's alleged conduct does not amount to an "adverse action that would chill a person from continuing to engage in the protected activity." *Kolstad v. County of Amador*, No. CIV 2:13-01279 WBS EFB, 2013 WL 6065315, at *5 (E.D. Cal. Nov. 14, 2013) (quotation omitted). Plaintiffs do not allege (nor could they) that the County ever initiated enforcement proceedings against either Summit Lake or Smith-Madrone. Plaintiffs' assertions that the County's alleged conduct—sending an email inquiry to Smith-Madrone and informing Summit Lake that they must comply with generally applicable road regulations—could chill a person of ordinary firmness from continuing to engage in protected activity are not plausible since even "threats and harsh words … do not support a retaliation claim." *See Kolstad*, 2013 WL 6065315, at *5 ("[T]he County's correspondence … notifies plaintiffs only that the County would not sign plaintiffs' letter, details plaintiffs' alleged code violations and how to remedy the violations, and warns of action by the County Code Enforcement department if the violations are not rectified.").[5]

Furthermore, Plaintiffs' allegations are contradicted by their own pleadings. *See Temple of 1001 Buddhas*, 588 F. Supp. 3d at 1024 ("judicially noticeable facts contradict Lee's allegation that West was involved in the first instance of retaliation"). Plaintiffs allege that the County sent an email posing as a

---

[5] Plaintiffs' assertion that discovery is necessary to identify "additional retaliatory actions" (SAC ¶ 195) is inherently flawed. A First Amendment retaliation claim requires adverse conduct that would chill a person of ordinary firmness from continuing to engage in protected activity. Conduct unknown to Plaintiffs at the time they engaged in—or refrained from engaging in—protected activity cannot plausibly have chilled that activity. If the alleged conduct had no deterrent effect because Plaintiffs were unaware of it, it cannot support their First Amendment retaliation claim.

potential customer, inquiring if a birthday party could be held at "your venue" to Julie Ann Kodmur, whose husband is a general partner of Smith-Madrone. RJN, Ex. A at 7–8. According to Ms. Kodmur, she represents multiple wineries, and nowhere in the communication is Smith-Madrone even mentioned. *Id*. The inferences that this email was from the County, was directed at Smith-Madrone, or that it is an adverse action that would chill protected activity are not supported, and in fact are contradicted by Plaintiffs' own pleadings. *See Daniels-Hall*, 629 F.3d at 998 ("[courts] are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

Similarly, Plaintiffs' allegation that the County took the position that the RSS applied to Summit Lake only after their motion to intervene was denied is demonstrably false and contradictory to their own allegations and judicially noticeable documents. Plaintiffs concede that Summit Lake *voluntarily* submitted to a County audit of its entitlements in 2019. SAC ¶ 90. At that time, the County informed Summit Lake that the audit triggered the application of the County's RSS. *See* RJN, Ex. C, April 29, 2019, Letter From Napa County Planning, Building and Environmental Services (informing Summit Lake that "[t]his project triggers the application of the Napa County Road and Street Standards (RSS)"). Following the voluntary audit, the County informed Summit Lake that it was in violation of County requirements and would need to improve its roadway to come into compliance with the RSS. *See* SAC ¶¶ 89–91, 101, 105; RJN, Ex. D, May 12, 2021, Memorandum from Napa County Planning, Building and Environmental Services (informing Summit Lake that "[t]he cumulative traffic demand along the roadway is greater than forty (40) Average Daily Traffic (ADT) and, therefore, the project triggers the scope and application of the 2021 Napa County Road and Street Standards (RSS)"); *see also* RJN, Ex. B, 2020 Napa County Ordinance No. 1455 (providing that use permits for small wineries as defined by Napa County Code Section 18.08.600 "will not trigger application of the Napa County Road and Street Standards unless the total ADT from all uses exceeds forty (40) ADT or the inspection authority determines that improvements are required to comply with the State Fire Code, State Responsibility Area Fire Safe Regulations, or adopted left-turn lane warrants required for all projects").

All of these communications informing Summit Lake that the RSS applied to their winery

occurred prior to their September 2023 motion to intervene. *See Temple of 1001 Buddhas*, 588 F. Supp. 3d at 1024 (concluding that it was implausible that city's seeking of a warrant or issuance of notice and order to vacate after alleged protected activity were retaliatory where the pleadings suggested the "warrant had ample basis by that point" and where "the property was in apparent noncompliance with a bevy of city and state laws").

Furthermore, the letter from Deputy County Counsel Jason Dooley upon which Plaintiffs base Summit Lake's retaliation claim (*see* Dkt. 70-18) makes clear that the County previously "informed [Summit Lake] that *there was a potential for the exemption to apply* to [Summit Lake's] application, but that the exemption depended on the presence of specific conditions of approval imposed on the tentative parcel map." Dkt. 70-18 at 2 (emphasis added). Because County employees had not yet located the parcel map, it was unclear whether this potential exemption—which "only applied if the parcel map approvals contained conditions relating to standard for road or driveway development, defensible space, or fire-resistant construction"—was available. Dkt. 70-18 at 3. Once the parcel map was located, however, "staff determined that the standard conditions that typically supported the exemption were not included in the parcel map for the creation of the Summit Lake property." Dkt. 70-18 at 3.

Additionally, Plaintiffs' allegations that the County singled them out (*see* SAC ¶ 794–95) are contradicted by their other allegations that the County enforced its ordinances "against Plaintiffs, as well as other wineries" that they do not allege engaged in protected activity, and that "Napa County has applied the Road and Street Standards against numerous wineries, including Plaintiffs." SAC ¶¶ 321, 571.

Plaintiffs have alleged no new facts, have failed to plead a plausible claim that the County acted with retaliatory animus or that its conduct would chill a person of ordinary firmness, and have advanced allegations that contradict their own pleadings and documents properly subject to judicial notice. Accordingly, the Court should dismiss Smith-Madrone's and Summit Lake's First Amendment retaliation claim with prejudice.

### 2. Plaintiffs Fail to Allege Facts That Establish *Monell* Liability

Plaintiffs bring their claims directly against the County under 42 U.S.C. section 1983. However, to state such a claim against a municipal entity, Plaintiffs must plead facts establishing that the alleged

constitutional violation was caused by an official policy, practice, or custom of the County. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021). Plaintiffs fail to do so.

The SAC contains no allegations of an official County policy or a widespread, well-settled custom directing or encouraging retaliation against individuals who speak out or intervene in enforcement actions. Nor do Plaintiffs identify any decisionmaker with final policymaking authority who allegedly directed or ratified the alleged retaliatory conduct. Absent such allegations, Plaintiffs' claims against the County must be dismissed. *See Temple of 1001 Buddhas*, 588 F. Supp. 3d at 1026 (granting dismissal where plaintiff failed to allege facts showing that city code enforcement officer was final policymaker).

Instead, Plaintiffs rely solely on the alleged conduct of phantom "undercover" agents and unnamed County employees—presumably low- or mid-level enforcement personnel—but do not allege that these individuals acted pursuant to a formal policy, represented official County decisionmakers, or that their conduct was ratified by those with final authority. This is insufficient to impose municipal liability. *See Benavidez*, 993 F.3d at 1153 (requiring a "'deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'"). Without factual allegations establishing that the alleged retaliation resulted from an official County policy, custom, or decision by a final policymaker, Plaintiffs fail to state a plausible claim for municipal liability under *Monell*.

**B.     Plaintiffs Improperly Attempt to Revive Previously Dismissed or Stayed Claims Through Their Retaliation Claim**

In their FAC, Plaintiffs asserted fourteen claims. *See* Dkt. 43. All of the claims challenging the legitimacy and constitutionality of the County's regulatory framework as applied to wineries were dismissed or stayed by the Court under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *See* Dkt. 69 at 16–17. The only claims for which the Court granted Plaintiffs leave to amend were Summit Lake's and Smith-Madrone's First Amendment retaliation claims. Dkt. 69 at 17.

Rather than confining their amendments to the scope permitted by the Court, Plaintiffs now improperly use their SAC as a vehicle to reintroduce their previously dismissed or stayed challenges to

RENNE PUBLIC LAW GROUP
Attorneys at Law

the County's regulations. Specifically, they assert that the County's alleged retaliatory actions were intended to chill Plaintiffs from engaging in "traditional uses of their property…allowed under the First Amendment." *See* SAC ¶¶ 784, 792. This allegation is not only conclusory and wholly unsupported by factual allegations, but it also presumes that Plaintiffs' prior constitutional challenges to the County's regulatory scheme—claims this Court has expressly declined to entertain at this stage or has dismissed outright—are correct.

This pleading tactic is a transparent attempt to circumvent the Court's abstention ruling by recharacterizing Plaintiffs' regulatory objections as components of their retaliation claims. However, the Court did not grant Plaintiffs leave to revive claims through such indirect means. The leave to amend was narrow and specific: it applied solely to Plaintiffs' claim that the County retaliated against Summit Lake and Smith-Madrone for filing a motion to intervene in the state enforcement action. Allowing Plaintiffs to bootstrap their stayed claims to their retaliation claims would undermine the very abstention principles the Court relied upon in its prior order. Accordingly, to the extent Plaintiffs' amended retaliation claims include allegations that repackage claims this Court has already dismissed or stayed, those allegations should be disregarded.

### C.    Plaintiffs' SAC Should Be Dismissed with Prejudice

Summit Lake's and Smith-Madrone's First Amendment retaliation claims should be dismissed with prejudice because they fail to cure the same deficiencies the Court identified in the FAC, and have demonstrated that further amendment would be futile. The Ninth Circuit has made clear that dismissal with prejudice is appropriate where a plaintiff has been given prior opportunities to amend but continues to fail to plead sufficient facts to state a claim. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal with prejudice where plaintiff "failed to add the requisite particularity" after amendment).

Here, the Court granted Plaintiffs leave to amend after finding the FAC failed to allege facts supporting a claim of retaliatory animus or linking the alleged enforcement conduct to Plaintiffs' protected activity. In response, Plaintiffs filed the SAC, which does not allege any new facts—only conclusory statements and legal argument restating the same claims the Court has already rejected. *See supra*, V(A)(1) at 5:11–27. As in *Zucco*, Plaintiffs' inability to plead additional facts after amendment

confirms that the deficiencies are incurable and that granting further leave would serve no purpose.

Moreover, "[a] district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Plaintiffs' own pleadings contradict their allegations of retaliation, demonstrating that their claims are entirely without merit and that further amendment would be futile. *See supra*, V(A)(1) at 6:17–8:15. "A district court does not abuse its discretion in denying leave to amend where it would have been impossible for the plaintiff to amend the complaint to state a viable claim 'without contradicting any of the allegations of his original complaint.'" *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016) (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)).

Accordingly, the Court should exercise its discretion and dismiss Summit Lake's and Smith-Madrone's First Amendment retaliation claims without leave to amend.

## VI. CONCLUSION

For the reasons discussed above, the County requests that the Court grant this motion to dismiss Plaintiffs Summit Lake's and Smith-Madrone's First Amendment retaliation claims alleged in the SAC with prejudice.

Dated:  May 8, 2025

RENNE PUBLIC LAW GROUP

By: /s/*Ryan P. McGinley-Stempel*
Ryan P. McGinley-Stempel

Attorneys for Defendant
NAPA COUNTY