IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPES VINEYARD LLC, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF NAPA,<br><br>  Defendant. | Case No. 24-cv-06256-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiffs Summit Lake Vineyards & Winery LLC and Cooks Flat Associates dba Smith-Madrone sue the County of Napa for allegedly retaliating against them for trying to intervene in a state-court lawsuit against their co-plaintiff here, Hoopes Vineyard LLC. The Court granted the County's motion to dismiss or stay pursuant to abstention doctrines most of Plaintiffs' allegations (dkt. 69). The Court finds this matter suitable for resolution without argument pursuant to Civil Local Rule 7-1(b) and **GRANTS** the County's motion to dismiss with prejudice.

The Court assumes familiarity with the facts and law recounted in its prior order. In response to the Court dismissing their First Amendment retaliation claim, Summit Lake and Smith-Madrone amended their complaint. See 2d Am. Compl. (dkt. 70) ¶¶ 781–95. The following facts are newly alleged: (1) Before Summit Lake tried to intervene in the state-court lawsuit against Hoopes in 2023, "Napa County had not "engaged in any operations, undercover or otherwise, designed to entrap Smith-Madrone or Summit Lake," "accused Smith-Madrone or Summit Lake of violating any of the ordinances at issue," or "made them the subject of enforcement proceedings." Id. ¶ 781. (2) Before the attempted intervention, Napa County had also "advised Summit Lake that the Road and Street

Standards did not apply to Summit Lake." Id. ¶ 788.  (3) "Napa County did not take similar enforcement actions as those alleged herein against any other wineries and, instead, singled Smith-Madrone and Summit Lake out." Id. ¶ 794.[1]

These new allegations contradict well-pleaded facts elsewhere in the Complaint. For instance, Plaintiffs specifically allege that as early as 2019, and through 2022, the County had informed Summit Lake that it "was in violation of its small winery use permit exception" and even "threatened Summit Lake that if it did not agree to [a] road improvement then its permit modification application would be closed and going forward Summit Lake would not be allowed any visitors to its winery." Id. ¶¶ 91, 105.  Plaintiffs also allege that the County had enforced its land-use ordinances, including its road and street standards, against other wineries than just Plaintiffs. Id. ¶¶ 321, 571.

Considering the second amended complaint as a whole, then, Plaintiffs have failed to state a First Amendment retaliation claim.  As the Court explained in its prior order, the County's enforcement efforts from 2023 onward "cannot support an inference that, but for [Plaintiffs'] protected activity, [the County] would not have threatened enforcement, because plaintiffs allege that [the County] took the same actions before and after the protected activity." Kolstad v. County of Amador, No. CIV 13-1279 WBS, 2013 WL 6065315, at *6 (E.D. Cal. Nov. 14, 2013); accord Temple of 1001 Buddhas v. City of Fremont, 588 F. Supp. 3d 1010, 1024 (N.D. Cal. 2022).  Accordingly, though Plaintiffs are correct that "proof of an official's retaliatory intent rarely will be supported by direct evidence of such intent," Opp. (dkt. 76) at 7 (quoting Bloch v. Ribar, 156 F.3d 673, 681–

---

[1] The second amended complaint also includes several new conclusory allegations. E.g., 2d Am. Compl. ¶ 784 ("Napa County's undercover attempts were designed to chill or silence a person of ordinary firmness from engaging in such uses [of their property] and would chill or silence a person of ordinary firmness from engaging in such uses."); id. ¶ 789 ("Napa County's change of position with respect to the applicability of the Road and Street Standards to Summit Lake was caused by Summit Lake's attempted intervention in the Napa County v. Hoopes [state] lawsuit.").  The Court need not, and does not, accept these as true for purposes of this motion. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); id. at 680–81 (bare allegations of intent "not entitled to the assumption of truth").

82 (6th Cir. 1998)), Plaintiffs allegations do not provide even circumstantial evidence of retaliatory animus. To the contrary, they merely indicate that Napa County's alleged entrapment attempts against them were part and parcel of the County's ongoing efforts to enforce its land-use ordinances with respect to wineries across the County.

Because Plaintiffs again fail to adequately allege causation—and, indeed, it is clear that they cannot allege causation without contradicting their well-pleaded allegations—the Court **GRANTS WITH PREJUDICE** the County's motion to dismiss. See Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) ("A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" (citation omitted)).

**IT IS SO ORDERED.**

Dated: June 18, 2025

CHARLES R. BREYER
United States District Judge