**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOOPES VINEYARD, LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY, LLC, a California limited liability company; COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, DBA, Smith-Madrone, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> COUNTY OF NAPA, <br><br> Defendant - Appellee. | No. 25-2715 <br><br> D.C. No. 3:24-cv-06256-CRB <br><br> MEMORANDUM[*] |
| HOOPES VINEYARD, LLC; SUMMIT LAKE VINEYARDS & WINERY, LLC; COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> COUNTY OF NAPA, <br><br> Defendant - Appellee. | No. 25-3903 <br><br> D.C. No. 3:24-cv-06256-CRB |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted March 10, 2026
San Francisco, California

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and VERA, District Judge.[**]

Hoopes Vineyard, LLC ("Hoopes"), Summit Lake Vineyards & Winery, LLC ("Summit Lake"), and Cook's Flat Associates ("Smith-Madrone") appeal the district court's orders dismissing their claims against the County of Napa ("Napa"). We review a district court's decision to abstain from hearing claims under *Younger v. Harris*, 401 U.S. 37 (1971), de novo. *Bristol-Myers Squibb Co. v. Connors*, 979 F.3d 732, 735 (9th Cir. 2020). We also review a district court's order granting a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) de novo. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.[1]

1. "For civil cases, '*Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve

---

[**] The Honorable Hernan Diego Vera, United States District Judge for the Central District of California, sitting by designation.

[1] Napa's motion for judicial notice (Dkt. No. 25) and supplemental motion for judicial notice (Dkt. No. 39) are granted.

2                                                                                          25-2715

a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Yelp Inc. v. Paxton*, 137 F.4th 944, 950 (9th Cir. 2025) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)). "If these requirements are met, 'we then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies.'" *Id.* at 951 (quoting *ReadyLink*, 754 F.3d at 759).

With the exception of Hoopes' retaliation claim, the district court did not err in applying *Younger* and abstaining from hearing Hoopes' claims here. Hoopes has pointed to no procedural bar to its ability to raise its federal claims in state court. *Commc'ns Telesystems Int'l v. Cal. Pub. Utility Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of *Younger* . . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings."). Indeed, Hoopes is still actively pursuing these federal claims in California state superior court and has not exhausted its state appellate remedies. *See Yelp*, 137 F.4th at 951; *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 620 (9th Cir. 2003) ("The superior court's decision, if unfavorable, may then be appealed all the way through the California court system."). Hoopes argues that the superior court's bifurcation of the case, staying Hoopes's counterclaims until after a decision on Napa's claims, has denied it "timely and adequate review of its

25-2715

federal claims," but a "bald assertion that state proceedings are lengthy does not eliminate the grounds for *Younger* abstention." *Baffert*, 332 F.3d at 620. And Hoopes' requests for injunctive relief, declaratory relief, and damages would have "the same practical effect" as enjoining the state court proceedings. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc).

The district court erred, however, in abstaining from hearing Hoopes' First Amendment retaliation claim for damages. This claim is sufficiently separable from Hoopes' non-retaliation claims because, among other things, it challenges Napa's conduct involving the personal residence of Hoopes' owner, which is not at issue in the pending state case. *See id.* at 980 n.14; *Herrera v. City of Palmdale*, 918 F.3d 1037, 1049 (9th Cir. 2019). A determination that Hoopes is entitled to monetary damages for Napa's alleged retaliatory conduct "would not 'have the same practical effect as a declaration or injunction on'" the code-violation enforcement proceeding against the winery. *Herrera*, 918 F.3d at 1049 (quoting *Gilbertson*, 381 F.3d at 968). Thus, we affirm the district court's decision with respect to Hoopes' non-retaliation claims and reverse and remand with respect to Hoopes' First Amendment retaliation claim for damages.

2. At this stage of the litigation, Summit Lake and Smith-Madrone have demonstrated that, under the framework of *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992), they have standing to bring their pre-enforcement First

Amendment, Dormant Commerce Clause, due process, equal protection, permit taking, and regulatory taking claims because they sufficiently alleged that Napa's regulations and enforcement actions injured them in a way that would be redressable by a favorable court decision. Although the justiciability of their due process, equal protection, and permit taking claims is a close question—their claims would not be ripe without a final position adopted by Napa regarding the wineries' desired use of their land—we nevertheless conclude that they have met the pleading-stage standard on the record before us. *See Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank*, 473 U.S. 172, 186, 191 (1985) (final decision requirement for takings claims in the land-use context), *overruled on other grounds by Knick v. Township of Scott*, 588 U.S. 180 (2019); *Hoehne v. County of San Benito*, 870 F.2d 529, 532 (9th Cir. 1989) (final decision requirement for due process and equal protection claims in the land-use context). The district court, however, retains its authority to revisit Summit Lake and Smith-Madrone's standing and other justiciability issues as the case progresses.

3. The district court erred in applying *Younger* to abstain from hearing Summit Lake and Smith-Madrone's claims. These parties are distinct from Hoopes and are not "so closely related that they should all be subject to the *Younger* considerations which govern any one of them." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 928 (1975).

25-2715

4. The district court erred in dismissing Summit Lake and Smith-Madrone's First Amendment retaliation claims. As "proximity in time between the protected speech and the alleged retaliation" is an acceptable form of circumstantial evidence to show retaliatory motive, Summit Lake and Smith-Madrone have raised sufficient inferences to show that Napa's actions against them were driven by retaliatory animus. *Allen v. Iranon*, 283 F.3d 1070, 1077 (9th Cir. 2002). The claims therefore survive Napa's Rule 12(b)(6) motion to dismiss.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**[2]

---

[2] The parties shall bear their own costs and attorneys' fees on appeal. Fed. R. App. P. 39(a)(4).