Joseph M. Infante (pro hac admission)
infante@millercanfield.com
Stephen M. Ragatzki (pro hac admission)
ragatzki@millercanfield.com
**MILLER, CANFIELD, PADDOCK AND STONE, PLC**
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
Tel: (616) 776-6333 / Fax: (616) 776-6322

Eugene M. Pak (Bar No. 168699)
epak@fennemorelaw.com
Angela Han (Bar No. 317137)
ahan@fennemorelaw.com
**FENNEMORE LLP**
1111 Broadway, 24th Floor
Oakland, California 94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
Attorneys for Plaintiffs Hoopes Vineyard LLC,
Summit Lake Vineyard, and Cook's Flat Associates a
California Limited Partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF NAPA, <br><br> Defendant. | Case No. 3:24-cv-6256-CRB <br><br> **PLAINTIFFS' NOTICE OF DISCOVERY DISPUTE** <br><br> Judge: Hon. Charles R. Breyer |

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Pursuant to the Court's Standing Order, Plaintiffs Hoopes Vineyard LLC, Summit Lake Vineyards & Winery LLC, and Cook's Flat Associates hereby provide notice of discovery disputes requiring referral to a Magistrate Judge. The parties have met and conferred regarding Defendant County of Napa's responses to Plaintiffs' First Requests for Production, including through correspondence dated February 17, 2025 and March 26, 2025, as well as a telephone conference occurring on July 2, 2026, but have been unable to resolve the disputes identified below. During the meet and confer on July 2, 2026, counsel for Napa County admitted that its document production to date was not responsive to the discovery Plaintiffs served in this case but rather Napa merely produced the underlying discovery file from the state-court ordinance enforcement case against Hoopes.  In addition to this issue, the unresolved disputes include:

1. General Objection No. 7 – Scope of ESI Search

   a. Whether Napa County may categorically exclude archived data, backup media, deleted data, and legacy systems from its search for responsive electronically stored information without identifying the specific repositories being excluded or demonstrating undue burden.

2. Request for Production No. 4-6, 34.

   a. Whether Napa County must produce documents used to create, edit and maintain its "Winery Database" as well as related communications.

3. Request for Production No. 7

   a. Whether Napa County's search for documents concerning Plaintiffs is sufficiently tailored and whether Napa County must identify custodians, departments, and sources searched.

4. Request for Production No. 12-13.

   a. Whether Napa County must produce guidance documents, training materials, interpretive materials, policy documents, and communications concerning terms used in the regulation of wineries, including "tastings," "marketing events," "tours," "visitation," "advertising," "retail sales," and related terms.

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

51269351.1/162870.00001
PLAINTIFFS' NOTICE OF DISCOVERY DISPUTE        - 2 -        Case No. 3:24-CV-6256-CRB

5. Request for Production No. 14

    a. Whether Napa County has fully identified and produced documents related to regulating winery advertising and whether it must identify publicly available responsive documents with sufficient specificity.

6. Request for Production No. 15

    a. Whether Napa County must produce all nonprivileged documents concerning the process for obtaining modifications to small winery use permit exemptions.

7. Request for Production No. 20

    a. Whether Napa County has fully searched for and produced documents concerning both the establishment and operation of the winery status determination program established pursuant to Resolution No. 2019-130.

8. Request for Production No. 26

    a. Whether Napa County must produce communications, investigative files, complaints, enforcement records, and related materials concerning winery enforcement efforts.

9. Requests for Production Nos. 27–31

    a. Whether Napa County must produce documents concerning determination of winery entitlements, including visitation limits, event limitations, production limits, tasting rights, and public-access determinations.

10. Request for Production No. 40

    a. Whether Napa County has appropriately searched for and produced documents concerning the distinctions between wineries, small wineries, and small winery exemptions.

11. Request for Production No. 54

    a. Whether Napa County must produce documents concerning its interpretation, application, enforcement, and use of Napa County's Road and Street Standards with respect to wineries.

12. Request for Production No. 56

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

51269351.1/162870.00001
PLAINTIFFS' NOTICE OF DISCOVERY DISPUTE      - 3 -      Case No. 3:24-CV-6256-CRB

a. Whether Napa County must produce legislative history for the ordinance provisions challenged in this action.

13. Request for Production No. 58

a. Whether Napa County must produce documents and communications concerning winery requests to conduct marketing events, cultural events, social events, temporary events, business events, and similar activities.

14. Privilege Log

a. Whether Napa County must provide a privilege log identifying documents withheld on grounds of attorney-client privilege, work product protection, deliberative process privilege, official information privilege, legislative privilege, or any other asserted privilege.

The parties have exhausted reasonable meet-and-confer efforts but remain unable to resolve these disputes. Plaintiffs respectfully request referral of these discovery disputes to a Magistrate Judge pursuant to the Court's Standing Order.

Dated: July 14, 2026

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.


By: */s/ Joseph M. Infante*
Joseph M. Infante, admitted pro hac vice
Attorneys for Plaintiffs

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

51269351.1/162870.00001
PLAINTIFFS' NOTICE OF DISCOVERY DISPUTE          - 4 -          Case No. 3:24-CV-6256-CRB