Joseph M. Infante (pro hac admission)
infante@millercanfield.com
Stephen M. Ragatzki (pro hac admission)
ragatzki@millercanfield.com
**MILLER, CANFIELD, PADDOCK AND STONE, PLC**
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
Tel: (616) 776-6333 / Fax: (616) 776-6322

Eugene M. Pak (Bar No. 168699)
epak@fennemorelaw.com
Angela Han (Bar No. 317137)
ahan@fennemorelaw.com
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, California 94607
Tel: (510) 834-6600 / Fax: (510) 834-1928

Attorneys for Plaintiffs Hoopes Vineyard LLC, Summit Lake Vineyard, and Cook's Flat Associates a California Limited Partnership

SHERYL L. BRATTON, COUNTY COUNSEL
(State Bar No. 144209)
SHERRI S. KAISER, CHIEF DEPUTY
(State Bar No. 197986)
sherri.kaiser@countyofnapa.org
JASON M. DOOLEY, DEPUTY
(State Bar No. 258570)
jason.dooley@countyofnapa.org
**OFFICE OF THE NAPA COUNTY COUNSEL**
1195 THIRD STREET, SUITE 301
NAPA, CA 94559
(707) 253-4521

ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
**RENNE PUBLIC LAW GROUP**
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile: (415) 848-7230

Attorneys for Defendant Napa County

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF NAPA, <br><br> Defendant. | Case No. 3:24-cv-6256-CRB <br><br> Hon. Charles R. Breyer <br><br><br><br> Action Filed:  September 5, 2024 |

51432215.1/162870.00001

JOINT CASE MANAGEMENT STATEMENT                                    3:24-CV-6256-CRB

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
ATTORNEYS AT LAW

The Parties, by and through their respective attorneys, submit their Joint Case Management Statement as follows:

## 1. Jurisdiction and Service.

**Plaintiffs' Statement:** The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs have alleged violations of the United States Constitution in their First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Claims for Relief. The Court has supplemental jurisdiction over Plaintiffs' Twelfth Claim for Relief (State Law Preemption) under 28 U.S.C. § 1367 because Plaintiffs' state law preemption claims concern Napa County's enforcement of regulations against Plaintiffs and form part of the same case or controversy as Plaintiffs' constitutional claims. Finally, Plaintiffs' Thirteenth Claim for Relief requests an injunction to stop the constitutional and state law violations alleged in the preceding counts.

There are no issues regarding personal jurisdiction or venue. Napa County has been properly served and there are no remaining parties to serve.

**Defendant's Statement**: Plaintiffs invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331 by advancing numerous claims under federal law. In the County's view, however, Plaintiffs have not pleaded facts sufficient to establish an Article III case or controversy or to state a plausible claim for relief with respect to their federal claims. *See* ECF No. 30. As a result, this Court does not have supplemental jurisdiction over Plaintiffs' state law preemption claim or the derivative request for injunctive relief regarding that claim.

The County agrees there are no issues regarding personal jurisdiction or venue. The County also agrees that the County has been properly served and there are no remaining parties to serve.

51432215.1/162870.00001

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

JOINT CASE MANAGEMENT STATEMENT          - 2 -          3:24-CV-6256-CRB

## 2. **Facts.**

**Plaintiffs' Statement**: Plaintiffs each operate a winery in Napa County, California. Their winery operations are regulated by Defendant Napa County through a series of official and unofficial policies and ordinances which are ever changing based on the whim of Defendant. For example, historically, Plaintiffs have had visitors from the public in the tasting rooms and offered wine for sale by the glass and by the bottle. Plaintiffs have also had the right to host business, social, and cultural events. Recently, however, Napa County, based on vague ordinances and unilateral revisions to internal County documents, has taken these rights away from Plaintiffs. Napa County has offered to restore Plaintiffs' rights if Plaintiffs (i) agree to use 75% grapes grown in Napa County, (ii) to indemnify Napa County from legal challenge by third parties, and (iii) agree to pay millions of dollars in public improvement projects. This is just one example of numerous violations of Plaintiffs' constitutional rights.

**Defendant's Statement**:

Plaintiffs' properties lie within the County's Agricultural zoning districts, which the County created to encourage agriculture as the highest and best use of Napa Valley's fertile land and to protect its watershed. Both Plaintiffs Hoopes Vineyard LLC ("Hoopes") and Summit Lake Vineyards and Winery LLC ("Summit Lake") operate their wineries pursuant to Small Winery Exemptions, which limit their wineries to a maximum annual production capacity of twenty thousand gallons of wine and prohibit the wineries from conducting public tours, providing wine tastings, selling wine-related items or holding social events of a public nature. *See* NCC § 18.08.600. Hoopes and Summit Lake can expand their entitlements by going through the required application process that ensures their operations meet health, safety, and environmental standards and obtaining the required permits. Instead, Plaintiffs have brought this challenge in a misguided attempt to avoid compliance with the County's longstanding and quintessentially local land use

51432215.1/162870.00001

regulations that protect the agricultural character of Napa County and the health, safety, and welfare of its residents.  However, Plaintiffs' claims suffer from a variety of fatal deficiencies, including timeliness, justiciability, and a lack of factual support.

The third Plaintiff, Cook's Flat Associates a California Limited Partnership dba Smith-Madrone ("Smith-Madrone"), does not operate pursuant to a Small Winery Exemption and is permitted to conduct wine tastings limited to a private, invitation only basis.  The SAC is bereft of allegations specific to Smith-Madrone and concedes that it has not sought to modify its existing permit or been subject to any County code enforcement proceedings.  That concession is dispositive to many of its claims.  Smith-Madrone has not availed itself of the very application process through which any expanded use would be considered, and it points to no enforcement action, threatened or actual, that constrains its operations.  It therefore has suffered no cognizable injury, its claims are neither ripe nor supported by any live case or controversy, and it lacks standing to proceed.

Plaintiffs' First Amendment retaliation claims, which rest on speculation and conclusory allegations, fare no better.  The evidence will show that the County did nothing more than apply and enforce neutral, generally applicable land use regulations that govern all properties within the Agricultural zoning districts.  Plaintiffs' efforts to transform routine, evenhanded application of land use regulations into unconstitutional retaliation is unsupported by the facts and will not withstand judicial scrutiny.

**3.**    **Legal Issues**.

**Plaintiffs' Claims**:

a.    <u>First Amendment</u>.    Commercial speech is protected by the First Amendment. *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of New York*, 447 U.S. 557, 566 (1980). Plaintiffs challenge Napa County's written and unwritten restrictions on visitors and events both facially and as applied to them because these restrictions prohibit Plaintiffs from marketing their

51432215.1/162870.00001

products for sale, which is protected commercial speech.  *See, e.g.*, *Am. Future Sys., Inc. v. Pennsylvania State Univ.*, 752 F.2d 854, 857 (3d. Cir. 1984); *Bd. of Trustees of State University of New York v. Fox*, 492 U.S. 469 (1989) (product demonstrations are commercial speech).

Plaintiffs further challenge Napa County's requirement to indemnify the County from legal challenge, which chills Plaintiffs' ability to file a lawsuit against Napa County. Finally, Plaintiffs challenge conduct by Napa County against Plaintiffs in retaliation for engaging in protected conduct.

b.      Prior Restraint.  Napa County requires Plaintiffs to get prior permission before holding cultural, business, or social events at which they will market their wine for sale at their respective wineries.  The requirement that Plaintiffs get government permission before speaking is an unlawful prior restraint.  *E.g.*, *Alexander v. United States*, 509 U.S. 544, 550 (1993).  There is a "heavy presumption" against the constitutional validity of prior restraints.  *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 757 (1988).

c.      Content-Based Speech Restriction.  Before it considers approving social, cultural, and business events, Napa County evaluates "the intent of the event, the proportion of the business event's non-wine related content, and the intensity of the overall marketing plan."  By conditioning approval of events at wineries based on the proposed messages conveyed at those events, Napa County is engaging in content-based restrictions of protected First Amendment conduct.  Content-based restrictions are "presumptively invalid."  *Ysursa v. Pocatello Educ. Ass'n*, 555 U.S. 353, 358 (2009).

d.      Due Process – Void for Vagueness.  Napa County enforces definitional sections as if they were operative law.  The County also enforces Road and Street Standards against wineries, including Plaintiffs, even though wineries are agricultural uses and not subject to the Road and Street Standards.  This arbitrary exercise of power violates Plaintiffs' rights to operate their

51432215.1/162870.00001

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

businesses. *E.g.*, *Safeway Inc. v. City and County of San Francisco*, 797 F. Supp. 2d 964, 969 (N.D. Cal. 2011).

Finally, Napa County enforces terms like "marketing" and "tastings" without providing a definition for the terms, which leaves enforcement of the terms up to the discretion of County officials. These vague terms are void for vagueness because they are not clearly defined. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

e.    <u>Due Process – Non-Delegation</u>.  Napa has delegated approval of new permits and modification of existing permits to third parties.  That delegation of approval to third parties is unconstitutional, both facially and as applied to Plaintiffs' properties.  *E.g.*, *Eubank v. City of Richmond*, 226 U.S. 137, 143-44 (1912); *Young v. City of Simi Valley*, 216 F.3d 807 (9th Cir. 2000); *Rice v. Village of Johnston, Ohio*, 30 F.4th 584 (6th Cir. 2022).

f.    <u>Dormant Commerce Clause</u>.  Napa County requires wineries to make wine using at least 75% grapes grown in Napa County.  This is local economic protectionism and is barred by the Dormant Commerce Clause.  Federal courts in Minnesota and Michigan have already ruled that similar grape-source requirements violate the Dormant Commerce Clause.  *See Alexis Bailly Vineyard, Inc. v. Harringon*, 482 F. Supp. 3d 820, 824 (D. Minn. 2020) *and Wineries of the Old Mission Peninsula Ass'n v. Peninsula Twp.*, No. 1:20-cv-1008, 2022 WL 2155097, at *7-9 (W.D. Mich. June 3, 2022).

g.    *Nollan* and *Dolan* <u>Taking</u>.  Before a winery can get a new or expanded use permit, the winery must (1) agree to use at least 75% of grapes grown in Napa County, (2) indemnify the County from legal challenge for the issuance of the permit, and (3) agree to pay exorbitant costs to improve roadways in a manner disproportionate to the winery's proposed use.  These requirements constitute a taking under *Nollan v. California Coastal Comm'n*, 483 U.S. 825 (1987), *Dolan v. City*

51432215.1/162870.00001

*of Tigard*, 512 U.S. 374 (1994), *Koontz v. St. Johns River Water Mgmt Dist.*, 570 U.S. 595 (2013), and *Sheetz v. County of El Dorado, California*, 601 U.S. 267 (2024).

h.   Regulatory Taking.   Plaintiffs hold Winegrowers licenses issued by the State of California.  Winegrowers licenses are valuable property rights.  *Dash, Inc. v. Alcoholic Beverage Control Appeals Bd.*, 683 F.2d 1229, 1233 (9th Cir. 1981).  Napa County, through its enforcement of written and unwritten policies against Plaintiffs, has interfered with Plaintiffs' property rights and amount to a regulatory taking under *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978).

i.   Equal Protection.   Napa County arbitrarily created two classes of wineries with different rights and allowed uses with no rational distinction for the difference based on objective criteria like size or impact.

j.   State Law Preemption.  California counties "may make and enforce within its limits all local police, sanitary, and other ordinances and regulations not in conflict with general laws." Cal. Const. art. XI, § 7.  County ordinances that conflict with general state laws are void.  *See, e.g.*, *O'Connell v. City of Stockton*, 41 Cal. 4th 1061, 1067 (2007).  Napa County Code Sections 18.08.370, 18.08.600, 18.08.620, 18.16.030, 18.20.020 and 18.20.030 conflict with and are preempted by California law.

**Defendant's Response:**  Defendant anticipates that the following legal issues will be presented:

**Timeliness.**  Many of Plaintiffs' claims are time-barred.  The state-law preemption claim is untimely under the three-year limitations period because every state law at issue was enacted before September 5, 2021; the facial takings, substantive due process, and equal protection claims accrued on enactment of the challenged ordinances — all adopted well outside the two-year period; and

51432215.1/162870.00001

Summit Lake's challenge to the County's 2019 entitlement determination expired before this suit was filed.

**Justiciability and ripeness.**  Plaintiffs' as-applied constitutional claims are in large part unripe because Plaintiffs have not obtained, or in Smith-Madrone's case even sought, a final County decision regarding their desired use of their properties — a defect the Ninth Circuit itself flagged and expressly left open for this Court to revisit.  Plaintiffs cannot satisfy Article III's case-or-controversy requirement.

**Municipal liability (*Monell*).**  Plaintiffs have impermissibly premised their Section 1983 claims on the alleged "interpretations" of County employees who are not final policymakers and have not been delegated final policymaking authority under state law.  *Monell* forecloses this theory of liability.

**Preemption.**  The preemption claim fails as a matter of law.  The Alcoholic Beverage Control Act and the California Building Code both expressly authorize local land use regulation, and the County's zoning ordinances impose geographic land use limits that do not conflict with state law.  Plaintiffs' undeveloped invocation of federal law identifies no statute and cannot state a claim against a traditional land use regulation.

**First Amendment.**  The First Amendment claims fail because the County's land use regulations govern the intensity of physical land uses, not expression, and do not single out expressive activity.  Any incidental commercial speech at issue promotes unpermitted — and therefore unlawful — activity and falls outside *Central Hudson's* protection.

**Due process.**  The County Code provides clear definitions and is not unconstitutionally vague; the regulations are rationally related to legitimate interests in agricultural preservation and are neither arbitrary nor arbitrarily enforced; and Plaintiffs hold no vested property interest in uses their entitlements never authorized.

51432215.1/162870.00001

**Takings.** As stated above, Plaintiffs' as-applied takings claims are unripe for want of a final decision. Their facial claims are time-barred. On the merits, Plaintiffs allege no exaction or conveyance of a property interest under *Nollan/Dolan*, and no vested interest or deprivation of value supporting a regulatory takings claim under *Penn Central*.

**Equal protection.** The County's classifications among wineries are rationally related to the legitimate interest in upholding health, safety, and environmental standards and preserving the rural, agricultural character of the Agricultural Districts.

**Non-delegation.** The County does not delegate approval of new permits and modification of existing permits to third parties, and Plaintiffs have failed to allege any facts that plausibly supports such a claim. Plaintiffs identify no ordinance or policy delegating governmental authority to private parties, nor do they identify any specific instance of the County delegating authority to a private party.

**Dormant Commerce Clause.** Plaintiffs lack standing to challenge County Code section 18.104.250 because it does not apply to their pre-WDO wineries and they have not established that it would apply even if they expanded their operations as they intend. Regardless, the requirement that post-WDO wineries use at least 75% Napa-grown grapes regulates land use rather than commerce, does not discriminate against interstate commerce, and imposes no burden that outweighs the County's substantial interest in agricultural preservation under *Pike*.

4. **Motions.** Napa County previously filed a Motion for Order Changing Time and Request for Leave to Exceed Page Limit. ECF No. 22. The Court granted the motion. *See* ECF No. 23.

The parties submitted a joint Motion for Order Changing Time and Stipulated Request for Leave to Exceed Page Limit. ECF No. 27. The Court granted motion. *See* ECF No. 29.

Napa County filed a motion to dismiss the FAC or, in the alternative, for abstention. *See* ECF No. 53. The Court granted the motion with leave to amend as to Summit Lake's and Smith-Madrone's First Amendment retaliation claims. *See* ECF No. 69. Plaintiffs appealed. *See* ECF No. 71.

Napa County filed a motion to dismiss the SAC. *See* ECF No. 74. The Court granted the motion. *See* ECF No. 82. Plaintiffs appealed. *See* ECF No. 84.

On remand from the Ninth Circuit, the County seeks leave to file a renewed motion to dismiss the SAC. *See infra*, Section 20 (Issues Remaining Following Remand). Furthermore, and dependent on the Court's resolution of the issues remaining on remand, the County may file a motion for judgment on the pleadings. Plaintiffs reserve all objections to a renewed Rule 12 motion, including under Rules 12(g) and 12(h), the mandate rule, law-of-the-case principles, waiver, undue delay, and prejudice. Plaintiffs do not consent through this Joint Statement to serial Rule 12 motions or to relitigation of arguments that were previously available to or asserted by the County.

Plaintiffs and Defendant anticipate filing motions for summary judgment following discovery.

5.    Amendment of Pleadings.  Plaintiffs filed a Second Amended Complaint on April 25, 2025, ECF No. 70, in accordance with the Court's Order Granting Motion to Dismiss, ECF No. 69. The substantive amendments within the Second Amended Complaint were limited to Summit Lake and Smith- Madrone's repleading of the Thirteenth Claim for Relief, asserting Napa County's retaliation against them for engaging in protected activities. Plaintiffs repleaded the remainder of the allegations to avoid any arguments that they had abandoned or waived their other claims. The Second Amended Complaint is the operative complaint. Plaintiffs are investigating whether amendment may be appropriate to add one or more additional parties whose potential claims involve the same or substantially similar County ordinances, policies, practices, and entitlement

51432215.1/162870.00001

interpretations at issue here. Plaintiffs do not presently seek to identify or add any proposed party and reserve the right to seek leave to amend after completing that investigation. Plaintiffs propose a deadline of **September 11, 2026** for motions to amend or add parties, without prejudice to a later motion based on good cause.

Defendant does not consent through this Joint Statement to any amendment of the Second Amended Complaint or the joinder of any additional plaintiffs, and expressly reserves all rights and objections with respect to any motion for leave to amend.

6.    Evidence Preservation.    Counsel for the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7.    Disclosures.    Plaintiffs served their initial disclosures on November 27, 2024.  Napa County served its initial disclosures on January 27, 2025.

8.    Discovery. Plaintiffs have served two sets of discovery requests to Napa County. The first set is the subject of a forthcoming motion to compel.  The time for Napa County to respond to the second set has not yet occurred.

Plaintiffs intend to take discovery on (i) the rationale for the passage of the various winery-related ordinances; (ii) other less restrictive means Defendant considered for the passage of its winery-related ordinances; (iii) Defendants' enforcement of its winery-related ordinances, including enforcement across different types of wineries, (iv) Defendant's winery database; and (v) Defendant's interpretation of the winery-related ordinances (vi) communications with third-parties regarding the interpretation and enforcement of the winery-related ordinance as well as other issues.

51432215.1/162870.00001

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

Napa County previously filed a motion to stay discovery, ECF No. 42, which the Court denied. ECF No. 52.

The County intends to take discovery on (i) Plaintiffs' land uses; (ii) Plaintiffs' knowledge of the scope of their permitted land uses under their respective use permits or small winery exemptions; (iii) Plaintiffs' financial information regarding their alleged damages; (iv) Plaintiffs' business practices; (v) Plaintiffs' grape sourcing; and (vi) Plaintiffs' communications with third parties regarding the interpretation and enforcement of the winery-related ordinances as well as other issues.

The parties have not considered entering into a stipulated e-discovery order.

The parties propose that fact discovery should close on December 10, 2027, and expert discovery should close on April 21, 2028.

The parties do not propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure and local rules.

Electronically Stored Information: ESI shall be produced in native format.

All documents produced in discovery shall be Bates labeled by the producing party.

Privilege: The parties do not anticipate issues related to privilege at this point. If an issue related to privilege arises, the parties will meet and confer regarding whether a stipulated protective order could resolve the issue.

9.    Class Actions. This case is not a class action.

10.    Related Cases. *Napa County and the People of the State of California ex rel. Sheryl L. Bratton* v. *Hoopes Family Winery Partners, LP, Hoopes Vineyard, LLC, Lindsay Blair Hoopes, and DOES 1 through 10*, Case No. 22CV001262 (Superior Court of the State of California, County of Napa).

11.    Relief. Plaintiffs seek the following relief:

51432215.1/162870.00001

a. A declaration that Napa County's official and unofficial policies, procedures and ordinances have violated the constitutional rights of Plaintiffs as described in ECF No. 1 and that an injunction against their future enforcement should enter.

b. A declaration that Napa County Code Sections 18.08.370, 18.08.600, 18.08.620, 18.16.030, 18.20.020 and 18.20.030 are preempted by California law and an injunction against their continued enforcement.

a. Damages under 42 U.S.C. § 1983 in an amount to be determined by the trier of fact, including prejudgment interest as allowed by law. Plaintiffs will seek an award of attorneys' fees under 42 U.S.C. § 1988.

12. <u>Settlement and ADR</u>. The parties have not engaged in any settlement discussions to date. The parties prefer to discuss ADR selection with the Court at the case management conference.

13. <u>Other References</u>. This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. <u>Narrowing of Issues</u>.

Plaintiffs propose that the parties stipulate that the advertisement and sale of wine, both by the glass and by the bottle, is protected by the First Amendment. Plaintiffs further propose that the parties stipulate that the primary purpose of holding business, social, and cultural events is to sell wine to customers.

Defendant Napa County refuses to stipulate as to legal issues that are more properly resolved by the Court in connection with the County's unresolved dispositive motion to dismiss and any future dispositive motions. *See* ECF No. 53.

15. <u>Scheduling</u>. The parties propose the following deadlines:

a. Designation of experts:

      i.    Party with the burden of proof: August 13, 2027

      ii.    Rebuttal experts: September 24, 2027

    b.    Discovery cutoff:

      i.    Fact discovery: December 10, 2027

      ii.    Expert discovery: April 21, 2028

    c.    Expert report deadlines under Fed. R. Civ. P. 26(a)(2)(B):

      i.    Party with the burden of proof: January 14, 2028

      ii.    Rebuttal experts: February 25, 2028

    d.    Hearing of dispositive motions: August 2028

    e.    Pretrial conference: ~~October 2028~~ TBD

    f.    Trial: December ~~2028~~ TBD

16.    <u>Trial</u>.  Plaintiffs have not demanded a jury.  Plaintiffs anticipate four days for their case-in-chief.  Defendant demands a jury.

17.    <u>Disclosure of Non-party Interested Entities or Persons</u>.  Plaintiffs filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15 on November 22, 2024.  *See* ECF No. 36-38.  Pursuant to Civil L.R. 3-15, the undersigned attorneys for Plaintiff certify that as of this date, there is no conflict or interest (other than the named parties) to report.

Defendant Napa County is exempt from this disclosure as a governmental entity.

18.    <u>Professional Conduct</u>.  Attorneys of record for all parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19.    <u>Other</u>.  Plaintiffs anticipate the need for leave to file more than one summary judgment motion.  There are some claims that are inherently legal in nature that can be resolved without the need for much or any discovery and it would be more efficient to resolve those sooner

51432215.1/162870.00001

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

JOINT CASE MANAGEMENT STATEMENT    - 14 -    3:24-CV-6256-CRB

rather than later.  Defendant disagrees and expect a single summary judgment motion will suffice, though additional pages for briefing may be requested if necessary.

20.   Issues Remaining Following Remand.  On appeal, the Ninth Circuit found that this Court erred in abstaining from hearing Hoopes' First Amendment retaliation claim for damages, erred in applying *Younger* to abstain from hearing Summit Lake and Smith-Madrone's claims, and erred in dismissing Summit Lake and Smith-Madrone's First Amendment retaliation claims.  The Ninth Circuit also concluded that "[a]t this stage of the litigation, Summit Lake and Smith-Madrone have demonstrated that, under the framework of *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992), they have standing to bring their pre-enforcement First Amendment, Dormant Commerce Clause, due process, equal protection, permit taking, and regulatory taking claims…The district court, however, retains its authority to revisit Summit Lake and Smith-Madrone's standing and other justiciability issues as the case progresses."  *See* ECF No. 86 at 4–5.

Neither this Court nor the Ninth Circuit addressed other arguments raised in Napa County's Motion to Dismiss, ECF No. 53, and on appeal.  Those unresolved issues include Napa County's substantive arguments that Plaintiffs fail to state a claim upon which relief can be granted for several reasons, including but not limited to the applicable statute of limitations, municipal liability under 42 U.S.C. § 1983, insufficient factual allegations to support plausible claims, as well as other legal and factual deficiencies. The parties anticipate that discovery will proceed while the Court resolves these issues.

**Plaintiffs' Position on New Briefing**: Plaintiffs do not believe additional Rule 12 briefing is necessary. The issues that remain following remand were extensively briefed in ECF Nos. 53, 57, and 59. The Court's March 28, 2025 Order resolved the case on *Younger* abstention grounds and therefore did not reach many of Napa County's alternative arguments. Because the Ninth Circuit has now resolved the abstention issues that formed the basis of dismissal, Plaintiffs submit

51432215.1/162870.00001

that the Court may address any remaining legal issues on the existing briefing and that the parties should proceed with discovery under a revised case schedule. The unresolved issues following remand have already been the subject of approximately 80 pages of merits briefing and more than 100 pages of briefing in total. The chart below identifies the portions of the existing briefing addressing each unresolved issue.

| Issue | Napa Motion (ECF 53) | Plaintiffs Opposition (ECF 57) | Napa Reply (ECF 59) |
|---|---|---|---|
| Pullman Abstention | 34–36 | 7–8 | 9–10 |
| Colorado River Abstention | 36–38 | 8–10 | 10–11 |
| Monell | 38–40 | 10 | 10–13 |
| First Amendment (non-retaliation) | 40–50 | 11–19 | 10–15 |
| Dormant Commerce Clause | 54–59 | 20–21 | 17–18 |
| Timeliness | 20–21, 46–47, 54–55, 59–60 | 22–24 | 1–4 |
| Takings Merits | 55–59 | 24–26 | 17–18 |
| Due Process/Vagueness | 46–52 | 26–29 | 16–17 |
| Non-Delegation | 52–54 | 29–30 | 17 |
| Equal Protection | 59–60 | 30 | 20 |
| Preemption | 20–25 | 30–34 | 15–16 |

**Napa County's Position on New Briefing**: Defendant respectfully submits that the interests of judicial economy and the efficient administration of justice would be best served by permitting Defendant to file a renewed motion to dismiss the SAC to address the unresolved issues that neither this Court nor the Ninth Circuit has reached. At a minimum, Defendant requests permission to file supplemental briefing focusing on the issues and arguments that were not previously addressed by the Court.

Plaintiffs' claims suffer from fundamental legal deficiencies that are appropriately resolved at the pleading stage under Rule 12, before the parties and the Court expend significant resources on discovery and merits litigation. Although Defendant's Motion to Dismiss the FAC (ECF No. 53)

51432215.1/162870.00001

addressed many of these deficiencies, that motion was filed more than eighteen months ago, on January 10, 2025, and was directed at the FAC, not the operative SAC. Defendant's Motion to Dismiss the SAC, only addressed Summit Lake's and Smith-Madrone's First Amendment retaliation claims. A renewed motion directed at the operative SAC would allow Defendant to present the issues in the context of the current allegations and the present procedural posture of the case.

In addition, a substantial portion of Defendant's prior motion was necessarily devoted to issues of standing and abstention that will not be raised in a renewed motion to dismiss the SAC. Defendant was required to devote considerable space to those threshold jurisdictional issues, leaving limited opportunity to fully address the remaining pleading deficiencies. A renewed motion would allow the parties to comprehensively brief the remaining dispositive issues, providing the Court the best opportunity to resolve these questions. This would promote judicial economy by narrowing, or eliminating, legally deficient claims before the parties incur the significant costs associated with merits litigation.

Accordingly, Defendant respectfully requests leave to file a renewed motion to dismiss the SAC, not to exceed 30 pages. In the alternative, Defendant requests leave to file up to 15 pages of supplemental briefing focusing on the issues and arguments that were not previously addressed by the Court.

Respectfully submitted,

Dated: August 10, 2026          MILLER, CANFIELD, PADDOCK
                                AND STONE, P.L.C.


                                By: /s/ Joseph M. Infante
                                    Joseph M. Infante, admitted pro hac vice
                                    Attorneys for Plaintiffs

51432215.1/162870.00001

MILLER, CANFIELD,
PADDOCK AND STONE,
P.L.C.
ATTORNEYS AT LAW

JOINT CASE MANAGEMENT STATEMENT          - 17 -                    3:24-CV-6256-CRB

Dated: August 10, 2026          FENNEMORE WENDEL


                                By: */s/ Eugene M. Pak*
                                    Eugene M. Pak
                                    Attorneys for Plaintiffs


Dated: August 10, 2026          RENNE PUBLIC LAW GROUP


                                By: */s/ Ryan P. McGinley-Stempel*
                                    Ryan P. McGinley-Stempel
                                    Attorneys for Defendant Napa County

### ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained by the other signatory(ies) hereto.

DATED: August 10, 2026          */s/ Joseph M. Infante*
                                    Joseph M. Infante
                                    Attorneys for Plaintiffs

The Court adopts the Joint Case Management Statement. Defendant may file a renewed motion to dismiss by August 26, 2026. Responsive briefing shall be subject to the standard deadlines in the Federal Rules of Civil Procedure and the Civil Local Rules. A Joint Case Management Statement due by January 22, 2027. Case Management Conference set for January 29, 2027 at 8:30 a.m. by video conference. Pretrial and Trial dates to be determined.

Date: August 12, 2026

IT IS SO ORDERED

Judge Charles R. Breyer

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

51432215.1/162870.00001

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. ATTORNEYS AT LAW

JOINT CASE MANAGEMENT STATEMENT          - 18 -          3:24-CV-6256-CRB