SHERYL L. BRATTON, County Counsel (SBN 144209)
JASON M. DOOLEY, Chief Deputy (SBN 258570)
jason.dooley@countyofnapa.org
NAPA COUNTY COUNSEL'S OFFICE
1195 Third Street, Suite 301
Napa, California 94559
Telephone: (707) 253-4521
Facsimile: (707) 259-8220

ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile: (415) 848-7230

Attorneys for Defendant
COUNTY OF NAPA

RENNE PUBLIC LAW GROUP
Attorneys at Law

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,

Plaintiffs,

v.

COUNTY OF NAPA,

Defendant.

Case No. 3:24-cv-06256-CRB

**DEFENDANT NAPA COUNTY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Judge: Hon. Charles R. Breyer
Hearing Date: October 23, 2026
Hearing Time: 10:00 a.m.
Location: Zoom Videoconference

Action Filed: September 5, 2024
SAC Filed: April 24, 2025

Pursuant to Federal Rule of Evidence 201, Defendant Napa County respectfully requests that the Court take judicial notice of the following documents in support of its Motion to Dismiss Plaintiffs' Second Amended Complaint, true and correct copies of which are attached hereto:

**Exhibit A**: Recorded Grant Deed for three parcels of land in Napa County, California, dated October 1, 1971

**Exhibit B**: Cal. Sen. Comm. on Governmental Organization, Analysis of Assem. Bill No. 2004, dated June 10, 2008 (2007-2008 Reg. Sess.)

**Exhibit C:** Cal. Assem. Bill No. 2004, as amended in Senate on June 24, 2008 (2007-2008 Reg. Sess.)

In resolving a motion to dismiss, courts may consider documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested, as well as matters of public record that are not subject to reasonable dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'"), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Hoffman v. Life Ins. Co. of the Sw.*, 740 F. Supp. 3d 918, 924 (N.D. Cal. 2024) ("the doctrine of incorporation by reference permits a court to treat an extrinsic document as if it were part of the complaint if the pleading 'refers extensively to the document' or if 'the document forms the basis' of a claim").

Here, Exhibit A is a recorded grant deed dated October 1, 1971 for three parcels of land in Napa County, California. Courts routinely identify recorded deeds as judicially noticeable. *See, e.g., Little Woods Mobile Villa LLC v. City of Petaluma,* 736 F. Supp. 3d 757, 765 (N.D. Cal. 2024); *see Ford v. Lehman Bros. Bank, FSB*, No. C 12-00842 CRB, 2012 WL 2343898, at *3 n.1 (N.D. Cal. June 20, 2012) (granting judicial notice of deed, "because district courts are permitted to take judicial notice of matters of public record, as the facts therein can be 'accurately and readily determined from sources whose accuracy cannot be reasonably questioned.'") (citing Fed. R. Evid. 201(b)(2)).

Exhibits B and C are documents regarding the legislative history and enactment of California Assembly Bill No. 2004 (Reg. Sess. 2007-2008), which amended California Bus. & Prof. Code § 23358(e). The Ninth Circuit recognizes that "[l]egislative history is properly a subject of judicial

RENNE PUBLIC LAW GROUP
Attorneys at Law

notice." *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012). The Court should therefore grant notice of the exhibits.

Dated: August 26, 2026

RENNE PUBLIC LAW GROUP

By: /s/ *Ryan P. McGinley-Stempel*
Ryan P. McGinley-Stempel

Attorneys for Defendant
NAPA COUNTY

# EXHIBIT A

AND WHEN RECORDED MAIL TO:
Security Title Insurance Company
P.O. Box 727
Napa, California, 94558

BE0172

RECORDED AT REQUEST OF SECURITY TITLE
IN OFFICIAL RECORDS OF NAPA COUNTY, CALIF.
10:00 AM JAN 19 1972
MILDRED PHILBRICK
COUNTY RECORDER

5.20

I..... C..... P....

MAIL TAX STATEMENTS TO

DOCUMENTARY TRANSFER TAX $ NONE
☐ COMPUTED ON FULL VALUE OF PROPERTY CONVEYED, OR
☐ COMPUTED ON FULL VALUE LESS LIENS & ENCUMBRANCES REMAINING THEREON AT TIME OF SALE.
Russell [signature] STICO
Signature of declarant or agent determining tax-firm name
☐ Unincorporated Area ☐ City of

(x=210)

18-120-5, 8, 9, 10, 7, 29, 30, 28, 33, 35, 38

## GRANT DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, ~~NELS A. JOHNSON and VERA OLIVE JOHNSON, his wife; WINFRED B. ZIMMERLY and BETTE W. ZIMMERLY, his wife~~; VAN B. ANSPACH and KATHERYN E. ANSPACH, his wife; EDWARD S. HUNT and NANCY E. HUNT, his wife; FRANK DANIEL BERARDI; KEITH AULL; J. GENE ZIMMERMAN and ESTHER J. ZIMMERMAN, his wife; EDWARD R. CONEY and ELIZABETH W. CONEY, his wife; ~~EDWARD~~ DAVID CHRISTIAN BURG and NANCY BURG, his wife, and ~~GLENN D. BISEL and ETHEL E. BISEL, his wife~~; and NORTHERN CALIFORNIA CONFERENCE ASSOCIATION OF THE SEVENTH-DAY ADVENTISTS, a corporation, Robert Brakesman, THEODORE EBERLEIN, AND MINNIE EBERLEIN HIS WIFE.

HEREBY GRANT TO:

~~NELS A. JOHNSON and VERA OLIVE JOHNSON, his wife; WINFRED B. ZIMMERLY and BETTE W. ZIMMERLY, his wife~~; VAN B. ANSPACH and KATHERYN E. ANSPACH, his wife; EDWARD S. HUNT and NANCY E. HUNT, his wife; FRANK DANIEL BERARDI; KEITH AULL; J. GENE ZIMMERMAN and ESTHER J. ZIMMERMAN, his wife; EDWARD R. CONEY and ELIZABETH W. CONEY, his wife; ~~EDWARD~~ DAVID CHRISTIAN BURG and NANCY BURG, his wife, ~~and GLENN D. BISEL and ETHEL E. BISEL, his wife~~, and NORTHERN CALIFORNIA CONFERENCE ASSOCIATION OF THE SEVENTH-DAY ADVENTISTS, a corporation, Robert Brakesman, THEODORE EBERLEIN, AND MINNIE EBERLEIN HIS WIFE.

SEE EXHIBIT A

Said Rights of Way shall be appurtenant to the lands of the grantees herein, their successors or assigns.

Dated Oct 1, 1971

~~Nels A. Johnson~~ | ~~Vera Olive Johnson~~

Northern California Conference Association of The Seventh-Day Adventists
BY: [signature], V-P
BY

~~Winfred B. Zimmerly~~ | ~~Bette W. Zimmerly~~
Van B. Anspach | Katheryn E. Anspach
Edward S. Hunt | Nancy E. Hunt
Frank Daniel Berardi | Keith Aull
J. Gene Zimmerman | Esther J. Zimmerman
Edward R. Coney | Elizabeth W. Coney
~~Edward~~ DAVID Christian Burg | Nancy Burg
~~Glenn D. Bisel~~ | ~~Ethel E. Bisel~~
Theodore Eberlein | Minnie Eberlein

Robert Brakesman

WITNESS: Ronald McGowan

EXHIBIT A

That certain real property situated in the County of Napa, State of California, described as follows:

PARCEL ONE:

A non-exclusive Right of Way for road purposes over and along a strip of land 40 feet in width, the Southerly line of which is described as follows:

Beginning at the Southeast corner of Section 30, Township 9 North, Range 5 West, Mount Diablo Base and Meridian; thence along the Southerly line of said Section 30, North 88 degrees 30 minutes West 1,212.75 feet to the Southeasterly corner of the 7.08 acre tract of land described in the deed to Edward S. Hunt and wife, recorded in Book 741 of Official Records at page 68, Napa County Records.

PARCEL TWO:

A non-exclusive Right of Way for road purposes over and along a strip of land 40 feet in width the center line of which is described as follows:

Beginning at the Southeasterly corner of the 7.08 acre tract of land, described in the deed to Edward S. Hunt and wife, recorded July 31, 1967, in Book 770 of Official Records at page 28, Napa County Records; thence North 1 degree 51 minutes East 71.25 feet; thence North 86 degrees 39 minutes West 98 feet; thence North 77 degrees 21 minutes West 36.10 feet; thence North 68 degrees 29 minutes West 467 feet; thence South 87 degrees 01 minutes West 156.91 feet; thence North 47 degrees 57 minutes West 281.40 feet; thence South 79 degrees 18 minutes West 115 feet; thence South 38 degrees 16 minutes West 247 feet; thence South 75 degrees 18 minutes West 174.50 feet; thence South 48 degrees 20 minutes West 113 feet more or less, to the Westerly line of the Southeast quarter of Section 30, Township 9 North, Range 5 West, Mount Diablo Base and Meridian; thence along said line, South 1 degree 28 minutes East 62 feet to the Southerly line of said Section 30.

PARCEL THREE:

A non-exclusive Right of Way for Road purposes over and along a strip of land 40 feet in width, the center line of which is described as follows:

Beginning at the point of intersection of the Western line of the Southeast quarter of Section 30, Township 9 North, Range 5 West, Mount Diablo Base & Meridian, with the center line of an existing 20 foot Right of Way; said center line being the Northeastern line of the 8.4 acre tract of land described as Parcel Two in the deed to Keith Aull and wife, recorded October 11, 1965, in Book 732 of Official Records at page 503, said Napa County Records, as said parcel and center line are shown on the map of the lands of Ben Reimer, et al, recorded August 29, 1967, in Book 13 of Records of Survey,

EXHIBIT A (Continued)

at page 77, said Napa County Records; thence along said center line, South 85 degrees 47 minutes 45 seconds West 160.67 feet; thence North 32 degrees 45 minutes 20 seconds West 176.46 feet thence North 25 degrees 53 minutes 48 seconds West 197.95 feet; thence North 50 degrees 59 mintues 46 seconds West 191.91 feet; thence North 40 degrees 33 minutes 37 seconds West 168.56 feet; thence North 40 degrees 33 minutes 37 seconds West 23.64 feet; thence South 86 degrees 53 minutes 34 seconds West 177.65 feet; thence North 86 degrees 53 minutes 48 seconds West 106.43 feet; thence to the Northwest corner of the 8.4 acre tract above referred to; thence continuing along said center line of road; North 86 degrees 53 minutes 48 seconds West, 109.04 feet; thence North 87 degrees 53 minutes 35 seconds West 269.82 feet; thence North 84 degrees 09 minutes 55 seconds West 30.00 feet to a found 3/4" iron pipe according to the Record of Survey Map above referred to; said pipe marking the Southeast corner of the land described in the Deed to Edward R. Coney and wife, recorded November 23, 1965, in Book 735 of Official Records at page 193; thence along the Southwestern line of said Parcel; being the center line of a gravel road; North 84 degrees 09 minutes 55 seconds West 142.48 feet, North 85 degrees 35 minutes 58 seconds West 178.16 feet, North 66 degrees 23 minutes 57 seconds West 305.14 feet, North 50 degrees 30 minutes 54 seconds West 241.40 feet, North 28 degrees 46 minutes 40 seconds West 136.79 feet, North 51 degrees 58 minutes 55 seconds West 169.80 feet, and North 62 degrees 31 minutes 23 seconds West 89.92 feet to a point in the South line of the Northwest quarter of the Southwest quarter of said Section 30.

_______________, known to me
to be the person s whose name s are subscribed, to the within instrument and acknowledged that they executed the same.

Signature Christine Marburg

Name (Typed or Printed)
Notary Public in and for said County and State

OFFICIAL SEAL
CHRISTINE MARBURG
Notary Public, California
PRINCIPAL OFFICE IN
LOS ANGELES COUNTY
MY COMMISSION EXPIRES MAY 31, 1975.

Misc-166 (G.S.) Ack. Individual (Rev

Staple

---

STATE OF CALIFORNIA
COUNTY OF Santa Clara } SS.
On Nov 23, 1971 before me,
the undersigned, a Notary Public in and for said County and State, personally appeared Frank Daniel Berardi
_______________, known to me
to be the person S whose name S are subscribed to the within instrument and acknowledged that They executed the same.

Signature V L Senefsky

V. L. SENEFSKY
Name (Typed or Printed)
Notary Public in and for said County and State

FOR NOTARY SEAL OR STAMP

OFFICIAL SEAL
V. L. SENEFSKY
NOTARY PUBLIC CALIFORNIA
SANTA CLARA COUNTY
My Commission Expires Aug. 3, 1974

Misc-166 (G.S.) Ack. Individual (Rev. 12-63)

Staple

---

STATE OF CALIFORNIA
COUNTY OF _______________ } SS.
On _______________ before me,
the undersigned, a Notary Public in and for said County and State, personally appeared _______________
_______________, known to me
to be the person _____ whose name _____ subscribed to the within instrument and acknowledged that _____ executed the same.

Signature _______________

Name (Typed or Printed)
Notary Public in and for said County and State

FOR NOTARY SEAL OR STAMP

Misc-166 (G.S.) Ack. Individual (Rev 12-63)

Staple

---

STATE OF CALIFORNIA
COUNTY OF NAPA } SS.
On Dec 28 1971 before me,
the undersigned, a Notary Public in and for said County and State, personally appeared THEODORE EBERLEIN AND MINNIE EBERLEIN
_______________, known to me
to be the person S whose name S are subscribed to the within instrument and acknowledged that they executed the same.

Signature John P. Treleven

John P. Treleven
Name (Typed or Printed)
Notary Public in and for said County and State

FOR NOTARY SEAL OR STAMP

JOHN P. TRELEVEN
NOTARY PUBLIC — CALIFORNIA
PRINCIPAL OFFICE IN
NAPA COUNTY
My Commission Expires October 5, 1974

Misc-166 (G.S.) Ack. Individual (Rev. 12-63)

Staple

Misc.-166 (G.S.) Ack. Individual (Rev. 9-58)

before me, the undersigned, a Notary Public in and for said County and State, personally appeared Vay B. Anspach, Katheryn E. Anspach, J. Gene Zimmerman and Esther J. Zimmerman, known to me to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same.

[signature]

M. Klinefelter
Name (Typed or Printed)
Notary Public in and for said County and State

FOR NOTARY SEAL OR STAMP

Official Seal
M. KLINEFELTER
Notary Public
Napa County
State of California
My Commission Expires Aug. 30, 1975

---

State of California
County of } SS

OFFICIAL SEAL
CATHERINE M. CHRISTIANSEN
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
My Commission Expires Feb. 24, 1972

OFFICIAL SEAL
CATHERINE M. CHRISTIANSEN
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
My Commission Expires Feb. 24, 1972

On This 7th day of January in the year One Thousand Nine Hundred and Seventy-two before me Catherine M. Christiansen a Notary Public in and for the County of Alameda State of California, residing therein, duly commissioned and sworn, personally appeared David Christian Burg and Nancy Burg known to me to be the persons described in and whose names are subscribed to the within instrument, Grant Deed and they acknowledged to me that they executed the same

In Witness Whereof, I have hereunto set my hand and affixed my Official Seal, the day and year in this certificate first above written.

Catherine M. Christiansen Notary Public
In and for said County of .......... State of California

GENERAL ACKNOWLEDGMENT
My Commission Expires
1411 A. S.

---

Misc.-167 (C.S.) Witness (Rev 12-63)

STATE OF CALIFORNIA,
COUNTY OF Napa } SS.
On January 18, 1972 before me, the undersigned, a Notary Public in and for said County and State, personally appeared Ronald McGowan personally known to me to be the person whose name is subscribed to the within Instrument, as a Witness thereto, who being by me duly sworn, deposes and says:
That he resides in St. Helena, Calif., and that he was present and saw Edward R. Coney, Elizabeth W. Coney, Keith Aull, E. A. Schmidt and Robert Brakesman

personally known to him to be the same persons described in and whose names are subscribed to the within and annexed Instrument as Parties thereto, execute and deliver the same, and they acknowledged to said affiant that they executed the same; and that said affiant subscribed his name thereto as a Witness.

Signature [signature]
M. Klinefelter
Name (Typed or Printed)
Notary Public in and for said County and State

FOR NOTARY SEAL OR STAMP

Official Seal
M. KLINEFELTER
Notary Public
Napa County
State of California
My Commission Expires Aug. 30, 1975

END OF DOCUMENT

# EXHIBIT B

BILL ANALYSIS

Bill No: AB 2004

SENATE COMMITTEE ON GOVERNMENTAL ORGANIZATION
Senator Dean Florez, Chair
2007-2008 Regular Session
Staff Analysis

AB 2004 Author: Evans
As Amended: March 28, 2008
Hearing Date: June 10, 2008
Consultant: Art Terzakis

SUBJECT
Alcoholic Beverages

DESCRIPTION

AB 2004 authorizes the consumption of wine on a winery's licensed premises in order to accommodate visitors interested in pairing wine with food in a picnic setting. Specifically, this measure:

1. Authorizes licensed winegrowers to sell wine to consumers for consumption on the premises.

2. Modifies an existing provision of law that permits the Department of Alcoholic Beverage Control (ABC) to deny the right to exercise any on-sale privilege, as specified, in a bona fide eating place, the main entrance to which is within 200 feet of a school or church to also include "a licensed winery's premises."

3. Grants "any winegrower" the same privilege that is currently available to any on-sale licensee which maintains a restaurant, that permits the licensee to allow a patron to remove from the premises upon departure, a bottle of wine that has been opened (partially consumed).

EXISTING LAW

Existing law establishes the Department of Alcoholic Beverage Control (ABC) and grants it exclusive authority to administer the provisions of the ABC Act in accordance with



laws enacted by the Legislature. This involves licensing individuals and businesses associated with the manufacture, importation and sale of alcoholic beverages in this state and the collection of license fees or occupation taxes for this purpose.

Existing law permits licensed winegrowers to sell wine to consumers for consumption off the premises where sold. Existing law also authorizes a licensed winegrower to sell all beers, wines, and brandies, regardless of source, to consumers for consumption on the premises in a bona fide eating-place, as defined. Additionally, existing law permits a winegrower to also have upon the premises all beers, wines, and brandies, regardless of source, for sale or service only to guests during private functions not open to the general public.

Existing law provides that a winegrower shall actually produce on his licensed premises by conversion of grapes, berries or other fruit, into wine, not less than 50% of all wines sold to consumers on his licensed premise or premises and any licensed branch premise or premises.

Existing law authorizes the ABC, if it shall determine for good cause that the granting of such privilege would be contrary to public welfare or morals, deny the right to exercise the on-sale privileges outlined above in any bona fide eating-place, the main entrance to which, is within 200 feet of a school or church.

BACKGROUND

Purpose of AB 2004: According to the author's office, the purpose of this measure is to bring current law up-to-date

with current practice. The author's office points out that it is not uncommon for wineries to be destinations for individuals wishing to have picnics or special events, outside of visiting a wine tasting room or touring a winery. During such visits, individuals often desire to drink wine that they have purchased during their visit, paired with food in a picnic setting. While this commonly happens at wineries, it is prohibited by law. This measure is intended to allow a winery to sell wine that can be consumed by its patrons anywhere on the winery's premises, such as its tasting room or in its picnic area.



The author's office also states that this measure permits the ABC, if it determines for good cause that the granting of any such privilege would be contrary to public welfare or morals, to deny the right to exercise any such on-sale privilege.

Arguments in Support: Proponents note that "combining fine wine with gourmet food is part of the culture of California's wine industry - this measure simply extends the privilege to taste wine at wineries beyond the normal confines of the tasting room to other winery areas." Additionally, proponents emphasize that "existing laws, regulations and obligations of winery licensees governing sales and service do not change under this measure.

Staff Comment: Napa County's legislative subcommittee has requested that the author consider amending this measure to include a provision clarifying that AB 2004 does not intend to supersede or eliminate existing local land use authority.

SUPPORT: As of June 6, 2008:

Wine Institute (sponsor)
Family Winemakers of California

OPPOSE: None on file as of June 6, 2008.

FISCAL COMMITTEE: Senate Appropriations Committee

***********

# EXHIBIT C

AMENDED IN SENATE JUNE 24, 2008

AMENDED IN ASSEMBLY MARCH 28, 2008

CALIFORNIA LEGISLATURE—2007–08 REGULAR SESSION

# ASSEMBLY BILL No. 2004

**Introduced by Assembly Member Evans**
(Principal coauthor: Senator Wiggins)
**(Coauthor: Assembly Member Blakeslee)**

February 15, 2008

An act to amend Sections 23358, 23390, and 23396.5 of the Business and Professions Code, relating to alcoholic beverages.

LEGISLATIVE COUNSEL'S DIGEST

AB 2004, as amended, Evans. Alcoholic beverages: winegrowers: licenses.

The Alcoholic Beverage Control Act contains various provisions regulating the application for, the issuance of, the suspension of, and the conditions imposed upon, alcoholic beverage licenses by the Department of Alcoholic Beverage Control. Existing law authorizes a licensed winegrower to, among other things, sell wine and brandy for consumption to consumers for on-premises consumption, as specified.

This bill would authorize a licensed winegrower to sell wine for consumption to consumers for on-premises consumption.

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: no.

*The people of the State of California do enact as follows:*

SECTION 1. Section 23358 of the Business and Professions Code is amended to read:

23358. (a) Licensed winegrowers, notwithstanding any other provisions of this division, may also exercise the following privileges:

(1) Sell wine and brandy to any person holding a license authorizing the sale of wine or brandy.

(2) Sell wine and brandy to consumers for consumption off the premises where sold.

(3) Sell wine to consumers for consumption on the premises.

(4) Sell all beers, wines, and brandies, regardless of source, to consumers for consumption on the premises in a bona fide eating place as defined in Section 23038 of this code, which is located on the licensed premises or on premises owned by the licensee that are contiguous to the licensed premises and which is operated by and for the licensee. At such bona fide public eating place beer, wine, and brandy may be used in the preparation of food and beverages to be consumed on the premises.

(b) A winegrower may also have upon the premises all beers, wines, and brandies, regardless of source, for sale or service only to guests during private events or private functions not open to the general public. Alcoholic beverage products sold at the premises that are not produced and bottled by, or produced and packaged for, the winegrower shall be purchased by the winegrower only from a licensed wholesaler.

(c) A winegrower shall actually produce on his *or her* licensed premises by conversion of grapes, berries, or other fruit, into wine, not less than 50 percent of all wines sold to consumers on his *or her* licensed premise or premises and any licensed branch premise or premises.

(d) The department may, if it shall determine for good cause that the granting of any such privilege would be contrary to public welfare or morals, deny the right to exercise any on-sale privilege authorized by this section in either a bona fide eating place the main entrance to which is within 200 feet of a school or church, or on the licensed winery premises, or both.

*(e) Nothing in this section or in Section 23390 is intended to alter, diminish, replace, or eliminate the authority of a county,*

*city, or city and county from exercising land use regulatory authority by law to the extent the authority may restrict, but not eliminate, privileges afforded by these sections.*

SEC. 2. Section 23390 of the Business and Professions Code is amended to read:

23390. A licensed winegrower or brandy manufacturer, in addition to exercising all the privileges of his or her license at his or her licensed premises, may exercise all his or her license privileges at or from branch offices or warehouses, or United States bonded wine cellars located away from his or her place of production or manufacture, other than production or manufacture, the sale of wine to consumers for consumption on the licensed premises, the sale of wine or brandy to consumers for consumption on the premises in a bona fide eating place, and the sale or delivery of wine to consumers in containers supplied, furnished, or sold by the consumer. The department shall, upon request, issue to a winegrower or brandy manufacturer a duplicate of his or her original license for a location or locations other than his or her wine production or brandy manufacture premises. The duplicate license authorizes the maintenance and operation of each branch or warehouse or United States bonded wine cellar declared and designated by the winegrower or brandy manufacturer at the location for which the duplicate license is issued. The fee for each duplicate winegrower's license and for each duplicate brandy manufacturer's license is as specified in Section 23320.

Notwithstanding the provisions of any other section of this division, a duplicate winegrower's license or duplicate brandy manufacturer's license shall be issued forthwith upon the application therefor. In the event any protest is received by the department concerning the issuance of the duplicate license, the protest shall be considered as an accusation against the licensee and a hearing had thereon as if an accusation had been filed.

For 30 days from the date of the issuance of the duplicate license, no retail sales of wine or brandy shall be made at any branch office for which a duplicate winegrower's license or duplicate brandy manufacturer's license is issued pursuant to this section.

Notwithstanding any other provision of law, the department may allow any person who held more than one original winegrower's license, on or before January 1, 1981, to transfer any duplicate license which has been issued, on or before January 1, 1981, on

any of the original winegrower's licenses to any other original winegrower's license held by that person, on or before January 1, 1981, provided that the licensee cancels the original winegrower's license from which any duplicate license is transferred. This subdivision shall not authorize any person to acquire any additional duplicate licenses other than those held by that licensee on or before January 1, 1981.

SEC. 3. Section 23396.5 of the Business and Professions Code is amended to read:

23396.5. Notwithstanding any other provision of law, any on-sale licensee, which maintains a bona fide eating place in conjunction with such license, or any winegrower that is exercising a privilege pursuant to Section 23358, may allow any person who has purchased and partially consumed a bottle of wine to remove such partially consumed bottle from the premises upon departure.

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

O

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed By RENNE PUBLIC LAW GROUP. My business address is 350 Sansome Street, Suite 300, San Francisco, California 94104. I am over the age of eighteen and not a party to this action.

On August 26, 2026, I electronically filed the foregoing DEFENDANT NAPA COUNTY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT MOTION TO DISMISS SECOND AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, and served a copy on all counsel of record via the CM/ECF System.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 26, 2026 at San Francisco, California.

*/s/ Ashley D. Eugene*
Ashley D. Eugene