SHERYL L. BRATTON, County Counsel (SBN 144209)
JASON M. DOOLEY, Chief Deputy County Counsel (SBN 258570)
jason.dooley@countyofnapa.org
OFFICE OF THE NAPA COUNTY COUNSEL
1195 Third Street, Suite 301
Napa, California 94559
Telephone: (707) 254-4521
Facsimile: (707) 259-8220

ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE D. FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
SARAH E. FETHERSTON (SBN 339573)
sfetherston@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile: (415) 848-7230

Attorneys for Defendant
COUNTY OF NAPA

RENNE PUBLIC LAW GROUP
Attorneys at Law

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,

Plaintiffs,

v.

COUNTY OF NAPA,

Defendant.

Case No. 3:24-cv-06256-CRB

**DEFENDANT COUNTY OF NAPA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND TO ADD NEW PARTIES**

Judge: Hon. Charles R. Breyer
Date: November 20, 2026
Time: 10:00 a.m.
Location: Zoom Videoconference

Action Filed: September 5, 2024

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... ii

SUMMARY OF ARGUMENT ..... v

I. INTRODUCTION ..... 1

II. PROCEDURAL BACKGROUND ..... 1

III. ALLEGATIONS OF THE PROPOSED TAC ..... 2

IV. LEGAL STANDARD ..... 3

V. ARGUMENT ..... 4

- A. Joinder of the Proposed Parties is Improper ..... 4
  - 1. The Proposed Parties' Claims Do Not Arise from the Same Transaction or Occurrence ..... 4
  - 2. The Proposed Parties Present No Common Question of Law or Fact ..... 5
- B. The Proposed Parties' Claims Are Not Justiciable ..... 5
  - 1. The Proposed Parties Lack Standing Because There Is No Credible Threat of Enforcement ..... 6
  - 2. The Proposed Parties' Claims Are Not Ripe ..... 7
- C. The Proposed Parties' Claims Fail as a Matter of Law ..... 8
  - 1. The Proposed Parties' Retaliation Claim Fails ..... 8
  - 2. Thomson Vineyards' Proposed Takings Claim Fails ..... 9
  - 3. The Proposed Fourth Amendment Claim Fails ..... 11
- D. Summit Lake's and Smith-Madrone's New Allegations Confirm the Futility of Their Claims ..... 11
- E. The Court Should Not Permit Further Amendment ..... 14

VI. CONCLUSION ..... 15

RENNE PUBLIC LAW GROUP
Attorneys at Law

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvarado v. City of Los Angeles*,
720 F. App'x 889 (9th Cir. 2018) .....5

*Alves v. United States*,
133 F.3d 1454 (Fed. Cir. 1998).....10

*Blair v. Bethel Sch. Dist.*,
608 F.3d 540 (9th Cir. 2010) .....8

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995) .....4

*Canatella v. Van De Camp*,
486 F.3d 1128 (9th Cir. 2007) .....10

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) .....3, 4

*Colwell v. Dep't. of Health and Hum. Servs.*,
558 F.3d 1112 (9th Cir. 2009) .....7

*Coughlin v. Rogers*,
130 F.3d 1348 (9th Cir. 1997) .....3, 4, 5

*Diamond S.J. Enter., Inc. v. City of San Jose*,
100 F.4th 1059 (9th Cir. 2024) .....6

*Herson v. City of Reno*,
806 F. Supp. 2d 1141 (D. Nev. 2011).....6

*Hoehne v. Cnty. of San Benito*,
870 F.2d 529 (9th Cir. 1989) .....7

*Hotop v. City of San Jose*,
982 F.3d 710 (9th Cir. 2020) .....11

*Missouri ex rel. Koster v. Harris*,
847 F.3d 646 (9th Cir. 2017) .....4

*Libman v. United States*,
No. 23-55417, 2024 WL 2269271 (9th Cir. May 20, 2024).....11

*Lopez v. Candaele*,
630 F.3d 775 (9th Cir. 2010) .....6

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992).....6

RENNE PUBLIC LAW GROUP
Attorneys at Law

*Manatt v. Bank of Am., NA*,
339 F.3d 792 (9th Cir. 2003) ....................9

*Municipality of Anchorage v. United States*,
980 F.2d 1320 (9th Cir. 1992) ....................7

*In re Nat'l Sec. Agency Telecommunications Recs. Litig.*,
669 F.3d 928 (9th Cir. 2011) ....................8

*Nunes v. Ashcroft*,
375 F.3d 805 (9th Cir. 2004) ....................4

*Pakdel v. City & Cnty. of San Francisco, California*,
594 U.S. 474 (2021)....................7

*Red Hat, Inc. v. VirtaMove, Corp.*,
785 F.Supp.3d 603 (N.D. Cal. 2025) ....................1

*San Diego Cnty. Gun Rights Comm. v. Reno*,
98 F.3d 1121 (9th Cir. 1996) ....................6

*Smith v. Cnty. of Santa Cruz*,
No. 20-cv-00647-BLF, 2020 WL 6318705, *at 11 (N.D. Cal. Oct. 28, 2020)....................9

*Temple of 1001 Buddhas v. City of Fremont*,
588 F. Supp. 3d 1010 (N.D. Cal. 2022) ....................9

*Valles v. Pima Cnty.*,
776 F. Supp. 2d 995 (D. Ariz. 2011), *aff'd sub nom. Valles v. Cnty. of Pima*, 502 F. App'x 651 (9th Cir. 2012) ....................10

*Visendi v. Bank of Am., N.A.*,
733 F.3d 863 (9th Cir. 2013) ....................5

*Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank*,
473 U.S. 172 (1985)....................7

*Younger v. Harris*,
401 U.S. 37 (1971)....................2

*Zucco Partners, LLC v. Digimarc Corp.*,
552 F.3d 981 (9th Cir. 2009), *as amended* (Feb. 10, 2009)....................14

**<u>Statutes</u>**

Cal. Code Civ. P. § 335.1....................10

**<u>Other Authorities</u>**

Fed. R. Civ. P.
15....................1
15(a) ....................3
20....................1
20(a) ....................1, 3, 4, 5
20(a)(1) ....................1, 4



RENNE PUBLIC LAW GROUP
Attorneys at Law

U.S. Const.
First Amendment ....................2, 8
Fourth Amendment ....................2, 5, 8, 11
Fifth Amendment ....................10, 11
Art. III, § 2 ....................5

RENNE PUBLIC LAW GROUP
Attorneys at Law

## SUMMARY OF ARGUMENT

Plaintiffs' motion for leave to file the proposed Third Amended Complaint ("TAC") should be denied. Under Federal Rule of Civil Procedure 15, leave is properly refused where a proposed amendment is futile or where proposed parties would be improperly joined. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). Here, both defects require denial.

***Joinder of the Proposed Parties is improper under Rule 20(a)(1).*** Permissive joinder requires that the claims arise out of the same transaction or occurrence and present a common question of law or fact. Fed. R. Civ. P. 20(a); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Neither requirement is met here. Plaintiffs concede that the three new proposed plaintiffs' (the "Proposed Parties") claims — concerning drainage, grading, and an erosion-control-plan application on different properties — are not the same disputes over winery tasting and marketing that form the core of the existing Plaintiffs' claims. A shared regulatory framework does not create a common transaction; if it did, any third-party grievance with the County could be joined to this action. The Ninth Circuit rejects joinder where parties' interactions with the defendant were not uniform, and the factual disparities are too great. *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013); *Alvarado v. City of Los Angeles*, 720 F. App'x 889, 904 (9th Cir. 2018). Because each claim is discrete and would require individualized attention, there is likewise no common question of law or fact. *Coughlin*, 130 F.3d at 1350-51.

***The Proposed Parties' claims are not justiciable.*** Federal jurisdiction is limited to actual cases and controversies. U.S. Const. art. III, § 2; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-560 (1992). The Proposed Parties admit they are mere prospective applicants who have neither applied for nor obtained a County winery permit and face no final County decision. They therefore lack standing, and their claims challenging the winery regulations are not ripe. *Diamond S.J. Enter., Inc. v. City of San Jose*, 100 F.4th 1059, 1065-66 (9th Cir. 2024); *see San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1132 (9th Cir. 1996); *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985); *Pakdel v. City & Cnty. of San Francisco*, 594 U.S. 474, 478-79 (2021).

***The Proposed Parties' independent claims also fail as a matter of law.*** The Proposed Parties' First Amendment retaliation claims allege no causal relationship between protected activity and adverse

RENNE PUBLIC LAW GROUP
Attorneys at Law

action, relying instead on gaps of several months and years between the two. Those allegations are not sufficient to plausibly allege a causal connection. *See Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010); *Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 802 (9th Cir. 2003).

Thomson Vineyards' regulatory-takings claim attributes the alleged harm to a private neighbor's construction, not to any government action. Those allegations do not establish a viable takings claim because private acts do not constitute a takings by the government. *See Alves v. United States*, 133 F.3d 1454, 1457 (Fed. Cir. 1998); *Valles v. Pima Cnty.*, 776 F. Supp. 2d 995, 1003 (D. Ariz. 2011). That claim is also time-barred, as it was asserted more than two years after Thomson Vineyards received its June 5, 2024 runoff study and many years after the alleged acts in 2014. Cal. Code Civ. P. § 335.1; *Canatella v. Van De Camp*, 486 F.3d 1128, 1132–33 (9th Cir. 2007).

The proposed Fourth Amendment claim fails because the Proposed Parties allege only inspection demands and notice that a warrant would be sought — they do not allege that any unreasonable search or seizure has occurred. *See Hotop v. City of San Jose*, 982 F.3d 710, 714, 716 (9th Cir. 2020).

***Further amendment would be futile.*** Summit Lake's and Smith-Madrone's new allegations identify purported comparators in support of their equal protection claims. However, Plaintiffs' own exhibits and judicially noticeable records show those wineries operated under use permits or obtained County status determinations, while Summit Lake operates under a Small Winery Exemption and Smith-Madrone never sought a determination of its pre-WDO uses. The comparators are not similarly situated. The new allegations confirm rather than cure the deficiencies raised in the County's pending Motion to Dismiss the Second Amended Complaint. Because Plaintiffs have repeatedly failed to cure defects the County has raised across successive rounds of briefing, and futility alone justifies denial, the Court should deny leave and decline to permit further amendment. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009); *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

RENNE PUBLIC LAW GROUP
Attorneys at Law

## I. INTRODUCTION

The Court should deny Plaintiffs' request to protract and expand this yearslong litigation with its motion for leave to file the proposed 155-page Third Amended Complaint ("TAC") (*see* Dkt. 102-2), with over two hundred and fifty additional paragraphs and three proposed new plaintiffs bringing unrelated and unripe claims. Under Federal Rule of Civil Procedure 15, leave is properly denied where the proposed amendment is futile or where proposed parties would be improperly joined. Both defects are present here, and each independently warrants denying the motion.

First, joinder of Thomson Vineyards, Inc., Jennifer R. Thomson, and Okell Holdings, LLC (collectively, the "Proposed Parties") is improper under Rule 20(a)(1). Plaintiffs concede that the Proposed Parties' claims "are not identical" to the existing Plaintiffs' claims and are "not, on their face, the same disputes over winery tasting, marketing, and signage restrictions that form the core of the existing Plaintiffs' claims." Dkt. 102 at 4. A shared regulatory framework does not satisfy Rule 20(a)'s requirements. If that were the rule, any third-party grievance with the County could be joined to this case. The Proposed Parties' claims do not arise out of the same transaction or occurrence nor present a common question of law or fact. Joinder of the Proposed Parties is not permitted under Rule 20.

Second, the Proposed Parties' claims are futile because they are not justiciable and fail to state a claim. *See Red Hat, Inc. v. VirtaMove, Corp.*, 785 F.Supp.3d 603, 611–12 (N.D. Cal. 2025) (denying leave to amend as futile because the proposed claims did not give rise to an actual case or controversy). The Proposed Parties admit they are mere prospective applicants for winery-related approvals who have not applied for a permit and face no final County decision. Thus, to the extent the Proposed Parties join the existing Plaintiffs' claims, they lack standing and assert claims that are not ripe.

Finally, the proposed allegations added to the existing Plaintiffs' claims fail to cure the deficiencies identified in the County's pending Motion to Dismiss the Second Amended Complaint (Dkt. 99). Not only does this warrant denying Plaintiffs' motion, but it also shows that allowing Plaintiffs further leave to amend would be futile.

## II. PROCEDURAL BACKGROUND

Plaintiffs filed their initial complaint on September 5, 2024. Dkt. 1. On November 15, 2024, the County filed a motion to dismiss. Dkt. 30. On December 5, 2024, rather than oppose the County's

motion to dismiss, Plaintiffs filed a First Amended Complaint, as of right. Dkt. 43. The County moved to dismiss the FAC on January 10, 2025 (Dkt. 53), which the court granted on March 28, 2025, abstaining under *Younger v. Harris* based on the pending state enforcement action against Hoopes. *See* Dkt. 69. The Court separately dismissed Summit Lake and Smith-Madrone's First Amendment retaliation claims for failing to state a claim, with leave to amend that count only. *Id.* On April 24, 2025, Summit Lake and Smith-Madrone filed the Second Amended Complaint (Dkt. 70), which the County moved to dismiss (Dkt. 74), arguing they again failed to state a plausible First Amendment retaliation claim. On June 18, 2025, the Court granted the County's motion to dismiss with prejudice. *See* Dkt. 82.

Plaintiffs appealed (Dkts. 71, 84), and the Ninth Circuit issued a memorandum of disposition on April 13, 2026, affirming in part, reversing in part, and remanding to the District Court. *See* Dkt. 86. On August 10, 2026, the County answered Plaintiff's retaliation claims. *See* Dkt. 71. On August 26, 2026, the County again moved to dismiss Plaintiff's Second Amended Complaint on previously asserted grounds not addressed by either the Ninth Circuit or this Court. *See* Dkt. 99. On September 10, 2026, Plaintiff opposed the motion to dismiss (Dkt. 101), and a day later filed the instant motion for leave to file a Third Amended Complaint and to add new parties (Dkt. 102).

RENNE PUBLIC LAW GROUP
Attorneys at Law

**III. ALLEGATIONS OF THE PROPOSED TAC**

Plaintiff's proposed TAC adds three new parties and two new claims. The Proposed Parties, Thomson Vineyards, Inc., Jennifer R. Thomson, and Okell Holdings, LLC, join the existing First, Third through Ninth, Eleventh, and Twelfth Claims for relief challenging the County's winery regulations. TAC ¶¶ 582–971. The Proposed Parties also join the existing Thirteenth Claim based on First Amendment retaliation, although their claims rest on new and independent facts. *Id.* ¶¶ 972–1021. Additionally, Thomson Vineyards brings a newly pled regulatory takings claim, and both Thomson Vineyards and Okell bring a newly pled Fourth Amendment unreasonable search claim. *Id.* ¶¶ 1022–54.

Thomson Vineyards, Inc. operates agricultural properties in Napa, California associated with addresses 1605 Los Carneros Avenue and 4080 Withers Road. TAC ¶ 11. Jennifer R. Thomson owns those properties. *Id.* Okell Holdings, LLC owns agricultural property at 35 Quail Ridge Drive, Napa, California. *Id.* ¶¶ 14, 244. Neither Proposed Party has applied for or obtained a County use permit or use permit exemption to operate a winery in the County. *See* TAC ¶ ¶ 245, 14, 233, 275 (the parties are

merely "actively applying for, preparing to apply for, and/or required to obtain Napa County winery approvals," and reference pending applications for the Federal Basical Winery Permit issued by the Alcohol and Tobacco Tax and Trade Bureau).

Thomson Vineyards' and Jennifer Thomson's claims "concern, in significant part, Defendant's handling of drainage, grading, and code-enforcement matters," including a demand to inspect Jennifer Thomson's personal residence. Okell Holdings' claims "concern Defendant's selective code enforcement relative to a neighboring property and its administration of Okell Holdings" erosion-control-plan application." Dkt. 102 at 4. Plaintiffs concede these "are not, on their face, the same disputes over winery tasting, marketing, and signage restrictions that ***form the core of the existing Plaintiffs' claims***." *Id.* (emphasis added). Instead, Plaintiffs allege that "each Proposed Party is an active or imminent applicant for winery-related approvals" who would in the future be subject to the County's challenged permitting standards, with "prospective injuries from those specific ordinances and practices." *Id.* at 4-5.

The TAC contains few new factual allegations regarding the existing Plaintiffs' claims. The TAC identifies Wermuth Winery, Cain Vineyard, Matthiasson, and Amici Cellars as allegedly similarly situated wineries to support Plaintiffs' equal protection claims. TAC ¶¶ 525–33, 709. However, the proposed allegations do not provide material information regarding these wineries, such as the types of permits they operate under.

## IV. LEGAL STANDARD

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining consent or leave of the court. Fed. R. Civ. P. 15(a). A motion for leave to amend the pleadings may be denied on several grounds, including improper joinder under Federal Rule of Civil Procedure 20(a), and the "futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

Under Federal Rule of Civil Procedure 20(a), joinder of plaintiffs is permissible only when (1) the asserted right to relief "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to all plaintiffs." Fed. R. Civ. P. 20(a). "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130

RENNE PUBLIC LAW GROUP
Attorneys at Law

F.3d 1348, 1350 (9th Cir. 1997).

Courts consider five factors when deciding whether to permit an amendment to a complaint: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Carvalho*, 629 F.3d at 892. If a proposed amendment cannot "constitute a valid and sufficient claim or defense," amendment is deemed futile. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citing *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 2004)). Each factor "is not given equal weight," *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), and "[f]utility alone can justify the denial of a motion for leave to amend" without any showing of prejudice. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

## V. ARGUMENT

### A. Joinder of the Proposed Parties is Improper

#### 1. The Proposed Parties' Claims Do Not Arise from the Same Transaction or Occurrence

For permissive joinder, the first prong of Rule 20(a)(1) requires that the claims arise out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). Specifically, this sameness requirement "refers to similarity in the factual background of a claim." *Coughlin*, 130 F.3d at 1350. Plaintiffs concede that the Proposed Parties' claims lack the requisite factual similarity to their own. The Proposed Parties are owners of property without any permits or licenses to operate a winery, who merely "inten[d] to operate a winery… like Hoopes, Smith-Madrone, and Summit Lake." TAC ¶ 629. Plaintiffs admit the Proposed Parties' present independent claims surround "drainage, grading, and code-enforcement matters" and an "erosion-control-plan application" on different properties, and are "not, on their face, the same disputes over winery tasting, marketing, and signage restrictions that form ***the core of the existing Plaintiffs' claims***." Dkt. 102 at 4 (emphasis added).

Mere subjection to a shared regulatory framework does not create a common transaction where each claimant's dispute arises from distinct facts at distinct times. *See Coughlin*, 130 F.3d at 1350-51. The Ninth Circuit has previously rejected joinder where the plaintiffs' "interactions with Defendants



RENNE PUBLIC LAW GROUP
Attorneys at Law

were not uniform" and "[f]actual disparities of the magnitude alleged are too great to support permissive joinder." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (affirming severance of misjoined parties); *see Alvarado v. City of Los Angeles,* 720 F. App'x 889, 904 (9th Cir. 2018) ("Plaintiffs-Appellants do not allege any greater connection between their claims than that the City's employees violated the FLSA in comparable ways, at various different times, and in various different divisions and bureaus. Plaintiffs-Appellants' claims therefore are too factually disparate to arise out of the same transaction, occurrence, or series of transactions or occurrences."). Here, the Proposed Parties assert independent retaliation, takings, and Fourth Amendment claims arising from different facts, at different times, on different properties, under different regulations than those asserted by the existing Plaintiffs. Thus, the Court must deny the request for joinder because the claims do not arise out of the same transaction or occurrence.

**2. The Proposed Parties Present No Common Question of Law or Fact**

Joinder is also improper because the Proposed Parties do not share a common question of law or fact with Plaintiffs. "The mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact." *Coughlin*, 130 F.3d at 1351. Where "each Plaintiff's claim is discrete, and involves different legal issues, standards, and procedures," and the court "would still have to give each claim individualized attention," "the claims do not involve common questions of law or fact." *Id.*

The existing Plaintiffs' claims turn on the scope of their historical winery entitlements and the application of tasting, marketing, and road-standard conditions to their operations. *See gen*. Dkt. 70. The Proposed Parties' claims do not. Instead, they allege violations relating to drainage and grading determinations, a residential-inspection demand, and an erosion-control review on other parcels. Dkt. 102 at 4, 8. Beyond the "superficial similarity of their allegations and their common choice of counsel," the Proposed Parties lack a common core of facts with the original Plaintiffs. *Visendi*, 733 F.3d at 870. Proposed Parties' claims do not satisfy the joinder requirements of Rule 20(a).

**B. The Proposed Parties' Claims Are Not Justiciable**

Federal court jurisdiction is limited to "actual cases and controversies," U.S. Const., art. III, § 2. To have standing, a plaintiff must assert an "injury in fact" that is "concrete and particularized," and

"actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations and quotations omitted). "The touchstone for determining injury in fact is whether the plaintiff has suffered an injury or threat of injury that is credible, not 'imaginary or speculative.'" *Lopez v. Candaele*, 630 F.3d 775, 786 (9th Cir. 2010) (quoting *Younger v. Harris*, 401 U.S. 37, 42 (1971)). Here, the proposed TAC adds the Proposed Parties to all but two of Plaintiffs' claims challenging the County's winery regulations, despite the fact that the Proposed Parties do not hold and have not even applied for winery use permits. Accordingly, those claims brought by the Proposed Parties are not justiciable for two reasons: (1) there is no credible threat of enforcement because they do not have pending winery permits before the County, and (2) the claims are not ripe in the absence of a final County determination.

**1. The Proposed Parties Lack Standing Because There Is No Credible Threat of Enforcement**

The Proposed Parties do not have standing to bring their pre-enforcement claims. By their own admission, the Proposed Parties are "actively preparing, pursuing or required to pursue winery approvals," but lack actual pending applications with the County. Dkt. 102 at 9. They do not allege that they are operating unpermitted wineries or that the County has threatened to enforce the challenged tasting, marketing, or permitting restrictions against them. Plaintiffs merely assert that the Prospective Parties "will, upon submitting [an] application, be subject to" the challenged standards. *Id.* The Ninth Circuit has held that a Plaintiff's "vague allegation that it intends to apply for permits in the future is too speculative to meet the standing requirements" of injury-in-fact. *Diamond S.J. Enter., Inc. v. City of San Jose*, 100 F.4th 1059, 1066 (9th Cir. 2024). A plaintiff who "has never applied for a permit or taken any other concrete action," and against whom the government "has never …taken any other official action," suffers no injury in fact, because standing "requires more than the mere existence of a regulation and the assertion of an indefinite intention to engage in prohibited activities." *Herson v. City of Reno*, 806 F. Supp. 2d 1141, 1145-46 (D. Nev. 2011); *see San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126-1127 (9th Cir. 1996) (Plaintiff's assertion that they "wish and intend to engage in activities prohibited by [the challenged statute]" was insufficient for standing), *abrogated in part on other grounds by District of Columbia v. Heller*, 554 U.S. 570 (2008); *see Lujan,* 504 U.S. at 564 ("'some day'

RENNE PUBLIC LAW GROUP
Attorneys at Law

intentions-without any description of concrete plans" are insufficient for standing purposes).

Because the Proposed Parties have no pending applications before the County, there is no credible threat of injury. Dkt. 102 at 9. The Proposed Parties therefore lack standing to bring the First through Ninth, Eleventh, and Twelfth Claims for relief premised on the hypothetical future application of the County's winery regulations.

**2. The Proposed Parties' Claims Are Not Ripe**

The Proposed Parties' claims are also unripe. Ripeness turns on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Colwell v. Dep't. of Health and Hum. Servs.*, 558 F.3d 1112, 1124 (9th Cir. 2009) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–149 (1967)). The ripeness doctrine prevents federal Courts from "entangling themselves in abstract disagreements over administrative policies….until an administrative decision has been formalized and its effect felt in a concrete way by the challenging parties." *Municipality of Anchorage v. United States*, 980 F.2d 1320, 1325 (9th Cir. 1992) (quoting *Abbott*, 387 U.S. at 149).

For as-applied land-use claims, ripeness requires a final decision. *See Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank*, 473 U.S. 172, 186, 187-191 (1985) (final decision requirement for takings claims in the land-use context), *overruled on other grounds by Knick v. Township of Scott*, 588 U.S. 180 (2019); *Hoehne v. Cnty. of San Benito*, 870 F.2d 529, 532 (9th Cir. 1989) (final decision requirement for due process and equal protection claims in the land-use context); *see Pakdel v. City & Cnty. of San Francisco, California*, 594 U.S. 474, 478-79 (2021) (the finality requirement is "relatively modest" but still requires that "the government [be] committed to a position."). Here, the Proposed Parties' claims are simply not ripe. The Proposed Parties have not even applied for the use permits that would subject them to the ordinances they seek to challenge. The Proposed Parties concede that they are mere prospective applicants, and have no final decision from the County regarding any hypothetical conditions or limitations that may or may not be placed on use permits for which the Proposed Parties "intend" to apply. *See* Dkt. 102 at 4–5. As such, their claimed injuries from some future intent to operate a winery is—in their words—"prospective" and speculative at best. *Id.* If the Ninth Circuit thought that "the justiciability of [Summit Lake and Smith-Madrone's] due process, equal protection, and permit taking claims is a close question" (Dkt. 86 at 5), then it is difficult to understand how the far more



RENNE PUBLIC LAW GROUP
Attorneys at Law

contingent and conjectural claims asserted by the Proposed Parties here would pass muster under Article III.

Because the Proposed Parties do not have final County determinations as to their prospective permit applications, their claims based on those hypothetical applications, the First through Ninth, Eleventh, and Twelfth Claims, are subject to dismissal on ripeness grounds. The proposed amendment is thus futile.

**C. The Proposed Parties' Claims Fail as a Matter of Law**

The preexisting claims alleged in the TAC, which the Proposed Parties join, are futile for reasons briefed in the County's Motion to Dismiss the Second Amended Complaint. *See* Dkts. 99, 103.[1] The Proposed Parties add no factual support for these primarily facial challenges to the County's winery regulations and do not have standing to assert those claims. *See supra*, Section V(B). The Proposed Parties' independent retaliation, regulatory takings, and Fourth Amendment challenges, which are not properly joined for the reasons stated above (*see supra*, IV(A)), also fail as a matter of law.

**1. The Proposed Parties' Retaliation Claim Fails**

A First Amendment claim for retaliation requires a "substantial causal relationship" between a plaintiff's "constitutionally protected activity" and "adverse [government] action ... that would chill a person of ordinary firmness from continuing to engage in the protected activity." *Blair v. Bethel Sch. Dist.,* 608 F.3d 540, 543 (9th Cir. 2010). Both Proposed Parties allege numerous interactions with the County over several years and allege that specific County code enforcement actions taken against them were retaliatory. However, they allege no causal relationship between any specific protected activity and the County's enforcement actions.

Thomson Vineyards alleges that after it submitted complaints to the County, it opened and "expand[ed]" Code Enforcement action CE25-00045 to include the home of Thomson Vineyards' owner, and subjected Thomson's permit to additional valuation scrutiny. TAC ¶ 989. However, Thomson

---

[1] To the extent permissible, the County incorporates its arguments by reference from the Motion to Dismiss the Second Amended Complaint, which is set to be heard at the same date and time as Plaintiffs' Motion for Leave to File a Third Amended Complaint. *See In re Nat'l Sec. Agency Telecommunications Recs. Litig.*, 669 F.3d 928, 931 (9th Cir. 2011) ("Ordinarily we do not permit parties to incorporate by reference briefs in other cases. Here, however, the cases have followed a parallel path through the MDL process, so in this rare circumstance we accept the incorporation." (footnote omitted))

RENNE PUBLIC LAW GROUP
Attorneys at Law

alleges that Code Enforcement Case No. CE25-00045 was opened on February 27, 2025. *Id.* ¶ 197. The various complaints Thomson Vineyards alleges that it made to the County occurred in the Spring and Summer of 2024. *Id.* ¶¶ 203–19. There are no allegations suggesting a "substantial causal relationship" between a plaintiff's "constitutionally protected activity" in Spring/Summer 2024 and the alleged adverse government action nearly a year later in February 2025. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 802 (9th Cir. 2003) (rejecting causal inference due to nine-month gap from alleged protected activity and adverse action).

Similarly, Okell Vineyards alleges that it repeatedly petitioned Napa County about a property violation in 2022, then faced enforcement actions by the County in December 2025 and its ECPA application was closed in April 2026 when it failed to meet the stated deadline. TAC ¶¶ 248–72, 992–94. However, the allegations do not allow the court to plausibly infer that Okell's protected activity in 2022 is connected to the County's actions in December 2025 and April 2026. *See Manatt,* 339 F.3d at 802.

The Proposed Parties have "not alleged any animus on the part of the County Defendants that served as but-for causation leading [the County] to target" Thomson or Okell. *See Smith v. Cnty. of Santa Cruz*, No. 20-cv-00647-BLF, 2020 WL 6318705, *at 11 (N.D. Cal. Oct. 28, 2020) (rejecting causal allegations based on the issuance of a "Red Tag" on plaintiff's parcel "a mere 18 days" after the hearing on another Red Tag issued on another of his parcels). As one court has explained, "the County code enforcement team cannot be expected to forgo enforcing the County Code as to [the plaintiff] simply because [he] was involved in a prior code enforcement administrative hearing." *Id.* The Court cannot infer a "substantial causal relationship" merely because protected activity occurred and an enforcement action followed. *Temple of 1001 Buddhas v. City of Fremont*, 588 F. Supp. 3d 1010, 1024 (N.D. Cal. 2022).

**2. Thomson Vineyards' Proposed Takings Claim Fails**

In the proposed Fourteenth Claim, Thomson Vineyards asserts an as-applied claim that the County has substantially impaired the economic value of its land, tantamount to regulatory and physical takings. TAC ¶¶ 1022-1031. However, the TAC describes alleged drainage, grading, and construction activities on a neighboring property, which Plaintiffs contend altered historical drainage patterns and caused water, sediment, gravel, and debris to enter Thomson Vineyards' property. *See* TAC ¶¶ 188–194.



RENNE PUBLIC LAW GROUP
Attorneys at Law

Although Plaintiffs allege that the County failed to regulate or enforce requirements concerning those activities, they do not allege that the County owned the neighboring property, performed the construction or grading work, or directly caused the alleged physical invasions. Indeed, Plaintiffs attribute the underlying conduct to their neighbor, including alleged roadway construction, filling and culverting of a stream, and construction of a retaining wall and culvert system. *Id.* Such allegations do not transform the neighbor's alleged trespass and interference with Thomson Vineyards' property into a taking by the County, nor do they allege facts showing that the County itself physically invaded or appropriated a property interest. *See Alves v. United States*, 133 F.3d 1454, 1458 (Fed. Cir. 1998) ("There clearly can be no taking when whatever acts complained of are those of private parties, not the government."); *Valles v. Pima Cnty.*, 776 F. Supp. 2d 995, 1003 (D. Ariz. 2011), *aff'd sub nom. Valles v. Cnty. of Pima*, 502 F. App'x 651 (9th Cir. 2012) ("Plaintiffs have not cited any authority to suggest that a government's inaction or omissions can amount to a taking, and this Court is not aware of any such case law. To the contrary, the takings cases discussed above all involve an affirmative, overt action by the government—the adoption of a regulation, the implementation of a redevelopment plan, the acquisition of an easement, etc.—that directly causes a diminution in private property values."). Plaintiffs' allegations do not describe a Fifth Amendment taking, and even if they did, that claim would be untimely.

Thomson Vineyards alleges that they retained Bear Flag Engineering to evaluate the drainage impacts of development and road work on the neighboring property. TAC ¶ 199. They have attached and incorporated the completed report into the proposed TAC at Exhibit 25. *Id.* The completed Runoff Study is dated June 5, 2024. *See* Dkt. 102-1 at 426. The report also provides that the actual road work that caused the harm occurred in 2014. *Id.* at 427.

Claims brought under section 1983 are subject to California's personal injury statute of limitations. *Canatella v. Van De Camp*, 486 F.3d 1128, 1132–33 (9th Cir. 2007). In California, personal injury claims are subject to a two-year statute of limitations. *See* Cal. Code Civ. P. § 335.1; *Canatella*, 486 F.3d at 1132–33. Here, Thomson Vineyards was clearly aware of the alleged injury by June 5, 2024, if not before, since the actual road work occurred in 2014. This motion to add Thomson Vineyards' regulatory takings claim to the proposed TAC was filed on September 11, 2026, more than two years after it received the June 5, 2024 report and outside the statute of limitations. Thomson Vineyards'

RENNE PUBLIC LAW GROUP
Attorneys at Law

proposed takings claim is time-barred.

### 3. The Proposed Fourth Amendment Claim Fails

The proposed Fifteenth Claim for Relief alleges that the County violated the Fourth Amendment by first demanding to inspect Jennifer Thomson's Napa residence and by sending an Inspection Request Letter seeking to inspect the Okell property. This claim fails because the Proposed Parties have not alleged that a search or seizure has occurred.

The Fourth Amendment prohibits unreasonable searches and seizures. *See* U.S. Const. amend. IV. Here, the Proposed Parties allege only inspection demands and a notice that the County will seek a warrant. *See* TAC ¶¶ 202–206, 1032-1052. "A Fourth Amendment search occurs when the government either physically intrudes upon 'persons, houses, papers, [or] effects' or invades 'a person's reasonable expectation of privacy in one of the constitutionally enumerated areas.'" *Hotop v. City of San Jose*, 982 F.3d 710, 714 (9th Cir. 2020). The TAC allegations do not state that the County entered the properties, seized anything, or invaded an expectation of privacy. They allege only an overbroad request and notice that a warrant would be sought if they did not voluntarily allow the inspection. Accordingly, the claim fails to state a cognizable Fourth Amendment injury. *See Hotop*, 982 F.3d at 716 ("As we hold that plaintiffs have not plausibly alleged that the challenged provisions effect a search, their Fourth Amendment claim fails."); *Libman v. United States*, No. 23-55417, 2024 WL 2269271, at *1 (9th Cir. May 20, 2024) (affirming subject-matter jurisdiction dismissal of Fourth and Fifth Amendment claims where the plaintiff alleged that "the FBI had not officially closed its investigation into" him and "his family lives in constant fear of a possible search of his home and business").

## D. Summit Lake's and Smith-Madrone's New Allegations Confirm the Futility of Their Claims

The Court should deny Summit Lake and Smith-Madrone leave to amend because their proposed allegations confirm that any effort to address the deficiencies raised by the County's Motion to Dismiss the Second Amended Complaint would be futile. *See* Dkts. 99, 104. The proposed TAC adds few new

RENNE PUBLIC LAW GROUP
Attorneys at Law

factual allegations bearing on the substance of Plaintiffs' claims. The principal exception is Plaintiffs' attempt to bolster their equal protection theory by identifying wineries that they contend were treated more favorably than Summit Lake or Smith-Madrone.[2] *See* TAC ¶¶ 525–33, 709. But the documents Plaintiffs themselves attach to the proposed TAC and other public judicially noticeable documents establish that these wineries are not similarly situated to Plaintiffs. Rather than curing the deficiencies identified in the SAC, Plaintiffs' new allegations confirm that their claims lack a plausible factual basis and that further amendment would be futile.

Plaintiffs' proposed TAC does not show that they were treated differently from other similarly situated wineries. Plaintiffs rely on superficial similarities while disregarding the material regulatory distinctions that explain the County's treatment of each purported comparator. Most significantly, the proposed allegations repeatedly compare Summit Lake, which has continued to operate under a Small Winery Exemption ("SWE"), and Smith-Madrone, which has never sought a status determination of its pre-WDO use permit, with wineries that obtained use permits or County determinations concerning their authorized uses. Those are not similarly situated entities.

For example, Plaintiffs allege that Wermuth Winery, which has the same 20,000-gallon production capacity as Summit Lake, was authorized to conduct up to 30 public tours and tastings per day and 100 per week. TAC ¶ 526. Plaintiffs contend that the difference cannot be explained by neutral criteria because Wermuth and Summit Lake have the same production capacity. *Id.* ¶ 529. But Plaintiffs' own Exhibit 69 defeats that comparison. The exhibit shows that Wermuth obtained a County-approved use permit in 1987 authorizing tours and tastings. *See* Dkt. 102-1 at 852–54. Summit Lake, by contrast, has continued to operate under a SWE, which does not authorize those uses. *See* NCC § 18.08.600; *See* Dkt. 70-12 (Summit Lake's 1984 Application for Small Winery Use Permit

---

[2] Many of Plaintiffs' new allegations in the proposed TAC are mischaracterizations of the County's discovery responses that cannot salvage Plaintiffs' legally deficient claims. *See* TAC ¶¶ 176–78, 377–78, 469, 510, 538–41, 684, 831, 878, 945. These are not factual allegations that support Plaintiffs' claims. Furthermore, Plaintiffs mischaracterize the County's responses in the TAC by quoting them out of context, cherry-picking only fragments that suit Plaintiffs, and omitting the objections and qualifications under which the County provided the responses. The County's complete responses refute Plaintiffs' selective account. *See* Dkt. 102-1 at 274–329 (Napa County's Responses to Plaintiffs' RFAs Set Two); *id.* at 407–19 (Napa County's Responses to Plaintiffs' RFAs Set One); *id.* at 582–605 (Napa County's Responses to Plaintiffs' Interrogatory Requests Set One). The Court need not accept Plaintiffs' characterizations of documents that speak for themselves.

RENNE PUBLIC LAW GROUP
Attorneys at Law

Exemption); *see also* Dkt. 99 at 17–19.

Plaintiffs' proposed allegations concerning Matthiasson suffer from the same defect. Plaintiffs allege that the County would not let Summit Lake conduct tours and tastings while allowing Matthiasson, which Plaintiffs characterize as a similarly situated small winery, to accommodate seventeen visitors per day and hold events without obtaining a use permit. TAC ¶¶ 531–33. However, publicly available documents show that Matthiasson obtained a use permit in 2019 authorizing tours and tastings. *See* Request for Judicial Notice, Ex. A. Once again, Plaintiffs omit the dispositive distinction between the purported comparator and Summit Lake: Matthiasson completed the permit application process and associated requirements and obtained affirmative County authorization for the uses at issue, while Summit Lake has continued to operate under its SWE without obtaining a comparable use permit. *See* NCC §§ 18.08.600, 18.20.020, 18.124 *et seq.*

Plaintiffs' comparison to Amici Cellars is similarly deficient. Plaintiffs allege that the County applied inconsistent methodologies in establishing visitation limits and treated Amici differently from Summit Lake when determining the allowable number of visitors. TAC ¶ 709. But the documents attached to and incorporated into the proposed TAC show that Amici also operates under a use permit, not an SWE. *See* Dkt. 102-1 at 1089–92. Thus, as with Wermuth and Matthiasson, Plaintiffs compare Summit Lake's operation under an SWE with a winery operating under a use permit. *See* NCC §§ 18.08.600, 18.20.020, 18.124 *et seq.;* Dkt. 99 at 19:5-21. Whatever dispute Plaintiffs may have with the methodology the County used in setting Amici's permitted visitation, that does not establish that the County treated similarly situated wineries differently.

Plaintiffs likewise attempt to compare Smith-Madrone to Cain Vineyards, alleging that Cain, a hillside winery in the same Spring Mountain District, was subject to restrictions on visitors and marketing events while valley-floor wineries allegedly received substantially greater allowances. TAC ¶¶ 527–29. First, Cain Vineyards is not a Plaintiff in this case, and the County's handling of its status determination has no bearing on Smith-Madrone's as-applied claims. Moreover, Plaintiffs' own allegations and exhibits reveal a material distinction. Cain participated in the County's Code Compliance Program, obtained a status determination concerning its winery operations, and pursued the administrative process further by appealing that determination to the Board of Supervisors. *See* Dkt.

102-1 at 860–64, 905–13. Smith-Madrone has done neither, conceding that it has never sought a determination of its pre-WDO entitlements. Plaintiffs cannot establish disparate treatment by comparing their unadjudicated and, by their own allegations, speculative claims of entitlement to a winery whose regulatory status the County affirmatively determined through its administrative process.

The proposed TAC demonstrates the fundamental problem with Plaintiffs' equal protection theory. Plaintiffs identify wineries that received different treatment, but their allegations and exhibits establish material differences in those wineries' regulatory status and administrative history. Plaintiffs cannot compare themselves to wineries that obtained or clarified their entitlements through available administrative processes while never completing that process themselves.

At bottom, Plaintiffs' case is not that the County denied them entitlements; it is that Plaintiffs want additional entitlements without undergoing the application and review process required to get them. That process necessarily entails some costs and burdens, but those requirements serve legitimate regulatory purposes, ensuring the property is an appropriate site for the requested winery operations, including ensuring that there is adequate infrastructure to operate safely without causing detrimental effects on the environment or surrounding properties.

**E. The Court Should Not Permit Further Amendment**

Further amendment would be futile. Plaintiffs did not seek leave to amend until after the County filed its pending motion to dismiss the SAC (*see* Dkt. 99), which reasserts the same deficiencies the County identified in its earlier motion to dismiss the FAC (*see* Dkt. 53). Plaintiffs have been on notice of the flaws in their pleadings across successive rounds of briefing, yet the proposed TAC does not cure the defects the County has repeatedly raised. The Court should therefore deny Plaintiffs leave to amend and should not permit further amendment. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) ("A district court, however, may in its discretion deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." (internal quotations omitted)).

## VI. CONCLUSION

For the foregoing reasons, the County respectfully requests that the Court deny Plaintiffs' Motion for Leave to File a Third Amended Complaint and Add Parties.

Dated: September 25, 2026

RENNE PUBLIC LAW GROUP

By: *_/s/ Ryan P. McGinley-Stempel_*
RYAN P. McGINLEY-STEMPEL

Attorneys for Defendant
NAPA COUNTY