# Exhibit 20

Farella Braun + Martel

**KATHERINE PHILIPPAKIS**
kp@fbm.com
D 707.967.4154

October 20, 2023

Napa County
Planning, Building & Environmental Services Dept.
Attn: Sean Trippi
Supervising Planner
1195 Third Street
Suite 210
Napa, California 94559

Delivery Via Email Only:
*sean.trippi@countyofnapa.org*

Re: **Response to Most Recent Correspondence re Summit Lake Winery Use Permit**

Dear Sean:

We write in response to Jason Dooley's October 10 email regarding the application status of Summit Lake Winery's modification application (P19-00160) (the "Application"). In his email, Mr. Dooley relayed the following message from Patrick Ryan:

> I have been researching pre-1991 Parcel Map files for the Summit Lake Winery parcel, to determine if there was information in the maps that imposed conditions related to access and perimeter to exempt the parcel from the current NCRSS. Unfortunately, after this review, I have determined that the Tentative Maps did not impose the types of conditions that would allow for the Pre-1991 exemption to be applicable to this parcel.

As a preliminary matter, we write to express our disappointment in the County's efforts to manipulate Summit Lake. As you are aware, Summit Lake submitted the Application as part of the County's Code Compliance Program over four years ago, in *early 2019*. Summit Lake has been in regular communication with the County to find a resolution since the County first asserted the position that Summit Lake was operating beyond the scope of its use permit. However, it was only *after* Summit Lake filed a motion to intervene in the pending litigation styled *Napa County v. Hoopes Family Winery Partners, L.P.*, Case No. 22CV001262 (the "Hoopes Litigation), that the County approached Summit Lake regarding the existence of highly relevant records in its possession (and not available to the public) and advised that it expected those records would demonstrate that Summit Lake qualifies (and has always qualified) for an exemption. Then, after it appeared the Court was not going to allow Summit Lake to intervene in the Hoopes Litigation, the County changed course based on Mr. Ryan's (who is not an attorney) sole interpretation of Napa County's Road & Street Standards (the "RSS"). This seems

somewhat unprofessional and unbecoming of public servants, and we were surprised and disappointed by the County's communications.

Setting aside for another time the County's questionable bona fides, we disagree with Mr. Ryan's interpretation of the RSS. Section 2 sets forth the following exemption:

> ….a parcel that was formed from a parcel map or tentative map (if the final map for the tentative map was approve[d] within the time prescribed by Napa County Code) approved prior to January 1, 1991, **to the extent that conditions relating to the perimeters and access to the Building were imposed by the parcel map or final tentative map approved prior to January 1, 1991**.

(Emphasis added.)

Contrary to Mr. Ryan's contention, the documents that the County (finally) provided on October 10 demonstrate that Summit Lake falls squarely within the scope of the exemption. In or about 1975, R.L. Lamborn and R.J. Brakesman filed a parcel map to transfer 6.5 acres from a 27-acre parcel (belong to Brakesman) to an 11.6-acre parcel (belonging to Lamborn). Critically, the County expressly conditioned approval of the parcel map on Lamborn and Brakesman irrevocably dedicating that portion of Summit Lake Drive that lies along and/or across Lamborn's and Brakesman's property to the County of Napa:

> That portion of private right of way known as Summit Lake Drive which lies along and/or across Parcels A & B is to be irrevocably offered for dedication to the County of Napa.

This condition of approval—which County records show was satisfied—directly relates to "perimeters and access." It is of no consequence that the County elected not to accept the dedication.

Additionally, the property transferred was memorialized in Parcel Map No. 2687. The County Surveyor, Harry Hamilton, approved that Map No. 2687 "conforms with the requirements of the Subdivision Map Act and local ordinance." We are presently researching the requirements of the Subdivision Map Act and Napa County's General Plan, as such regulations existed when Parcel Map 2687 was approved in September 1975.

///

///

///

Please let me know if you would like to set a call to discuss any of the matters raised in this letter or pertaining to Summit Lake's Application.

Very truly yours,

Katherine Philippakis

cc: Brian Bordona
Jason Dooley, Esq.
Patrick Ryan
Heather Griffin
Katharine Falace, Esq.
Cristina A. Guido, Esq.
Rachel Lenihan

34014\16408390.2