# Exhibit 7

Joseph M. Infante (pro hac admission)
infante@millercanfield.com
Stephen M. Ragatzki (pro hac admission)
ragatzki@millercanfield.com
**MILLER, CANFIELD, PADDOCK AND STONE, PLC**
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
Tel: (616) 776-6333 / Fax: (616) 776-6322

Eugene M. Pak (Bar No. 168699)
epak@fennemorelaw.com
Angela Han (Bar No. 317137)
ahan@fennemorelaw.com
**FENNEMORE LLP**
1111 Broadway, 24th Floor
Oakland, California 94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
Attorneys for Plaintiffs Hoopes Vineyard LLC, Summit Lake Vineyard, and Cook's Flat Associates a California Limited Partnership

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,<br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NAPA,<br><br>Defendant. | Case No. 3:24-cv-6256-CRB |

**DECLARATION OF STUART SMITH**

1. I, Stuart Smith, declare as follows:

2. I am a co-founder of Smith-Madrone, the winery operated by Plaintiff Cook's Flat Associates, a California limited partnership ("Smith-Madrone"). Napa County approved our winery on October 24, 1973, and I have been personally involved in growing and making

wine on this mountain, and in dealing with the County over that same property, ever since. I submit this declaration in support of Smith-Madrone's motion for a preliminary injunction, based on my own personal knowledge.

3. Smith-Madrone sits at 4022 Spring Mountain Road in St. Helena and operates under a use permit that predates the County's 1990 Winery Definition Ordinance. For most of the more than fifty years I have made wine here, Smith-Madrone has hosted people on the property, by appointment, to taste our wines and hear about how they are made. We have also, from time to time, invited smaller groups, our mailing list customers, people in the trade, and others, to gather at the winery for events built around a particular vintage or the harvest itself. Napa County never objected to any of this until recently.

4. That has changed. Napa County now takes the position that Smith-Madrone may not hold marketing events of the kind described above without first submitting a marketing plan for the County's approval. Because of that position, and the enforcement practices described in Plaintiffs' motion, Smith-Madrone has stopped holding the gatherings it once held as a matter of course.

5. Events like these matter to a winery like ours in a way that is hard to convey in the abstract. Smith-Madrone does not have the marketing budget of a large producer, and we have never tried to compete that way. What has sustained this winery for five decades is largely the people who come here, taste what we make, hear why we farm the way we do, and decide to keep buying our wine, year after year, sometimes for the rest of their lives. A tasting room visit accomplishes some of that. A gathering built around the harvest, or an evening for a handful of longtime customers to taste an older vintage, accomplishes a great deal more, because it gives people a reason to feel connected to this place, not just to a bottle on a shelf.

6. If this Court grants Plaintiffs' motion, Smith-Madrone intends to promptly resume hosting private, invitation-only gatherings of the kind Napa County's own guidance identifies as permissible "cultural and social events." (Dkt. 70-48.) I have in mind, among others: an annual harvest gathering for our mailing-list customers, at which we would pour current and library wines and talk about that year's dry-farmed, mountain-grown fruit; and a small tasting for wine writers and trade buyers to introduce a limited release from our library. Smith-Madrone has not scheduled or announced either event, or anything like them, because I believe the County would treat them as prohibited absent a court order, and I am not willing to expose this winery to citation or civil penalties to find out.

7. Smith-Madrone has not submitted a marketing plan seeking the County's approval of these events. I do not believe doing so would resolve anything, because the standard the County says it would apply, an evaluation of the event's "intent," its "non-wine-related content," and its "intensity," is the same undefined and discretionary standard Plaintiffs challenge in this motion.

8. I am aware that Napa County has represented, in this litigation, that it exercises discretion in deciding which wineries to pursue for code enforcement, and that County personnel have visited wineries connected to this case, including in the related *Napa County v. Hoopes Family Winery Partners, LP* matter, without saying who they were. Given that, I am not willing to hold the events described above, or resume the kind of hospitality this winery built over fifty years, until Smith-Madrone has the protection of an order from this Court.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 27, 2026, at St. Helena, California.

Stuart A. Smith