# Exhibit 8

Joseph M. Infante (pro hac admission)
infante@millercanfield.com
Stephen M. Ragatzki (pro hac admission)
ragatzki@millercanfield.com
**MILLER, CANFIELD, PADDOCK AND STONE, PLC**
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
Tel: (616) 776-6333 / Fax: (616) 776-6322

Eugene M. Pak (Bar No. 168699)
epak@fennemorelaw.com
Angela Han (Bar No. 317137)
ahan@fennemorelaw.com
**FENNEMORE LLP**
1111 Broadway, 24th Floor
Oakland, California 94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
Attorneys for Plaintiffs Hoopes Vineyard LLC, Summit Lake Vineyard, and Cook's Flat Associates a California Limited Partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,

Plaintiffs,

v.

COUNTY OF NAPA,

Defendant.

Case No. 3:24-cv-6256-CRB

**DECLARATION OF HEATHER GRIFFIN**

1. I, Heather Griffin, declare as follows:

2. I am co-owner of Plaintiff Summit Lake Vineyards & Winery LLC ("Summit Lake") and am responsible for its day-to-day operations, including its customer and trade relationships. I make this declaration in support of Summit Lake's motion for a preliminary injunction. I

have personal knowledge of the matters stated below and could testify to them competently if called upon to do so.

3. Summit Lake has operated on its property at 2000 Summit Lake Drive, Angwin, California since a small winery use permit exemption was issued to its predecessor on March 1, 1984. From that time until Napa County reversed its position in the manner described in Plaintiffs' motion, Summit Lake regularly welcomed visitors by private appointment, poured its wines for prospective and existing customers, and otherwise built its customer base through the kind of small, invitation-only gatherings described further below.

4. Direct customer relationships of this kind are not incidental to Summit Lake's business; they are central to it. Summit Lake is a small producer that depends on repeat and word-of-mouth business rather than broad distribution. In my experience managing the winery, a customer who tastes our wine in person, meets the people who make it, and understands the story behind a particular vintage is far more likely to purchase, to join our wine club, and to become a source of referrals than a customer who only encounters our wine on a shelf. Cultural and social gatherings are one of the principal ways Summit Lake builds and sustains those relationships.

5. Notwithstanding this history, Napa County has taken the position, beginning in approximately 2019 and continuing today, that Summit Lake's small winery exemption categorically forecloses any marketing events, public or private. Summit Lake has curtailed its customer-facing activities as a direct result, and continues to do so.

6. If the Court grants Plaintiffs' motion, Summit Lake intends to promptly resume hosting the kind of private, invitation-only gatherings Napa County's own guidance treats as permissible "cultural and social events." (Dkt. 70-48.) Two examples illustrate what Summit Lake has in mind: first, an annual harvest-season gathering limited to Summit

Lake's wine club members, at which we would pour the current release alongside library wines and speak with attendees about that year's harvest; and second, a small trade event for a handful of local restaurant and retail buyers to introduce a new release before it becomes generally available. Summit Lake has not scheduled or publicized either event, or any similar gathering, because I am concerned the County will treat it as prohibited and pursue citation or civil penalties against Summit Lake for holding it.

7. I have not directed Summit Lake to apply for the County's approval of these events because the County's own position, described in Plaintiffs' motion, is that Summit Lake's exemption forecloses marketing events of any kind, and because I believe any such application would be evaluated under the same undefined and discretionary standard Plaintiffs challenge in this motion.

8. The inability to hold these events is a real cost to Summit Lake's business, not an abstract one. Every wine club gathering or trade introduction we forgo is an opportunity to deepen a customer relationship, generate a direct sale, or add a member to our wine club that does not come back. Those are the relationships that sustain a winery of our size year over year, and I do not believe money damages, awarded after the fact, could adequately replace what is lost while this restriction remains in place.

9. My reluctance to proceed without a court order is not theoretical. I understand Napa County has represented in this litigation that it exercises discretion in deciding whether and against whom to bring enforcement action, and that County personnel have visited wineries connected to this litigation, including in the related *Napa County v. Hoopes Family Winery Partners, LP* matter, without identifying themselves. Given that record, I am not willing to have Summit Lake hold the events described in Paragraph 6 unless and until this Court has ruled on Plaintiffs' motion.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on Sept. 23, 2026, at Angwin, California.

Heather Griffin

51730298.1/162870.00001