# Exhibit 1

SHERYL L. BRATTON, County Counsel (SBN 144209)
JASON M. DOOLEY, Chief Deputy County Counsel (SBN 258570)
jason.dooley@countyofnapa.org
OFFICE OF THE NAPA COUNTY COUNSEL
1195 Third Street, Suite 301
Napa, California 94559
Telephone: (707) 254-4521
Facsimile: (707) 259-8220

ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile: (415) 848-7230

Attorneys for Defendant
COUNTY OF NAPA

RENNE PUBLIC LAW GROUP
Attorneys at Law

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES, a California Limited Partnership,

Plaintiffs,

v.

COUNTY OF NAPA

Defendant.

Case No. 3:24-CV-06256-CRB

**DEFENDANT COUNTY OF NAPA'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSIONS, SET TWO**

Action Filed: September 5, 2024

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiffs, HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES, a California Limited Partnership, |
| RESPONDING PARTY: | Defendant COUNTY OF NAPA |
| SET NO.: | TWO |

Defendant COUNTY OF NAPA ("Defendant" or "County" or "Napa") hereby submits its responses to Plaintiffs HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES, a California Limited Partnership ("Plaintiffs'") Requests for Admission, Set Two, served via E-mail on July 17, 2026.

**INTRODUCTORY STATEMENT**

Defendant has not completed its investigation of all the facts in this case, or discovery in this matter, and has not completed its preparation for trial. Accordingly, the following responses are based only on information presently available and known to Defendant. Defendant reserves the right to supplement or amend its responses if new information or documents become available. Defendant also reserves the right to supplement or amend its responses in the event previously available information or documents were omitted by oversight, inadvertence, or good faith error or mistake.

Except for facts explicitly stated, no incidental or implied ADMISSIONS are intended in these responses. By responding to any request, Defendant does not necessarily adopt or accept the terms Plaintiff has employed or Plaintiffs' characterization of any fact or document. Defendant reserves all objections regarding the competency, relevancy, probative value, and/or admissibility. Defendant also reserves all objections as to vagueness, ambiguity, and overbreadth. Furthermore, Defendant reserves any objections regarding the use of these responses or any document in any subsequent proceeding, including trial.

**GENERAL OBJECTIONS**

To the extent permitted, Defendant incorporates its introductory statement and each of the following general objections into its responses to Plaintiffs' requests. Where required, Defendant will set forth additional specific objections to particular requests.

1. Defendant objects to Plaintiffs' requests insofar as they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the self-critical analysis privilege, the deliberative process privilege, or any other applicable privilege. To the extent that Defendant inadvertently discloses information that may arguably be protected from discovery under any applicable privilege, such inadvertent disclosure does not constitute a waiver of such privilege.

2. Defendant objects to Plaintiffs' requests to the extent they seek information that is not currently in Defendant's possession, custody, or control. Defendant also objects to Plaintiffs' requests to the extent they seek information equally available to Plaintiff.

3. Defendant objects to Plaintiffs' requests to the extent they call for Defendant to conduct a search that is unduly burdensome or oppressive. Defendant will interpret each of Plaintiffs' requests to only require a diligent search and a reasonable inquiry as set forth in the Federal Rules of Civil Procedure.

4. Defendant objects to each request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to each Request to the extent it assumes facts not established in the record, misstates or mischaracterizes applicable law, or calls for a legal conclusion. Defendant also objects to each Request to the extent it seeks an admission regarding the interpretation of a statute, ordinance, regulation, or other legal authority where the Request does not identify with sufficient specificity the particular legal proposition at issue.

6. Defendant objects to Plaintiffs' requests to the extent they call for the interpretation of a document.

7. Defendant objects to Plaintiffs' requests to the extent they seek information of a confidential and personal nature regarding applicants, employees, or other individuals who have a protected interest in their privacy under Article I, section 1, of the California Constitution and as set forth in the Information Practices Act, Civil Code section 1798 *et. seq*.

8. Defendant objects to Plaintiffs' requests to the extent they seek electronically stored information that is not reasonably accessible. Unless Plaintiffs' requests specify a specific form for producing electronically stored information, Defendant will assume that the request only seeks

electronically stored information from reasonably accessible sources. Reasonably accessible sources include data that is immediately and easily accessible on Defendant's systems at this time. Defendant specifically objects to any request that seeks electronically stored information contained in: 1) archived data, including backup tapes and other storage media, 2) deleted data, and 3) legacy data (data created on old or obsolete hardware or software no longer in active use).

9. Defendant objects to the extent any request pertains to Plaintiff HOOPES VINEYARD LLC's ("Hoopes") causes of action that have been stayed or dismissed by the Court pursuant to its Order dated March 28, 2025 (*see* Dkt. 69) and affirmed by the 9th Circuit Court of Appeal (*see* Dkt. 86). To the extent any request pertains to Hoopes's causes of action that have been stayed or dismissed by the Court, that request is outside the scope of discovery permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1).

10. Defendant objects to any Request to the extent it seeks an admission beyond the scope of any express admission stated in Defendant's response. Defendant admits each Request only to the extent expressly stated in the corresponding response and denies the Request in all other respects.

11. Defendant incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendant does not waive its right to amend its responses.

Subject to these objections, Defendant responds as follows to Plaintiffs' requests in accordance with this Defendant's understanding of the fair meaning of those requests.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST TO ADMIT NO. 39:**

Admit that County Counsel advised Napa County in 1989 that adoption of the WDO could result in pre-WDO wineries being treated as legal nonconforming uses.

**RESPONSE TO REQUEST TO ADMIT NO. 39:**

The County objects to this Request on the ground that it seeks information protected by the attorney-client privilege and the work-product doctrine, namely the substance of legal advice purportedly

RENNE PUBLIC LAW GROUP
Attorneys at Law

rendered by County Counsel. The County further objects that the Request is vague as to the phrase "advised Napa County."

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that on October 16, 1989, Chief Deputy County Counsel Margaret L. Woodbury provided the County Board of Supervisors a memorandum analyzing aspects of the proposed Winery Definition Ordinance, including a section of the memorandum addressing proposed section 12202(1) and 12232(k). That section of the memorandum discusses recognition of the legal nonconforming status of certain prior uses of pre-WDO wineries.

**REQUEST TO ADMIT NO. 40:**

Admit that the Napa County Code contains no provision that expressly prohibits advertising of wine.

**RESPONSE TO REQUEST TO ADMIT NO. 40:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous. Specifically, as to the terms "expressly" and "advertising." Defendant further objects that the Request is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the Napa County Code does not contain a provision prohibiting the advertising of wine.

**REQUEST TO ADMIT NO. 41:**

Admit that the Napa County Code does not define the phrase "retail permissions."

**RESPONSE TO REQUEST TO ADMIT NO. 41:**

Defendant admits only that the Napa County Code does not contain a specific ordinance-based definition of the term "retail permissions."

**REQUEST TO ADMIT NO. 42:**

Admit that the Napa County Code contains no provision that expressly prohibits tastings

RENNE PUBLIC LAW GROUP
Attorneys at Law

conducted pursuant to a prior appointment.

**RESPONSE TO REQUEST TO ADMIT NO. 42:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "expressly" and is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 43:**

Admit that AB 2004 authorizes on-premises consumption of wine purchased from a licensed winery.

**RESPONSE TO REQUEST TO ADMIT NO. 43:**

Defendant objects to this Request on the grounds that the term "AB 2004" is vague and ambiguous. Defendant further objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of a statute and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "licensed" and is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 44:**

Admit that AB 2004 does not distinguish between holders of Type 02 winegrower licenses operating at small wineries and holders of Type 02 winegrower licenses operating at other wineries.

**RESPONSE TO REQUEST TO ADMIT NO. 44:**

Defendant objects to this Request on the grounds that the term "AB 2004" is vague and ambiguous. Defendant further objects to this Request on the ground that it does not seek an admission as

to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of a statute and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1).

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that California Business and Professions Code section 23358 does not distinguish between the specific land use restrictions that apply to different wineries under the Napa County Code.

**REQUEST TO ADMIT NO. 45:**

Admit that the Napa County Code contains no provision that expressly prohibits live music at a place of business.

**RESPONSE TO REQUEST TO ADMIT NO. 45:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper as a request for admission under Rule 36. See Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "expressly" and is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 46:**

Admit that Napa County does not maintain an application for a permit identified as a "food service permit" for wineries.

**RESPONSE TO REQUEST TO ADMIT NO. 45:**

Defendant objects to this Request on the grounds that the terms "maintain," "application for a permit," and "food service permit" are vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Napa County does not maintain a standardized permit application form bearing the specific title "food service permit" for wineries.

**REQUEST TO ADMIT NO. 47:**



RENNE PUBLIC LAW GROUP
Attorneys at Law

Admit that the Napa County Code contains no provision that expressly prohibits wine tasting at all Napa County wineries.

**RESPONSE TO REQUEST TO ADMIT NO. 47:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "expressly" and is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 48:**

Admit that prior to January 23, 1990, the Napa County Code contained no definition of the term "tasting."

**RESPONSE TO REQUEST TO ADMIT NO. 48:**

Defendant objects to this Request as vague and ambiguous. Specifically, the phrase "contained no definition" is ambiguous because it is unclear whether the Request refers to a specific ordinance-based definition of the term "tasting" or to an understanding or interpretation of the term in a particular context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that prior to January 23, 1990, the Napa County Code did not contain a specific ordinance-based definition of the term "tasting."

**REQUEST TO ADMIT NO. 49:**

Admit that as of the date of your response to this Request for Admission, Napa County does not maintain a definition of the term "public tasting."

**RESPONSE TO REQUEST TO ADMIT NO. 49:**

Defendant objects to this Request as vague and ambiguous. Specifically, the phrase "maintain a definition" is ambiguous because it is unclear whether the Request refers to a specific ordinance-based definition of the term "public tasting" or to an understanding or interpretation of the term in a particular context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the Napa County Code does not contain a specific ordinance-based definition of the term "public tasting."

**REQUEST TO ADMIT NO. 50:**

Admit that Napa County has never maintained a definition for the term "public tasting."

**RESPONSE TO REQUEST TO ADMIT NO. 50:**

Defendant objects to this Request as vague and ambiguous. Specifically, the phrase "maintained a definition" is ambiguous because it is unclear whether the Request refers to a specific ordinance-based definition of the term "public tasting" or to an understanding or interpretation of the term in a particular context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the Napa County Code has never contained a specific ordinance-based definition of the term "public tasting."

**REQUEST TO ADMIT NO. 51:**

Admit that as of the date of your response to this Request for Admission, Napa County does not maintain a definition of the term "private tasting."

**RESPONSE TO REQUEST TO ADMIT NO. 51:**

Defendant objects to this Request as vague and ambiguous. Specifically, the phrase "maintain a definition" is ambiguous because it is unclear whether the Request refers to a specific ordinance-based definition of the term "private tasting" or to an understanding or interpretation of the term in a particular context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that, as of the date of this response, the Napa County Code does not contain a specific ordinance-based definition of the term "private tasting."

**REQUEST TO ADMIT NO. 52:**

Admit that Napa County has never maintained a definition for the term "private tasting."

**RESPONSE TO REQUEST TO ADMIT NO. 52:**

Defendant objects to this Request as vague and ambiguous. Specifically, the phrase "maintained

RENNE PUBLIC LAW GROUP
Attorneys at Law

a definition" is ambiguous because it is unclear whether the Request refers to a specific ordinance-based definition of the term "private tasting" or to an understanding or interpretation of the term in a particular context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the Napa County Code has never contained a specific ordinance-based definition of the term "private tasting."

**REQUEST TO ADMIT NO. 53:**

Admit that prior to January 23, 1990, the Napa County Code contained no provision expressly prohibiting wine tastings at wineries.

**RESPONSE TO REQUEST TO ADMIT NO. 53:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "expressly" and is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 54:**

Admit that prior to January 23, 1990, the Napa County Code contained no definition of the phrase "marketing of wine."

**RESPONSE TO REQUEST TO ADMIT NO. 54:**

Defendant objects that this Request is ambiguous because it is unclear whether the Request refers to a specific ordinance-based definition or to an understanding or interpretation of the term in a particular context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that prior to January 23, 1990, the Napa County Code did not contain a specific ordinance-based definition of the term "marketing of wine."

**REQUEST TO ADMIT NO. 55:**

Admit that prior to January 23, 1990, the Napa County Code contained no provision expressly prohibiting winery events.

**RESPONSE TO REQUEST TO ADMIT NO. 55:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "expressly" and is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 56:**

Admit that "accessory uses" are defined in the Napa County Code ("NCC") section 18.08.020.

**RESPONSE TO REQUEST TO ADMIT NO. 56:**

Defendant admits only that Napa County Code section 18.08.020 provides an ordinance-based definition for the term "accessory uses," which governs the construction of the provisions of Title 18 of the County Code, and provides that "[w]here the zoning regulations applicable to a zoning district specifically identify the accessory uses which are permitted in conjunction with a primary use in that zoning district, no other accessory uses in conjunction with the primary use will be permitted in that zoning district."

**REQUEST TO ADMIT NO. 57:**

Admit that Napa County contends NCC section 18.08.020 applies to Plaintiffs.

**RESPONSE TO REQUEST TO ADMIT NO. 57:**

Defendant objects to this Request as vague and ambiguous as to the phrase "applies to Plaintiffs." Specifically, it is unclear whether the Request asks whether Defendant contends that Napa County Code section 18.08.020 applies to Plaintiffs as a matter of law under the terms of that provision, or whether it asks whether Defendant contends that the provision applies to Plaintiffs based on the particular facts and circumstances of Plaintiffs' properties or activities. The Request is further ambiguous because it assumes, without establishing, that Plaintiffs are similarly situated. Defendant further objects to the



RENNE PUBLIC LAW GROUP
Attorneys at Law

extent this request pertains to Hoopes's causes of action that have been stayed or dismissed by the Court and are thus outside the scope of discovery permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the definitions in Title 18, including NCC section 18.08.020, apply throughout Title 18 and to the properties regulated by Title 18.

**REQUEST TO ADMIT NO. 58:**

Admit that NCC section 18.08.020 states that accessory uses are "customarily" a "part of" the primary use.

**RESPONSE TO REQUEST TO ADMIT NO. 58:**

Defendant admits only that NCC section 18.08.020 states, "'[a]ccessory use' means any use subordinate to the main use and customarily a part thereof…"

**REQUEST TO ADMIT NO. 59:**

Admit that NCC section 18.104.040 states that "[u]ses allowed without a use permit or uses permitted upon grant of a use permit shall include any accessory use."

**RESPONSE TO REQUEST TO ADMIT NO. 59:**

Defendant admits only that NCC section 18.104.040(A) states, "[u]ses allowed without a use permit or uses permitted upon grant of a use permit shall include any accessory use."

**REQUEST TO ADMIT NO. 60:**

Admit that Napa County contends NCC section 18.104.040 applies to Plaintiffs.

**RESPONSE TO REQUEST TO ADMIT NO. 60:**

Defendant objects to the extent this request pertains to Hoopes's causes of action that have been stayed or dismissed by the Court and are thus outside the scope of discovery permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Napa County contends NCC section 18.104.040 applies to Summit Lake and Smith-Madrone.

**REQUEST TO ADMIT NO. 61:**

Admit that Napa County has treated wine tasting as an accessory winery activity.

**RESPONSE TO REQUEST TO ADMIT NO. 61:**

Defendant objects to this Request as vague and ambiguous as to the terms "treated" and "accessory winery activity." Specifically, the term "accessory winery activity" does not distinguish between different wineries, permitting or entitlement schemes, activities, and circumstances to which it refers.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that NCC section 18.20.020 provides, "The following uses may be permitted in all AW districts, but only upon grant of a use permit pursuant to Section 18.124.010:…J. The following uses, when accessory to a winery:[¶]1.Tours and tastings, as defined in Section 18.08.620."

**REQUEST TO ADMIT NO. 62:**

Admit that Napa County has treated wine marketing as an accessory winery activity.

**RESPONSE TO REQUEST TO ADMIT NO. 62:**

Defendant objects to this Request as vague and ambiguous as to the terms "treated" and "accessory winery activity." Specifically, the term "accessory winery activity" does not distinguish between different wineries, permitting or entitlement schemes, activities, and circumstances to which it refers.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that NCC section 18.20.020 provides, "The following uses may be permitted in all AW districts, but only upon grant of a use permit pursuant to Section 18.124.010:…I. The following uses in connection with a winery:…5. Any or all of the following uses provided that, in the aggregate, such uses are clearly incidental, related and subordinate to the primary operation of the winery as a production facility:…b. Marketing of wine as defined in Section 18.08.370."

**REQUEST TO ADMIT NO. 63:**

Admit that Napa County has treated the sale of wine as an accessory winery activity.

**RESPONSE TO REQUEST TO ADMIT NO. 63:**

Defendant objects to this Request as vague and ambiguous as to the terms "treated" and



RENNE PUBLIC LAW GROUP
Attorneys at Law

"accessory winery activity." Specifically, the term "accessory winery activity" does not distinguish between different wineries, permitting or entitlement schemes, activities, and circumstances to which it refers.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that NCC section 18.20.030 provides, "The following uses may be permitted in all AW districts, but only upon grant of a use permit pursuant to Section 18.124.010:…I. The following uses in connection with a winery:…5. Any or all of the following uses provided that, in the aggregate, such uses are clearly incidental, related and subordinate to the primary operation of the winery as a production facility:…c. Retail sale of (1) wine fermented or refermented and bottled at the winery, irrespective of the county of origin of the grapes from which the wine was made, providing nothing herein shall excuse the application of subsections (B) and (C) of Section 18.104.250 regulating the source of grapes; and (2) wine produced by or for the winery from grapes grown in Napa County."

Defendant further admits only that NCC section 18.20.020(A) provides that "agriculture" is a use allowed in all AW districts without a use permit. Agriculture is defined in the County Code to include the "[s]ale of agricultural products grown, raised or produced on the premises," which includes the sale of wine.

**REQUEST TO ADMIT NO. 64:**

Admit that the Napa County Code does not establish a process or procedure for applying for accessory uses separate and apart from primary uses because "accessory uses" are "part of" or "derivative of" primary uses.

**RESPONSE TO REQUEST TO ADMIT NO. 64:**

Defendant objects to this Request as compound and, based on that objection, denies the request.

**REQUEST TO ADMIT NO. 65:**

Admit that NCC section 18.08.600 defines "small winery" and not "small winery exemptions."

**RESPONSE TO REQUEST TO ADMIT NO. 65:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper



RENNE PUBLIC LAW GROUP
Attorneys at Law

as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1).

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Napa County Code section 18.08.600 provides an ordinance-based definition for the term "small winery," which governs the construction of Section 18.20.020(I).

**REQUEST TO ADMIT NO. 66:**

Admit there is no definition of "wine related" items in the Napa County Code.

**RESPONSE TO REQUEST TO ADMIT NO. 66:**

Defendant admits only that the Napa County Code does not include a separate ordinance-based definition for the term "wine-related."

**REQUEST TO ADMIT NO. 67:**

Admit that the production of wine is a permitted activity at a small winery.

**RESPONSE TO REQUEST TO ADMIT NO. 67:**

Defendant objects that the request is vague and ambiguous as to the term "production of wine" as it is undefined in this context and could refer to a range of activities.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits the Request.

**REQUEST TO ADMIT NO. 68:**

Admit that Napa County has treated wine as an agricultural product under NCC section 18.08.040.

**RESPONSE TO REQUEST TO ADMIT NO. 68:**

Defendant admits only that Napa County has treated the sale of bottled wine produced on the premises, subject to all other regulations of the County Code, as an agricultural product under NCC section 18.08.040.

**REQUEST TO ADMIT NO. 69:**

Admit that the definition of agriculture contained within NCC section 18.08.040 includes "Production and processing of agricultural products, including agricultural processing facilities."

**RESPONSE TO REQUEST TO ADMIT NO. 69:**

Defendant admits only that NCC section 18.08.040(H) states, "Agriculture shall include the



RENNE PUBLIC LAW GROUP
Attorneys at Law

following, but only upon grant of a use permit pursuant to Section 18.124.010, or unless previously issued a small winery certificate of exemption pursuant to subsection (H) of Section 18.16.020 and subsection (I) of Section 18.20.020, or legal existence as a winery prior to July 31, 1974 as provided in subsection (G) of Section 18.16.020 and subsection (H) of Section 18.20.020:[¶]1. Production and processing of agricultural products, including agricultural processing facilities…"

**REQUEST TO ADMIT NO. 70:**

Admit that the definition of agriculture contained within NCC section 18.08.040 includes "Marketing, sales, and other accessory uses that are related, incidental and subordinate to the main agricultural processing use."

**RESPONSE TO REQUEST TO ADMIT NO. 70:**

Defendant admits only that NCC section 18.08.040(H) states, "Agriculture shall include the following, but only upon grant of a use permit pursuant to Section 18.124.010, or unless previously issued a small winery certificate of exemption pursuant to subsection (H) of Section 18.16.020 and subsection (I) of Section 18.20.020, or legal existence as a winery prior to July 31, 1974 as provided in subsection (G) of Section 18.16.020 and subsection (H) of Section 18.20.020:…2. Marketing, sales, and other accessory uses that are related, incidental and subordinate to the main agricultural processing use." Subsection (I) of Section 18.20.020, provides "Small wineries which were issued a certificate of exemption prior to the date of adoption of the ordinance codified in this chapter, and used the certificate in the manner set forth in Section 18.124.080 before the effective date of the ordinance codified in this chapter, in conformance with the applicable certificate of exemption, Section 18.08.600, and any resolution adopted pursuant thereto" are a use allowed without a use permit within the Agricultural watershed District.

**REQUEST TO ADMIT NO. 71:**

Admit that Napa County contends that the definition of agriculture contained within NCC section 18.08.040 applies to Plaintiffs.

**RESPONSE TO REQUEST TO ADMIT NO. 71:**

Defendant objects to the extent this request pertains to Hoopes's causes of action that have been stayed or dismissed by the Court and are thus outside the scope of discovery permitted by the Federal

RENNE PUBLIC LAW GROUP
Attorneys at Law

Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Napa County contends that the definition of agriculture contained within NCC section 18.08.040 applies to Smith-Madrone and Summit Lake because NCC section 18.20.020 uses the term defined therein.

**REQUEST TO ADMIT NO. 72:**

Admit that Policy AG/LU-13 contained within the Napa County General Plan references tours and tastings by appointment.

**RESPONSE TO REQUEST TO ADMIT NO. 72:**

Defendant admits only that Policy AG/LU-13 contained within the Napa County General Plan states, “The 1990 Winery Definition Ordinance, recognized certain pre-existing wineries and winery uses as well as new wineries. For wineries approved after the effective date of that ordinance, agricultural processing includes tours and tastings by appointment only, retail sales of wine produced by or for the winery partially or totally from Napa County grapes, retail sale of wine-related items, activities for the education and development of consumers and members of the wine trade with respect to wine produced by or at the winery, and limited non-commercial food service.”

**REQUEST TO ADMIT NO. 73:**

Admit that Policy AG/LU-13 contained within the Napa County General Plan references retail sales of wine.

**RESPONSE TO REQUEST TO ADMIT NO. 73:**

Defendant admits only that Policy AG/LU-13 contained within the Napa County General Plan states, “The 1990 Winery Definition Ordinance, recognized certain pre-existing wineries and winery uses as well as new wineries. For wineries approved after the effective date of that ordinance, agricultural processing includes tours and tastings by appointment only, retail sales of wine produced by or for the winery partially or totally from Napa County grapes, retail sale of wine-related items, activities for the education and development of consumers and members of the wine trade with respect to wine produced by or at the winery, and limited non-commercial food service.”

**REQUEST TO ADMIT NO. 74:**



RENNE PUBLIC LAW GROUP
Attorneys at Law

Admit that Policy AG/LU-13 contained within the Napa County General Plan references retail sales of wine-related items.

**RESPONSE TO REQUEST TO ADMIT NO. 75:**

Defendant admits only that Policy AG/LU-13 contained within the Napa County General Plan states, "The 1990 Winery Definition Ordinance, recognized certain pre-existing wineries and winery uses as well as new wineries. For wineries approved after the effective date of that ordinance, agricultural processing includes tours and tastings by appointment only, retail sales of wine produced by or for the winery partially or totally from Napa County grapes, retail sale of wine-related items, activities for the education and development of consumers and members of the wine trade with respect to wine produced by or at the winery, and limited non-commercial food service."

**REQUEST TO ADMIT NO. 75:**

Admit that Policy AG/LU-13 contained within the Napa County General Plan references limited non-commercial food service.

**RESPONSE TO REQUEST TO ADMIT NO. 75:**

Defendant admits only that Policy AG/LU-13 contained within the Napa County General Plan states, "The 1990 Winery Definition Ordinance, recognized certain pre-existing wineries and winery uses as well as new wineries. For wineries approved after the effective date of that ordinance, agricultural processing includes tours and tastings by appointment only, retail sales of wine produced by or for the winery partially or totally from Napa County grapes, retail sale of wine-related items, activities for the education and development of consumers and members of the wine trade with respect to wine produced by or at the winery, and limited non-commercial food service."

**REQUEST TO ADMIT NO. 76:**

In its Answering Brief to the Ninth Circuit Court of Appeals, Napa County argued that "[t]he sale of any other products or services, including public tastings and tours that do not require 'private arrangements' are not uses" authorized at Smith-Madrone by its use permit. See DktEntry: 15.1, Page 24. Admit that Smith-Madrone's use permit does not expressly prohibit "public tastings."

**RESPONSE TO REQUEST TO ADMIT NO. 76:**

Defendant denies this Request.



RENNE PUBLIC LAW GROUP
Attorneys at Law

**REQUEST TO ADMIT NO. 77:**

Admit that the term "tour" does not appear in Smith-Madrone's use permit.

**RESPONSE TO REQUEST TO ADMIT NO. 77:**

Defendant admits only that the use permit attached to Plaintiffs' Second Amended Complaint at Dkt. 70-19 does not contain the word "tour."

**REQUEST TO ADMIT NO. 78:**

Admit that Smith-Madrone's use permit does not expressly prohibit tours.

**RESPONSE TO REQUEST TO ADMIT NO. 78:**

Defendant objects to this Request on the basis that the term "expressly" is vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Smith-Madrone is allowed to operate in accordance with its permit and any legally established uses prior to the enactment of the Winery Definition Ordinance. Currently, Defendant lacks sufficient information to identify the scope of those legally established uses prior to the enactment of the Winery Definition Ordinance. Accordingly, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 79:**

Admit that Smith-Madrone's use permit does not establish a numerical limitation on the number of customers Smith-Madrone may serve at its winery on a daily, weekly or yearly basis.

**RESPONSE TO REQUEST TO ADMIT NO. 79:**

Defendant objects to this Request on the basis that the term "establish" is vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Smith-Madrone is allowed to operate in accordance with its permit and any legally established uses prior to the enactment of the Winery Definition Ordinance. Currently, Defendant lacks sufficient information to identify the scope of those legally established uses prior to the enactment of the Winery Definition Ordinance. Accordingly, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 80:**

Admit that Smith-Madrone's use permit does not expressly prohibit events.

**RESPONSE TO REQUEST TO ADMIT NO. 80:**

Defendant objects to this Request on the basis that the term "expressly" is vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Smith-Madrone is allowed to operate in accordance with its permit and any legally established uses prior to the enactment of the Winery Definition Ordinance. Currently, Defendant lacks sufficient information to identify the scope of those legally established uses prior to the enactment of the Winery Definition Ordinance. Accordingly, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 81:**

Admit that Smith-Madrone's use permit does not establish a numerical limitation on events.

**RESPONSE TO REQUEST TO ADMIT NO. 81:**

Defendant objects to this Request on the basis that the term "establish" is vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Smith-Madrone is allowed to operate in accordance with its permit and any legally established uses prior to the enactment of the Winery Definition Ordinance. Currently, Defendant lacks sufficient information to identify the scope of those legally established uses prior to the enactment of the Winery Definition Ordinance. Accordingly, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 82:**

Admit that Smith-Madrone's use permit does not expressly prohibit serving food.

**RESPONSE TO REQUEST TO ADMIT NO. 82:**

Defendant objects to this Request on the basis that the term "expressly" is vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Smith-Madrone is allowed to operate in accordance with its permit and any legally established uses prior to the enactment of the Winery Definition Ordinance. Currently, Defendant lacks sufficient information to identify the scope of those legally established uses prior to the enactment of the Winery Definition Ordinance. Accordingly, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 83:**

Admit that Smith-Madrone's use permit does not contain a limitation on serving food.

**RESPONSE TO REQUEST TO ADMIT NO. 83:**

Defendant objects to this Request on the basis that the term "contain" is vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Smith-Madrone is allowed to operate in accordance with its permit and any legally established uses prior to the enactment of the Winery Definition Ordinance. Currently, Defendant lacks sufficient information to identify the scope of those legally established uses prior to the enactment of the Winery Definition Ordinance. Accordingly, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 84:**

Admit that Smith-Madrone's use permit does not expressly prohibit the sale of wine-related items.

**RESPONSE TO REQUEST TO ADMIT NO. 84:**

Defendant objects to this Request on the basis that the term "expressly" is vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Smith-Madrone is allowed to operate in accordance with its permit and any legally established uses prior to the enactment of the Winery Definition Ordinance. Currently, Defendant lacks sufficient information to identify the scope of those legally established uses prior to the enactment of the Winery Definition Ordinance. Accordingly, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 85:**

Admit that Smith-Madrone's use permit does not contain a limitation on the sale of wine-related items.

**RESPONSE TO REQUEST TO ADMIT NO. 85:**

Defendant objects to this Request on the basis that the term "contain" is vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Smith-Madrone is allowed to operate in accordance with its permit

and any legally established uses prior to the enactment of the Winery Definition Ordinance. Currently, Defendant lacks sufficient information to identify the scope of those legally established uses prior to the enactment of the Winery Definition Ordinance. Accordingly, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 86:**

Admit that Smith-Madrone's use permit does not expressly prohibit the sale of non-wine related items.

**RESPONSE TO REQUEST TO ADMIT NO. 86:**

Defendant objects to this Request on the basis that the term "expressly" is vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Smith-Madrone is allowed to operate in accordance with its permit and any legally established uses prior to the enactment of the Winery Definition Ordinance. Currently, Defendant lacks sufficient information to identify the scope of those legally established uses prior to the enactment of the Winery Definition Ordinance. Accordingly, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 87:**

Admit that Smith-Madrone's use permit does not contain a limitation on the sale of non-wine related items.

**RESPONSE TO REQUEST TO ADMIT NO. 87:**

Defendant objects to this Request on the basis that the term "contain" is vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Smith-Madrone is allowed to operate in accordance with its permit and any legally established uses prior to the enactment of the Winery Definition Ordinance. Currently, Defendant lacks sufficient information to identify the scope of those legally established uses prior to the enactment of the Winery Definition Ordinance. Accordingly, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 88:**

Admit that Smith-Madrone's use permit does not establish a numerical limitation on the number

RENNE PUBLIC LAW GROUP
Attorneys at Law

of employees Smith-Madrone may employ.

**RESPONSE TO REQUEST TO ADMIT NO. 88:**

Defendant objects to this Request on the basis that the term "establish" is vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Smith-Madrone is allowed to operate in accordance with its permit and any legally established uses prior to the enactment of the Winery Definition Ordinance. Currently, Defendant lacks sufficient information to identify the scope of those legally established uses prior to the enactment of the Winery Definition Ordinance. Accordingly, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 89:**

Admit that Smith-Madrone's use permit does not expressly prohibit the "sale of any other products or services" as argued by Napa County in its Answering Brief to the Ninth Circuit Court of Appeals. See DktEntry: 15.1, Page 24.

**RESPONSE TO REQUEST TO ADMIT NO. 89:**

Defendant objects to this Request on the basis that the term "expressly" is vague and ambiguous. Defendant further objects that the quotation attributed to Napa County in its Answering Brief to the Ninth Circuit Court of Appeals is incomplete and out of context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Smith-Madrone is allowed to operate in accordance with its permit and any legally established uses prior to the enactment of the Winery Definition Ordinance. Currently, Defendant lacks sufficient information to identify the scope of those legally established uses prior to the enactment of the Winery Definition Ordinance. Accordingly, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 90:**

Admit that prior to January 1, 1990, Napa County was aware that Smith-Madrone conducted tours and tastings by appointment.

**RESPONSE TO REQUEST TO ADMIT NO. 90:**

Defendant objects that the Request is vague and ambiguous as to the meaning of "the County"



RENNE PUBLIC LAW GROUP
Attorneys at Law

and “was aware.” It is unclear whether “the County” refers to the County of Napa as a governmental entity, the Board of Supervisors, a particular County department, or one or more individual County employees or officials.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that, prior to January 1, 1990, Napa County was aware that Smith-Madrone held a use permit to construct and operate a winery, and that a stated condition of that use permit provides that “[w]ine tastings be limited to a private, invitation only, basis.”

**REQUEST TO ADMIT NO. 91:**

Admit that prior to January 1, 1990, Napa County was aware that Smith-Madrone hosted marketing events.

**RESPONSE TO REQUEST TO ADMIT NO. 91:**

Defendant objects to this Request as vague and ambiguous as to the term “marketing events.” Specifically, the Request does not identify what activities Plaintiffs contend constitute a “marketing event. Defendant further objects that the Request is vague and ambiguous as to the meaning of “the County” and “was aware.” It is unclear whether “the County” refers to the County of Napa as a governmental entity, the Board of Supervisors, a particular County department, or one or more individual County employees or officials.

Subject to and without waiving these objections, Defendant responds as follows:

Based on Defendant’s present knowledge, Defendant denies the Request.

**REQUEST TO ADMIT NO. 92:**

Admit that prior to January 1, 1990, Napa County was aware that Smith-Madrone allowed customers to purchase and consume wine on its property.

**RESPONSE TO REQUEST TO ADMIT NO. 92:**

Defendant objects that the Request is vague and ambiguous as to the meaning of “the County” and “was aware.” It is unclear whether “the County” refers to the County of Napa as a governmental entity, the Board of Supervisors, a particular County department, or one or more individual County employees or officials. The Request is further ambiguous as to what constitutes “awareness” by a governmental entity, which is not a natural person capable of possessing knowledge or awareness in the



RENNE PUBLIC LAW GROUP
Attorneys at Law

ordinary sense.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that, prior to January 1, 1990, Napa County was aware that Smith-Madrone held a use permit to construct and operate a winery, and that a stated condition of that use permit provides that "[w]ine tastings be limited to a private, invitation only, basis."

**REQUEST TO ADMIT NO. 93:**

Admit that Summit Lake's Small Winery Use Permit Exemption states "(NO)" as to "PUBLIC TASTINGS".

**RESPONSE TO REQUEST TO ADMIT NO. 93:**

Defendant admits only that Summit Lake's Application for Small Winery Use Permit Exemption states "(NO)" as to "PUBLIC TASTINGS".

**REQUEST TO ADMIT NO. 94:**

Admit that Summit Lake's Small Winery Use Permit Exemption does not contain a prohibition on "private tastings."

**RESPONSE TO REQUEST TO ADMIT NO. 94:**

Defendant denies the Request.

**REQUEST TO ADMIT NO. 95:**

Admit that the term "private tastings" does not appear anywhere on Summit Lake's Small Winery Use Permit Exemption.

**RESPONSE TO REQUEST TO ADMIT NO. 95:**

Defendant admits only that Summit Lake's Application for Small Winery Use Permit Exemption does not contain the phrase "private tastings"; however, it expressly provides that the winery "will not attract the public by offering wine tasting etc." and "[t]here should be little impact on the area and only a small increase in traffic for deliveries etc."

**REQUEST TO ADMIT NO. 96:**

Admit that Summit Lake's Small Winery Use Permit Exemption states "NO. VISITORS ANTICIPATED" and the "PER DAY" section is blank.

**RESPONSE TO REQUEST TO ADMIT NO. 96:**

RENNE PUBLIC LAW GROUP
Attorneys at Law

Defendant admits only that Summit Lake's Application for Small Winery Use Permit Exemption provides spaces to indicate "NO. VISITORS ANTICIPATED." There are two spaces provided next to "PER DAY" and "PER WEEK." The space corresponding to PER DAY is blank, and the space corresponding to PER WEEK indicates "2."

**REQUEST TO ADMIT NO. 97:**

Admit that Summit Lake's Small Winery Use Permit Exemption states "NO. VISITORS ANTICIPATED" and the "PER WEEK" section says "2".

**RESPONSE TO REQUEST TO ADMIT NO. 97:**

Defendant admits only that Summit Lake's Application for Small Winery Use Permit Exemption provides spaces to indicate "NO. VISITORS ANTICIPATED." There are two spaces provided next to "PER DAY" and "PER WEEK." The space corresponding to PER DAY is blank, and the space corresponding to PER WEEK indicates "2."

**REQUEST TO ADMIT NO. 98:**

Admit that Summit Lake's Small Winery Use Permit Exemption does not use the phrase "maximum visitors."

**RESPONSE TO REQUEST TO ADMIT NO. 98:**

Defendant admits only that Summit Lake's Application for Small Winery Use Permit Exemption does not use the phrase "maximum visitors".

**REQUEST TO ADMIT NO. 99:**

Admit that Summit Lake's Small Winery Use Permit Exemption uses the term "anticipated" in relation to visitors.

**RESPONSE TO REQUEST TO ADMIT NO. 99:**

Defendant admits only that Summit Lake's Application for Small Winery Use Permit Exemption uses the term "anticipated" in relation to visitors.

**REQUEST TO ADMIT NO. 100:**

Admit that Summit Lake's Small Winery Use Permit Exemption does not expressly prohibit events.

**RESPONSE TO REQUEST TO ADMIT NO. 100:**

Defendant denies the Request.

**REQUEST TO ADMIT NO. 101:**

Admit that Summit Lake's Small Winery Use Permit Exemption does not establish a numerical limitation on events.

**RESPONSE TO REQUEST TO ADMIT NO. 101:**

Defendant denies the Request.

**REQUEST TO ADMIT NO. 102:**

Admit that Summit Lake's Small Winery Use Permit Exemption does not expressly prohibit serving food.

**RESPONSE TO REQUEST TO ADMIT NO. 102:**

Defendant denies the Request.

**REQUEST TO ADMIT NO. 103:**

Admit that Summit Lake's Small Winery Use Permit Exemption does not contain a limitation on serving food.

**RESPONSE TO REQUEST TO ADMIT NO. 103:**

Defendant denies the Request.

**REQUEST TO ADMIT NO. 104:**

Admit that Summit Lake's Small Winery Use Permit Exemption does not expressly prohibit the sale of wine-related items.

**RESPONSE TO REQUEST TO ADMIT NO. 104:**

Defendant denies the Request.

**REQUEST TO ADMIT NO. 105:**

Admit that Summit Lake's Small Winery Use Permit Exemption does not contain a limitation on the sale of wine-related items.

**RESPONSE TO REQUEST TO ADMIT NO. 105:**

Defendant denies the Request.

**REQUEST TO ADMIT NO. 106:**

Admit that Summit Lake's Small Winery Use Permit Exemption does not expressly prohibit the

sale of non-wine related items.

**RESPONSE TO REQUEST TO ADMIT NO. 106:**

Defendant denies the Request.

**REQUEST TO ADMIT NO. 107:**

Admit that Summit Lake's Small Winery Use Permit Exemption does not contain a limitation on the sale of non-wine related items.

**RESPONSE TO REQUEST TO ADMIT NO. 107:**

Defendant denies the Request.

**REQUEST TO ADMIT NO. 108:**

Admit that Summit Lake's Small Winery Use Permit Exemption does not establish a numerical limitation on the number of employees Summit Lake may employ but only indicates the number of employees it currently had and proposes "per shift."

**RESPONSE TO REQUEST TO ADMIT NO. 108:**

Defendant denies the Request.

**REQUEST TO ADMIT NO. 109:**

Admit that Napa County has not required customers to make prior appointments in order to purchase bottled wine to go from Plaintiffs' wineries.

**RESPONSE TO REQUEST TO ADMIT NO. 109:**

Defendant objects to the extent this request pertains to Hoopes's causes of action that have been stayed or dismissed by the Court and are thus outside the scope of discovery permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request as vague and ambiguous as to the term "required" and as to time. Specifically, it is unclear whether Plaintiffs intend "required" to refer to a requirement imposed by the Napa County Code, a condition of a particular use permit or other land-use entitlement, a requirement imposed by Napa County in a particular permitting or enforcement context, or an alleged practice or position of Napa County.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that, under the County Code, Summit Lake and Smith-Madrone may sell bottled wine to go to customers without a prior appointment.

**REQUEST TO ADMIT NO. 110:**

Admit that according to Napa County's General Plan adopted in 1991, "Agriculture includes the production and processing of food and fiber… In the case of wineries, processing includes tours and tastings, retails sales of wine produced by or for the winery partially or totally form Napa County grapes, activities for the education and development of consumers and members of the public, and limited non-commercial food service."

**RESPONSE TO REQUEST TO ADMIT NO. 110:**

Defendant admits only that the Napa County General Plan adopted in 1983, which was in effect in 1991, provides in section 3.11, titled "PROCESSING OF AGRICULTURAL PRODUCTS," that "Agriculture includes the production and processing of food and fiber, the growing of crops, produce and feed as well as the raising of livestock and animals. In the case of wineries, processing includes tours and tasting, retail sales of wine produced by or for the winery partially or totally from Napa County grapes, activities for the education and development of consumers and members of the wine trade with respect to wine produced by or at the winery, and limited non-commercial food service, provided any such activities are clearly accessory to the principal use of the facility as an agricultural processing facility. No other use or development of a parcel located in an agricultural area shall be permitted unless it is needed for the agricultural use of the parcel, except as provided in Policies 3.7 and 3.7(a) above. The processing of agricultural products often takes on an industrial character which will be subject, in general, to the same kinds of regulations as other industrial uses."

**REQUEST TO ADMIT NO. 111:**

Admit that prior to January 1, 1990, Napa County was aware that Summit Lake hosted guests who consumed wine on the property.

**RESPONSE TO REQUEST TO ADMIT NO. 111:**

Defendant objects to this Request on the ground that it is vague and ambiguous as to the phrase "hosted guests." The Request does not define or otherwise identify what Plaintiff means by "hosted," including whether the term refers to social visitors, invited guests, customers, members of the public, persons attending a private gathering, or persons participating in a winery-related activity. Defendant further objects that the Request is vague and ambiguous as to the phrase "consumed wine on the

RENNE PUBLIC LAW GROUP
Attorneys at Law

property," including whether Plaintiff contends that the consumption occurred as part of a commercial winery activity, a private gathering, or some other circumstance. Defendant further objects that the Request is vague and ambiguous as to the meaning of "the County" and "was aware." It is unclear whether "the County" refers to the County of Napa as a governmental entity, the Board of Supervisors, a particular County department, or one or more individual County employees or officials. The Request is further ambiguous as to what constitutes "awareness" by a governmental entity, which is not a natural person capable of possessing knowledge or awareness in the ordinary sense.

Subject to and without waiving these objections, Defendant responds as follows:

Based on Defendant's present knowledge, Defendant denies the Request.

**REQUEST TO ADMIT NO. 112:**

Admit that the road upon which Summit Lake's winery sits contains other permitted wineries and the road is sufficient to allow those wineries to host visitors.

**RESPONSE TO REQUEST TO ADMIT NO. 112:**

Defendant objects to this Request as vague and ambiguous. Specifically, the Request is ambiguous as to the geographic limits of the "road" to which it refers, including whether "the road upon which Summit Lake's winery sits" refers to the entire length of the road, a particular segment of the road, or some other portion of the roadway. The Request is further ambiguous as to the standard by which the "sufficiency" of the road is to be judged, including whether the Request refers to the road's physical capacity, traffic conditions, safety, access, or compliance with any particular County Code requirement or other applicable standard.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Summit Lake Drive in Napa County provides access to other permitted wineries.

**REQUEST TO ADMIT NO. 113:**

Admit that BPC Section 23356.1 states that the "department may adopt the rules as it determines to be necessary for the administration of this section."

**RESPONSE TO REQUEST TO ADMIT NO.: 113:**

RENNE PUBLIC LAW GROUP
Attorneys at Law

Defendant admits only that the California Business and Professions Code section 23356.1(d) states, "The department may adopt the rules as it determines to be necessary for the administration of this section."

**REQUEST TO ADMIT NO. 114:**

Admit that BPC Section 23356.1 does not state that Napa County may establish rules related to that section.

**RESPONSE TO REQUEST TO ADMIT NO. 114:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of a statute and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "state" and because the meaning and effect of a statutory provision must be determined in the context of the statutory scheme as a whole, including related provisions governing the same subject matter.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 115:**

Admit that BPC Section 23386(a) "authorizes the giving away of samples of the alcoholic beverages that are authorized to be sold by the license under the rules that may be prescribed by the department."

**RESPONSE TO REQUEST TO ADMIT NO. 115:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of a statute and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous and that the meaning and effect of a statutory provision must be determined in the context of the statutory scheme as a whole, including related provisions governing the same subject matter.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 116:**

Admit that BPC Section 23386(a) does not state that Napa County can establish rules related to a winegrower giving away samples.

**RESPONSE TO REQUEST TO ADMIT NO. 116:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of a statute and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "state" and because the meaning and effect of a statutory provision must be determined in the context of the statutory scheme as a whole, including related provisions governing the same subject matter.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 117:**

Admit that Cal. Code Regs., Title 4, § 106(i)(2) states that winegrowers may "sponsor contests, races, tournaments, and other similar activities on or off licensed premises."

**RESPONSE TO REQUEST TO ADMIT NO. 117:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of a state regulation and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "states" and because the meaning and effect of a regulatory provision must be determined in the context of the regulatory and statutory scheme as a whole, including related provisions governing the same subject matter.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 118:**

Admit that Cal. Code Regs., Title 4, § 106(i)(2) does not state that Napa County may restrict winegrowers "sponsor[ing] contests, races, tournaments, and other similar activities on or off licensed premises."

**RESPONSE TO REQUEST TO ADMIT NO. 118:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of a state regulation and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "state" and because the meaning and effect of a regulatory provision must be determined in the context of the regulatory and statutory scheme as a whole, including related provisions governing the same subject matter.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 119:**

Admit that wineries in Napa County are not subject to identical permissions regarding visitation, tastings, events, and marketing activities.

**RESPONSE TO REQUEST TO ADMIT NO. 119:**

Defendant objects to this Request as vague and ambiguous as to the phrase "identical permissions," including whether Plaintiffs refer to identical permissions under the Napa County Code, under individual use permits or other entitlements, or with respect to particular visitation, tasting, event, or marketing activities.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that wineries in Napa County operate pursuant to individual permits and other land-use entitlements, issued pursuant to laws that have changed over time, that do not necessarily authorize identical activities or impose identical conditions regarding visitation, tastings, events, and marketing activities.

**REQUEST TO ADMIT NO. 120:**



RENNE PUBLIC LAW GROUP
Attorneys at Law

Admit that small winery use permit exemptions were exempt from CEQA.

**RESPONSE TO REQUEST TO ADMIT NO. 120:**

Defendant admits only that obtaining a small winery use permit exemption did not require CEQA review.

**REQUEST TO ADMIT NO. 121:**

Admit that the Napa County Code contains no provision that expressly prohibits wineries from distributing marketing materials to potential customers.

**RESPONSE TO REQUEST TO ADMIT NO. 121:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "expressly" and is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the Napa County Code does not include a provision prohibiting wineries from distributing marketing materials to potential customers.

**REQUEST TO ADMIT NO. 122:**

Admit that it is permissible for all wineries in Napa County to distribute marketing materials to potential customers, on or off their winery property, for the purpose of seeking to induce potential customers to visit the winery to taste and purchase wine.

**RESPONSE TO REQUEST TO ADMIT NO. 122:**

Defendant objects to this Request as compound. Defendant further objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks an abstract legal conclusion as to what is legally permissible, untethered to any specific fact, which is a pure question of law and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "all wineries in Napa County" and is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 123:**

Admit that the Napa County Code contains no provision that expressly prohibits wineries from explaining the characteristics of their wines to customers.

**RESPONSE TO REQUEST TO ADMIT NO. 123:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "expressly" and is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the Napa County Code does not include a provision that prohibits wineries from explaining the characteristics of their wines to customers.

**REQUEST TO ADMIT NO. 124:**

Admit that it is permissible for all wineries in Napa County to explain the background of their wines in order to induce customers to purchase wine.

**RESPONSE TO REQUEST TO ADMIT NO. 124:**

The phrase "all wineries in Napa County" is overbroad and fails to identify any specific winery, conduct, or factual circumstances to which the Request refers. The Request is further vague and ambiguous because it does not identify the legal or regulatory authority under which the alleged conduct is "permissible."

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits the Request.

**REQUEST TO ADMIT NO. 125:**

Admit that the Napa County Code contains no provision that expressly prohibits the production of brandy by wineries.



RENNE PUBLIC LAW GROUP
Attorneys at Law

**RESPONSE TO REQUEST TO ADMIT NO. 125:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "expressly" and is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 126:**

Admit that it is permissible for all wineries in Napa County to produce brandy.

**RESPONSE TO REQUEST TO ADMIT NO. 126:**

The phrase "all wineries in Napa County" is overbroad and fails to identify any specific winery, conduct, or factual circumstances to which the Request refers. The Request is further vague and ambiguous because it does not identify the legal or regulatory authority under which the alleged conduct is "permissible."

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies this Request.

**REQUEST TO ADMIT NO. 127:**

Admit that the Napa County Code contains no provision that expressly prohibits small wineries from producing wine from grapes not grown on the small winery property.

**RESPONSE TO REQUEST TO ADMIT NO. 127:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "expressly" and is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 128:**

Admit it is legal for all small wineries in Napa County to produce wine from grapes not grown on the small winery property.

**RESPONSE TO REQUEST TO ADMIT NO. 128:**

Defendant objects that this Request is vague and ambiguous because it refers to "all small wineries in Napa County" without identifying any specific small winery or the particular facts or circumstances at issue. Accordingly, Defendant does not have sufficient information to admit or deny the request.

**REQUEST TO ADMIT NO. 129:**

Admit that the Napa County Code contains no provision that expressly prohibits small winery exemptions from producing wine from grapes not grown on the small winery property.

**RESPONSE TO REQUEST TO ADMIT NO. 129:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "expressly" and is an incomplete hypothetical. Defendant further objects that the Request's reference to small winery exemptions producing is incomprehensible.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 130:**

Admit it is legal for all small winery exemptions in Napa County to produce wine from grapes not grown on the small winery exemption property.

**RESPONSE TO REQUEST TO ADMIT NO. 130:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks an abstract legal conclusion as to what is legally permissible,



RENNE PUBLIC LAW GROUP
Attorneys at Law

untethered to any specific fact, which is a pure question of law and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the terms "expressly" and "all small winery exemptions." Defendant further objects that the Request's reference to small winery exemptions producing is incomprehensible. Defendant further objects that the Request is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**<u>REQUEST TO ADMIT NO. 131:</u>**

Admit that the Napa County Code contains no provision that expressly prohibits small wineries from producing wine on ABC licensed property other than their small winery property.

**<u>RESPONSE TO REQUEST TO ADMIT NO. 131:</u>**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "expressly" and is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**<u>REQUEST TO ADMIT NO. 132:</u>**

Admit it is legal for all small wineries in Napa County to produce wine on ABC licensed property other than their small winery property.

**<u>RESPONSE TO REQUEST TO ADMIT NO. 132:</u>**

Defendant objects that this Request is incomprehensible. Defendant further objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks an abstract legal conclusion as to what is legally permissible, untethered to any specific fact, which is a pure question of law and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the phrase "all

RENNE PUBLIC LAW GROUP
Attorneys at Law

small wineries in Napa County." Defendant further objects that the Request is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 133:**

Admit that the Napa County Code contains no provision that expressly prohibits small winery exemptions from producing wine on ABC licensed property other than their small winery exemption property.

**RESPONSE TO REQUEST TO ADMIT NO. 133:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the term "expressly" and is an incomplete hypothetical. Defendant further objects that the Request's reference to small winery exemptions producing is incomprehensible.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 134:**

Admit it is legal for all small winery exemptions in Napa County to produce wine on ABC licensed property other than their small winery exemption property.

**RESPONSE TO REQUEST TO ADMIT NO. 134:**

Defendant objects that this Request is incomprehensible. Defendant further objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks an abstract legal conclusion as to what is legally permissible, untethered to any specific fact, which is a pure question of law and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the phrase "all

RENNE PUBLIC LAW GROUP
Attorneys at Law

small wineries in Napa County." Defendant further objects that the Request is an incomplete hypothetical. Defendant further objects that the Request's reference to small winery exemptions producing is incomprehensible.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 135:**

Admit that Napa County has approved the sale of merchandise bearing a winery logo at one or more wineries.

**RESPONSE TO REQUEST TO ADMIT NO. 135:**

Defendant objects to this Request as vague and ambiguous as to the terms "approved" and "merchandise." Specifically, "merchandise" describes a broad range of goods or products that may or may not be approved for sale regardless of whether they bear a winery logo. Additionally, it is unclear whether "approved" refers to Napa County expressly authorizing the sale of merchandise bearing a winery logo through a use permit or other land-use entitlement, determining that such sales were permissible under the Napa County Code, or otherwise permitting or acquiescing in such sales in a particular context. The Request is further ambiguous as to the type of winery, applicable permitting or entitlement, and circumstances to which it refers.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the County Code permits wineries to sell bottled wine produced on the premises, which could bear the winery's logo. Defendant further admits only that the County Code allows the sale of wine-related products when accessory to a winery with a use permit granted pursuant to Section 18.124.010, which could bear the winery's logo.

**REQUEST TO ADMIT NO. 136:**

Admit that Napa County has not determined that wine tastings at licensed wineries create a public health or safety concern unrelated to overconsumption of alcohol.

**RESPONSE TO REQUEST TO ADMIT NO. 136:**

Defendant objects to this Request as vague and ambiguous. Specifically, the Request is an incomplete hypothetical that fails to identify the circumstances under which the referenced wine tastings

are conducted and does not provide a meaningful basis to determine whether such activities present a public health or safety concern.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 137:**

Admit that vehicular traffic was not regulated in connection with hospitality in Napa County prior to 1990.

**RESPONSE TO REQUEST TO ADMIT NO. 137:**

Defendant objects to this Request as vague and ambiguous as to the phrase "in connection with."

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 138:**

Admit that septic capacity was not regulated in connection with hospitality in Napa County prior to 1990.

**RESPONSE TO REQUEST TO ADMIT NO. 138:**

Defendant objects to this Request as vague and ambiguous as to the phrase "in connection with."

Subject to and without waiving these objections, Defendant responds as follows:

Defendant has conducted a reasonable search for information responsive to this Request. Based on the information presently available, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 139:**

Admit the definitions contained within the Napa County Code are not operative ordinances.

**RESPONSE TO REQUEST TO ADMIT NO. 139:**

Defendant objects that this Request is incomprehensible. Defendant further objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal conclusion as to the legal status and effect of the Code's definitional provisions, which is a pure question of law and is therefore improper as a request for admission under Rule 36. *See* Fed. R.

Civ. P. 36(a)(1). Defendant further objects that the Request is incomprehensible.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 140:**

Admit that Napa County relies on definitions contained in the Napa County Code when conducting winery code enforcement.

**RESPONSE TO REQUEST TO ADMIT NO. 140:**

Defendant admits the Request.

**REQUEST TO ADMIT NO. 141:**

Admit that wineries in Napa County are an agricultural use for purposes of application of Napa County's Road and Street Standards.

**RESPONSE TO REQUEST TO ADMIT NO. 141:**

Defendant denies the Request.

**REQUEST TO ADMIT NO. 142:**

Admit that a customer who visits a winery to purchase bottled wine to go generates the same number of vehicle trips as a customer who visits a winery to consume wine on site.

**RESPONSE TO REQUEST TO ADMIT NO. 142:**

Defendant objects to this Request as vague, ambiguous, and an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

The Request presents an incomplete hypothetical without providing Defendant with sufficient information to admit or deny the request.

**REQUEST TO ADMIT NO. 143:**

Admit that Napa County did not provide individualized notice to every affected winery before making changes to the Winery Database between 2015 and 2016.

**RESPONSE TO REQUEST TO ADMIT NO. 143:**

Defendant objects to this Request on the ground that it is vague and ambiguous as to the term "affected winery." The Request does not define or otherwise identify what Plaintiff means by "affected."

Subject to and without waiving these objections, Defendant responds as follows:



RENNE PUBLIC LAW GROUP
Attorneys at Law

Defendant admits only that Napa County did not provide individualized notice to every winery before making changes to the Winery Database between 2015 and 2016.

**REQUEST TO ADMIT NO. 144:**

Admit that Napa County did not conduct a public hearing before making the 2015-2016 changes to the Winery Database.

**RESPONSE TO REQUEST TO ADMIT NO. 144:**

Defendant admits the Request.

**REQUEST TO ADMIT NO. 145:**

Admit that Napa County has used the Winery Database in carrying out code enforcement activities.

**RESPONSE TO REQUEST TO ADMIT NO. 145:**

Defendant objects to this Request as vague and ambiguous as to the term "used." Specifically, it is unclear what Plaintiffs mean by "used the Winery Database," including whether the Request refers to reviewing, consulting, relying upon, obtaining information from, or otherwise accessing the Winery Database in connection with code enforcement activities.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Napa County employees have referenced the Winery Database when carrying out code enforcement activities; however, they have not relied on the information in the Winery Database when issuing citations or engaging in other formal enforcement actions.

**REQUEST TO ADMIT NO. 146:**

Admit that the Winery Database is not the source of legal entitlement for any winery.

**RESPONSE TO REQUEST TO ADMIT NO. 146:**

Defendant admits the Request.

**REQUEST TO ADMIT NO. 147:**

Admit that the Napa County Code does not contain the term "status determination."

**RESPONSE TO REQUEST TO ADMIT NO. 147:**

Defendant denies the Request.

**REQUEST TO ADMIT NO. 148:**

Admit that the Napa County Code does not establish standards governing how a status determination must be conducted.

**RESPONSE TO REQUEST TO ADMIT NO. 148:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal interpretation of the County Code and is therefore improper as a request for admission under Rule 36. *See* Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is vague and ambiguous as to the terms "establish" and "status determination." Defendant further objects that the Request is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 149:**

Admit that different County employees have participated in status determinations since 2017.

**RESPONSE TO REQUEST TO ADMIT NO. 149:**

Defendant objects to this Request as vague and ambiguous as to the term "different." Specifically, it is unclear whether the Request asks Defendant to admit that multiple County employees have participated in status determinations at different times since 2017, or instead asks Defendant to admit that the identity or composition of the County employees responsible for making status determinations changed at some point since 2017.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that multiple County employees have participated in status determinations at different times since 2017.

**REQUEST TO ADMIT NO. 150:**

Admit that status determinations require interpretation of historical documents.

**RESPONSE TO REQUEST TO ADMIT NO. 150:**

Defendant objects to this Request as vague and ambiguous as to the terms "interpretation" and "historical documents."

Subject to and without waiving these objections, Defendant responds as follows:



RENNE PUBLIC LAW GROUP
Attorneys at Law

Defendant admits only that status determinations of a winery's entitlements can require interpretation of historical documents.

**REQUEST TO ADMIT NO. 151:**

Admit that Napa County's current interpretation of the rights associated with a small winery exemption differs from the interpretation applied by Napa County during some prior period.

**RESPONSE TO REQUEST TO ADMIT NO. 151:**

Defendant objects to this Request on the ground that it is vague and ambiguous as to what Plaintiffs contend constitutes Napa County's "current interpretation" of the rights associated with a small winery exemption and what period or periods Plaintiffs contend constitute the "prior period" against which that interpretation is to be compared.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 152:**

Admit that Napa County's current interpretation of winery visitation rights has changed since 2000.

**RESPONSE TO REQUEST TO ADMIT NO. 152:**

Defendant objects to this Request as vague and ambiguous as to the terms "interpretation" and "winery visitation rights."

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 153:**

Admit that Napa County's current interpretation of winery tastings has changed since 2000.

**RESPONSE TO REQUEST TO ADMIT NO. 153:**

Defendant objects to this Request as vague and ambiguous as to the term "current interpretation."

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the County adopted the current ordinance-based definition of "tours and tastings" in 2010.

**REQUEST TO ADMIT NO. 154:**

Admit that the Napa County Code does not define "hospitality."

**RESPONSE TO REQUEST TO ADMIT NO. 154:**

Defendant objects that this Request is ambiguous because it is unclear whether the Request refers to a specific ordinance-based definition or to an understanding or interpretation of the term in a particular context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the Napa County Code does not contain a specific ordinance-based definition of the term "hospitality."

**REQUEST TO ADMIT NO. 155:**

Admit that the Napa County Code does not define "advertising."

**RESPONSE TO REQUEST TO ADMIT NO. 155:**

Defendant objects that this Request is ambiguous because it is unclear whether the Request refers to a specific ordinance-based definition or to an understanding or interpretation of the term in a particular context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the Napa County Code does not contain a specific ordinance-based definition of the term "advertising."

**REQUEST TO ADMIT NO. 156:**

Admit that the Napa County Code does not define "event."

**RESPONSE TO REQUEST TO ADMIT NO 156:**

Defendant objects that this Request is ambiguous because it is unclear whether the Request refers to a specific ordinance-based definition or to an understanding or interpretation of the term in a particular context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the Napa County Code does not contain a specific ordinance-based definition of the term "event."

**REQUEST TO ADMIT NO. 157:**

Admit that the Napa County Code does not define "public event."



RENNE PUBLIC LAW GROUP
Attorneys at Law

**RESPONSE TO REQUEST TO ADMIT NO. 157:**

Defendant objects that this Request is ambiguous because it is unclear whether the Request refers to a specific ordinance-based definition or to an understanding or interpretation of the term in a particular context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the Napa County Code does not contain a specific ordinance-based definition of the term "public event."

**REQUEST TO ADMIT NO. 158:**

Admit that the Napa County Code does not define "private event."

**RESPONSE TO REQUEST TO ADMIT NO. 158:**

Defendant objects that this Request is ambiguous because it is unclear whether the Request refers to a specific ordinance-based definition or to an understanding or interpretation of the term in a particular context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the Napa County Code does not contain a specific ordinance-based definition of the term "private event."

**REQUEST TO ADMIT NO. 159:**

Admit that wineries in Napa County are not subject to uniform limits on visitation.

**RESPONSE TO REQUEST TO ADMIT NO. 159:**

Defendant objects to this Request as vague and ambiguous as to the term "subject to," which does not identify whether the Request refers to legal, regulatory, permitting, or other limitations.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that wineries are subject to limitations on visitation under their individual use permits.

**REQUEST TO ADMIT NO. 160:**

Admit that wineries in Napa County are not subject to uniform limits on marketing events.

**RESPONSE TO REQUEST TO ADMIT NO. 160:**

Defendant objects to this Request as vague and ambiguous as to the term "subject to," which does

RENNE PUBLIC LAW GROUP
Attorneys at Law

not identify whether the Request refers to legal, regulatory, permitting, or other limitations.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that wineries are subject to limitations on marketing events under their individual use permits.

**REQUEST TO ADMIT NO. 161:**

Admit that wineries in Napa County are not subject to uniform limits on event attendance.

**RESPONSE TO REQUEST TO ADMIT NO. 161:**

Defendant objects to this Request as vague and ambiguous as to the term "subject to," which does not identify whether the Request refers to legal, regulatory, permitting, or other limitations.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that wineries are subject to limitations on event attendance under their individual use permits.

**REQUEST TO ADMIT NO. 162:**

Admit that some wineries in Napa County are allowed marketing events while others are not.

**RESPONSE TO REQUEST TO ADMIT NO. 162:**

Defendant objects to this Request as vague and ambiguous as to the term "allowed," which does not identify whether the Request refers to legal, regulatory, permitting, or other authorization.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that wineries are subject to limitations on marketing events under their individual use permits.

**REQUEST TO ADMIT NO. 163:**

Admit that Napa County does not issue Type 02 winegrower licenses.

**RESPONSE TO REQUEST TO ADMIT NO. 163:**

Defendant admits the Request.

**REQUEST TO ADMIT NO. 164:**

Admit that the California Department of Alcoholic Beverage Control issues Type 02 winegrower licenses.

**RESPONSE TO REQUEST TO ADMIT NO. 164:**

Defendant admits the Request.

**REQUEST TO ADMIT NO. 165:**

Admit that Napa County cannot revoke a Type 02 winegrower license.

**RESPONSE TO REQUEST TO ADMIT NO. 165:**

Defendant admits the Request.

**REQUEST TO ADMIT NO. 166:**

Admit that Napa County does not regulate the production of wine under the Alcoholic Beverage Control Act.

**RESPONSE TO REQUEST TO ADMIT NO. 166:**

Defendant admits the Request.

**REQUEST TO ADMIT NO. 167:**

Admit that wineries have received use permit approvals without being required to repave all roads serving the winery.

**RESPONSE TO REQUEST TO ADMIT NO. 167:**

Defendant objects that the Request is vague and ambiguous because it puts forth an incomplete hypothetical that seeks an admission concerning unidentified wineries .

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that some wineries have received use permit approvals without being required to repave all roads serving the winery.

**REQUEST TO ADMIT NO. 168:**

Admit that Napa County has granted exceptions, waivers, variances, or alternative compliance concerning Road and Street Standards.

**RESPONSE TO REQUEST TO ADMIT NO. 168:**

Defendant admits the Request.

**REQUEST TO ADMIT NO. 169:**

Admit that Road and Street Standards apply to uses other than wineries.

**RESPONSE TO REQUEST TO ADMIT NO. 169:**

Defendant admits the Request.

**REQUEST TO ADMIT NO. 170:**

Admit that Napa County has conducted undercover investigations of wineries.

**RESPONSE TO REQUEST TO ADMIT NO. 170:**

Defendant objects to this Request on the ground that it is vague and ambiguous as to the term "undercover investigations."

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that County personnel have investigated wineries for code compliance without identifying themselves as County employees.

**REQUEST TO ADMIT NO. 171:**

Admit that Napa County has used social media postings in conducting winery enforcement investigations.

**RESPONSE TO REQUEST TO ADMIT NO. 171:**

Defendant objects to this Request on the ground that it is vague and ambiguous as to the term "used social media postings."

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that Napa County Code Enforcement officers review social media postings in conducting code enforcement investigations related to wineries.

**REQUEST TO ADMIT NO. 172:**

Admit that Napa County does not investigate every winery operating in Napa County each year.

**RESPONSE TO REQUEST TO ADMIT NO. 172:**

Defendant admits the Request.

**REQUEST TO ADMIT NO. 173:**

Admit that Napa County exercises discretion in deciding whether to initiate code enforcement activity against a winery.

**RESPONSE TO REQUEST TO ADMIT NO. 173:**

Defendant admits the Request.

**REQUEST TO ADMIT NO. 174:**

Admit that winery marketing materials contain speech.

**RESPONSE TO REQUEST TO ADMIT NO. 174:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal conclusion and is therefore improper as a request for admission under Rule 36. See Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 175:**

Admit that winery advertisements contain speech.

**RESPONSE TO REQUEST TO ADMIT NO. 175:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal conclusion and is therefore improper as a request for admission under Rule 36. See Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 176:**

Admit that communications explaining the characteristics of wine contain speech.

**RESPONSE TO REQUEST TO ADMIT NO. 176:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal conclusion and is therefore improper as a request for admission under Rule 36. See Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 177:**

Admit that a winery's website contains speech.

**RESPONSE TO REQUEST TO ADMIT NO. 177:**

Defendant objects to this Request on the ground that it does not seek an admission as to the truth of any facts, the application of law to fact, an opinion about either, or the genuineness of any described document. Instead, the Request seeks a legal conclusion and is therefore improper as a request for admission under Rule 36. See Fed. R. Civ. P. 36(a)(1). Defendant further objects that the Request is an incomplete hypothetical.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant denies the Request.

**REQUEST TO ADMIT NO. 178:**

Admit that Smith-Madrone is allowed tours and tastings by appointment.

**RESPONSE TO REQUEST TO ADMIT NO. 178:**

Defendant admits only that Smith-Madrone is allowed to operate in accordance with its permit and any legally established uses prior to the enactment of the Winery Definition Ordinance. Currently, Defendant lacks sufficient information to identify the scope of those legally established uses prior to the enactment of the Winery Definition Ordinance. Accordingly, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 179:**

Admit that Smith-Madrone's use permit contains no limit on daily, weekly, or monthly visitors.

**RESPONSE TO REQUEST TO ADMIT NO. 179:**

Defendant admits only that Smith-Madrone is allowed to operate in accordance with its permit and any legally established uses prior to the enactment of the Winery Definition Ordinance. Currently, Defendant lacks sufficient information to identify the scope of those legally established uses prior to the enactment of the Winery Definition Ordinance. Accordingly, Defendant lacks sufficient information to admit or deny the Request.

**REQUEST TO ADMIT NO. 180:**

Admit that neither the Winery Database nor a status determination was adopted by

ordinance.

**RESPONSE TO REQUEST TO ADMIT NO. 180:**

Defendant admits the Request.

**REQUEST TO ADMIT NO. 181:**

Admit that neither the Winery Database nor a status determination is the result of a public hearing process.

**RESPONSE TO REQUEST TO ADMIT NO. 181:**

Defendant admits the Request.

**REQUEST TO ADMIT NO. 182:**

Admit that the Napa County Code does not define the phrase "private arrangement."

**RESPONSE TO REQUEST TO ADMIT NO. 182:**

Defendant objects that this Request is ambiguous because it is unclear whether the Request refers to a specific ordinance-based definition or to an understanding or interpretation of the term in a particular context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the Napa County Code does not contain a specific ordinance-based definition of the term "private arrangement."

**REQUEST TO ADMIT NO. 183:**

Admit that the Napa County Code does not define the phrase "by appointment."

**RESPONSE TO REQUEST TO ADMIT NO. 183:**

Defendant objects that this Request is ambiguous because it is unclear whether the Request refers to a specific ordinance-based definition or to an understanding or interpretation of the term in a particular context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the Napa County Code does not contain a specific ordinance-based definition of the term "by appointment."

**REQUEST TO ADMIT NO. 184:**

Admit that the Napa County Code does not define the phrase "appointment only."

**RESPONSE TO REQUEST TO ADMIT NO. 184:**

Defendant objects that this Request is ambiguous because it is unclear whether the Request refers to a specific ordinance-based definition or to an understanding or interpretation of the term in a particular context.

Subject to and without waiving these objections, Defendant responds as follows:

Defendant admits only that the Napa County Code does not contain a specific ordinance-based definition of the term "appointment only."

Dated: August 31, 2026

RENNE PUBLIC LAW GROUP

By: */s/ Jake D. Freitas*
JAKE D. FREITAS

Attorneys for Defendant
COUNTY OF NAPA

RENNE PUBLIC LAW GROUP
Attorneys at Law

# CERTIFICATE OF SERVICE

I, the undersigned, am employed By RENNE PUBLIC LAW GROUP. My business address is 350 Sansome Street, Suite 300, San Francisco, California 94104. I am over the age of 18 and not a party to this action.

On August 31, 2026, I served the following document(s):

DEFENDANT COUNTY OF NAPA'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSIONS, SET TWO

by the following method(s):

**Electronic Mail.** Based on an agreement of the parties to accept service by e-mail, copies of the above document(s) in PDF format were transmitted to the e-mail addresses of the parties on the attached Service List on August 31, 2026. No delivery errors were reported.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 31, 2026, at San Francisco, California.

By: *<u>/s/ Ashley D. N. Eugene</u>*
Ashley D. N. Eugene

**SERVICE LIST**

| | |
|---|---|
| Joseph M. Infante<br>Stephen M. Ragatzki<br>MILLER, CANFIELD, PADDOCK AND STONE, PLC<br>99 Monro Avenue NW, Suite 1200<br>Grand Rapids, MI 49503<br>Tel: (616) 776-6333<br>Fax: (616) 776-6322<br>Email:<br>infante@millercanfield.com<br>ragatzki@millercanfield.com | Attorneys for Plaintiffs,<br>Hoopes Vineyard LLC, Summit Lake Vineyard, and Cook's Flat Associates a California Limited Partnership |
| Eugene M. Pak (Bar No. 168699)<br>Angela Han (Bar No. 317137)<br>**FENNEMORE LLP**<br>1111 Broadway, 24th Floor Oakland, California 94607<br>Tel: (510) 834-6600 /<br>Fax: (510) 834-1928<br>Email:<br>epak@fennemorelaw.com<br>ahan@fennemorelaw.com<br>cnguyen@fennermoorelaw.com | Attorneys for Plaintiffs,<br>Hoopes Vineyard LLC, Summit Lake Vineyard, and Cook's Flat Associates a California Limited Partnership |
| Sheryl L. Bratton, County Counsel<br>Jason M. Dooley, Chief Deputy<br>County of Napa<br>1195 Third Street, Suite 301<br>Napa, CA 94559<br>Tel: (707) 254-4521<br>Fax: (707) 259-8220<br>Email:<br>Jason.dooley@countyofnapa.org | Attorneys for Defendant,<br>County of Napa |