# Exhibit 2

Joseph M. Infante (pro hac admission)
infante@millercanfield.com
Stephen M. Ragatzki (pro hac admission)
ragatzki@millercanfield.com
**MILLER, CANFIELD, PADDOCK AND STONE, PLC**
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
Tel: (616) 776-6333 / Fax: (616) 776-6322

Eugene M. Pak (Bar No. 168699)
epak@fennemorelaw.com
Angela Han (Bar No. 317137)
ahan@fennemorelaw.com
**FENNEMORE LLP**
1111 Broadway, 24th Floor
Oakland, California 94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
Attorneys for Plaintiffs Hoopes Vineyard LLC, Summit Lake Vineyard, and Cook's Flat Associates a California Limited Partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,<br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NAPA,<br><br>Defendant. | Case No. 3:24-cv-6256-CRB |

**DECLARATION OF STUART SMITH**

I, Stuart Smith, declare as follows:

1. I am a founder and owner of Cook's Flat Associates, a California limited partnership doing business as Smith-Madrone Vineyards & Winery ("Smith-Madrone"), a Plaintiff in this

action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them.

2. In October 1973, I personally obtained the use permit under which Smith-Madrone has operated its winery ever since. Condition #7 of that permit provides that wine tastings "be limited to a private, invitation only, basis," and Finding #6 states that "private arrangements will be required to visit the winery." The permit contains no limit on the number of daily, weekly, or monthly visitors Smith-Madrone may receive for such private tastings.

3. Since 1973, Smith-Madrone has conducted private, by-appointment tastings for its guests, historically hosting approximately fifteen separate appointments per week. Smith-Madrone has conducted these tastings, and explained the history and characteristics of its wines to visiting guests, openly and continuously for more than fifty years. In all that time, Napa County never once contacted Smith-Madrone regarding its tastings; the only visit from the County I am aware of concerned an unrelated matter, exit-signage safety, and had nothing to do with tastings or visitation.

4. I am aware that Napa County has, on at least three separate occasions, represented that Smith-Madrone's by-appointment tastings are lawful and uncapped: in its response to Plaintiffs' first set of discovery requests in December 2024; before the Ninth Circuit Court of Appeals in March 2026; and in its own motion to dismiss the Second Amended Complaint filed with this Court in August 2026. Only days after that last representation, in its Set Two discovery responses, Napa took the position that it "lacks sufficient information" to identify the scope of the very same tastings it had just told this Court were "uncontested[ly]" lawful.

5. Because of Napa County's shifting position, I do not believe Smith-Madrone can safely resume or expand its historical practice of private appointment tastings, or invite and solicit guests to schedule such tastings, without the protection of a court order. I am aware that the County issues Notices of Violation ordering wineries to cease "all visitation not allowed," with

administrative penalties of $100 to $500 and civil penalties of up to $1,000 per day, and that these notices carry no appeal process or hearing officer.

6. Smith-Madrone intends, promptly upon entry of an order granting Plaintiffs' motion, to resume conducting private, by-appointment tastings consistent with its historical practice without any cap on the number of visitors, and to be able to truthfully invite and solicit guests to schedule such visits without fear that doing so will itself trigger County enforcement.

7. The uncertainty created by Napa County's retreat from its own admissions has caused, and continues to cause, real harm to Smith-Madrone's business. Smith-Madrone has been unable to confidently plan, market, or grow its tasting program, has lost opportunities to introduce its wines to prospective customers, and has lost goodwill it built over decades of private appointment tastings. These losses are difficult to quantify and, in my judgment, cannot be fully remedied through a later award of money damages.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 29, 2026, at St. Helena, California.

Stuart a Smith

Stuart Smith

51766315.1/162870.00001