# Exhibit 3

SHERYL L. BRATTON, County Counsel (SBN 144209)
JASON M. DOOLEY, Deputy County Counsel (SBN 258570)
jason.dooley@countyofnapa.org
OFFICE OF THE NAPA COUNTY COUNSEL
1195 Third Street, Suite 301
Napa, California 94559
Telephone: (707) 254-4521
Facsimile: (707) 259-8220

ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile: (415) 848-7230

Attorneys for Defendant
COUNTY OF NAPA

RENNE PUBLIC LAW GROUP
Attorneys at Law

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NAPA,<br><br>Defendant. | Case No. 3:24-cv-06256-CRB<br><br>**NAPA COUNTY'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSION, SET ONE**<br><br>Hon. Charles R. Breyer<br><br>Action Filed: September 5, 2024 |

PROPOUNDING PARTY: Plaintiffs HOOPES VINEYARD LLC, SUMMIT LAKE VINEYARD, and COOK'S FLAT ASSOCIATES, a California Limited Partnership

RESPONDING PARTY: Defendant COUNTY OF NAPA

SET NO.: ONE

Defendant NAPA COUNTY ("Defendant" or "County" or "Napa") hereby submits its responses to Plaintiffs HOOPES VINEYARD LLC, SUMMIT LAKE VINEYARD, and COOK'S FLAT ASSOCIATES, a California Limited Partnership ("Plaintiffs'") Requests for Admission, Set One, served via E-mail on November 14, 2024.

**INTRODUCTORY STATEMENT**

Defendant has not completed its investigation of all the facts in this case, or discovery in this matter, and has not completed its preparation for trial. Accordingly, the following responses are based only on information presently available and known to Defendant. Defendant reserves the right to supplement or amend its responses if new information or documents become available. Defendant also reserves the right to supplement or amend its responses in the event previously available information or documents were omitted by oversight, inadvertence, or good faith error or mistake.

Except for facts explicitly stated, no incidental or implied ADMISSION are intended in these responses. By responding to any request, Defendant does not necessarily adopt or accept the terms Plaintiff has employed or Plaintiffs' characterization of any fact or document. Defendant reserves all objections regarding the competency, relevancy, probative value, and/or admissibility. Defendant also reserves all objections as to vagueness, ambiguity, and overbreadth. Furthermore, Defendant reserves any objections regarding the use of these responses or any document in any subsequent proceeding, including trial.

**GENERAL OBJECTIONS**

To the extent permitted, Defendant incorporates its introductory statement and each of the following general objections into its responses to Plaintiffs' requests. Where required, Defendant will set forth additional specific objections to particular requests.

1. Defendant objects to Plaintiffs' requests insofar as they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the self-critical analysis

privilege, the deliberative process privilege, or any other applicable privilege. To the extent that Defendant inadvertently discloses information that may arguably be protected from discovery under any applicable privilege, such inadvertent disclosure does not constitute a waiver of such privilege.

2. Defendant objects to Plaintiffs' requests to the extent they seek information that is not currently in Defendant's possession, custody or control. Defendant also objects to Plaintiffs' requests to the extent they seek information equally available to Plaintiff.

3. Defendant objects to Plaintiffs' requests to the extent they call for Defendant to conduct a search that is unduly burdensome or oppressive. Defendant will interpret each of Plaintiffs' requests to only require a diligent search and a reasonable inquiry as set forth in the Federal Rules of Civil Procedure.

4. Defendant objects to each request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to Plaintiffs' requests to the extent they call for the interpretation of a document.

6. Defendant objects to Plaintiffs' requests to the extent they seek information of a confidential and personal nature regarding applicants, employees, or other individuals who have a protected interest in their privacy under Article I, section 1, of the California Constitution and as set forth in the Information Practices Act, Civil Code section 1798 *et. seq*.

7. Defendant objects to Plaintiffs' requests to the extent they seek electronically stored information that is not reasonably accessible. Unless Plaintiffs' requests specify a specific form for producing electronically stored information, Defendant will assume that the request only seeks electronically stored information from reasonably accessible sources. Reasonably accessible sources include data that is immediately and easily accessible on Defendant's systems at this time. Defendant specifically objects to any request that seeks electronically stored information contained in: 1) archived data, including backup tapes and other storage media, 2) deleted data, and 3) legacy data (data created on old or obsolete hardware or software no longer in active use).

8. Defendant incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or

some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendant does not waive its right to amend its responses.

Subject to these objections, Defendant responds as follows to Plaintiffs' requests in accordance with this Defendant's understanding of the fair meaning of those requests.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Napa County maintains a Winery Database, examples of which are filed at ECF 1-2 and ECF 1-3.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admitted. However, those examples are from 2012 and 2015, respectively, and are not current or accurate.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the document filed at ECF No. 1-2 is a document created and maintained by Napa County.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admitted in part. It was created by Napa as a report containing data maintained by Napa, however, the data has been updated and corrected so this earlier version no longer reflects the data and is not maintained.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the document filed at ECF No. 1-3 is a document created and maintained by Napa County.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admitted in part. It was created by Napa as a report containing data maintained by Napa, however, the data has been updated and corrected so this earlier version no longer reflects the data and is not maintained.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the document filed at ECF No. 1-4 is a document created and maintained by Napa

County.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admitted in part. It was created by Napa as a report containing data maintained by Napa, however, the data has been updated and corrected so this earlier version no longer reflects the data and is not maintained.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the document filed at ECF No. 1-6 is a document created and maintained by Napa County.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admitted in part. It was created by Napa as a report containing data maintained by Napa, however, the data has been updated and corrected so this earlier version no longer reflects the data and is not maintained.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the document filed at ECF No. 1-2 shows that Hopper Creek Winery is allowed "Tours & Tasting" by "TST APPT" which, according to the document, means "Tasting by appointment only."

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admitted that ECF No. 1-2 shows the designation of "TST APPT" for Hopper Creek Winery. However, ECF No. 1-2 confers no land use entitlement and Hopper Creek was not allowed tours and tastings.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the document filed at ECF No. 1-2 shows that Smith Madrone Vineyards is allowed "Tours & Tasting" by "APPT" which, according to the document, means tours and tastings are allowed "By appointment only."

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admitted that ECF 1-2 shows the designation of "Appt," and Smith Madrone is allowed tours and tastings by appointment. However, ECF No. 1-2 confers no land use entitlement.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the document filed at ECF No. 1-2 shows that Summit Lake Vineyards is allowed "Tours & Tasting" by "TST APPT" which, according to the document, means "Tasting by appointment only."

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admitted that ECF No. 1-2 shows the designation of "TST APPT" for Summit Lake Vineyards. However, ECF No. 1-2 confers no land use entitlement and Summit Lake Vineyards was not and is not allowed tours and tastings.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the document filed at ECF No. 1-3 shows that Hopper Creek Winery is allowed "Tours & Tasting" by "TST APPT" which, according to the document, means "Tasting by appointment only."

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admitted that ECF No. 1-3 shows the designation of "TST APPT" for Hopper Creek Winery. However, ECF No. 1-3 confers no land use entitlement and Hopper Creek was not allowed tours and tastings.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the document filed at ECF No. 1-3 shows that Smith Madrone Vineyards is allowed "Tours & Tasting" by "APPT" which, according to the document, means tours and tastings are allowed "By appointment only."

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Admitted that ECF No. 1-3 shows the designation of "APPT," and Smith Madrone Vineyards is allowed tours and tastings by appointment. However, ECF No. 1-2 confers no land use entitlement.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the document filed at ECF No. 1-3 shows that Summit Lake Vineyards is allowed "Tours & Tasting" by "TST APPT" which, according to the document, means "Tasting by appointment only."

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Admitted that ECF No. 1-3 shows the designation of "TST APPT" for Summit Lake Vineyards. However, ECF No. 1-3 confers no land use entitlement and Summit Lake Vineyards was not and is not allowed tours and tastings.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the Winery Database documents filed as ECF 1-2, 1-3, 1-4 and 1-6, were updated every six months by Napa County.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the "Tour and Tasting" permissions for Hopper Creek Winery were changed by Napa County in the Winery Database between the 2015 version, ECF No 1-3, and the 2016 version, ECF No. 1-6.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admitted that the data reflected on the database between ECF 1-3 and 1-6 did change. However, the change corrected an error in early versions and Hopper Creek Winery never had "permissions" for tours and tastings.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Hopper Creek Winery was not provided notice and an opportunity to object to the change in allowed tours & tastings before it was made in the Winery Database between the 2015 version, ECF No 1-3, and the 2016 version, ECF No. 1-6.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendant has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny the Request. The documents have always been publicly available and, as ECF No. 1-6 indicates, the public always has an opportunity to request that the County correct data that they believe is incorrect.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the "Tour and Tasting" permissions for Smith Madrone Vineyards were changed by

Napa County in the Winery Database between the 2015 version, ECF No 1-3, and the 2016 version, ECF No. 1-6.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Denied. Both documents show the designation as "APPT."

**REQUEST FOR ADMISSION NO. 16:**

Admit that Smith Madrone Vineyards was not provided notice and an opportunity to object to the change in allowed tours & tastings before it was made in the Winery Database between the 2015 version, ECF No 1-3, and the 2016 version, ECF No. 1-6.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied, as both documents show the designation as "APPT."

**REQUEST FOR ADMISSION NO. 17:**

Admit that the "Tour and Tasting" permissions for Summit Lake Vineyards were changed by Napa County in the Winery Database between the 2015 version, ECF No 1-3, and the 2016 version, ECF No. 1-6.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Admitted that the data reflected on the database between ECF 1-3 and 1-6 did change. However, the change corrected an error in early versions and Summit Lake Vineyards does not and never had "permissions" for tours and tastings.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Summit Lake Vineyards was not provided notice and an opportunity to object to the change in allowed tours & tastings before it was made in the Winery Database between the 2015 version, ECF No 1-3, and the 2016 version, ECF No. 1-6.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Defendant has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny the Request. The documents have always been publicly available and, as ECF No. 1-6 indicates, the public always has an opportunity to request that the County correct data that they believe is incorrect.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the document filed at ECF No. 1-2 does not contain a limit on the number of daily, weekly, or monthly visitors Hopper Creek Winery may see at its winery location.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Admitted that ECF No. 1-2 does not, however ECF No. 1-1 does.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the document filed at ECF No. 1-2 does not contain a limit on the number of daily, weekly, or monthly visitors Smith Madrone Vineyards may see at its winery location.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Admitted. However, ECF No. 1-2 confers no land use entitlement.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the document filed at ECF No. 1-2 does not contain a limit on the number of daily, weekly, or monthly visitors Summit Lake Vineyards may see at its winery location.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Admitted that ECF No. 1-2 does not, however ECF No. 1-5 does.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the document filed at ECF No. 1-3 does not contain a limit on the number of daily, weekly, or monthly visitors Hopper Creek Winery may see at its winery location.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Admitted that ECF No. 1-3 does not, however ECF No. 1-1 does.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the document filed at ECF No. 1-3 does not contain a limit on the number of daily, weekly, or monthly visitors Smith Madrone Vineyards may see at its winery location.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Admitted. However, ECF No. 1-3 confers no land use entitlement.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the document filed at ECF No. 1-3 does not contain a limit on the number of daily, weekly, or monthly visitors Summit Lake Vineyards may see at its winery location.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Admitted that ECF No. 1-3 does not, however ECF No. 1-5 does.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Hopper Creek Winery was not provided notice and an opportunity to object to the change in the allowed number of visitors it may host daily, weekly, or monthly as contained in ECF No. 1-6.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendant objects that the Request contains a fact not in evidence. Hopper Creek's entitlement to the number of visitors was not changed by ECF No. 1-6 as the entitlement was established by ECF No. 1-1. As such, Defendant is not able to admit or deny this Request. Further, the documents have always been publicly available and, as ECF No. 1-6 indicates, the public always has an opportunity to request that the County correct data that they believe is incorrect.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Smith Madrone Vineyards was not provided notice and an opportunity to object to the change in the allowed number of visitors it may host daily, weekly, or monthly as contained in ECF No. 1-6.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Defendant objects to this Request as containing a fact not in evidence that there was a change in the number of visitors. Based upon this objection, Defendant is not able to admit or deny the Request. Further, the documents have always been publicly available and, as ECF No. 1-6 indicates, the public always has an opportunity to request that the County correct data that they believe is incorrect.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Summit Lake Vineyards was not provided notice and an opportunity to object to the change in the allowed number of visitors it may host daily, weekly, or monthly as contained in ECF No. 1-6.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Defendant objects to this Request as containing a fact not in evidence that there was a change in the number of visitors. Summit Lake's entitlement to the number of visitors was not changed by ECF

No. 1-6 as the entitlement was established by ECF No. 1-5. As such, Defendant is not able to admit or deny the Request. Further, the documents have always been publicly available and, as ECF No. 1-6 indicates, the public always has an opportunity to request that the County correct data that they believe is incorrect.

**REQUEST FOR ADMISSION NO. 28:**

Admit that the use permit issued to Smith Madone Vineyards does not contain a limit on the number of daily, weekly, or monthly visitors Smith Madrone Vineyards may see at its winery location.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Admitted.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Napa County advised Summit Lake that in order to obtain a modification to its winery permit, Summit Lake would be required to repave a road in front of its winery, which such road serves other wineries.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Admitted that the County's Road and Street Standards require that any application for a use permit must show compliance with the Standards. Summit Lake sought a use permit to allow tastings, which were not allowed under its applicable Small Winery Exemption, and therefore was required to upgrade its access road, defined as the vehicular route from the nearest publicly maintained Road to the improved structure, in order for Summit Lake to obtain a Use Permit. The remaining statements in the Request are denied.

**REQUEST FOR ADMISSION NO. 30:**

Admit that, as it relates to small wineries, the term "visitors" does not mean customers but refers to trade visitors such as sales people and deliveries.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Denied.

**REQUEST FOR ADMISSION NO. 31:**

Admit that, as it relates to small winery exemptions, the term "visitor(s)" does not mean customers but refers to trade visitors such as sales people and deliveries.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Denied.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Plaintiffs are allowed to engage in retail operations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Defendant objects that the Request is vague and ambiguous as the phrase “retail operations” is not used in Napa County’s zoning regulations, nor is it defined in the Request. Defendant admits that retail sales of wine produced on site is allowed under the Napa County Code, but the right to sell any other product depends on the individual entitlements applicable to a property. Since the Plaintiffs each have different entitlements, Defendant is unable to admit or deny the remainder of the request.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Plaintiff Hoopes Vineyard is allowed to host customers at its winery who make an appointment prior to their visit to the Hoopes winery.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Denied.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Plaintiff Smith Madrone Vineyards is allowed to host customers at its winery who make an appointment prior to their visit to the Smith Madrone winery.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Admitted.

**REQUEST FOR ADMISSION NO. 35:**

Admit that Plaintiff Summit Lake is allowed to host customers at its winery who make an appointment prior to their visit to the Summit Lake winery.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Denied.

**REQUEST FOR ADMISSION NO. 36:**

Admit that 6204 Washington Street, Napa, California 94558 is zoned for winery use.

RENNE PUBLIC LAW GROUP
Attorneys at Law

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Defendant objects to the Request as the term "zoned for winery use" is vague and ambiguous. Defendant admits that the property is in a zoning district that allows winery uses under certain circumstances and with specified limitations, including the requirement for a use permit for new wineries or expansions of existing wineries. Defendant also admits that the property at 6204 Washington Street, Napa, California, 94558, has a small winery exemption, which was issued before the zoning code was amended to require use permits for all wineries and is entitled to operate a small winery in accordance with the applicable regulations.

**REQUEST FOR ADMISSION NO. 37:**

Admit that 2000 Summit Lake Drive, Angwin, California 94508 is zoned for winery use.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Defendant objects to the Request as the term "zoned for winery use" is vague and ambiguous. Defendant admits that the property is in a zoning district that allows winery uses under certain circumstances and with specified limitations, including the requirement for a use permit for new wineries or expansions of existing wineries. Defendant also admits that the property at 2000 Summit Lake Drive, Angwin, California 94508, has a small winery exemption, which was issued before the zoning code was amended to require use permits for all wineries and is entitled to operate a small winery in accordance with the applicable regulations.

**REQUEST FOR ADMISSION NO. 38:**

Admit that 4022 Spring Mountain Road, Saint Helena, California 94574 is zoned for winery use.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Defendant objects to the Request as the term "zoned for winery use" is vague and ambiguous. Defendant admits that the property is in a zoning district that allows winery uses under certain circumstances and with specified limitations, including the requirement for a use permit for new wineries or expansions of existing wineries. Defendant also admits that the property at 4022 Spring Mountain Road, Saint Helena, California 94574 is permitted to have tastings by appointment which was issued before the zoning code was amended to require use permits for all wineries and is entitled to operate a small winery in accordance with the applicable regulations.

Dated: December 16, 2024

RENNE PUBLIC LAW GROUP

By: ______________________
Ryan McGinley-Stempel

Attorneys for Defendant
NAPA COUNTY

## CERTIFICATE OF SERVICE

I, the undersigned, am employed by RENNE PUBLIC LAW GROUP. My business address is 350 Sansome Street, Suite 300, San Francisco, California 94104. I am over the age of 18 and not a party to this action.

On December 16, 2024, I served the following document(s): **NAPA COUNTY'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSION, SET ONE** by the following method(s):

☒ **Electronic Mail.** Based on an agreement of the parties to accept service by e-mail, copies of the above document(s) in PDF format were transmitted to the e-mail addresses of the parties on the attached Service List.

## SERVICE LIST

Q. Scott Kaye
Joseph M. Infante
Stephen M. Ragatzki
MILLER, CANFIELD, PADDOCK AND STONE, PLC
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
Telephone: (616) 776-6333
Email: kaye@millercanfield.com
infante@millercanfield.com
ragatzki@millercanfield.com

Eugene M. Pak
Angela Han
FENNEMORE WENDEL
1111 Broadway, 24th Floor
Oakland, California 94607
Telephone: (510) 834-6600
Email: epak@fennemorelaw.com
ahan@fennemorelaw.com

*Attorneys for Plaintiffs*
HOOPES VINEYARD LLC, SUMMIT LAKE VINEYARD, AND COOK'S FLAT ASSOCIATES, A California Limited Partnership

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 16, 2024 at San Francisco, California.

Bobette T. Bramer