# Exhibit 4

Joseph M. Infante (pro hac admission)
infante@millercanfield.com
Stephen M. Ragatzki (pro hac admission)
ragatzki@millercanfield.com
**MILLER, CANFIELD, PADDOCK AND STONE, PLC**
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
Tel: (616) 776-6333 / Fax: (616) 776-6322

Eugene M. Pak (Bar No. 168699)
epak@fennemorelaw.com
Angela Han (Bar No. 317137)
ahan@fennemorelaw.com
**FENNEMORE LLP**
1111 Broadway, 24th Floor
Oakland, California 94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
Attorneys for Plaintiffs Hoopes Vineyard LLC, Summit Lake Vineyard, and Cook's Flat Associates a California Limited Partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,<br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NAPA,<br><br>Defendant. | Case No. 3:24-cv-6256-CRB |

**DECLARATION OF HEATHER GRIFFIN**

I, Heather Griffin, declare as follows:

1. I am co-owner of Plaintiff Summit Lake Vineyards & Winery LLC ("Summit Lake") and am responsible for its day-to-day operations, including its customer and trade relationships. I make this declaration in support of Summit Lake's motion for a preliminary injunction. I have

personal knowledge of the matters stated below and could testify to them competently if called upon to do so.

2. Summit Lake has operated a winery at 2000 Summit Lake Drive, Angwin, California, since my father, Robert Brakesman, obtained a small winery use permit exemption for the property on March 1, 1984. That exemption states "(NO)" as to "PUBLIC TASTINGS" and does not use the phrase "private tastings" anywhere in the document.

3. From 1984, Summit Lake welcomed guests to the winery for private, scheduled appointment tastings, hosting approximately fifteen such appointments per week. Summit Lake conducted these appointment tastings openly and continuously for roughly forty years. During that entire period, Summit Lake never received a complaint, notice of violation, citation, or any other communication from Napa County suggesting that its appointment tastings exceeded what its exemption allowed.

4. I am aware that Napa County's own Winery Database identified Summit Lake's "Tours & tastings arrangement" as "TST APPT," meaning tasting by appointment, in both the 2012 and 2015 versions of that database.

5. Beginning in approximately 2019, and continuing to the present, Napa County has taken the position that Summit Lake's exemption prohibits it from hosting any private appointment tastings altogether. Because of this position, and the County's enforcement practices described in Plaintiffs' motion, Summit Lake has curtailed, and continues to curtail, the private appointment tastings it conducted for decades.

6. Summit Lake intends, promptly upon entry of an order granting Plaintiffs' motion, to resume hosting private, scheduled appointment tastings at a volume consistent with its historical practice, including tastings for prospective wine club members, existing customers, and trade contacts who request a visit. Summit Lake has refrained from resuming this practice, and from

inviting or soliciting guests to schedule such tastings, because it reasonably fears enforcement action, including citation and civil penalties, if it does so without the protection of a court order.

7. Summit Lake's inability to host private appointment tastings, and the uncertainty surrounding what visitation Napa County will treat as permissible, has caused and continues to cause real harm to Summit Lake's business. Summit Lake has lost, and continues to lose, opportunities to introduce its wines to guests, build relationships with prospective wine club members and customers, generate direct-to-consumer sales, and build the goodwill it developed over nearly forty years before the County's enforcement position changed. These losses are difficult to quantify and, in my judgment, cannot be fully remedied through a later award of money damages.

8. I understand that Napa County has represented in this litigation that it exercises discretion in deciding whether and against whom to pursue code enforcement, and that County personnel have, on at least one occasion, visited a winery without identifying themselves as County employees in connection with related litigation. Because of this, I am reluctant to have Summit Lake resume its private appointment tastings without the protection of a court order, given the risk of citation, civil penalty, or other enforcement action.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on Sept 15, 2026, at Angwin, California.

Heather Griffin

51766356.1/162870.00001