# Exhibit 7

SHERYL L. BRATTON, County Counsel (SBN 144209)
JASON M. DOOLEY, Chief Deputy County Counsel (SBN 258570)
jason.dooley@countyofnapa.org
OFFICE OF THE NAPA COUNTY COUNSEL
1195 Third Street, Suite 301
Napa, California 94559
Telephone: (707) 254-4521
Facsimile: (707) 259-8220

ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile: (415) 848-7230

Attorneys for Defendant
COUNTY OF NAPA

RENNE PUBLIC LAW GROUP
Attorneys at Law

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES, a California Limited Partnership,

Plaintiffs,

v.

COUNTY OF NAPA

Defendant.

Case No. 3:24-CV-06256-CRB

**DEFENDANT COUNTY OF NAPA'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

Action Filed: September 5, 2024

PROPOUNDING PARTY: Plaintiffs, HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES, a California Limited Partnership

RESPONDING PARTY: Defendant COUNTY OF NAPA

SET NO.: ONE

Defendant COUNTY OF NAPA ("Defendant" or "County" or "Napa") hereby submits its responses to Plaintiffs HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES, a California Limited Partnership ("Plaintiffs') First Set of Interrogatories to Defendant, served via E-mail on July 17, 2026.

**INTRODUCTORY STATEMENT**

Defendant has not completed its investigation of all the facts in this case, or discovery in this matter, and has not completed its preparation for trial. Accordingly, the following responses are based only on information presently available and known to Defendant. Defendant reserves the right to supplement or amend its responses if new information or documents become available. Defendant also reserves the right to supplement or amend its responses in the event previously available information or documents were omitted by oversight, inadvertence, or good faith error or mistake.

Except for facts explicitly stated, no incidental or implied admissions are intended in these responses. By responding to any request, Defendant does not necessarily adopt or accept the terms Plaintiffs has employed or Plaintiffs' characterization of any fact or document. Defendant reserves all objections regarding the competency, relevancy, probative value, and/or admissibility. Defendant also reserves all objections as to vagueness, ambiguity, and overbreadth. Furthermore, Defendant reserves any objections regarding the use of these responses or any document in any subsequent proceeding, including trial.

**GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated by reference into each of Defendant's specific responses and objections set forth below, whether or not separately restated in a

RENNE PUBLIC LAW GROUP
Attorneys at Law

particular response. The assertion of the same, similar, or additional objections, or the provision of a partial answer in response to any individual Interrogatory, does not waive any of these General Objections. No General Objection is waived, limited, or narrowed by any specific response, and Defendant's failure to repeat a General Objection in response to a particular Interrogatory shall not be construed as a waiver of that objection

1. Defendant objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity, or protection from disclosure. Defendant will not provide such privileged or protected information, and any inadvertent disclosure of privileged or protected information shall not constitute a waiver of any privilege, immunity, or protection, either as to the information disclosed or as to any other information.

2. Defendant objects to each Interrogatory to the extent it seeks information protected by the deliberative process privilege, the official-information or governmental privilege, or any other privilege or immunity applicable to a public entity and its officials, including information concerning the pre-decisional and deliberative aspects of Defendant's legislative, regulatory, and land-use decision-making processes.

3. Defendant objects to each Interrogatory to the extent it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, in accordance with the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1).

4. Defendant objects to each Interrogatory to the extent any request pertains to Plaintiffs HOOPES VINEYARD LLC's ("Hoopes") causes of action that have been stayed or dismissed by the Court pursuant to its Order dated March 28, 2025 (*see* Dkt. 69) and affirmed by the 9th Circuit Court of Appeal (*see* Dkt. 86). To the extent any request pertains to Hoopes's causes of action that have been stayed or dismissed by the Court, that request is outside the scope of discovery permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1).

5. Defendant objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, or unduly burdensome, or fails to describe the information sought with reasonable particularity. Where Defendant responds to such an Interrogatory, it does so subject to and without waiving this objection, and



RENNE PUBLIC LAW GROUP
Attorneys at Law

on the basis of Defendant's reasonable interpretation of the Interrogatory.

6. Defendant objects to the Interrogatories to the extent they exceed, in the aggregate, the 25-interrogatory limit imposed by Federal Rule of Civil Procedure 33(a)(1).

7. Defendant objects to each Interrogatory to the extent it seeks information that is already in Plaintiffs' possession, custody, or control, is a matter of public record, or is otherwise equally available or more readily available to Plaintiffs than to Defendant.

8. Defendant objects to each Interrogatory to the extent it calls for a legal conclusion or seeks the disclosure of expert opinions, analyses, or the bases therefor, before the time for such disclosure established by Federal Rule of Civil Procedure 26(a)(2), the Court's scheduling order, or the applicable Local Rules.

9. Defendant objects to each Interrogatory to the extent it seeks information protected by the privacy rights of third parties, or information subject to confidentiality obligations, protective orders, trade-secret protection, or proprietary or commercially sensitive information.

10. Defendant objects to the Interrogatories' definitions and instructions to the extent they purport to impose obligations on Defendant beyond, or inconsistent with, those required by the Federal Rules of Civil Procedure, the Civil Local Rules of this Court, or any applicable order.

11. Defendant objects to each Interrogatory to the extent the time period it encompasses is unstated, unlimited, or overly broad.

12. Defendant's responses are made without waiving, and expressly preserving:

(a) All objections as to competence, relevance, materiality, and admissibility of any of Plaintiffs' Interrogatories, Defendant's responses thereto, and their subject matter;

(b) All objections as to the vagueness, ambiguity or other infirmity in the form of any Plaintiffs' Interrogatories, and any objections based on the undue burden imposed thereby;

(c) All rights to object on any ground to the use of the responses, or their subject matter, in any subsequent or concurrent proceeding, including the trial of this or any other action;

(d) All rights to object on any ground to any other discovery requests involving or related to the subject matter of Plaintiffs' Interrogatories;

(e) All rights to supplement responses to Plaintiffs' Interrogatories prior to

trial; and

(f) Any and all privileges and/or rights under the Federal Rules of Civil Procedure, local court rule, the California or U.S. Constitution, any state or federal statute, or the common law.

13. Nothing herein shall be construed as an admission by Defendant of the truth or accuracy of any characterization contained in Plaintiffs' Interrogatories, except as so expressly stated.

14. The fact that part or all of any Interrogatory has been answered should not be construed to be a waiver of any objection to any request.

Subject to and without waiving any of the foregoing general objections and incorporating each of them by reference into each response below, Defendant responds to the individual Interrogatories as set forth below.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1 [1–2]:**

Identify and describe Napa County's current definitions, if any, of the terms "public tasting," "private tasting," and "by appointment tasting," and identify any material differences among those terms. If Napa County contends that its definitions of "public tasting," "private tasting," or "by appointment tasting" have changed since January 1, 2015, identify each such change and the date of the change.

**RESPONSE TO INTERROGATORY NO. 1 [1–2]:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, and incapable of a definitive response because the terms "current definition" and "material differences" are undefined and susceptible to multiple reasonable interpretations. Specifically, Defendant cannot determine whether the Interrogatory seeks a statutory definition, a regulatory definition, a dictionary definition, or the meaning of the referenced term as used in a particular factual, legal, or administrative context. Defendant further objects that the phrase "material differences" is vague and ambiguous because the Interrogatory does not identify the subject matter, purpose, or issue with respect to which any alleged difference is purportedly material. As a result, Defendant is unable to ascertain the information sought with reasonable certainty.

Defendant further objects to this Interrogatory on the ground that it improperly combines multiple



RENNE PUBLIC LAW GROUP
Attorneys at Law

discrete and separate questions that are not logically or factually subsumed within and necessarily related to the primary question, notwithstanding that they are presented as a single interrogatory. Specifically, requesting the definitions and the differences among the three kinds of tastings referenced in the request is a discrete and separate question from requesting that Defendant identify, by date, each change to the definitions since January 1, 2015. Defendant will respond to the two interrogatories, but each is counted as a separate interrogatory for purposes of the numerical limitations imposed by Rule 33(a)(1), and Defendant objects to the extent the Interrogatory, together with others served, exceeds the number allowed.

Subject to and without waiving the foregoing objections, Defendant responds based on its reasonable interpretation of the interrogatory:

The County does not ascribe a unique or specialized definition to the terms "public tasting," "private tasting," and "by appointment tasting." The County uses the terms according to their ordinary and commonly understood meaning, as informed by the context in which they are used.

Although the County does not ascribe a unique or specialized definition to the terms "public tasting," "private tasting," and "by appointment tasting," the County Code defines "tours and tastings" to mean "tours of the winery and/or tastings of wine, where such tours and tastings are limited to persons who have made unsolicited prior appointments for tours or tastings. Tours and tastings may include food and wine pairings, where all such food service is provided without charge except to the extent of cost recovery and is incidental to the tasting of wine. Food service may not involve menu options and meal service such that the winery functions as a café or restaurant." NCC § 18.08.620. The County Code definition of "tours and tastings" does not distinguish between public, private, or by appointment tastings. This definition has not changed since January 1, 2015.

**<u>INTERROGATORY NO. 2 [3–4]:</u>**

In its Answering Brief to the Ninth Circuit Court of Appeals, Napa County argued that "Public tours, wine tastings, sale of items that are not agricultural products grown, raised, or produced on the premises, and public events are all prohibited uses for small wineries operating solely with a certificate of exemption, although they are allowable with a use permit." *See* Dkt Entry: 15.1, Page 21. Identify Napa County's current definitions, if any, of the terms "public tour," "wine tasting," "agricultural product,"



RENNE PUBLIC LAW GROUP
Attorneys at Law

and "public event." If Napa County contends that its definitions of "public tour," "wine tasting," "agricultural product," or "public event." have changed since January 1, 2015, identify each such change and the date of the change.

**RESPONSE TO INTERROGATORY NO. 2 [3–4]:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, and incapable of a definitive response because the term "current definition" is undefined and susceptible to multiple reasonable interpretations. Specifically, Defendant cannot determine whether the Interrogatory seeks a statutory definition, a regulatory definition, a dictionary definition, or the meaning of the referenced term as used in a particular factual, legal, or administrative context. As a result, Defendant is unable to ascertain the information sought with reasonable certainty.

Defendant further objects to this Interrogatory on the ground that it improperly combines multiple discrete and separate questions that are not logically or factually subsumed within and necessarily related to the primary question, notwithstanding that they are presented as a single interrogatory. Specifically, requesting the definitions and the differences among the activities referenced in the request is a discrete and separate question from requesting that Defendant identify, by date, each change to the definitions since January 1, 2015. Defendant will respond to the two interrogatories, but each is counted as a separate interrogatory for purposes of the numerical limitations imposed by Rule 33(a)(1), and Defendant objects to the extent the Interrogatory, together with others served, exceeds the number allowed.

Subject to and without waiving the foregoing objections, Defendant responds based on its reasonable interpretation of the interrogatory:

The County does not ascribe a unique or specialized definition to the terms "public tour," "wine tasting," "agricultural product," and "public event." The County uses the terms according to their ordinary and commonly understood meaning, as informed by the context in which they are used.

Although the County does not ascribe a unique or specialized definition to the terms "public tour," "wine tasting," "agricultural product," and "public event," the County Code defines "tours and tastings" to mean "tours of the winery and/or tastings of wine, where such tours and tastings are limited to persons who have made unsolicited prior appointments for tours or tastings. Tours and tastings may include food and wine pairings, where all such food service is provided without charge except to the

RENNE PUBLIC LAW GROUP
Attorneys at Law

extent of cost recovery and is incidental to the tasting of wine. Food service may not involve menu options and meal service such that the winery functions as a café or restaurant." NCC § 18.08.620. This definition has not changed since January 1, 2015.

**INTERROGATORY NO. 3 [5–6]:**

CA Business & Professions Code ("BPC") § 23358(a)(3) states that licensed Winegrowers may "[s]ell wine to consumers for consumption on the premises." If Napa County contends that any winery may not exercise the rights described in Business and Professions Code section 23358(a)(3), identify each category of winery that Napa County contends may not exercise such rights and identify the basis for this position, the criteria Napa County uses to determine whether a winery may exercise such rights and identify each winery that Napa County contends may not exercise such rights and the basis for each determination.

**RESPONSE TO INTERROGATORY NO. 3 [5–6]:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, and incapable of a definitive response because several key terms and phrases are undefined and susceptible to multiple reasonable interpretations. Specifically, the Interrogatory is ambiguous as to the phrase "exercise the rights described," including but not limited to whether it refers solely to a statutory authority granted by state law, the ability to engage in such activity consistent with local land use regulations, the ability to engage in such activity pursuant to a particular use permit or entitlement, or some other concept. Defendant further objects that the phrase "may not exercise such rights" is vague and ambiguous because it does not specify whether it refers to a complete prohibition, a restriction under particular circumstances, a geographic restriction, a limitation imposed by permit conditions, a determination based on a winery's specific land use entitlements, or some other concept.

Defendant also objects that the Interrogatory is ambiguous as to the term "category of winery," which is not defined and could refer to numerous classifications, including but not limited to wineries distinguished by zoning district, permit status, use permit conditions, or other characteristics. The Interrogatory is further ambiguous as to the phrase "criteria Napa County uses to determine whether a winery may exercise such rights," because it assumes the existence of uniform criteria applicable to all wineries and all circumstances and fails to identify the context in which such criteria are purportedly

applied. As a result of these ambiguities, Defendant cannot ascertain the information sought with reasonable certainty.

Defendant further objects that the Interrogatory is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1) as to the request to "identify each winery that Napa County contends may not exercise such rights," because it does not specify a relevant time period and fails to clarify whether it seeks information concerning all wineries in the state, wineries presently operating, wineries with particular permit conditions, or some other subset of wineries.

Defendant further objects to this Interrogatory on the ground that it improperly combines multiple discrete and separate questions that are not logically or factually subsumed within and necessarily related to the primary question, notwithstanding that they are presented as a single interrogatory. Specifically, requesting Defendant "identify each winery that Napa County contends may not exercise such rights" is a discrete and separate request from the request to identify each category, basis, and criteria the County uses to determine whether a winery may exercise such rights. Defendant will respond to the two interrogatories, but each is counted as a separate interrogatory for purposes of the numerical limitations imposed by Rule 33(a)(1), and Defendant objects to the extent the Interrogatory, together with others served, exceeds the number allowed.

Subject to and without waiving the foregoing objections, Defendant responds based on its reasonable interpretation of the interrogatory:

Under the County's permissive zoning code, any use of the land that is not specifically allowed is prohibited. *See* NCC §§ 18.08.170, 18.12.080(C). Prohibited uses, without a permit, include the selling of wine to consumers for consumption on the premises. Accordingly, a winery that does not have a permit that includes selling wine to consumers for consumption on the premises may not conduct those activities. A winery with such a permit is entitled to do so. The County Code provides an exception to the permit requirement for wineries with certain historical uses. *See* NCC §18.20.020(H)-(J).

Determination of each winery in the County that is permitted to sell wine to consumers for consumption on its premises depends upon the specific land use entitlements applicable to each individual winery. The information responsive to this Interrogatory may be determined by examining the





RENNE PUBLIC LAW GROUP
Attorneys at Law

permitting records for each individual winery. Pursuant to Federal Rule of Civil Procedure 33(d), the County specifies that the permitting records for every winery in the County are publicly available and may be located and identified through the County's PBES Public Records Search at: https://www.countyofnapa.org/2474/PBES-Public-Records-Search. These records are equally available to Plaintiffs.

**INTERROGATORY NO. 4 [7–8]:**

BPC § 23356.1 states that licensed Winegrowers may "conduct wine tastings of wine produced or bottled by, or produced and packaged for, the licensee, either on or off the winegrower's premises." If Napa County contends that any winery may not exercise the rights described in BPC § 23356.1, identify each category of winery that Napa County contends may not exercise such rights, identify the basis for this position, identify the criteria Napa County uses to determine whether a winery may exercise such rights, identify each winery that Napa County contends may not exercise such rights, and state the basis for each such determination.

**RESPONSE TO INTERROGATORY NO. 4 [7–8]:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, and incapable of a definitive response because several key terms and phrases are undefined and susceptible to multiple reasonable interpretations. Specifically, the Interrogatory is ambiguous as to the phrase "exercise the rights described," including whether it refers solely to a statutory authority granted by state law, the ability to conduct wine tastings consistent with local land use regulations, the ability to conduct wine tastings pursuant to a particular use permit or entitlement, the ability to conduct wine tastings on winery premises, the ability to conduct wine tastings off winery premises, or some other concept. Defendant further objects that the phrase "may not exercise such rights" is vague and ambiguous because it does not specify whether it refers to a complete prohibition, a restriction under particular circumstances, a geographic restriction, a limitation imposed by permit conditions, a limitation applicable only to on-site or off-site tastings, a determination based on a winery's specific land use entitlements, or some other concept.

Defendant also objects that the Interrogatory is ambiguous as to the term "category of winery," which is not defined and could refer to numerous classifications, including but not limited to wineries

RENNE PUBLIC LAW GROUP
Attorneys at Law

distinguished by zoning district, permit status, use permit conditions, or other characteristics. The Interrogatory is further ambiguous as to the phrase "criteria Napa County uses to determine whether a winery may exercise such rights," because it assumes the existence of uniform criteria applicable to all wineries and all circumstances and fails to identify the context in which such criteria are purportedly applied. As a result of these ambiguities, Defendant cannot ascertain the information sought with reasonable certainty.

Defendant further objects that the Interrogatory is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1) as to the request to "identify each winery that Napa County contends may not exercise such rights," because it does not specify a relevant time period and fails to clarify whether it seeks information concerning all wineries in the state, wineries presently operating, wineries with particular permit conditions, or some other subset of wineries.

Defendant further objects to this Interrogatory on the ground that it improperly combines multiple discrete and separate questions that are not logically or factually subsumed within and necessarily related to the primary question, notwithstanding that they are presented as a single interrogatory. Specifically, requesting Defendant "identify each winery that Napa County contends may not exercise such rights" is a discrete and separate request from the request to identify each category, basis, and criteria the County uses to determine whether a winery may exercise such rights. Defendant will respond to the two interrogatories, but each is counted as a separate interrogatory for purposes of the numerical limitations imposed by Rule 33(a)(1), and Defendant objects to the extent the Interrogatory, together with others served, exceeds the number allowed.

Subject to and without waiving the foregoing objections, Defendant responds based on its reasonable interpretation of the Interrogatory:

Under the County's permissive zoning code, any use of the land that is not specifically allowed is prohibited. *See* NCC §§ 18.08.170, 18.12.080(C). Prohibited uses, without a permit, include conducting wine tastings. Accordingly, a winery that does not have a permit that includes wine tastings on the premises may not conduct those activities. A winery with such a permit is entitled to do so. The County Code provides an exception to the permit requirement for wineries with certain historical uses. *See* NCC

§18.20.020(H)-(J).

Determination of each winery in the County that may conduct wine tastings of wine produced or bottled by, or produced and packaged for, the licensee, either on or off the winegrower's premises, depends upon the specific land use entitlements applicable to each individual winery. The information responsive to this Interrogatory may be determined by examining the permitting records for each individual winery. Pursuant to Federal Rule of Civil Procedure 33(d), the County specifies that the permitting records for every winery in the County are publicly available and may be located and identified through the County's PBES Public Records Search at: https://www.countyofnapa.org/2474/PBES-Public-Records-Search. These records are equally available to Plaintiffs.

**INTERROGATORY NO. 5 [9–10]:**

BPC § 23386 states that licensed Winegrowers may "give away samples of wine to consumers." If Napa County contends that any winery may not exercise the rights described in BPC § 23386, identify each category of winery that Napa County contends may not exercise such rights, identify the basis for this position, identify the criteria Napa County uses to determine whether a winery may exercise such rights, identify each winery that Napa County contends may not exercise such rights, and state the basis for each such determination.

**RESPONSE TO INTERROGATORY NO. 5 [9–10]:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, and incapable of a definitive response because several key terms and phrases are undefined and susceptible to multiple reasonable interpretations. Specifically, the Interrogatory is ambiguous as to the phrase "exercise the rights described," including whether it refers solely to a statutory authority granted by state law, the ability to give away samples of wine consistent with local land use regulations, pursuant to a particular use permit or entitlement, or some other concept. Defendant further objects that the phrase "may not exercise such rights" is vague and ambiguous because it does not specify whether it refers to a complete prohibition, a restriction under particular circumstances, a geographic restriction, a limitation imposed by permit conditions, a determination based on a winery's specific land use entitlements, or some other concept.





RENNE PUBLIC LAW GROUP
Attorneys at Law

Defendant also objects that the Interrogatory is ambiguous as to the term "category of winery," which is not defined and could refer to numerous classifications, including but not limited to wineries distinguished by zoning district, permit status, use permit conditions, or other characteristics. The Interrogatory is further ambiguous as to the phrase "criteria Napa County uses to determine whether a winery may exercise such rights," because it assumes the existence of uniform criteria applicable to all wineries and all circumstances and fails to identify the context in which such criteria are purportedly applied. As a result of these ambiguities, Defendant cannot ascertain the information sought with reasonable certainty.

Defendant further objects that the Interrogatory is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1) as to the request to "identify each winery that Napa County contends may not exercise such rights," because it does not specify a relevant time period and fails to clarify whether it seeks information concerning all wineries in the state, wineries presently operating, wineries with particular permit conditions, or some other subset of wineries.

Defendant further objects to this Interrogatory on the ground that it improperly combines multiple discrete and separate questions that are not logically or factually subsumed within and necessarily related to the primary question, notwithstanding that they are presented as a single interrogatory. Specifically, requesting Defendant "identify each winery that Napa County contends may not exercise such rights" is a discrete and separate request from the request to identify each category, basis, and criteria the County uses to determine whether a winery may exercise such rights. Defendant will respond to the two interrogatories, but each is counted as a separate interrogatory for purposes of the numerical limitations imposed by Rule 33(a)(1), and Defendant objects to the extent the Interrogatory, together with others served, exceeds the number allowed.

Subject to and without waiving the foregoing objections, Defendant responds based on its reasonable interpretation of the Interrogatory:

Under the County's permissive zoning code, any use of the land that is not specifically allowed is prohibited. *See* NCC §§ 18.08.170, 18.12.080(C). Prohibited uses, without a permit, include giving away samples of wine to consumers. Accordingly, a winery that does not have a permit that includes

giving away samples of wine to consumers on the premises may not conduct those activities. A winery with such a permit is entitled to do so. The County Code provides an exception to the permit requirement for wineries with certain historical uses. *See* NCC §18.20.020(H)-(J).

Determination of each winery in the County that may give away samples of wine to consumers depends upon the specific land use entitlements applicable to each individual winery. The information responsive to this Interrogatory may be determined by examining the permitting records for each individual winery. Pursuant to Federal Rule of Civil Procedure 33(d), the County specifies that the permitting records for every winery in the County are publicly available and may be located and identified through the County's PBES Public Records Search at: https://www.countyofnapa.org/2474/PBES-Public-Records-Search. These records are equally available to Plaintiffs.

**INTERROGATORY NO. 6 [11]:**

Cal. Code Regs., Title 4, § 53 defines a winetasting as "a presentation of samples of one or more wines … to a group of consumers for the purpose of acquainting the tasters with the characteristics of the wine or wines tasted." State whether Napa County applies this definition. If not, identify Napa County's definition of "winetasting," identify all sources upon which Napa County relies for that definition, and identify the authority upon which Napa County relies for applying a definition different from that set forth in California Code of Regulations, title 4, section 53.

**RESPONSE TO INTERROGATORY NO. 6 [11]:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, and incapable of a definitive response because several key terms and phrases are undefined and susceptible to multiple reasonable interpretations. Specifically, the phrases "applies this definition" and "applying a definition" are vague and ambiguous because the Interrogatory does not identify the context in which Napa County is purportedly applying, interpreting, or relying upon the definition and assumes the term "winetasting" has a single, universally applicable definition across all legal and regulatory contexts, without identifying the context in which the term is allegedly being used.

Defendant further objects that the term "definition" is undefined and susceptible to multiple reasonable interpretations. Specifically, Defendant cannot determine whether the Interrogatory seeks a

RENNE PUBLIC LAW GROUP
Attorneys at Law

statutory definition, a regulatory definition, a dictionary definition, or the meaning of the referenced term as used in a particular factual, legal, or administrative context. As a result of these ambiguities, Defendant is unable to ascertain the information sought with reasonable certainty.

Subject to and without waiving the foregoing objections, Defendant responds based on its reasonable interpretation of the interrogatory:

The County has not adopted or incorporated the description of "winetasting" set forth in California Code of Regulations, title 4, section 53 into the Napa County Code or any other County ordinance, resolution, policy, or regulation. The County does not ascribe a unique or specialized definition to the term "winetasting." The County uses the term according to its ordinary and commonly understood meaning, as informed by the context in which it is used.

Although the County does not ascribe a unique or specialized definition to the term "winetasting," the County Code defines "tours and tastings" to mean "tours of the winery and/or tastings of wine, where such tours and tastings are limited to persons who have made unsolicited prior appointments for tours or tastings. Tours and tastings may include food and wine pairings, where all such food service is provided without charge except to the extent of cost recovery and is incidental to the tasting of wine. Food service may not involve menu options and meal service such that the winery functions as a café or restaurant." NCC § 18.08.620.

**INTERROGATORY NO. 7 [12–13]:**

California Code of Regulations, title 4, section 53 states that licensed Winegrowers "may supply small amounts of bread, crackers, cheeses or nuts to clear the taste buds of the participants between successive samples of wine during a winetasting." If Napa County contends that any winery may not provide bread, crackers, cheeses, or nuts as described in California Code of Regulations, title 4, section 53, identify each category of winery that Napa County contends may not exercise such rights, identify the basis for this position, identify the criteria Napa County uses to determine whether a winery may exercise such rights, identify each winery that Napa County contends may not exercise such rights, and state the basis for each such determination.

**RESPONSE TO INTERROGATORY NO. 7 [12–13]:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, and incapable





RENNE PUBLIC LAW GROUP
Attorneys at Law

of a definitive response because several key terms and phrases are undefined and susceptible to multiple reasonable interpretations. Specifically, the Interrogatory is ambiguous as to whether it refers solely to a statutory authority granted by state law, or pursuant to local land use regulations, a particular use permit or entitlement, or some other concept. Defendant further objects that the phrase "may not exercise such rights" is vague and ambiguous because it does not specify whether it refers to a complete prohibition, a restriction under particular circumstances, a geographic restriction, a limitation imposed by permit conditions, a determination based on a winery's specific land use entitlements, or some other concept.

Defendant further objects that the Interrogatory is ambiguous as to the term "category of winery," which is not defined and could refer to numerous classifications, including but not limited to wineries distinguished by zoning district, permit status, use permit conditions, or other characteristics. Defendant also objects that the request to identify the "criteria Napa County uses to determine whether a winery may exercise such rights" is vague and ambiguous because it assumes the existence of uniform criteria applicable to all wineries and all circumstances and fails to identify the context in which such criteria are purportedly applied.

Defendant further objects that the Interrogatory is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1) as to the request to "identify each winery that Napa County contends may not exercise such rights" because it does not specify a relevant time period and fails to clarify whether it seeks information concerning all wineries in the state, wineries presently operating, wineries with particular permit conditions, or some other subset of wineries.

Defendant further objects to this Interrogatory on the ground that it improperly combines multiple discrete and separate questions that are not logically or factually subsumed within and necessarily related to the primary question, notwithstanding that they are presented as a single interrogatory. Specifically, requesting Defendant "identify each winery that Napa County contends may not exercise such rights" is a discrete and separate request from the request to identify each category, basis, and criteria the County uses to determine whether a winery may exercise such rights. Defendant will respond to the two interrogatories, but each is counted as a separate interrogatory for purposes of the numerical limitations imposed by Rule 33(a)(1), and Defendant objects to the extent the Interrogatory, together with others



RENNE PUBLIC LAW GROUP
Attorneys at Law

served, exceeds the number allowed.

Subject to and without waiving the foregoing objections, Defendant responds based on its reasonable interpretation of the Interrogatory:

Under the County's permissive zoning code, any use of the land that is not specifically allowed is prohibited. *See* NCC §§ 18.08.170, 18.12.080(C). Prohibited uses, without a permit, include serving small amounts of bread, crackers, cheeses, or nuts. Accordingly, a winery that does not have a permit that includes serving food to consumers on the premises may not conduct those activities. A winery with such a permit is entitled to do so. The County Code provides an exception to this general rule for wineries with certain historical uses. *See* NCC §18.20.020(H)-(J).

Determination of each winery in the County that may provide bread, crackers, cheeses, or nuts to consumers depends upon the specific land use entitlements applicable to each individual winery. The information responsive to this Interrogatory may be determined by examining the permitting records for each individual winery. Pursuant to Federal Rule of Civil Procedure 33(d), the County specifies that the permitting records for every winery in the County are publicly available and may be located and identified through the County's PBES Public Records Search at: https://www.countyofnapa.org/2474/PBES-Public-Records-Search. These records are equally available to Plaintiffs.

**INTERROGATORY NO. 8 [14–15]:**

BPC § 23358(a)(4) allows licensed Winegrowers to operate a bona fide eating place on the licensed premises and "[s]ell all beers, wines, and brandies, regardless of source, to consumers for consumption on the premises." If Napa County contends that any winery may not exercise the rights described in BPC § 23358(a)(4), identify each category of winery that Napa County contends may not exercise such rights, identify the basis for this position, identify the criteria Napa County uses to determine whether a winery may exercise such rights, identify each winery that Napa County contends may not exercise such rights, and state the basis for each such determination.

**RESPONSE TO INTERROGATORY NO. 8 [14–15]:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, and incapable of a definitive response because several key terms and phrases are undefined and susceptible to multiple

RENNE PUBLIC LAW GROUP
Attorneys at Law

reasonable interpretations. Specifically, the Interrogatory is ambiguous as to the phrase "exercise the rights described," including whether it refers solely to a statutory authority granted by state law, the ability to operate a bona fide eating place consistent with local land use regulations, the ability to operate a bona fide eating place pursuant to a particular use permit or entitlement, or some other concept. Defendant further objects that the phrase "may not exercise such rights" is vague and ambiguous because it does not specify whether it refers to a complete prohibition, a restriction under particular circumstances, a geographic restriction, a limitation imposed by permit conditions, a determination based on a winery's specific land use entitlements, or some other concept.

Defendant further objects that the Interrogatory is ambiguous as to the term "category of winery," which is not defined and could refer to numerous classifications, including but not limited to wineries distinguished by zoning district, permit status, use permit conditions, or other characteristics. Defendant also objects that the request to identify the "criteria Napa County uses to determine whether a winery may exercise such rights" is vague and ambiguous because it assumes the existence of uniform criteria applicable to all wineries and all circumstances and fails to identify the context in which such criteria are purportedly applied.

Defendant further objects that the Interrogatory is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1) as to the request to "identify each winery that Napa County contends may not exercise such rights" because it does not specify a relevant time period and fails to clarify whether it seeks information concerning all wineries in the state, wineries presently operating, wineries with particular permit conditions, or some other subset of wineries.

Defendant further objects to this Interrogatory on the ground that it improperly combines multiple discrete and separate questions that are not logically or factually subsumed within and necessarily related to the primary question, notwithstanding that they are presented as a single interrogatory. Specifically, requesting Defendant "identify each winery that Napa County contends may not exercise such rights" is a discrete and separate request from the request to identify each category, basis, and criteria the County uses to determine whether a winery may exercise such rights. Defendant will respond to the two interrogatories, but each is counted as a separate interrogatory for purposes of the numerical limitations

RENNE PUBLIC LAW GROUP
Attorneys at Law

imposed by Rule 33(a)(1), and Defendant objects to the extent the Interrogatory, together with others served, exceeds the number allowed.

Subject to and without waiving the foregoing objections, Defendant responds based on its reasonable interpretation of the Interrogatory:

Under the County's permissive zoning code, any use of the land that is not specifically allowed is prohibited. *See* NCC §§ 18.08.170, 18.12.080(C). Prohibited uses, without a permit, include selling food, beers, wines, and brandies to consumers for consumption on the premises and operating a bona fide eating place. Accordingly, a winery that does not have a permit to sell food, beers, wines, and brandies to consumers for consumption on the premises or operate a bona fide eating place cannot conduct those activities. A winery with such a permit is entitled to do so. The County Code provides an exception to the permit requirement for wineries with certain historical uses. *See* NCC §18.20.020(H)-(J).

Determination of each winery in the County that may operate a bona fide eating place on the premises and sell all beers, wines, and brandies, regardless of source, to consumers for consumption on the premises depends upon the specific land use entitlements applicable to each individual winery. The information responsive to this Interrogatory may be determined by examining the permitting records for each individual winery. Pursuant to Federal Rule of Civil Procedure 33(d), the County specifies that the permitting records for every winery in the County are publicly available and may be located and identified through the County's PBES Public Records Search at: https://www.countyofnapa.org/2474/PBES-Public-Records-Search. These records are equally available to Plaintiffs.

**INTERROGATORY NO. 9 [16]:**

In its Answering Brief to the Ninth Circuit Court of Appeals, Napa County argued that "all small wineries since the creation of the SWE, [are] not permitted to 'conduct public tours, provide wine tastings, sell wine- related items or hold social events of a public nature'" See Dkt Entry: 15.1, Page 22. Identify Napa County's current definition, if any, of the phrase "social event of a public nature."

**RESPONSE TO INTERROGATORY NO. 9 [16]:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, and incapable of a definitive response because the term "current definition" is undefined and susceptible to multiple





RENNE PUBLIC LAW GROUP
Attorneys at Law

reasonable interpretations. Specifically, Defendant cannot determine whether the Interrogatory seeks a statutory definition, a regulatory definition, a dictionary definition, or the meaning of the referenced term as used in a particular factual, legal, or administrative context. As a result, Defendant is unable to ascertain the information sought with reasonable certainty.

Defendant further objects to this interrogatory on the ground that it calls for a legal conclusion or an opinion of pure law, which is beyond the proper scope of a fact interrogatory.

Subject to and without waiving the foregoing objections, Defendant responds based on its reasonable interpretation of the Interrogatory:

The County does not ascribe a unique or specialized definition to the phrase "social event of a public nature." The County uses the phrase according to its ordinary and commonly understood meaning, as informed by the context in which it is used.

**INTERROGATORY NO. 10 [17]:**

In its Answering Brief to the Ninth Circuit Court of Appeals, Napa County alleged that "Smith-Madrone may sell the wine it produces on the premises and offer wine tasting on a private, invitation-only basis." See Dkt Entry: 15.1, Page 24. Identify Napa County's current definitions, if any, of the terms "private" and "invitation-only" as used by Napa County in connection with winery operations.

**RESPONSE TO INTERROGATORY NO. 10 [17]:**

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, and incapable of a definitive response because the term "current definition" is undefined and susceptible to multiple reasonable interpretations. Specifically, Defendant cannot determine whether the Interrogatory seeks a statutory definition, a regulatory definition, a dictionary definition, or the meaning of the referenced term as used in a particular factual, legal, or administrative context. As a result, Defendant is unable to ascertain the information sought with reasonable certainty.

Defendant further objects to this interrogatory on the grounds that it calls for a legal conclusion or an opinion of pure law, which is beyond the proper scope of a fact interrogatory.

Subject to and without waiving the foregoing objections, Defendant responds based on its reasonable interpretation of the Interrogatory:

The County does not ascribe a unique or specialized definition to the terms "private" and



RENNE PUBLIC LAW GROUP
Attorneys at Law

"invitation-only." The County uses the terms according to their ordinary and commonly understood meaning, as informed by the context in which they are used.

In the context of the County's Answering Brief to the Ninth Circuit Court of Appeals, those terms were quoted directly from the listed conditions of approval included in Smith-Madrone's use permit, which provides "Wine tasting be limited to a private, invitation only, basis. Any consideration of public tasting facilities shall require submission of a written request for modification of this condition…" Smith-Madrone's permit also includes in the associated findings that "[t]he winery will not provide public tasting facilities. Private arrangements will be required to visit the winery."

**INTERROGATORY NO. 11:**

For NCC 18.08.600, NCC 1.30.030, NCC 1.30.040, NCC 18.08.040, NCC 18.08.170, NCC 18.08.370, NCC 18.08.620, NCC 18.08.640, NCC 18.16.020, NCC 18.16.030, NCC 18.20.020, NCC 18.20.030 and NCC 18.104.250, identify the governmental interest advanced by each, how each section advances its respective governmental interest, and any less restrictive means for each Napa County considered.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects that the Interrogatory is overbroad and unduly burdensome and seeks information not proportional to the needs of the case under Rule 26(b)(1). The Interrogatory is overbroad and unduly burdensome because it requires the County to compile a narrative statement of the governmental interest advances, the mechanism by which each does so, and every less restrictive alternative "considered" for thirteen separate code sections, many containing several paragraphs and subparagraphs enacted through separate ordinances, some that have no relationship to the subject matter of this litigation. Such a task would require the County to marshal legislative history and construct legal argument section-by-section — an exercise disproportionate to any legitimate discovery need.

Defendant further objects that the Interrogatory calls for opinions and conclusions of pure law. The phrases governmental interest advanced, how each section advances its respective governmental interest, and less restrictive means invoke constitutional scrutiny and seek the County's legal theory and argument rather than discrete facts. An interrogatory is not a vehicle to compel a party to brief the legal justification for a statute.





RENNE PUBLIC LAW GROUP
Attorneys at Law

Defendant further objects that the Interrogatory improperly assumes and shifts the burden, to the extent the interrogatory assumes that a heightened level of constitutional scrutiny applies to each identified section and that the County bears an obligation to identify less restrictive means. The County does not concede the applicable standard of review and reserves all rights regarding the governing legal standard.

Defendant further objects that the Interrogatory seeks information protected by the attorney-client privilege, attorney work-product doctrine, deliberative-process privilege, legislative privilege, governmental decision-making privilege, or any other applicable privilege or immunity, including information concerning legal advice, litigation strategy, or internal deliberations regarding potential alternative regulatory approaches.

Defendant further objects that the Interrogatory is a premature contention interrogatory because it seeks the County's contentions regarding the interests served by, and constitutional justification for, the identified sections while discovery and expert investigation are ongoing and the County has not completed its evaluation of all factual and legal issues in this action. Rule 33(a)(2) permits contention interrogatories but expressly authorizes the Court to order that they need not be answered until other discovery is complete.

Defendant further objects to this Interrogatory on the ground that it improperly combines multiple discrete and separate questions that are not logically or factually subsumed within and necessarily related to the primary question, notwithstanding that they are presented as a single interrogatory. Specifically, although presented as a single interrogatory, this request seeks information concerning thirteen separate code provisions and, as to each provision, requests: (1) the governmental interest advanced by the provision; (2) how the provision advances that interest; and (3) any less restrictive means considered by Napa County. These requests are not logically or factually subsumed within a single primary question and instead require separate factual and legal inquiries directed at different ordinances enacted at different times and under different circumstances. Because each code section includes distinct enactments addressing distinct subjects, and because the three inquiries are not logically subsumed within one another, the interrogatory comprises as many as thirty-nine discrete interrogatories. So counted, it exhausts or exceeds Rule 33(a)(1)'s 25-interrogatory limit in a single request. Based upon



RENNE PUBLIC LAW GROUP
Attorneys at Law

this objection, Defendant will not respond to these thirty-nine interrogatories.

**INTERROGATORY NO. 12:**

Identify all documents relied upon by Napa County in determining the governmental interests advanced by the sections identified in Interrogatory 11.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant incorporates by reference, as though fully set forth herein, each and every objection asserted in response to Interrogatory No. 11. Defendant asserts those objections on the same grounds and to the same extent applicable to this Interrogatory.

Dated: August 31, 2026

RENNE PUBLIC LAW GROUP

By: */s/ Jake D. Freitas*
JAKE D. FREITAS

Attorneys for Defendant
COUNTY OF NAPA

RENNE PUBLIC LAW GROUP
Attorneys at Law

**VERIFICATION**

I, Brian Bordona, say:

1. I am the Director of Planning, Building & Environmental Services for the County of Napa (the County"), and I have been authorized to make this verification on behalf of the County.

2. All the information provided in the attached DEFENDANT COUNTY OF NAPA'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE has been gathered from various employees of the County, Defendant in this action.

3. I am informed and believe that the best efforts of those employees have been employed in procuring the information, and on that basis, I am informed and believe that the information is true and correct.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Signed on this 31st day of August, 2026, at Napa, California.

RENNE PUBLIC LAW GROUP
Attorneys at Law

## CERTIFICATE OF SERVICE

I, the undersigned, am Employed By RENNE PUBLIC LAW GROUP. My business address is 350 Sansome Street, Suite 300, San Francisco, California 94104. I am over the age of 18 and not a party to this action.

On August 31, 2026 , I served the following document(s):

DEFENDANT COUNTY OF NAPA'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

by the following method(s):

**Electronic Mail.** Based on an agreement of the parties to accept service by e-mail, copies of the above document(s) in PDF format were transmitted to the e-mail addresses of the parties on the attached Service List on August 31, 2026. No delivery errors were reported.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 31, 2026, at San Francisco, California.

By: *Is/ Ashley D. N. Eugene*
Ashley D. N. Eugene

RENNE PUBLIC LAW GROUP
Attorneys at Law

**SERVICE LIST**

| | |
|---|---|
| Joseph M. Infante<br>Stephen M. Ragatzki<br>MILLER, CANFIELD, PADDOCK AND STONE, PLC<br>99 Monro Avenue NW, Suite 1200<br>Grand Rapids, MI 49503<br>Tel: (616) 776-6333<br>Fax: (616) 776-6322<br>Email:<br>infante@millercanfield.com<br>ragatzki@millercanfield.com | Attorneys for Plaintiffs,<br>Hoopes Vineyard LLC, Summit Lake Vineyard, and Cook's Flat Associates a California Limited Partnership |
| Eugene M. Pak (Bar No. 168699)<br>Angela Han (Bar No. 317137)<br>**FENNEMORE LLP**<br>1111 Broadway, 24th Floor Oakland, California 94607<br>Tel: (510) 834-6600 /<br>Fax: (510) 834-1928<br>Email:<br>epak@fennemorelaw.com<br>ahan@fennemorelaw.com<br>cnguyen@fennermoorelaw.com | Attorneys for Plaintiffs,<br>Hoopes Vineyard LLC, Summit Lake Vineyard, and Cook's Flat Associates a California Limited Partnership |
| Sheryl L. Bratton, County Counsel<br>Jason M. Dooley, Chief Deputy<br>County of Napa<br>1195 Third Street, Suite 301<br>Napa, CA 94559<br>Tel: (707) 254-4521<br>Fax: (707) 259-8220<br>Email:<br>Jason.dooley@countyofnapa.org | Attorneys for Defendant,<br>County of Napa |

RENNE PUBLIC LAW GROUP
Attorneys at Law