# Exhibit 8

SUPERIOR COURT OF CALIFORNIA

COUNTY OF NAPA

--oOo--

| | |
|---|---|
| NAPA COUNTY and THE PEOPLE OF THE STATE OF CALIFORNIA ex. rel. THOMAS ZELENY, as Interim Napa County Counsel,<br><br>Plaintiffs,<br><br>v.<br><br>HOOPES FAMILY WINERY PARTNERS, LP, HOOPES VINEYARD, LLC, LINDSAY BLAIR HOOPES, and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>HOOPES FAMILY WINERY PARTNERS, LP, a California limited partnership and HOOPES VINEYARD, LLC, a California limited liability company,<br><br>Cross-Complainants,<br><br>v.<br><br>NAPA COUNTY, and ROES 1 through 10, inclusive,<br><br>Cross-Defendants. | No. 22CV001262 |

--oOo--

--oOo--

DEPOSITION OF DAVID MORRISON

VOLUME I

(Pages 1 through 177)

--oOo--

Napa, California
Monday, November 13, 2023
9:52 a.m.

--oOo--

A. That is correct.

(Mr. Hoopes left the room.)

BY MS. FALACE:

Q. So how does Napa County Code Enforcement now determine whether or not wineries are in compliance?

A. There's no systematic process. It's done on a



complaint basis.

Q. Any other basis other than a complaint basis?

A. No.

Q. Is it your understanding that the genesis of this matter was a complaint?

A. That's my understanding.

Q. Did you ever read the complaint in this matter?

A. No.

Q. Do you know how many complaints were filed?

A. No.

Q. Who would know that?

A. Ms. Robinson-Webb or Mr. Giudice.

Q. What is Napa County's definition of tasting?

A. There's no -- it's not defined in the code, it's based on common usage of the term.

Q. And what's the common usage?

A. The exchange of money for the opportunity to have a glass or more of wine in a setting on site.

Q. And how did you come to that common usage understanding?

A. Through the common -- from the way it's been practiced over the last 30 years since the WDO.

Q. So the WDO is what led to that definition of tasting?

A. I said the practice. I did not say the WDO, I



just said since the WDO.

Q. What -- since the WDO what?

A. How it's been practiced.

(Mr. Hoopes entered the room.)

THE WITNESS: How it's been used on a day-to-day basis by wineries in the industry.

BY MS. FALACE:

Q. Do you know the steps that a winery would have to go through to get a sign permit?

A. To get a -- I'm sorry?

Q. A sign permit, a winery sign permit.

A. No, not offhand.

Q. Do you know that if a winery is issued a permit for a sign it has to say "Tastings by appointment only"?
A. I think it depends on the winery, but I think that's certainly -- I think for some wineries that's a requirement, yes.
Q. So some wineries would have to have that verbiage?
A. Yes.
Q. What do -- how do you have to make an appointment? Can you stand in the parking lot?
MR. SPELLBERG: I object. I don't understand the question.
MS. FALACE: Sure.



BY MS. FALACE:
Q. If it says "By appointment only," what does appointment mean?
A. That the customer previously arranges a time and date with the winery in which to engage -- in which to exchange money for a glass of wine.
Q. Is there a time frame of when you have to make the appointment by? Can you make it five minute before you show up?

A. I don't believe there's any limitation.
Q. Did you, as part of the wine audit compliance program, ever audit the number of appointments wineries made?
A. The -- when the program was in effect there was review of the logs that wineries were required to keep.
Q. What logs are they required to keep?
A. Logs of visitors' appointments, for those wineries that are subject to those requirements. Not all wineries are subject to those requirements.
Q. And when you say that some wineries are subject to that requirement, is that part of their use permit?
A. Yes, or their grandfathered status, or maybe they don't -- that they don't have visitors.
Q. What do you mean by grandfathered status?
A. Wineries that have been in operation prior to



the WDO who maintain the same legally entitled activities that were established prior to the WDO and have not expanded those since then, or whatever the regulatory framework is.
The WDO was established in 1990. As you

______________________

Signature of witness.

______________________

Date of signature.

--o0o--

( ) The deponent failed to appear in order to approve or sign his/her deposition.

( ) The deponent refused to approve or sign his/her deposition for the following reason:_________________

_____________________________________________________

( ) The deponent approved his/her deposition by the letter attached hereto and made a part of the deposition herein.

--o0o-



STATE OF CALIFORNIA )
) ss:
COUNTY OF NAPA )

I hereby certify that the witness in the foregoing deposition, named

DAVID MORRISON,

was duly sworn to testify to the truth, the whole truth and nothing but the truth in the within-entitled cause;

pursuant to Section 2093 (b) CCP; that said deposition was taken at the time and place therein named; that the testimony of said witness was reported by me, a duly licensed Certified Shorthand Reporter under the laws of the State of California, and a disinterested person, and was thereafter transcribed into typewriting under my direction.

And I further certify that I am not of counsel or attorney for either or any of the parties to said deposition, nor in any way interested in the outcome of the cause named in said caption.

IN WITNESS WHEREOF, I have hereunto set my hand this 20th day of November 2023.

REBECCA K. DOWELL
CSR No. 8043
County of Napa,
State of California

--o0o--

SUPERIOR COURT OF CALIFORNIA

COUNTY OF NAPA

--oOo--

| | |
|---|---|
| NAPA COUNTY and THE PEOPLE OF THE STATE OF CALIFORNIA ex. rel. THOMAS ZELENY, as Interim Napa County Counsel,<br><br>Plaintiffs,<br><br>v.<br><br>HOOPES FAMILY WINERY PARTNERS, LP, HOOPES VINEYARD, LLC, LINDSAY BLAIR HOOPES, and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>HOOPES FAMILY WINERY PARTNERS, LP, a California limited partnership and HOOPES VINEYARD, LLC, a California limited liability company,<br><br>Cross-Complainants,<br><br>v.<br><br>NAPA COUNTY, and ROES 1 through 10, inclusive,<br><br>Cross-Defendants. | No. 22CV001262 |

--oOo--

--oOo--

DEPOSITION OF DAVID MORRISON

VOLUME II

(Pages 178 through 310)

--oOo--

Napa, California
Wednesday, January 10, 2024
9:53 a.m.

--oOo--

A. No, I don't believe I've seen this document.
Q. If you stop at that page right there, Mr. Morrison, at the top it says "Sales only ok." Do you see that?
A. Yes, I do.
Q. What is your understanding of what that means?
A. I have no idea. I mean it --
Q. If you go back to the second page of the exhibit --
A. M-hm.
Q. -- at the very bottom it says: Number of visitors anticipated.
A. Correct.
Q. What does that mean?
A. I was not here in 1998 or 1980, whenever this was submitted.

189

Q. Okay. So you don't have any independent understanding of what that means, correct?
A. No.
Q. Is that correct?
A. That's correct.
Q. Okay. Do you know the difference between

private tastings and public tastings?
A. Yes.
Q. What's your understanding of the difference?
A. A public tasting is what used to be called a cattle call where you'd have an open tasting room and people could wander in and out at their discretion and get a sample and then order additional wine if they wanted to.
A private tasting is one that is set up as a -- as an appointment, as a specific experience as opposed to just a generalized experience.
Q. Who was allowed to have -- when did it change?
A. When did what change?
Q. Or is there still a distinction between public tastings and private tasting today?
A. Yes, because -- well, all wineries after 1990 -- all new wineries or modified wineries approved after 1990 are required to have private tastings, I believe. There were wineries before -- legally entitled before the WDO



that had public tastings, and those may still be grandfathered.

--o0o--

( ) The deponent failed to appear in order to approve or sign his/her deposition.

( ) The deponent refused to approve or sign his/her deposition for the following reason:________________
____________________________________________________

( ) The deponent approved his/her deposition by the letter attached hereto and made a part of the deposition herein.

--o0o-



STATE OF CALIFORNIA )
) ss:
COUNTY OF NAPA )

I hereby certify that the witness in the foregoing deposition, named

DAVID MORRISON,

was duly sworn to testify to the truth, the whole truth and nothing but the truth in the within-entitled cause; pursuant to Section 2093 (b) CCP; that said deposition was taken at the time and place therein named; that the testimony of said witness was reported by me, a duly licensed Certified Shorthand Reporter under the laws of

the State of California, and a disinterested person, and was thereafter transcribed into typewriting under my direction.

And I further certify that I am not of counsel or attorney for either or any of the parties to said deposition, nor in any way interested in the outcome of the cause named in said caption.

IN WITNESS WHEREOF, I have hereunto set my hand this 15th day of January 2024.

_______________________________
REBECCA K. DOWELL
CSR No. 8043
County of Napa,
State of California

--o0o--



DAVID MORRISON January 15, 2024
c/o RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104

Re: Napa County, et al., vs. Hoopes Family Winery, et al.
Napa County Case No. 22CV001262