# Exhibit 15

SUPERIOR COURT OF CALIFORNIA

COUNTY OF NAPA

--oOo--

NAPA COUNTY and THE PEOPLE OF THE STATE OF CALIFORNIA ex. rel. THOMAS ZELENY, as Interim Napa County Counsel,

Plaintiffs,

v.

HOOPES FAMILY WINERY PARTNERS, LP, HOOPES VINEYARD, LLC, LINDSAY BLAIR HOOPES, and DOES 1 through 10, inclusive,

Defendants.

HOOPES FAMILY WINERY PARTNERS, LP, a California limited partnership and HOOPES VINEYARD, LLC, a California limited liability company,

Cross-Complainants,

v.

NAPA COUNTY, and ROES 1 through 10, inclusive,

Cross-Defendants.

No. 22CV001262

CERTIFIED COPY

--oOo--

Q. Do you know if any small winery use permit exemptions are allowed to have tastings?
A. I don't know the specific type of tastings, but I do believe that there is -- there are some, yes.
Q. Do you know if the small winery use permit exemptions that are allowed to have tastings had to go through a use permit modification?
A. No.
Q. They did not have to go through a use permit modification?
A. They can't.
Q. Okay. And why not?
A. Because you need a use permit to go through a use permit modification.
Q. So then how did these small winery use permit exemptions become allowed to do tastings?
A. My understanding is that if they were -- had preexisting tastings and could prove that they had preexisting tastings it would have been in their application, and -- and that is -- and then it would have been approved at the time if they had established that they were doing the tours and tastings and it was indicated.
Q. So if a small winery use permit exemption is allowed to have a tasting today, it would be tied to this

small winery use permit exemption that we were just looking at in Exhibit A to your declaration; is that right?

A. The application.

Q. Can you think of any examples of a small winery use permit exemption that is allowed to have a tasting where a tasting did not appear on the small winery use permit exemption application?

A. I do not know.

Q. So the application, in your mind, should show that that tasting preexisted, and if a small winery use permit exemption winery was holding tastings where it was not reflected, there wouldn't be a explanation that you know of as you sit here today?

A. No.

Q. Correct?

A. I'm sorry. Correct.

Q. So some small winery use permit exceptions are allowed to have tastings, and I think you said some are also allowed to have tours, if they were able to establish that, correct?

A. No.

Q. And why not?

A. I believe the definition excludes tours.

Q. So the definition excludes tours, but not

tastings?
A. It excludes tastings as well, but my understanding is that they could pre-establish the visitation.
Q. And what does the pre-established visitation allow them to do?
A. That I don't know, other than if they indicated in the -- in the -- I guess there's only one tours and public tastings, so if it indicated in that -- in that line, then we would assume it was tours with public tasting.
Q. Okay. So they could potentially do tours if it had indicated that?
A. I don't know what the definition of tours is in this context, but --
Q. And do you say that because the definition changed after the WDO?
A. It did.
Q. And do you know if the definition of tastings changed after the WDO?
A. I do not.
Q. Do you know if there was a definition of tasting pre WDO?
A. I do not.
MR. SPELLBERG: (Sneezing.)

STATE OF CALIFORNIA )
) ss:
COUNTY OF NAPA )

I hereby certify that the witness in the foregoing deposition, named

KELLI CAHILL,

was duly sworn to testify to the truth, the whole truth and nothing but the truth in the within-entitled cause; pursuant to Section 2093 (b) CCP; that said deposition was taken at the time and place therein named; that the testimony of said witness was reported by me, a duly licensed Certified Shorthand Reporter under the laws of the State of California, and a disinterested person, and was thereafter transcribed into typewriting under my direction.

And I further certify that I am not of counsel or attorney for either or any of the parties to said deposition, nor in any way interested in the outcome of the cause named in said caption.

IN WITNESS WHEREOF, I have hereunto set my hand this 6th day of July 2023.

Rebecca K. Dowell

REBECCA K. DOWELL
CSR No. 8043
County of Napa,
State of California

--o0o--