# Exhibit 17

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF NAPA

HONORABLE MARK S. BOESSENECKER, JUDGE, PRESIDING, DEPARTMENT 5

---oOo---

| | | |
|---|---|---|
| NAPA COUNTY and THE PEOPLE OF THE | ) | |
| STATE OF CALIFORNIA ex. rel. | ) | |
| THOMAS ZELENY, as Interim Napa | ) | |
| County Counsel, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. 22CV001262 |
| HOOPES FAMILY WINERY PARTNERS, LP, | ) | VOLUME 2 |
| HOOPES VINEYARD, LLC, LINDSAY BLAIR | ) | PAGES 106-292 |
| HOOPES, and DOES 1 through 10, | ) | |
| inclusive, | ) | |
| Defendants. | ) | |
| ________________________________________ | ) | |
| AND RELATED CROSS-ACTION. | ) | |
| ________________________________________ | ) | |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Monday, January 29, 2024

COURTHOUSE, NAPA, CALIFORNIA

Reported by: VALERIE PRINCE, CSR #7946, RPR, CRR, CRC

THE COURT: The objection's overruled. Go ahead.

MR. HARTINGER: So we've heard a lot about the Winery Definition Ordinance. And so in 1990 is another kinda watershed event in the valley, in Napa County. The Winery Definition Ordinance is enacted, and it effectively reaffirms the necessity of obtaining a use permit to have a winery. This is at -- this is Ordinance Number 947. It's in our compendium at Exhibit 27.

And this section just very specifically contains a carve-out to the necessity of obtaining a use permit. One carve-out is if you have wineries which legally existed prior to July 31, 1974, and two, small wineries which were issued a certificate of exemption prior to January 23rd -- 23, 1990, and the winery used the certificate in conformance with the applicable certificate of exemption.

So one of the things that you'll hear in this case, and I think the Court has already heard, is that the Wine Definition Ordinance somehow did away with the small winery exemption program. And it's not true in this sense, Your Honor. After 1990, wineries were no longer allowed to seek an exemption under that program, however, the exemption certificates that existed and the restrictions that existed when the program was created in 1990 -- 1980 rather, those continued to exist and have been applied and enforced.

And this is just directly from the Wine Definition Ordinance. So the notion that the Wine Definition Ordinance somehow eliminated restrictions imposed by the original ordinance, 629, is just simply not accurate.



So we know and there will be more evidence about this is that the operative small winery exemption issued pursuant to Resolution 629, which is the adoption if you will of the small winery exemption program, contains the applicant's operating features that they apprise the County that would be occurring on the property and based upon which, the County approved the certificate.

Number of visitors anticipated, zero. Total number of employees, two. No tours and public tastings.

So those were the entitlements that were specifically identified in the certificate of exemption when that was -- when that was obtained back in -- when the exemption was first issued in 1984, and then later in 1987, there was a superseding exemption.

So what will you -- what does the County believe the Hoopes Winery can do? They can make wine. They can grow agricultural products. They can sell those agricultural products. They can -- somebody can drive onto the property and buy a bottle of wine and leave.

This is the way it was back in the eighties when this was -- when this legislation was passed and this program was in effect.

MS. FALACE: Objection, Your Honor.

MR. HARTINGER: What you can't do --

THE COURT: I'm sorry?

MS. FALACE: Objection, Your Honor. That's argumentative and assumes facts that this is how it was done in the eighties.



THE COURT: Yeah, the objection's overruled.

MR. HARTINGER: So what you -- what the evidence will show is what you -- what the County has interpreted and applied is you can't have hospitality; you can't have people coming onto the grounds, tasting wines, buying merchandise, holding events, DJs, other kinds of public events that you'll hear evidence that have been occurring on the property, you know, on and off. That's what you can't do, unless you apply for and obtain a use permit.

So, again, this is straight out of the Wine Definition Ordinance, and this is our whole point in this case is that if you want to expand your operation that was existing pursuant to a certificate of exemption issued pursuant to the small winery exemption program, you have to proceed in the strict accordance with the provisions of this ordinance. And that means you have to go get a use permit. That's what that means.

This allows the County to regulate environmental impacts, ensure that wastewater and water systems are appropriately updated, all to protect the agricultural preserve and for public safety.

This property sits on Hopper Creek, and you're gonna hear about a big pile of manure that sits right next to Hopper Creek, and that's an issue.

You're gonna hear about the engineer who said, "Your wastewater system, it can't accommodate the number of people you're seeking to come in and have tours and tastings and other" -- "and have the" -- "and attend the events that you're



putting on."

So just a note again, tours and tastings is defined specifically persons who have made unsolicited prior appointments. So you're gonna hear in this case that the appointments that are at issue here are largely solicited. She has a very robust social media campaign. She's advertising in a variety of different settings ranging from the website to social media, Facebook and that kind of thing. There really can't be a dispute that this is the way that the business is running or at least has run from time to time.

So, Your Honor, I wanted to pause and just say a couple things, and this is true obviously with any case. Be careful about the snippets and what we believe are misquotes.

So one of them is is that the trial brief says, "Small winery could not conduct public tours and tastings," and it just -- it -- our objection here is that it doesn't describe the entire provision, which is at 18.06 -- I'm sorry, 18.08.600. "A small winery does not conduct public tours, provide wine tastings," and it goes on and talks about it.

So when you conflate it like that, it just kind of -- it affects the analysis, and probably this is needless to say, Your Honor, but you have to look at the entire statute, not just the way somebody's characterizing the statute.

In their trial brief, again, the defendants say, "The Wine Definition Ordinance rendered the small winery exemption," quote, "moot," and I think that there's this running narrative here that the Wine Definition Ordinance somehow eliminated all of the restrictions that flowed with

the week, so I think you can -- and I don't have anything on my 8:30 calendar, so I don't think you have to worry about it tonight.

MR. HARTINGER: Okay. Thank you, Your Honor.

(Discussion off the record with Clerk.)

THE COURT: So I think what we'll do is we'll go till noon tomorrow and then take a shorter lunch, come back at 1:00 o'clock.

That works for you?

THE CLERK: Yeah.

THE COURT: We'll go from 1:00 to 2:15 and then we'll recess for the day. So I think that's probably the most efficient use of our time.

MR. SPELLBERG: Very good. Thank you.

THE COURT: Okay, thank you.

(Court recessed, 4:28 p.m.)

---oOo---

291

STATE OF CALIFORNIA )
COUNTY OF NAPA )

I, VALERIE PRINCE, Certified Shorthand Reporter, do hereby certify that as such I took down in stenotype all of the proceedings in the within-entitled matter, NAPA COUNTY, et al., Plaintiffs, versus HOOPES FAMILY WINERY PARTNERS, LP, HOOPES VINEYARD, LLC, LINDSAY BLAIR HOOPES, et al., Defendants, Superior Court Action Number 22CV001262, heard before the Honorable MARK S. BOESSENECKER, JUDGE, and that I thereafter transcribed my stenotype notes into typewriting through computer-assisted transcription, and that the foregoing transcript, pages 106 through 292, constitutes a full, true, and correct transcription of the proceedings held before me at the aforementioned time.

IN WITNESS WHEREOF, I have hereunto subscribed my name this day, 6th day of March, 2024.

___________________________

VALERIE PRINCE

Certified Shorthand Reporter #7946, RPR, CRR, CRC

292