United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOOPES VINEYARD LLC, et al.,
Plaintiffs,

v.

COUNTY OF NAPA,
Defendant.

Case No. 24-cv-06256-CRB

**ORDER GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT; DENYING LEAVE TO ADD NEW PARTIES**

Plaintiffs ask this Court for leave to amend their complaint to add additional allegations and plaintiffs. Mot. for Leave to File Third Am. Compl. & Add New Parties ("TAC Mot.") (dkt. 102). Defendant responds that the joinder of additional plaintiffs is improper and the proposed amendments futile. <u>See generally</u> Opp'n (dkt. 106). This Court agrees with Defendant that Plaintiffs have not satisfied the requirements for joinder of new parties. Plaintiffs' request for leave to do so is **DENIED**. Plaintiffs are, however, entitled to amend their complaint to add additional information they gained through discovery. The Court thus **GRANTS** Plaintiffs' motion for leave to file a third amended complaint.

## I. BACKGROUND

The Court starts with a quick summary of a long case history. The original complaint was filed in September of 2024. Compl. (dkt. 1). Plaintiffs amended that complaint twice afterwards, First Am. Compl. (dkt. 43); Second Am. Compl. ("SAC") (dkt. 70), and the Court granted a motion to dismiss both complaints, Order Granting Mot. to Dismiss ("MTD Order 1") (dkt. 69); Order Granting Mot. to Dismiss ("MTD Order 2") (dkt. 82). Plaintiffs appealed and on April 13, 2026, the Ninth Circuit affirmed in part and

reversed in part the dismissal, remanding back to this Court. See USCA Memo. (dkt. 86). Since then, Defendant has filed a second motion to dismiss the SAC. Second Mot. to Dismiss SAC (dkt. 99). Plaintiffs now move to file a third amended complaint and to add new plaintiffs. TAC Mot.

In the TAC, Plaintiffs seek two primary additions to their prior complaint. First, they seek to add Thomson Vineyards, Inc., Jennifer R. Thomson (owner of Thomson Vineyards), and Okell Holdings, LLC, as plaintiffs. Id. at 1. These potential plaintiffs are "actively pursuing winery-related approvals" from Napa County and thus Plaintiffs' argue they are similarly affected by the "unclear, largely undocumented, improperly interpreted, and inconsistently applied" county regulatory scheme. Id. They also argue that the proposed plaintiffs have already been subject to arbitrary, retaliatory, or inconsistent enforcement on various development, grading, drainage, and land-alteration activities. Id. at 2. Second, Plaintiffs seek to amend their allegations to "incorporate admissions and information obtained through discovery," including information about potential comparator wineries and how Defendant defines key terms. Id.

## II. LEGAL STANDARD

Rule 15(a) provides the standard for amended pleadings. Fed. R. Civ. P. 15(a). When a party has already amended as a matter of course, additional amendments can only be made with the opposing party's consent or the court's leave. Id. But courts should "freely give leave when justice so requires." Id. In the Ninth Circuit, that means the rule is interpreted with "extreme liberality." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (quotation omitted). Only five factors can mediate against allowing amendment: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility; and (5) previous amendments. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). These factors are not created equal. Courts are particularly reluctant to allow amendments that prejudice opposing parties, Jackson, 902 F.2d at 1387 ("Prejudice to the opposing party is the most important factor."), while amendments that merely risk futility are usually allowed, see Cojucaru v. Merck Sharp & Dohme LLC, No. 24-cv-1770-W-WKC, 2026

United States District Court
Northern District of California

WL 323268, at *4 (S.D. Cal. Feb. 6, 2026) (denial for futility should only be granted in "narrow circumstance[s]" and is generally disfavored).

Rule 20(a), meanwhile, governs the permissive joinder of parties. Fed. R. Civ. P. 20(a). For plaintiffs, joinder is permissible when: (1) the partis assert "any right to relief" with "respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences," and (2) "any question of law or fact common to all plaintiffs will arise in the action." Id. Even when a plaintiff meets this test, courts must still assess whether permissive joinder "comport[s] with the principle of fundamental fairness or would result in prejudice to either side." Visendi v. Bank of Am., N.A., 733 F.3d 863, 870 (9th Cir. 2013) (cleaned up).

## III. DISCUSSION

Many of Defendant's arguments against permitting amendment focus on the proposed new plaintiffs' claims. See Opp'n at 5–11. We therefore start with whether the proposed plaintiffs can be joined, before moving to the question of amendment.

### A. Rule 20(A)

First, do the proposed new plaintiffs satisfy Rule 20(a)'s requirements? Plaintiffs argue they do because, while the "Proposed Parties' factual allegations are not identical to the existing Plaintiffs," their claims deal with the same actors and the same "underlying pattern" of conduct. TAC Mot. at 4–5. But the language of Rule 20(a) is instructive: the parties must assert a right to relief arising from the same transaction, occurrence, or series of occurrences. Fed. R. Civ. P. 20(a). And while courts allow some leeway for claims arising from a clear pattern of wrong acts, they have not extended such leeway as far as Plaintiffs now reach. The Ninth Circuit was clear in Coughlin v. Rogers that while a pattern of similar issues can satisfy a Rule 20 showing when it is universal and systemic, allegations of similar issues arising in "specific circumstances" are not enough. 130 F.3d 1348, 1350 (9th Cir. 1997) (quoting district court opinion approvingly). Merely demonstrating that a defendant engaged in similar conduct, in violation of the same law, is insufficient when there are clear temporal and factual distinctions between the plaintiffs.

See id. at 1351. Plaintiffs thus cannot smuggle factually distinct claims into Rule 20 through conclusory arguments that they are joined by "regular and systematic" misconduct. Visendi, 733 F.3d at 870 ("Plaintiffs merely allege that Defendants violated the same laws in comparable ways. Rule 20(a) requires more."); Alvarado v. City of Los Angeles, 720 Fed. Appx. 889, 904 (9th Cir. 2018) ("Plaintiffs-Appellants do not allege any greater connection between their claims than that the City's employees violated [the same law] in comparable ways, at various different times, and in various different divisions and bureaus.").

The gap here is too large for Plaintiffs to bridge. While the proposed plaintiffs do allege conduct that echoes of the original Plaintiffs' complaints, by Plaintiffs' own admission the proposed new parties' claims concern erosion-control, drainage, grading, and code-enforcement issues that are "not . . . the same disputes over winery tasting, marketing, and signage restriction that form the core of the existing Plaintiffs' claims." TAC Mot. at 4. Meanwhile, the proposed plaintiffs' factual allegations extend over many years, see generally Redlined TAC (dkt. 102-2), undermining any argument for temporal proximity.

The Court thus **DENIES** the motion to join these plaintiffs under Rule 20(a).

**B. Rule 15(a)**

With the additional plaintiffs out, Defendant's arguments against amendment simplify considerably. They raise only one argument against the Plaintiffs' request to add new factual allegations from discovery: that such additions would be futile since they do not rescue Plaintiffs' claims. Opp'n at 11–14. But this argument is unconvincing. "Allowing parties to amend based on information obtained through discovery is common and well established." Castillo v. Cnty. of Stanislaus, No. 23-cv-1590-DC-SCR, 2026 WL 2364082, at *4 (E.D. Cal. Aug. 14, 2026). And courts are usually reluctant to assess the merits of claims on a motion to amend unless a claim is "frivolous on its face." Id. at *5, *7. That makes sense. Assessing a claim's merits without the benefits of full briefing on a dispositive motion risks hasty decision making about key legal or factual issues. See

Mosley v. Stanislaus Cnty., No. 25-cv-1088-DAD-CSK, 2025 WL 3653644, at *2 (E.D. Cal. Dec. 17, 2025) (collecting cases); see Cojucaru, 2026 WL 323268, at *4. And while Defendant may very well be right that Plaintiffs mischaracterize discovery responses and identify comparators that are easily distinguishable, see Opp'n 11–13, the Court has little doubt these arguments will be easier to assess when Plaintiffs have a meaningful opportunity to respond.[1] The Court thus **GRANTS** the motion for leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion for leave to amend and **DENIES** the motion for leave to add new parties.

**IT IS SO ORDERED.**

Dated: November 3, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

[1] In line with this holding, the Court denies Defendant's Request for Judicial Notice (dkt. 107) as moot.