Joseph M. Infante (pro hac admission)
infante@millercanfield.com
Stephen M. Ragatzki (pro hac admission)
ragatzki@millercanfield.com
**MILLER, CANFIELD, PADDOCK AND STONE, PLC**
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
Tel: (616) 776-6333 / Fax: (616) 776-6322

Eugene M. Pak (Bar No. 168699)
epak@fennemorelaw.com
Angela Han (Bar No. 317137)
ahan@fennemorelaw.com
**FENNEMORE LLP**
1111 Broadway, 24th Floor
Oakland, California 94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
Attorneys for Plaintiffs Hoopes Vineyard LLC, Summit Lake Vineyard, and Cook's Flat Associates a California Limited Partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NAPA,<br><br>Defendant. | Case No. 3:24-cv-6256-CRB<br><br>Judge: Hon. Charles R. Breyer<br><br>Action Filed: September 5, 2024<br>SAC Filed: April 24, 2025 |

**STIPULATION AND ~~[PROPOSED]~~ ORDER EXTENDING PLAINTIFFS' DEADLINE TO FILE THIRD AMENDED COMPLAINT, AND SETTING PAGE LIMITS AND BRIEFING SCHEDULE FOR MOTION TO DISMISS**

[Civil L.R. 6-2, 7-12]

Plaintiffs Hoopes Vineyard LLC, Summit Lake Vineyards & Winery LLC, and Cook's

Flat Associates A California Limited Partnership ("Plaintiffs") and Defendant County of Napa (the "County"), through their counsel of record, stipulate as follows:

WHEREAS, on September 11, 2026, Plaintiffs moved for leave to file a Third Amended Complaint ("TAC") adding additional allegations as to the Plaintiffs as well as to join Thomson Vineyards, Inc., Jennifer R. Thomson, and Okell Holdings, LLC as plaintiffs (Dkt. 102);

WHEREAS, on November 3, 2026, the Court granted Plaintiffs leave to file a TAC but denied joinder of the proposed new plaintiffs (Dkt. 118), and the order did not set a date for filing the TAC;

WHEREAS, Civil Local Rule 15-1(b), which became effective on October 2, 2026, provides that, unless the court orders otherwise, a party granted leave to file an amended pleading must file it within seven days of the order, and the prior Local Rules contained no such default deadline;

WHEREAS, because joinder was denied, the proposed TAC (Dkt. 102-1) could not be filed in the form submitted, and Plaintiffs revised it to remove the allegations and exhibits relating to the proposed new plaintiffs;

WHEREAS, Plaintiffs did not file the TAC by November 10, 2026, seven days after the Court's order;

WHEREAS, the County does not oppose a brief extension of Plaintiffs' deadline to file the TAC, and the requested extension will not affect any other date set by the Court, including the February 19, 2027 hearing on the pending motions (Dkt. 117) and the deadlines in the Case Management Scheduling Order (Dkt. 98);

WHEREAS, to accommodate the Thanksgiving, Christmas, and New Year's holidays, the parties have also agreed to page limits and a briefing schedule for the County's forthcoming motion to dismiss the TAC that preserves the February 19, 2027 hearing date;

WHEREAS, the previous time modifications in this case are set out in the accompanying Declaration of Joseph M. Infante, as Civil Local Rule 6-2(a) requires;

NOW, THEREFORE, the parties stipulate and respectfully request that the Court order as

follows:

1. Plaintiffs' deadline to file the TAC under Civil Local Rule 15-1(b) and the Court's Order of November 3, 2026 (Dkt. 118) is extended. Plaintiffs shall file the TAC within two court days of the entry of this Order, and the TAC so filed shall be deemed timely.
2. The County shall file its motion to dismiss the TAC on or before December 11, 2026. Plaintiffs shall file their opposition on or before January 6, 2027. The County shall file its reply on or before January 20, 2027. The hearing on the County's motion shall be held on February 19, 2027, the same date as the hearing on Plaintiffs' pending motions (Dkt. 117).
3. The County's motion to dismiss the TAC and Plaintiffs' opposition shall each not exceed 35 pages, and the County's reply shall not exceed 20 pages.
4. By entering into this stipulation, the County does not waive, and expressly preserves, all defenses, objections, and arguments with respect to the TAC, other than any objection to its timeliness.

Dated: November 18, 2026

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.

By: *_/s/ Joseph M. Infante_*
Joseph M. Infante, admitted pro hac vice
Attorneys for Plaintiffs

Dated: November 18, 2026

FENNEMORE LLP

By: *_/s/ Eugene M. Pak_*
Eugene M. Pak
Attorneys for Plaintiffs

Dated: November 18, 2026

RENNE PUBLIC LAW GROUP

By: *_/s/ Ryan P. McGinley-Stempel_*
Ryan P. McGinley-Stempel
Attorneys for Defendant

**~~[PROPOSED]~~ ORDER**

Pursuant to the parties' stipulation, and good cause appearing, IT IS SO ORDERED. Plaintiffs shall file the Third Amended Complaint within two court days of the entry of this Order, and the Third Amended Complaint so filed shall be deemed timely. The County shall file its motion to dismiss the Third Amended Complaint on or before December 11, 2026; Plaintiffs shall file their opposition on or before January 6, 2027; and the County shall file its reply on or before January 20, 2027. The motion and opposition shall each not exceed 35 pages, and the reply shall not exceed 20 pages. The hearing on the motion shall be held on February 19, 2027.

Dated: November 18, 2026

HON. CHARLES R. BREYER
United States District Judge

52199768.1/162870.00001

Joseph M. Infante (pro hac admission)
infante@millercanfield.com
Stephen M. Ragatzki (pro hac admission)
ragatzki@millercanfield.com
**MILLER, CANFIELD, PADDOCK AND STONE, PLC**
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
Tel: (616) 776-6333 / Fax: (616) 776-6322

Eugene M. Pak (Bar No. 168699)
epak@fennemorelaw.com
Angela Han (Bar No. 317137)
ahan@fennemorelaw.com
**FENNEMORE LLP**
1111 Broadway, 24th Floor
Oakland, California 94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
Attorneys for Plaintiffs Hoopes Vineyard LLC, Summit Lake Vineyard, and Cook's Flat Associates a California Limited Partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOOPES VINEYARD LLC, a California limited liability company; SUMMIT LAKE VINEYARDS & WINERY LLC, a California limited liability company; and COOK'S FLAT ASSOCIATES A CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NAPA,<br><br>Defendant. | Case No. 3:24-cv-6256-CRB<br><br>Judge: Hon. Charles R. Breyer<br><br>Action Filed: September 5, 2024<br>SAC Filed: April 24, 2025 |

**DECLARATION OF JOSEPH M. INFANTE IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT OUT OF TIME**

[Civil L.R. 6-3(a)]

I, Joseph M. Infante, declare as follows:

1. I am a principal of Miller, Canfield, Paddock and Stone, P.L.C., counsel for Plaintiffs Hoopes Vineyard LLC, Summit Lake Vineyards & Winery LLC, and Cook's Flat Associates A California Limited Partnership in this action, and I am admitted to practice before this Court pro hac vice (Dkt. 14). I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them. I submit this declaration under Civil Local Rule 6-3(a) in support of Plaintiffs' Motion for Leave to File Third Amended Complaint Out of Time.

2. On September 11, 2026, Plaintiffs filed their Motion for Leave to File Third Amended Complaint and to Add New Parties (Dkt. 102). The motion attached the proposed Third Amended Complaint (the "proposed TAC") (Dkt. 102-1) and a redline comparing it to the Second Amended Complaint (Dkt. 102-2). In addiiton to amending the allegations made by the existing Plaintiffs, the proposed TAC sought to add Thomson Vineyards, Inc., Jennifer R. Thomson, and Okell Holdings, LLC as plaintiffs.

3. On November 3, 2026, the Court granted Plaintiffs leave to file a third amended complaint but denied leave to add the proposed new parties (Dkt. 118). The order did not set a date for filing the amended pleading. Under newly effective Civil Local Rule 15-1(b), the third amended complaint was due on November 10, 2026.

4. Because the Court denied joinder, the proposed TAC could not be filed in the form attached to Plaintiffs' motion. The proposed new parties were named in the caption and in the description of the parties, allegations concerning them appeared throughout the factual allegations and in many of the claims for relief, and the proposed TAC was supported by exhibits that related only to them.

5. To conform the pleading to the Court's order, Plaintiffs' counsel had to (a) remove references to the proposed new parties; (b) remove the factual allegations relating to the proposed new parties; (c) conform the claims for relief and the prayer to the three remaining Plaintiffs; (d) remove the exhibits relating only to the proposed new parties; and (e) renumber the remaining

exhibits and conform every exhibit citation in the pleading to the new numbering. Counsel also reviewed each existing allegation and exhibit reference for accuracy.

6. The resulting TAC is nearly 120 pages long, contains 882 numbered paragraphs, and is supported by 94 exhibits totaling more than 1,000 pages. Apart from the revisions described in paragraph 5 and conforming and clerical corrections, the TAC does not add allegations beyond those in the proposed TAC.

7. Plaintiffs' counsel began revising the proposed TAC promptly after receiving the Court's order. The revisions, particularly removing the proposed new parties' allegations and exhibits, renumbering the remaining exhibits, and conforming the exhibit citations throughout the pleading, were not complete by November 10, 2026. During the same period, Plaintiffs' counsel were also preparing Plaintiffs' responses to the County's first sets of interrogatories, requests for production, and requests for admission, which Plaintiffs served on November 16, 2026, and were meeting and conferring with the County's counsel about the County's own discovery responses. Because the Court's order did not set a filing date, I focused on completing the revisions accurately and overlooked the recently enacted local rule.

8. A true and correct copy of the TAC that Plaintiffs seek leave to file is attached as Exhibit A. A redline comparing the TAC to the proposed TAC (Dkt. 102-1) is attached as Exhibit B. When the TAC is filed, Plaintiffs will also file the redline comparing it to the Second Amended Complaint that Section II.B of the Court's General Standing Order requires.

9. On November 18, 2026, I asked counsel for the County, Ryan McGinley-Stempel, whether the County would stipulate to the relief requested in this motion. Mr. McGinley-Stempel responded that the County stipulated to the requested extension.

10. If the Court does not extend the deadline, Plaintiffs will be unable to file the TAC the Court authorized, and this case would proceed on the Second Amended Complaint without the discovery-based allegations the Court has permitted Plaintiffs to add. He also asked that the stipulation address page limits and a briefing schedule for the County's motion to dismiss the TAC so that the timing would work around the Thanksgiving, Christmas, and New Year's

holidays, and proposed specific page limits and dates. After further discussion, the parties agreed to the page limits and schedule described in paragraph 12.

11. The following time modifications have previously been made in this case, by stipulation or Court order: (a) the stipulation to extend the County's time to respond to the complaint (Dkt. 21, Oct. 8, 2024); (b) the Order Changing Time granting the County's motion for an extension of time and leave to exceed the page limit (Dkt. 23, Oct. 10, 2024); (c) the Order Changing Time granting Plaintiffs' motion for an extension of time and leave to exceed the page limit (Dkt. 29, Nov. 14, 2024); (d) the Case Management Scheduling Order vacating the December 6, 2024 case management conference and setting a case schedule (Dkt. 41, Nov. 25, 2024); (e) the order granting in part the County's administrative motion to extend its time to respond to the First Amended Complaint (Dkt. 48, Dec. 16, 2024); (f) the Clerk's Notice moving the hearing on the County's motion to dismiss the First Amended Complaint from February 21 to February 28, 2025 (Dkt. 63, Feb. 18, 2025); (g) the Clerk's Notice vacating the March 28, 2025 case management conference (Dkt. 68, Mar. 24, 2025); (h) the Clerk's Notice vacating the June 20, 2025 hearing on the County's motion to dismiss the Second Amended Complaint (Dkt. 81, June 18, 2025); (i) the Order Changing Time granting the County's motion to extend its time to respond to the amended complaints pending the status conference on remand (Dkt. 92, June 23, 2026); (j) the Case Management Scheduling Order setting the current schedule (Dkt. 98, Aug. 12, 2026); (k) the Clerk's Notice moving the October 23, 2026 hearing on the County's second motion to dismiss and Plaintiffs' motion for leave to amend to November 20, 2026 (Dkt. 103, Sept. 14, 2026); and (l) the Clerk's Notice vacating the November 20, 2026 hearings and the January 29, 2027 case management conference and setting the motion hearing for February 19, 2027 (Dkt. 117, Oct. 30, 2026).

12. The requested extension would not affect any other date in the case. No trial date has been set. Under the Case Management Scheduling Order, fact discovery closes on December 10, 2027, and expert discovery closes on April 21, 2028 (Dkt. 98). The County's second motion to dismiss and Plaintiffs' motions for a preliminary injunction are set for hearing on February 19, 2027 (Dkt. 117). The stipulation also sets the following schedule for the County's motion to

dismiss the TAC: the County's motion is due December 11, 2026; Plaintiffs' opposition is due January 6, 2027; the County's reply is due January 20, 2027; and the hearing is February 19, 2027, the same date as the hearing on Plaintiffs' pending motions. The motion and the opposition are each limited to 35 pages, and the reply is limited to 20 pages. This schedule does not affect any other date in the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18, 2026, at Grand Rapids, Michigan.

Respectfully submitted,

Dated: November 18, 2026

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: */s/ Joseph M. Infante*
Joseph M. Infante, admitted pro hac vice
Attorneys for Plaintiffs

52199922.1/162870.00001